1   Anthony G. Thomas
    7725 Peavine Peak Court
2   Reno, NV 89523
    Tel:   (408) 640-2795
3   E-mail: atemerald2@gmail.com

4   Plaintiff In Propria Persona

FILED

MAR 21 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

E-FILING

5                    UNITED STATES DISTRICT COURT

6            NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

7   Anthony G. Thomas, individually, and on          ) Case No. CV 19 1480
    behalf of the General Public acting as           )                                      JSW
8   a Private Attorney General,                      ) COMPLAINT IN LAW & EQUITY FOR
                                                      ) DAMAGES, DECLARATORY AND INJUNCTIVE
9            Plaintiff,                               )  RELIEF FOR:
                                                      ) 1. VIOLATION & DEPRIVATION OF CIVIL &
10           v.                                       )    CONSTITUTIONAL RIGHTS (BIVENS ACTION)
                                                      ) 2. VIOLATION OF CA DEPENDENT ADULT LAW
11  Bruce T. Beesley, Mrs. Beesley, Jeffrey L.        ) 3. VIOLATION OF CA & NV CONSTITUTIONAL
    Hartman, Mrs. Hartman, Jeri Coppa-               )    LAW
12  Knudson, Ken Tersini, Mrs. K. Tersini, Mark      ) 4. DEPRIVATION OF DUE PROCESS RIGHTS
    Tersini, Mrs. M. Tersini, Jennifer Jodoin, Mr.   ) 5. CONSPIRACY TO DEPRIVE CIVIL RIGHTS
13  Jodoin, Wayne Silver, Mrs. Silver, Kenmark       ) 6. TORT CLAIMS FOR VIOLATION OF RIGHTS
    Ventures, LLC, Stremmel Auctions LLC,            ) 7. DECLARATORY RELIEF
14  Steven Stremmel, Mrs. S. Stremmel,               ) 8. STAY OF PROCEEDINGS/TRO/PRELIMINARY
    Hudson Stremmel, Amy Tierre and                  )    AND PERMANENT INJUNCTION
15  DOES 1-1000, inclusive.                          ) 9. REQUEST FOR COUNSEL UNDER MARTIN V.
                                                      )    SUPERIOR COURT
16           Defendants.                              )
                                                      ) [JURY TRIAL REQUESTED]
17  _____              )

18
19          Plaintiff Anthony G. Thomas individually and on behalf of the General Public, acting as a
20  Private Attorney General alleges:
21          1.      Plaintiff Anthony G. Thomas is an individual and currently resides in Washoe
22  County, Nevada.  Mr. Thomas moved to Santa Clara County when he was an infant.  He was
23  raised in Saratoga, CA as the 5th of 9 children raised by Eli & Dorothy Thomas, who were
24  recently honored on the cover and inside story of the December 2018 Saratoga Spotlight
    Magazine (attached hereto as Exhibit 13 and incorporated herein by reference).  Mr. Thomas
25  built a successful contracting business and became a millionaire through his own hard work by
26  the age of 43.  He invested approximately $2 million of his own capital into a startup-venture
27  called Electronic Plastics, LLC, a promising biometric smart card technology that became the
28

- 1 -

1   subject of litigation where fraud was perpetrated by several of the Defendants who took

2   advantage of Mr. Thomas's mental infirmity dyslexia in procuring a $5 million judgment by

3   committing fraud on the Court in the Santa Clara County Superior Court case entitled <u>Kenmark</u>

4   <u>Ventures v. Thomas</u> filed in 2008 in Case Number: 1-08-CV-130677.  Mr. Thomas is a

5   Dependent Adult suffering from Dyslexia as defined in California's Elder Abuse Law as codified

6   and defined at California's Welfare & Institutions Code Section 15610.23(a)

7         2.      Plaintiff intends to file a Motion for Judicial Notice of Law & Facts in support of a

8   Motion to Vacate the Judgment procured inter alia by Fraud Upon the Court in the Santa Clara

9   County Superior Court, but has been unable to do so until now, due to the non-stop litigation

10  barrage that he has been subjected to since the U.S. Trustee filed an illegal Turnover Motion on

11  7-5-2018 in the U.S. Bankruptcy Court District of Nevada - Reno, NV BK Case Number 14-BK-

12  50333-BTB, before the Hon. Bruce T. Beesley, the lead Defendant in this Case.

13        3.      The main cause of action in this lawsuit is a Bivens Civil Rights Claim against Mr.

14  Beesley in his individual capacity for violation of Constitutional Rights, pursuant to the

15  principles enunciated by the U.S. Supreme Court in the 1971 landmark <u>Bivens v. Six Unknown</u>

16  <u>Named Agents</u> (1971) 403 U.S. 388.

17        4.      Defendant Bruce T. Beesley, is a U.S. Bankruptcy Judge in Reno, NV, and is sued

18  herein in his personal capacity under the <u>Bivens</u> doctrine for deprivation and violations of

19  Plaintiff Anthony G. Thomas's Due Process and other civil rights

20        5.      Attached to this lawsuit as Exhibits 1-12 are true and correct copies of

21  transcripts of hearings before Judge Beesley in the above-captioned Bankruptcy cases that

22  document the litany of civil rights violations committed by Judge Beesley, including but not

23  limited to:

24        1.      Judge Beesley's refusal to allow a 2 week continuance to allow for Mr.
         Thomas to obtain legal counsel, just prior to converting Mr. Thomas's
25       Bankruptcy case from Chapter 11 (reorganization), to Chapter 7
         (Liquidation) in violation of the principles enunciated by the U.S.
26       Supreme Court in <u>Powell v. Alabama</u> (1932) 287 U.S. 45 and in
         violation of the established rule that a corporation or LLC can only
27       appear in Federal or Bankruptcy Court by licensed legal counsel.  The
         actions of the Judge in this regard render the Order for Conversion
28       void on the face of the record, and thus subject to a Rule 60(b)(4)

Motion to Vacate without any time limitations.

2. Judge Beesley's illegal selling of the California Law Firm's malpractice claim that had defrauded Mr. Thomas of his entire $150K retainer

3. Judge Beesley's outrageous conduct in forcing Mr. Thomas to reveal his bank balance in the middle of the bidding process from money that Mr. Thomas had allocated for his handwriting expert

4. Selling the Bahia Emerald for zero dollars from the thieves who had stolen the Bahia Emerald from him, and below the bid that Thomas had offered.

5. Judge Beesley's legal sanction and cover for the illegal theft and takeover of the Portola Property by the U.S. Trustee and her attorney without a Court Order.

6. The Judge's refusal to perform his ministerial duties in taking Judicial Notice of the Law & Facts in Opposition to the Turnover Motion in Violation of his mandatory Ministerial Duty under Federal Rule of Evidence 201

7. The Judge refusing to take Judicial Notice of California Law regarding conveyance of Real Estate by Deed and falsely stating that an unrecorded conveyance is void under California law, despite being presented with 4 California cases establishing the law to the contrary.

8. Engaging in acts constituting pervasive bias against Mr. Thomas

9. Depriving Mr. Thomas of his substantive and procedural Due Process Rights.

10. Deprivation of Mr. Thomas's rights as a disabled person suffering from dyslexia by refusing to accord him reasonable accommodations as mandated by the Americans with Disabilities Act

11. Engaging in Conduct constituting the deprivation of Mr. Thomas's rights to Equal Protection under the law.

12. Ordering Mr. Thomas not to file any additional pleadings in the Bankruptcy case on several occasions constituting an interference with Mr. Thomas's First Amendment Rights to Petition the Government for the Redress of Grievances.

13. Deprivation of Mr. Thomas's 5th & 14th Amendment Due Process Rights

14. Other Constitutional and Civil Rights Violations to be pleaded in an amended pleading based upon proof.

6. Defendant Mrs. Beesley is sued as an individual spouse of Mr. Beesley who is liable for the tortious acts of her husband Mr. Bruce T. Beesley.

7. Defendant Jeffrey L. Hartman is an individual residing in Washoe County, NV

- 3 -

1   and is a licensed member of the Nevada State Bar as well as the U.S. District Court for the

2   District of Nevada and the U.S. Bankruptcy Court for the District of Nevada.

3       8.   Defendant Mrs. Hartman is the spouse of Defendant Jeffrey L. Hartman and is

4   liable for the acts of her husband Mr. Hartman.

5       9.   Defendant Jeri Coppa-Knudson is an individual resident of Washoe County

6   Nevada and is sued herein in her individual capacity as well as in her capacity as U.S. Trustee.

7       10.   Defendant Ken Tersini is an individual and is a principal in the Tersini group of

8   companies including Defendant Kenmark Ventures, LLC and KT Construction.  Mr. Tersini at all

9   times relevant to this complaint was and is a resident of Santa Clara County, California, doing

10  business from his Cupertino, CA offices.  Plaintiff believes and thereon alleges that Mr. Ken

11  Tersini is the mastermind behind the scheme and conspiracy to deprive Mr. Thomas of his

12  constitutional rights and is the one behind the corruption of the judicial machinery and the

13  commission of multiple fraud upon the Court and procuring the underlying judgment inter alia

14  by fraud on the Court.

15      11.   Defendant Mrs. K. Tersini is an individual resident of Santa Clara County,

16  California and is the spouse of Defendant Ken Tersini and is liable for the acts of her spouse

17  Defendant Ken Tersini under the provisions of California's Family Code Section 1500.

18      12.   Defendant Jennifer Jodoin is an individual resident of Santa Clara County,

19  California and is a principal and executive with the Tersini group of companies, including KT

20  Properties, KT Urban and Kenmark Ventures, LLC.  She has worked for the Tersini brothers

21  since 2000, and is also the personal notary for Defendant Ken Tersini, operating her notary

22  license from Mr. Tersini's Cupertino, CA business address.

23      13.   Defendant Mr. Jodoin is an individual resident of Santa Clara County, California

24  and is the spouse of Defendant Jennifer Jodoin and is liable for the acts of his spouse under the

25  provisions of California's Family Code Section 1500.

26      14.   Defendant Wayne Silver is an individual resident of Santa Clara County,

27  California, and has acted as a licensed attorney engaged in the deprivation of Plaintiff Mr.

28  Thomas's Constitutional Rights.

- 4 -

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

15.     Defendant Mrs. Silver is an individual resident of Santa Clara County, California and is the spouse of Defendant Wayne Silver and is liable for the acts of her spouse under California's Family Law Section 1500.

16.     Defendant Kenmark Ventures LLC was at all times relevant to this Complaint, a limited liability company organized under the laws of the State of California and the alter ego of Defendants Mark and Ken Tersini.  Kenmark Ventures LLC's principal place of business is located in Santa Clara County, California.

17.     Defendant Stremmel Auctions, LLC is a Nevada limited liability company whose principal place of business is located in Washoe County, Nevada.  Stremmel Auctions has actively participated in the collusive bidding and auction and illegal attempt to sell the Thomas Emerald without compliance with the pre-sale notice requirements of the Bankruptcy law, and has submitted perjured declarations regarding the attempted sale by auction of the Thomas Emerald.

18.     Defendant Steve Stremmel is an individual and principal of Stremmel Auctions LLC and at all times relevant to this Complaint was and is a resident of Washoe County, NV.

19.     Defendant Mrs. Stremmel is an individual and spouse of Defendant Steve Stremmel and is liable for the actions and conduct of her spouse Defendant Steve Stremmel.

20.     Defendant Hudson Stremmel is an individual and resident of Washoe County NV, and is the son of Defendants Steve Stremmel and Mrs. Stremmel.

21.     Defendant Amy Tierre is an individual and resident of Washoe County, NV and is an attorney engaged in the conspiracy to deprive Plaintiff Anthony Thomas of his civil and constitutional rights.

JURISDICTION

22.     Jurisdiction is proper before this Court because it involves a federal right.  State Claims are valid under the exercise of the Federal Court's Pendent Jurisdiction.

VENUE

23.     Venue is appropriate in this Court because a substantial part of the events that are being sued upon originated from and occurred in this District.

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

1    24.    A substantial number of the Defendants live in and conduct business in this
2    District.

INTRA DISTRICT ASSIGNMENT

4    25.    Because a significant number of the facts arose in Santa Clara County, it should
5    be assigned to the San Jose Division of this Court.

INTRODUCTION

8    26.    This is a lawsuit arising from facts that culminated in a lawsuit filed in December
9    of 2008 in the Santa Clara County Superior Court entitled <u>Kenmark Ventures v. Thomas</u> Case
10   No. 08-CV-1arising from a $6 million investment that was made by Kenmark Ventures LLC,
11   whose principals include the Defendants Mark Tersini, his brother Ken Tersini, and the Tersini
12   group of companies private notary Jennifer Jodoin, who in their most recent fraud upon the
13   Court have corrupted the judicial process in their illegal attempt to buy the Thomas Emerald in
14   express violation of the Notice requirements mandated by Section 363(b) of the U.S.
15   Bankruptcy Code as well as Rules 6004 and 2002 of the U.S. Bankruptcy Rules that require at
16   least 21 days Notice to be mailed by the Clerk of the Court to all creditors.

17   27.    In a corruption free America that all Americans believe in, the America that is
18   enshrined in the rule of law, the Declaration of Independence and the Bill of Rights and the
19   Constitution, it would be inconceivable for a U.S. Trustee and her attorney, a licensed member
20   of the State Bar of Nevada and a member of the bar of the U.S. District Court for the District of
21   Nevada as well as the U.S. Bankruptcy Court, to blatantly attempt to sell estate assets without
22   complying with the proper notice requirements as mandated by the U.S. Bankruptcy Code
23   Section 363(b) that permits the sale of Estate assets, only after notice of a proposed sale or use
24   PRIOR to sale, governed by Rules 6004 and Rule 2002, that mandates that Notice of such a
25   proposed lease or sale be mailed BY THE CLERK OF THE COURT at least 21 days prior to the
26   proposed use or sale.

27   28.    A simple inspection of the Docket/Register of Actions conclusively shows that
28   there is no such Proof of Service by the Clerk of the Court anywhere on the docket from

- 6 -

1   October of 2017 when Stremmel Auctions was ordered employed by this Court to the present,

2   thereby rendering any purported sale of the Emerald to be void on its' face and illegal on the

3   face of the record.  Not more than 15 minutes of time is needed by anyone to print out and

4   review the docket/register of actions and determine conclusively that the notice rules governing

5   the sale of Estate assets prior to sale have not been complied with.

6       29.     Yet the Plaintiff Mr. Anthony Thomas appears to be living in a parallel universe

7   that we can call Beesleyland, where the rule of law, due process and adherence to the Bill of

8   Rights and the U.S. Constitution does not exist, where the Trustee and her attorney can more

9   than 3 ½ years after disclosure of the transfer of real estate by deed to one's parents can find

10  out one morning that the Trustee and her attorney have crossed state lines, broken and

11  entered into the debtor's parents homes, illegally changed the locks, obtained title insurance by

12  concealing the facts regarding the transfer of the property disclosed at the 341 meeting of

13  creditors by lying to the Court falsely claiming that the Debtors concealed the asset from the

14  Court and were illegally either living there or renting out the property and concealing the rental

15  income from the Trustee all doing so in express violation of the Turnover Law that only permits

16  the use of such procedure when there is no dispute over title, as there clearly was here.

17      30.     The illegal conduct is then ratified by Judge Beesley, who refuses to perform his

18  ministerial duty, in refusing to take Judicial notice of the California law of Transfer by Deed

19  based upon the Common law of England that California adopted by legislative enactment in

20  1850[1], all the while continuing to falsely claim on the record despite the California Case law in

21  front of him to the contrary that he refuses to take judicial notice of, and continues to falsely

22  claim that failure to record a conveyance by Deed renders that conveyance void under

23  California law, without a shred of evidence or citation to support this false claim.

24      31.     Allowing a Judge to be able to falsely state the law, and believe that he has the

25  power to deprive enshrined property rights of California citizens is a plain usurpation of power

26  and is a form of oppression and tyranny that is antithetical to the beliefs that are the

27

28  [1] Stats 1850 ch. 95 p. 218 (CA Civil Code Section 22.2)

1  foundation of the American republic.

2      32.    The attached law review article, that constitutes part of the unwritten law as

3  defined in CCP 1899, traces the history of the 42 U.S.C. 1983 Civil Rights litigation to the

4  enactment of the Anti-Ku Klux Klan Act of 1871 and contains a very relevant discussion of the

5  lack of judicial immunity for judges that deprive a litigant of their constitutional rights.

6  DECLARATORY RELIEF - REQUEST FOR JUDICIAL NOTICE OF LAW REVIEW ARTICLE
   21 TORT & INS. LAW JOURNAL 589 (1986) ENTITLED: FEDERAL TORT LAW: JUDGES
7  CANNOT INVOKE JUDICIAL IMMUNITY FOR ACTS THAT VIOLATE LITIGANTS' CIVIL
   RIGHTS

8
9      33.    Plaintiff respectfully requests that this Court take Judicial Notice of the attached

10 12 page Law Review Article regarding the fact that Judges Cannot Invoke Judicial Immunity for

11 Acts that Violate Litigants' Civil Rights.

12     34.    A judicial determination is necessary in order to determine whether Judge

13 Beesley in engaging in the acts complained of in this lawsuit is protected by the doctrine of

14 Judicial Immunity, or if he has been stripped of his judicial immunity by acting in the absence

15 of all jurisdiction.

16     35.    An examination of one of the incidents that is void on the face of the record is

17 what Plaintiff contends is the illegal and void conversion order by Judge Beesley when he

18 refused to allow Plaintiffs' existing lawyer to represent him and AT Emerald LLC in the hearing

19 on the conversion of the Bankruptcy case from a Chapter 11 Debtor in Possession case, to a

20 Chapter 7 Liquidation case, a serious order that is the Bankruptcy equivalent of a death

21 sentence vs. being accorded the protection of the BK courts from creditors until the debtor can

22 reorganize his finances and remains in possession of his assets free from liquidation from the

23 Trustee.  The hearing on the Conversion Motion is a hearing that comes with it the right to be

24 represented by counsel of one's choice and that deprivation of this right is a denial of due

25 process in the constitutional sense as stated by the U.S. Supreme Court in the Powell v.

26 Alabama decision.

27     36.    Plaintiff is respectfully requesting that this Court take judicial notice of the

28 underlying facts and law that establish conclusively that the purported sale by Auction to

- 8 -

1  Jennifer Jodoin, personal notary to Kenmark Ventures LLC and KT Properties and related
2  companies principal Ken Tersini, is void on its' face.

3      37.    Plaintiff is requesting a finding of fact and conclusion of law that the
4  Trustee and her attorney engaged in an illegal attempt to sell the Thomas Emerald
5  without complying with the mandatory notice requirements imposed on a sale of
6  Bankruptcy Estate assets under U.S. Bankruptcy Code Section 363(b), and Bankruptcy
7  Rules 6004 and 2002 that require Court approval and notice mailed by the Clerk of the
8  Court prior to any proposed sale of any property of the Estate.  Plaintiff requests a
9  finding that the BK rules that were not complied with and a specific finding of the fact
10 that there is no proof of service from the Clerk of the Court on the Court docket
11 complying with the 21 day notice requirements imposed by Rule 2002, and a further
12 finding that the above failures makes the entire proceeding and attempt to sell the
13 Thomas Emerald to be void on its' face and must be vacated according to the decisional
14 case law of the Bankruptcy courts that have addressed other instances where the proper
15 notice rules were not complied with where the necessary outcome was to void the sale
16 for failure to comply with the statutory notice requirements.

17     38.    Plaintiff is seeking a Declaratory Judgment findings of fact and conclusions
18 of law that the defendants engaged in collusion with regards of the attempted sale of
19 the Emerald without Notice by auction between 10-30-2018 and 11-15-2018 that
20 resulted in a void sale to Tersini alter ego and personal notary Jennifer Jodoin.

21     39.    Plaintiff also seeks a judicial determination that The Deposition Transcript
22 (attached as Exhibit 4 to the Kenmark Adv Complaint of the 10-5-2011 hearing in the
23 Santa Clara County Superior Court  itself shows that the Judgment is void on its' face
24 for:

25     1.    Failure to comply with the Statute of Frauds (CA Civil Code Section
           1624)
26
27     2.    Void for failure to comply with the Provisions of CCP 664.6 requiring
           proper voir diring by the Judge that wasn't done here.\
28     3.    Attorney Abandonment by Michael Morrissey as confirmed by the

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

Declaration of Bob Machado in the 9th Circuit case filed on 2-12-2018, forming the basis of my current Petition before the U.S. Supreme Court. as well as void under <u>Olvera v. Grace</u> and in violation of CCP 286 among others. (See Exhibit 15 - Fax from Atty Morrissey to CA State Bar dated 10-3-2011 and Exhibit 16- Minute Order from CA State Bar dated 10-4-2011 to Atty Morrissey)

40.    Under the circumstances the Plaintiff is respectfully requesting that this Court take judicial notice of the Exhibits attached hereto and incorporated herein by reference and render declaratory relief in the form of written findings of fact and conclusions of law as to what actions taken by the parties constitute a deprivation of constitutional rights and liability under the Bivens doctrine as well as liability for pendent State claims that shall be pleaded more fully in Plaintiffs' First Amended Pleading.

41.    Plaintiff is requesting a stay of the proceedings in the Bankruptcy Court and may also be filing concurrently with the U.S. District Court in Reno, necessary Writs of Mandamus and Prohibition and Requests for a stay of proceedings to allow Judge Beesley to be removed from this case due to his corruption and pervasive bias as documented in the attached transcripts of hearings before him and to allow for the Reno BK case to be transferred to San Jose as well as allowing for a stay to permit the Plaintiff to file his Motions to vacate the Judgment in the Santa Clara County Superior Court as described more fully elsewhere in this Complaint.

Respectfully submitted,

Dated: March 21st 2019

Anthony G. Thomas
Debtor In Propria Persona

VERIFICATION

I, Anthony G. Thomas declare:

1.    I am a Plaintiff in the present case.  I have personal knowledge of the facts alleged in the Complaint filed herein and if called on to testify, I would competently testify to the matters stated herein.

2.    I verify under penalty of perjury of the laws of the States of Nevada and California and under the laws of the United States that the statements made in

- 10 -
CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF

this Complaint are true and correct.

Executed at San Jose, CA on March 21st 2019.

Anthony G. Thomas
Plaintiff In Propria Persona

CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF