UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY G THOMAS,<br><br>            Plaintiff,<br><br>    v.<br><br>BRUCE T. BEESLEY, et al.,<br><br>            Defendants. | Case No. 19-cv-01480-JSW<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

On March 21, 2019, Plaintiff filed a complaint against, among others, U.S. Bankruptcy Judge Bruce Beesley, officers in various companies in California and Nevada, and some attorneys. It does not appear Plaintiff has served any of the Defendants with the Complaint or with his request for a temporary restraining order. Plaintiff has also sued the spouses of certain defendants, alleging they are liable for their spouses' torts. Plaintiff's complaint asserts that the Defendants have allegedly violated his civil rights in connection with a Bankruptcy Proceeding that is pending in the United States Bankruptcy Court for the District of Nevada. Those proceedings allegedly stem from a judgment certain defendants obtained in a lawsuit entitled *Kenmark Ventures v. Thomas*, which was pending in Santa Clara County Superior Court. Plaintiff alleges, in part, that parties in the Bankruptcy Proceeding are attempting to dispose of his property without complying with the proper procedures. (Compl. ¶ 27.) Plaintiff also alleges that a sale of property is void. Plaintiff now moves for a temporary restraining order to halt a confirmation hearing scheduled to take place at 10:00 a.m. on March 22, 2019 in the Bankruptcy Proceedings.

The Court DENIES that request.[1] In order to obtain a TRO, Plaintiff must establish he is

---

[1] Plaintiff suggests that he also may be filing similar requests in the United States District Court of Nevada.

1  "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
2  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
3  public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations
4  omitted). The *Winter* court also noted that, because injunctive relief is "an extraordinary remedy,"
5  it "may only be awarded upon a clear showing that the [moving party] is entitled to such relief."
6  Id. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Thus, "[i]n each
7  case, courts 'must balance the competing claims of injury and must consider the effect on each
8  party of the granting or withholding of the requested relief.'" *Id.* at 24 (quoting *Amoco
9  Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

10  In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious
11  questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus,
12  this Court may grant relief if Plaintiff demonstrates that there are serious questions going to the
13  merits and a hardship balance that tips sharply in his favor, if the other two elements of the *Winter*
14  test are also met. Id. at 1132. This allows the Court "to preserve the status quo where difficult
15  legal questions require more deliberate investigation." *See Sencion v. Saxon Mortg. Servs., LLC*,
16  No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

17  The Court has reviewed Plaintiff's complaint, and his request for a TRO. Plaintiff is
18  proceeding *pro se* and, therefore, the Court construes each document liberally. Plaintiff has not
19  addressed any of the *Winter* factors. Assuming for the sake of argument the Court would have the
20  power to order the relief Plaintiff seeks, the Court concludes that he has not shown a likelihood of
21  success on the merits, as the allegations demonstrate that any claims against Judge Beesley would
22  be barred by the doctrine of judicial immunity because they are based on actions taken during the
23  Bankruptcy Proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Many of the
24  Defendants appear to have been named solely on the basis of their relationship to other
25  Defendants, and the allegations of a conspiracy are conclusory. The Court also concludes he has
26  not shown serious questions going to the merits and a hard ship balance that tips sharply in his
27  favor.
28  //

Accordingly, the Court DENIES the application for a TRO. Plaintiff shall serve a copy of this Order on all Defendants.

**IT IS SO ORDERED.**

Dated: March 22, 2019

_____
JEFFREY S. WHITE
United States District Judge