1
2
3
4
5

**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

6
7
8
9

*Defendant in pro se, and attorney*
*for STREMMEL AUCTIONS, LLC,*
*STEVEN STREMMEL, HUDSON STREMMEL,*
*KENMARK VENTURES, LLC, KEN TERSINI,*
*MARK TERSINI, JENNIFER JODOIN AND*
*AMY TIRRE*

10
11
12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

13
14
15
16
17
18
19
20

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>       Plaintiff,<br>v.<br><br>BRUCE T. BEESLEY, et al.,<br><br>       Defendants. | Case No.: CV-19-1480 JSW<br><br>**OMNIBUS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FED. R. CIV. PRO. 12(b)(1) AND (6) MOTIONS TO DISMISS**<br><br>  Date:   May 24, 2019<br>  Time:   9:00 a.m.<br>  Court:   Courtroom 5<br><br>  Complaint Filed: March 21, 2019<br>  Trial Date: None Set |

21

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD**:

22

       **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201, Defendants[1]

23

hereby request the Court take judicial notice of the following, attached as Exhibits 1–18, in support

24

of their Motion To Dismiss Complaint Pursuant To Federal Rules of Civil Procedure 12(B)(1) and

25

12(B)(6).

26

27
28

---

[1]Due to the voluminous and redundant matters applicable to all Defendants' represented by attorney Wayne A. Silver in this action, this Request for Judicial Notice is filed in omnibus fashion in an effort to avoid needless duplication.

Page - 1

Omnibus Request for Judicial Notice                    Case No.: CV-19-1480 JSW

| EXHIBIT | DESCRIPTION | DATE AND DOCKET NO. |
|---------|-------------|---------------------|
| **Documents from Bankruptcy Case No. 14-BK-50333-BTB of Plaintiff Anthony Thomas ("BC")** | | |
| One | Docket in Bankruptcy Case No. 14-BK-50333-BTB ("BC") | |
| Two | Order Converting Case to Chapter 7 | 8/20/2014 BC #190 |
| Three | Appointment of Interim Trustee and Trustee and Designation of Required Bond | 9/11/2014 BC #203 |
| Four | Ex-Parte Application to Employ Auctioneer | 10/16/2017 BC #347 |
| Five | Verified Statement of Auctioneer | 10/16/2017 BC #347-1 |
| Six | Order to Employ Auctioneer | 10/18/2017 BC #348 |
| **Documents From Kenmark v. Thomas, Adversary Proceeding No. 14-5022 ("AP"), and Subsequent Appeals** | | |
| Seven | Docket in Adversary Proceeding No. 14-5022 | |
| Eight | Judgment in Santa Clara Superior Court, Case No. 108CV130667 | 10/18/2015 |
| Nine | Adversary Complaint, Kenmark v. Thomas, Adversary Proceeding No. 14-5022 | 5/31/2014 AP #1 |
| Ten | Judgment in Favor of Kenmark in Adversary Proceeding No. 14-5022 | 2/19/2016 AP#49 |
| Eleven | Ninth Circuit BAP Memorandum Decision Affirming Bankruptcy Court Judgment | 3/28/2017 |
| Twelve | Ninth Circuit Decision Affirming Bankruptcy Court Judgment | 3/23/2018 |
| Thirteen | Ninth Circuit Order Denying Thomas's Motion to Recall Mandate | 10/17/2018 |
| Fourteen | Thomas Petition for Certiorari | |
| **Documents from Hearing on Trustee's Motion to Sell the Thomas Emerald** | | |
| Fifteen | Notice of Hearing On Motion for Order Confirming Sale By Auction; Request for Approval of Payment of Commission To Stremmel Auctions | 11/29/2018 BC #432 |
| Sixteen | Motion for Order Confirming Sale by Auction; Request for Approval of Payment of Commission to Stremmel Auctions | 11/29/2018 BC #430 |
| Seventeen | Trustee's Reply to Debtors' Opposition to Motion for Order Confirming Sale by Auction; Request for Approval of Payment of | 3/15/2019 BC #477 |

Page - 2

| | Commission to Stremmel Auctions | |
|---|---|---|
| Eighteen | Order of Recusal and Request for Reassignment | 3/25/2019 BC #484 |

When adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003) Judicial notice of matters of public record will not convert a Rule 12(b)(6) motion to a summary judgment motion. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) Court files may be judicially noticed. *Mullis v. United States Bank. Ct.*, 828 F. 2d 1385, 1388, fn. 9 (9th Cir. 1987); see also, *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992)("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). *Sanchez v. Aurora Loan Servs., LLC (In re Sanchez)*, 2011 Bankr. LEXIS 5602, *7 (Bankr. E.D. Cal. Dec. 15, 2011)    Under Federal Rule of Evidence 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal.2005) A Court may take judicial notice of a matter of public record.  *Moore v. Navarro*, 2004 U.S. Dist. LEXIS 6039, *5 (N.D. Cal. Mar. 31, 2004.)

Date: April 12, 2019

/s/ Wayne A. Silver

*Wayne A. Silver, defendant in pro se, and attorney for defendants STREMMEL AUCTIONS, LLC STEVEN STREMMEL, HUDSON STREMMEL,KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, JENNIFER JODOIN AND AMY TIRRE*

EXHIBIT 1

[Docket in Bankruptcy Case No. 14-BK-50333-BTB]

## U.S. Bankruptcy Court
### District of Nevada (Reno)
### Bankruptcy Petition #: 14-50333-gs

| | |
|---|---|
| | *Date filed:* 03/04/2014 |
| *Assigned to:* GARY SPRAKER | *Date converted:* 08/29/2014 |
| Chapter 7 | *341 meeting:* 12/04/2014 |
| Previous chapter 11 | *Deadline for objecting to discharge:* 12/08/2014 |
| Original chapter 11 | |
| Voluntary | |
| Asset | |

**Debtor**
**ANTHONY THOMAS**
7725 PEAVINE PEAK COURT
RENO, NV 89523
WASHOE-NV
SSN / ITIN: xxx-xx-3971

represented by **ANTHONY THOMAS**
PRO SE

**MICHAEL LEHNERS**
429 MARSH AVE
RENO, NV 89509
(775) 786-1695
Fax : (775) 786-0799
Email: michaellehners@yahoo.com
*TERMINATED: 08/04/2015*

**ALAN R SMITH**
(See above for address)
*TERMINATED: 08/26/2014*

**Jnt Admin Debtor**
**AT EMERALD, LLC**
7725 PEAVINE PEAK COURT
RENO, NV 89523
SSN / ITIN: xxx-xx-3971
Tax ID / EIN: 46-5029418

represented by **AT EMERALD, LLC**
PRO SE

**ALAN R SMITH**
505 RIDGE ST
RENO, NV 89501
(775) 786-4579
Fax : (775)
Email: mail@asmithlaw.com
*TERMINATED: 08/26/2014*

**Joint Debtor**
**WENDI THOMAS**
7725 PEAVINE PEAK COURT
RENO, NV 89523
WASHOE-NV
SSN / ITIN: xxx-xx-8142

represented by **WENDI THOMAS**
PRO SE

**MICHAEL LEHNERS**
429 MARSH AVE
RENO, NV 89509
(775) 786-1695
Fax : (775) 786-0799
Email: michaellehners@yahoo.com
*TERMINATED: 08/04/2015*

**ALAN R SMITH**
(See above for address)
*TERMINATED: 08/26/2014*

**Trustee**
**CHRISTINA W. LOVATO**

P.O. BOX 18417
RENO, NV 89511
(775) 851 1424
*TERMINATED: 08/29/2014*

*Trustee*
**JERI COPPA-KNUDSON**
3495 LAKESIDE DR
PMB #62
RENO, NV 89509
(775) 329-1528

represented by **JERI COPPA-KNUDSON**
3495 LAKESIDE DR
PMB #62
RENO, NV 89509
(775) 329-1528
Fax : (775) 329-5320
Email: renobktrustee@gmail.com

**JEFFREY L HARTMAN**
HARTMAN & HARTMAN
510 WEST PLUMB LANE, STE B
RENO, NV 89509
(775) 324-2800
Fax : (775) 324-1818
Email: notices@bankruptcyreno.com

*U.S. Trustee*
**U.S. TRUSTEE - RN - 11**
300 BOOTH STREET, STE 3009
RENO, NV 89509
*TERMINATED: 08/29/2014*

*U.S. Trustee*
**U.S. TRUSTEE - RN - 7, 7**
300 BOOTH STREET, STE 3009
RENO, NV 89509

| Filing Date | # | Docket Text |
|---|---|---|
| 03/04/2014 | 1 (46 pgs) | Chapter 11 Voluntary Petition. Fee Amount $1213. Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
| 03/04/2014 | 2 | Statement of Social Security Number(s). **This document contains sensitive information and cannot be viewed by the public.** Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
| 03/04/2014 | 3 (1 pg) | Declaration Re: Electronic Filing Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
| 03/04/2014 | 4 (2 pgs) | Chapter 11 Statement of Current Monthly Income (Form 22B) Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
| 03/04/2014 | 5 | Receipt of Filing Fee for Voluntary Petition (Chapter 11)(14-50333) [misc,volp11pb] (1213.00). Receipt number 14936664, fee amount $1213.00.(re: Doc#1) (U.S. Treasury) (Entered: 03/04/2014) |
| 03/04/2014 | 6 (3 pgs) | Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement *Certificate of Credit Counseling* Filed by ALAN |

| | | R SMITH on behalf of ANTHONY THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
|---|---|---|
| 03/04/2014 | 7<br>(3 pgs) | Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement *Certificate of Credit Counseling* Filed by ALAN R SMITH on behalf of WENDI THOMAS (SMITH, ALAN) (Entered: 03/04/2014) |
| 03/04/2014 | 8<br>(2 pgs) | Meeting of Creditors 341 Meeting to be held on 04/07/2014 at 02:00 PM at Young Bldg,Rm 3087. Objections to Discharge due by 06/06/2014. Last day to file Proof of Claims 07/07/2014. (Entered: 03/04/2014) |
| 03/06/2014 | 9<br>(3 pgs) | Notice *Of Changed 341 Meeting* Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)8 Meeting of Creditors Chapter 11 (BNC)) (SMITH, ALAN) (Entered: 03/06/2014) |
| 03/06/2014 | 10<br>(5 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)9 Notice filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/06/2014) |
| 03/06/2014 | 11<br>(3 pgs) | Notice of Appearance and Request for Notice *and Service of Papers* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of William McGrane (SHARP, STEFANIE) (Entered: 03/06/2014) |
| 03/07/2014 | 12<br>(3 pgs) | BNC Certificate of Mailing (Related document(s)8 Meeting of Creditors Chapter 11 (BNC)) No. of Notices: 19. Notice Date 03/07/2014. (Admin.) (Entered: 03/07/2014) |
| 03/17/2014 | 13<br>(25 pgs) | Motion for Relief from Stay Property: California State Court Action filed by Debtor Anthony Thomas Pre-Petition *Motion for Comfort Order that Automatic Stay does not apply to Litigation filed by Debtor Anthony Thomas Pre-Petition or Alternatively for Relief from Stay [California State Court Litigation]* Fee Amount $176. with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (SHARP, STEFANIE) (Entered: 03/17/2014) |
| 03/17/2014 | 14 | Receipt of Filing Fee for Motion for Relief from Stay(14-50333-btb) [motion,mrlfsty] ( 176.00). Receipt number 14972692, fee amount $ 176.00.(re: Doc#13) (U.S. Treasury) (Entered: 03/17/2014) |
| 03/17/2014 | 15<br>(4 pgs) | Notice of Hearing *on Motion for Comfort Order That Automatic Stay does not apply to Litigation Filed by Debtor Anthony Thomas Pre-Petition or Alternatively for Relief from Stay [California State Court Litigation]* Hearing Date: 04/22/2014 Hearing Time: 10:00 a.m. with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)13 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (SHARP, STEFANIE) (Entered: 03/17/2014) |
| 03/18/2014 | 16 | Hearing Scheduled/Rescheduled. Hearing scheduled 4/22/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)13 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (cly) (Entered: 03/18/2014) |
| 03/24/2014 | 17<br>(4 pgs) | Document *Motion For Authority To Pay Ordinary Monthly Living Expenses Nunc Pro Tunc* Filed by ALAN R SMITH on behalf of ANTHONY |

| | | THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/24/2014) |
|---|---|---|
| 03/24/2014 | 18 (4 pgs) | Declaration Of: Anthony Thomas Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/24/2014) |
| 03/24/2014 | 19 (7 pgs) | Document *Ex Parte Motion For Order Shortening Time For Notice and Hearing On Motion For Authority To Pay Ordinary Monthly Living Expenses Nunc Pro Tunc* Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/24/2014) |
| 03/24/2014 | 20 (2 pgs) | Declaration Of: Holly E. Estes, Esq. Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)19 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/24/2014) |
| 03/24/2014 | 21 (2 pgs) | Attorney Information Sheet (Related document(s) 19 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN). Modified on 4/1/2014 to relate to #19(Gallagher, DA). (Entered: 03/24/2014) |
| 03/24/2014 | 22 (2 pgs) | Notice *OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE AND SERVICE OF PAPERS* Filed by KEVIN A. DARBY on behalf of Kit Morrison, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK INC., FM HOLDINGS (DARBY, KEVIN) Modified on 3/25/2014 for correct party filers (Youngblood, CL). (Entered: 03/24/2014) |
| 03/24/2014 | 23 (9 pgs) | Motion for Relief from Stay Property: State Court Litigation Fee Amount $176. Filed by KEVIN A. DARBY on behalf of Kit Morrison, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK INC., FM HOLDINGS (DARBY, KEVIN) Modified on 3/25/2014 for correct party filers (Youngblood, CL). (Entered: 03/24/2014) |
| 03/24/2014 | 24 (45 pgs) | Declaration Of: Andrew Spielberger, Esq. Filed by KEVIN A. DARBY on behalf of Kit Morrison, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK INC., FM HOLDINGS (Related document(s)23 Motion for Relief from Stay filed by Interested Party Kit Morrison) (DARBY, KEVIN) Modified on 3/25/2014 for correct party filers (Youngblood, CL). (Entered: 03/24/2014) |
| 03/24/2014 | 25 (8 pgs) | Declaration Of: Tricia M. Darby, Esq. Filed by KEVIN A. DARBY on behalf of Kit Morrison, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK INC., FM HOLDINGS (Related document(s)23 Motion for Relief from Stay filed by Interested Party Kit Morrison) (DARBY, KEVIN) Modified on 3/25/2014 for correct party filers (Youngblood, CL). (Entered: 03/24/2014) |
| 03/24/2014 | 26 | Receipt of Filing Fee for Motion for Relief from Stay(14-50333-btb) [motion,mrlfsty] ( 176.00). Receipt number 14991639, fee amount $ 176.00.(re: Doc#23) (U.S. Treasury) (Entered: 03/24/2014) |
| 03/24/2014 | 27 (3 pgs) | Notice of Hearing Hearing Date: 04/22/2014 Hearing Time: 10:00 a.m. with Certificate of Service Filed by KEVIN A. DARBY on behalf of Kit Morrison, TODD ARMSTRONG, JERRY FERRARA, MARKET LINK |

| | | |
|---|---|---|
| | | INC., FM HOLDINGS (Related document(s)23 Motion for Relief from Stay filed by Interested Party Kit Morrison) (DARBY, KEVIN) Modified on 3/25/2014 for correct party filers (Youngblood, CL). (Entered: 03/24/2014) |
| 03/24/2014 | 28 (16 pgs) | Ex Parte Application to Employ Law Offices of Alan R. Smith as Attorneys Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/24/2014) |
| 03/25/2014 | 29 (2 pgs) | Order Shortening Time Hearing scheduled 4/4/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS., 19 Document) (cly) (Entered: 03/25/2014) |
| 03/25/2014 | 30 (3 pgs) | Motion for Joint Administration 14-50331 with Lead Case 14-50333 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 03/25/2014) |
| 03/25/2014 | 31 (2 pgs) | Notice of Hearing Hearing Date: 05/07/2014 Hearing Time: 10:00 a.m. Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)30 Motion for Joint Administration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/25/2014) |
| 03/25/2014 | 32 | Hearing Scheduled/Rescheduled. Hearing scheduled 4/22/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)23 Motion for Relief from Stay filed by Interested Party KIT MORRISON) (cly) (Entered: 03/25/2014) |
| 03/25/2014 | 33 (12 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 18 Declaration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 19 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 20 Declaration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 21 Attorney Information Sheet filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/25/2014) |
| 03/25/2014 | 34 (4 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)29 Order Shortening Time) (SMITH, ALAN) (Entered: 03/25/2014) |
| 03/25/2014 | 35 (5 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)34 Notice of Entry of Order filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/25/2014) |
| 03/26/2014 | 36 | Hearing Scheduled/Rescheduled. Hearing scheduled 5/7/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)30 Motion for Joint Administration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (cly) (Entered: 03/26/2014) |
| 03/27/2014 | 37 (2 pgs) | Order Granting Application to Employ (Related document(s) 28) (dag) (Entered: 03/27/2014) |
| 03/27/2014 | 38 (8 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)30 Motion for Joint |

| | | |
|---|---|---|
| | | Administration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 31 Notice of Hearing filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/27/2014) |
| 03/27/2014 | 39 (3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)28 Application to Employ filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 03/27/2014) |
| 04/01/2014 | 40 (1 pg) | 341 Meeting Concluded (STROZZA (kf), NICHOLAS) (Entered: 04/01/2014) |
| 04/03/2014 | 41 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)37 Order on Application to Employ) (SMITH, ALAN) (Entered: 04/03/2014) |
| 04/04/2014 | 42 | **Minute Entry** Re: hearing on 4/4/2014 2:00 PM. Continued. (related document(s): 17 Document filed by ANTHONY THOMAS, WENDI THOMAS) (Hearing scheduled 05/22/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (lkb ) (Entered: 04/07/2014) |
| 04/10/2014 | 43 (4 pgs) | Stipulation By WILLIAM MCGRANE and Between William McGrane and Debtors Anthony Thomas and Wendi Thomas *for Comfort Order that Automatic Stay does not Apply to Litigation filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation]* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)13 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (SHARP, STEFANIE) (Entered: 04/10/2014) |
| 04/11/2014 | 44 (2 pgs) | Order Regarding Motion For Authority To Pay Ordinary Monthly Living Expenses Nunc Pro Tunc (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (cly) (Entered: 04/11/2014) |
| 04/11/2014 | 45 (3 pgs) | Order Approving Stipulation (Related document(s)43 Stipulation filed by Interested Party WILLIAM MCGRANE.) (cly) (Entered: 04/11/2014) |
| 04/11/2014 | 46 (6 pgs) | Notice *of Entry of Order Approving Stipulation for Comfort Order that Automatic Stay does not Apply to Litigation filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation]* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)45 Order Approving Stipulation) (SHARP, STEFANIE) (Entered: 04/11/2014) |
| 04/14/2014 | 47 (5 pgs) | Opposition Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)23 Motion for Relief from Stay filed by Interested Party KIT MORRISON, Creditor TODD ARMSTRONG, Creditor JERRY FERRARA, Creditor MARKET LINK INC., Creditor FM HOLDINGS.) (SMITH, ALAN) (Entered: 04/14/2014) |
| 04/15/2014 | 48 (3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)47 Opposition filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 04/15/2014) |
| 04/16/2014 | 49 | Notice of Entry of Order Filed by ALAN R SMITH on behalf of |

| | | |
|---|---|---|
| | (3 pgs) | ANTHONY THOMAS, WENDI THOMAS (Related document(s)44 Order) (SMITH, ALAN) (Entered: 04/16/2014) |
| 04/17/2014 | 50 (9 pgs) | Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 04/17/2014) |
| 04/28/2014 | 51 (3 pgs) | Order Granting Motion For Relief From the Automatic Stay (Related document(s) 23) (cly) (Entered: 04/28/2014) |
| 04/28/2014 | 52 (4 pgs) | Notice of Entry of Order with Certificate of Service Filed by KEVIN A. DARBY on behalf of TODD ARMSTRONG, JERRY FERRARA, FM HOLDINGS, MARKET LINK INC., KIT MORRISON (Related document(s)51 Order on Motion For Relief From Stay) (DARBY, KEVIN) (Entered: 04/28/2014) |
| 04/30/2014 | 53 (7 pgs) | Objection to Debtor's Claim of Exemptions with Certificate of Service Filed by U.S. TRUSTEE - RN - 11 (STROZZA (rl), NICHOLAS) (Entered: 04/30/2014) |
| 04/30/2014 | 54 (3 pgs) | Notice of Hearing Hearing Date: 07/30/14 Hearing Time: 10:00 a.m. with Certificate of Service (Related document(s)53 Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11.)(STROZZA (rl), NICHOLAS) (Entered: 04/30/2014) |
| 04/30/2014 | 55 (5 pgs) | Application *Motion To Designate Case as Small Business Case* with Certificate of Service Filed by U.S. TRUSTEE - RN - 11 (STROZZA (rl), NICHOLAS) (Entered: 04/30/2014) |
| 04/30/2014 | 56 (3 pgs) | Notice of Hearing Hearing Date: 07/30/14 Hearing Time: 10:00 a.m. with Certificate of Service (Related document(s)55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11.)(STROZZA (rl), NICHOLAS) (Entered: 04/30/2014) |
| 04/30/2014 | 57 (3 pgs) | Amended Notice of Hearing Hearing Date: 07/30/2014 Hearing Time: 10:00 a.m. with Certificate of Service (Related document(s)55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11.)(STROZZA (rl), NICHOLAS) (Entered: 04/30/2014) |
| 05/01/2014 | 58 | Hearing Scheduled/Rescheduled. Hearing scheduled 7/30/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)53 Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11, 55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11) (cly) (Entered: 05/01/2014) |
| 05/03/2014 | 59 (5 pgs) | BNC Certificate of Mailing - pdf (Related document(s)54 UST Notice of Hearing) No. of Notices: 25. Notice Date 05/03/2014. (Admin.) (Entered: 05/03/2014) |
| 05/03/2014 | 60 (5 pgs) | BNC Certificate of Mailing - pdf (Related document(s)56 UST Notice of Hearing) No. of Notices: 25. Notice Date 05/03/2014. (Admin.) (Entered: 05/03/2014) |
| 05/03/2014 | 61 (5 pgs) | BNC Certificate of Mailing - pdf (Related document(s)57 UST Notice of Hearing) No. of Notices: 25. Notice Date 05/03/2014. (Admin.) (Entered: 05/03/2014) |

| 05/06/2014 | 62<br>(21 pgs) | Monthly Operating Report for Filing Period Ending March 31, 2014 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 05/06/2014) |
|---|---|---|
| 05/12/2014 | 63<br>(2 pgs) | Order Granting Motion For Joint Administration with case 3:14-bk-50331 (Related document(s) 30) (cly) (Entered: 05/12/2014) |
| 05/13/2014 | 64<br>(3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)63 Order on Motion For Joint Administration) (SMITH, ALAN) (Entered: 05/13/2014) |
| 05/21/2014 | 65<br>(4 pgs) | Motion to Appear Pro Hac Vice Filed by WAYNE A. SILVER on behalf of Kenmark Ventures, LLC (SILVER, WAYNE) (Entered: 05/21/2014) |
| 05/21/2014 | 66<br>(3 pgs) | Designation of Local Counsel Filed by WAYNE A. SILVER, AMY N. TIRRE on behalf of Kenmark Ventures, LLC (Related document(s)65 Motion to Appear Pro Hac Vice filed by Creditor Kenmark Ventures, LLC) (SILVER, WAYNE) (Entered: 05/21/2014) |
| 05/22/2014 | | (NONCONFORMING ENTRY) **Minute Entry Re: Confirmation Hearing on Modified Chapter 13 Plan.** Hearing Date: . Continued. (related document(s): 17 Document filed by ANTHONY THOMAS, WENDI THOMAS) Appearance : ALAN R SMITH (Hearing scheduled 05/29/2014 at 09:00 AM at BTB RN-Courtroom 2, Young Bldg.. (lkb ) Modified on 5/22/2014 to reflect docketed in error (Gallagher, DA). (Entered: 05/22/2014) |
| 05/27/2014 | 67 | Receipt Number-Verified Petition/Pro Hac Vice 93129, Fee Amount $200.00. (Related document(s)65 Motion to Appear Pro Hac Vice filed by Creditor KENMARK VENTURES, LLC) (cly) (Entered: 05/27/2014) |
| 05/27/2014 | 68<br>(1 pg) | Order Approving Verified Petition (Related document(s)65 Motion to Appear Pro Hac Vice filed by Creditor KENMARK VENTURES, LLC.) (cly) (Entered: 05/27/2014) |
| 05/29/2014 | 69<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)68 Order Approving Verified Petition) No. of Notices: 1. Notice Date 05/29/2014. (Admin.) (Entered: 05/29/2014) |
| 05/30/2014 | 70<br>(11 pgs) | Monthly Operating Report for Filing Period Ending April 30, 2014 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 05/30/2014) |
| 05/31/2014 | 71<br>(46 pgs) | Adversary case 14-05022. Complaint *for Damages and To Determine Dischargeability of Debt* Filed by KENMARK VENTURES, LLC vs. ANTHONY THOMAS, WENDI THOMAS Fee Amount $293. (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)(SILVER, WAYNE) (Entered: 05/31/2014) |
| 06/02/2014 | 72<br>(3 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and/or Disclosure Statement Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 06/02/2014) |
| 06/02/2014 | 73<br>(2 pgs) | Notice of Hearing Hearing Date: 07/30/14 Hearing Time: 10:00 a.m. Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY |

| | | |
|---|---|---|
| | | THOMAS, WENDI THOMAS (Related document(s)72 Motion to Extend/Limit Exclusivity Period filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 06/02/2014) |
| 06/02/2014 | 74 (9 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS (Related document(s)72 Motion to Extend/Limit Exclusivity Period filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 73 Notice of Hearing filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 06/02/2014) |
| 06/03/2014 | 75 | Hearing Scheduled/Rescheduled. Hearing scheduled 7/30/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)72 Motion to Extend/Limit Exclusivity Period filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (cly) (Entered: 06/03/2014) |
| 06/03/2014 | 76 (3 pgs) | Order Regarding Final Approval Of Motion For Authority To Pay Ordinary Monthly Living Expenses Nunc Pro Tunc (Related document(s)17 Document filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (cly) (Entered: 06/03/2014) |
| 06/05/2014 | 77 (4 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)76 Order) (SMITH, ALAN) (Entered: 06/05/2014) |
| 06/20/2014 | 78 (7 pgs) | Notice *of Refusal of American Arbitration Association to Comply with Court Order and Ex Parte Request for Court to Issue Order to the American Arbitration Association to Appear and Show Cause for its Failure to Comply with an Order of this Court* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)45 Order Approving Stipulation) (SHARP, STEFANIE). Modified on 6/23/2014 to relate to #45 (Youngblood, CL). (Entered: 06/20/2014) |
| 06/20/2014 | 79 (8 pgs) | Declaration Of: Stefanie T. Sharp *in Support of Notice of Refusal of American Arbitration Association to Comply with Court Order and Ex Parte Request for Court to Issue Order to the American Arbitration Association to Appear and Show Cause for its Failure to Comply with an Order of This Court* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)78 Notice filed by Interested Party WILLIAM MCGRANE) (SHARP, STEFANIE) (Entered: 06/20/2014) |
| 06/20/2014 | 80 (13 pgs) | Ex Parte Motion for 2004 Examination *of the Person Most Knowledgeable of the Sarasota Vault* with Proposed Order Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (WENT, JOSEPH) (Entered: 06/20/2014) |
| 06/20/2014 | 81 (4 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)80 Motion for Examination filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 06/20/2014) |
| 06/23/2014 | 82 (2 pgs) | Order Granting Motion for 2004 Examination (Related document(s) 80) (cly) (Entered: 06/23/2014) |

| | | |
|---|---|---|
| 06/23/2014 | 83<br>(24 pgs; 4 docs) | Motion For Sale/Use/Lease of Property under Section 363(b) *Motion to Sell Free and Clear of Liens Under 363(f)* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Attachments: # 1 Exhibit A)(SMITH, ALAN) Additional attachment(s) added on 7/2/2014 (Ivey, SD). (Entered: 06/23/2014) |
| 06/23/2014 | 84<br>(2 pgs) | Ex Parte Motion for Order Shortening Time Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC)(SMITH, ALAN) (Entered: 06/23/2014) |
| 06/23/2014 | 85<br>(2 pgs) | Declaration Of: Alan R. Smith, Esq. Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)84 Motion for Order Shortening Time filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 06/23/2014) |
| 06/23/2014 | 86<br>(2 pgs) | Attorney Information Sheet Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)84 Motion for Order Shortening Time filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 06/23/2014) |
| 06/23/2014 | 87<br>(6 pgs; 2 docs) | Ex Parte Motion to Seal *Purchase and Sale Agreement* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (SMITH, ALAN) Additional attachment(s) added on 7/2/2014 (Ivey, SD). (Entered: 06/23/2014) |
| 06/23/2014 | 88<br>(16 pgs; 2 docs) | Declaration Of: Anthony Thomas *In Support Of Motion To Sell* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) Additional attachment(s) added on 7/2/2014 (Ivey, SD). (Entered: 06/23/2014) |
| 06/24/2014 | 89<br>(2 pgs) | Order Granting Motion To Seal (Related Doc # 87) (cly) (Entered: 06/24/2014) |
| 06/24/2014 | 90<br>(1 pg) | Minute Order (Related document(s)78 Notice filed by Interested Party WILLIAM MCGRANE.) (cly) (Entered: 06/24/2014) |
| 06/24/2014 | 91<br>(1 pg) | Clerk Forwarded Document to BNC for Noticing. (Related document(s)90 Order) (cly) (Entered: 06/24/2014) |
| 06/24/2014 | 92<br>(2 pgs) | Order Granting Motion for Order Shortening Time (Related document(s) 84). Hearing scheduled 7/1/2014 at 02:30 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC.) (cly) (Entered: 06/24/2014) |
| 06/24/2014 | 93<br>(3 pgs) | Notice of Entry of Order *Granting the 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)82 Order on Motion for Examination) (WENT, JOSEPH) (Entered: 06/24/2014) |
| 06/24/2014 | 94<br>(7 pgs) | Subpoena *Notice of Subpoena to the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (WENT, JOSEPH) (Entered: 06/24/2014) |

| 06/24/2014 | 95 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)89 Order on Motion to Seal) (SMITH, ALAN) (Entered: 06/24/2014) |
| 06/24/2014 | 96 (4 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)92 Order on Motion for Order Shortening Time) (SMITH, ALAN) (Entered: 06/24/2014) |
| 06/24/2014 | 97 (4 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)93 Notice of Entry of Order filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 06/24/2014) |
| 06/24/2014 | 98 (14 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC, 84 Motion for Order Shortening Time filed by Jnt Admin Debtor AT EMERALD, LLC, 85 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC, 86 Attorney Information Sheet filed by Jnt Admin Debtor AT EMERALD, LLC, 87 Motion to Seal filed by Jnt Admin Debtor AT EMERALD, LLC, 88 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 06/24/2014) |
| 06/24/2014 | 99 (6 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)96 Notice of Entry of Order filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 06/24/2014) |
| 06/26/2014 | 100 (3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)91 Document Forwarded to BNC for Noticing (BNC)) No. of Notices: 30. Notice Date 06/26/2014. (Admin.) (Entered: 06/26/2014) |
| 06/27/2014 | 101 (48 pgs) | Limited Objection Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC.) (SILVER, WAYNE) (Entered: 06/27/2014) |
| 06/27/2014 | 102 (5 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)101 Objection filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 06/27/2014) |
| 06/30/2014 | 103 (2 pgs) | Reply Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS, AT EMERALD, LLC (Related document(s)101 Objection filed by Creditor KENMARK VENTURES, LLC.) (SMITH, ALAN) Modified on 7/2/2014 to Reflect Correct Party Filer (Lakas, WM). (Entered: 06/30/2014) |
| 06/30/2014 | 104 (29 pgs) | Ex Parte Motion to Seal and Replace Docket Entries 83, 87, and 88 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS, AT EMERALD, LLC (Related document(s)83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by Jnt Admin Debtor AT EMERALD, LLC, 87 Motion to Seal filed by Jnt Admin Debtor AT |

| | | EMERALD, LLC, 88 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC)(SMITH, ALAN) Modified on 7/2/2014 to Reflect Correct Party Filers (Lakas, WM). (Entered: 06/30/2014) |
|---|---|---|
| 06/30/2014 | 105 (2 pgs) | Declaration Of: Anthony Thomas Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS, AT EMERALD, LLC (Related document(s)104 Motion to Seal filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) Modified on 7/2/2014 to Reflect Correct Party Filer (Lakas, WM). (Entered: 06/30/2014) |
| 07/01/2014 | 106 (9 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)103 Reply filed by Jnt Admin Debtor AT EMERALD, LLC, 104 Motion to Seal filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 105 Declaration filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 07/01/2014) |
| 07/01/2014 | 107 (28 pgs; 6 docs) | Order Granting Motion To Seal (Related Doc # 104) (Attachments: # 1 Exhibit a # 2 Exhibit a1 # 3 Exhibit b # 4 Exhibit b1 # 5 Exhibit c)(lms) (Entered: 07/01/2014) |
| 07/01/2014 | 114 | **Minute Entry** Re: hearing on 7/1/2014 2:30 PM. Continued. (related document(s): 83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by AT EMERALD, LLC) Appearance : HOLLY ESTES, WAYNE A. SILVER (Status Hearing scheduled 07/21/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (lkb ) (Entered: 07/07/2014) |
| 07/03/2014 | 108 (71 pgs) | Motion for Relief from Stay Property: N/A *to Proceed with Litigation Filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation] and with Arbitration Ordered in State Court Litigation* Fee Amount $176. with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (SHARP, STEFANIE) (Entered: 07/03/2014) |
| 07/03/2014 | 109 | Receipt of Filing Fee for Motion for Relief from Stay(14-50333-btb) [motion,mrlfsty]( 176.00). Receipt number 15280301, fee amount $ 176.00.(re: Doc#108) (U.S. Treasury) (Entered: 07/03/2014) |
| 07/03/2014 | 110 (16 pgs) | Declaration Of: Stefanie T. Sharp *in Support of Motion for Relief from Stay to Proceed with Litigation filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation] and with Arbitration Ordered in State Court Litigation* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)108 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (SHARP, STEFANIE) (Entered: 07/03/2014) |
| 07/03/2014 | 111 (5 pgs) | Notice of Hearing *on Motion for Relief from Stay to Proceed with Litigation filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation] and with Arbitration Ordered in State Court Litigation* Hearing Date: 08/26/2014 Hearing Time: 10:00 a.m. with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)108 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (SHARP, STEFANIE) (Entered: 07/03/2014) |
| 07/03/2014 | 112 (29 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)107 Order on Motion to Seal) (SMITH, ALAN) (Entered: 07/03/2014) |

| | | |
|---|---|---|
| 07/07/2014 | 113 | Hearing Scheduled/Rescheduled. Hearing scheduled 8/26/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)108 Motion for Relief from Stay filed by Interested Party WILLIAM MCGRANE) (cly) (Entered: 07/07/2014) |
| 07/09/2014 | 115 (1 pg) | Notice *of Continued 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)93 Notice of Entry of Order filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/09/2014) |
| 07/09/2014 | 116 (4 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)115 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/09/2014) |
| 07/14/2014 | 117 (3 pgs) | Ex Parte Motion to Seal *Order on Motion to Sell* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (SMITH, ALAN) (Entered: 07/14/2014) |
| 07/15/2014 | 118 (3 pgs) | Limited Opposition *to US Trustee's Motion to Convert Case to Chapter 7 (See Dkt# 27 in 14-50331-btb filed prior to Joint Administration)* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (WENT, JOSEPH) (Entered: 07/15/2014) |
| 07/15/2014 | 119 (3 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)118 Opposition filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/15/2014) |
| 07/16/2014 | 120 (3 pgs) | Stipulation By AT EMERALD, LLC and Between United States Trustee *To Continue Hearing On US Trustee's Motion To Designate Case As Small Business* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s) 55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11.)( (SMITH, ALAN) Modified on 7/17/2014 to Relate to #55 (Lakas, WM). (Entered: 07/16/2014) |
| 07/16/2014 | 121 (3 pgs) | Stipulation By AT EMERALD, LLC and Between United States Trustee *To Continue Hearing On US Trustee's Motion To Convert Case To Chapter 7* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (SMITH, ALAN) (Entered: 07/16/2014) |
| 07/16/2014 | 122 (3 pgs) | Stipulation By ANTHONY THOMAS, WENDI THOMAS and Between United States Trustee Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)53 Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11, 55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11) (SMITH, ALAN) (Entered: 07/16/2014) |
| 07/17/2014 | 123 (1 pg) | Notice *Notice of Continued 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)115 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/17/2014) |
| 07/17/2014 | 124 (7 pgs) | Application *Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock on Order Shortening Time* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (WENT, JOSEPH) (Entered: 07/17/2014) |

| | | |
|---|---|---|
| 07/17/2014 | [125](#)<br>(5 pgs) | Motion for Order Shortening Time *Application for Hearing on Order Shortening Time Regarding Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)[124](#) Miscellaneous Application filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE)(WENT, JOSEPH) (Entered: 07/17/2014) |
| 07/17/2014 | [126](#)<br>(3 pgs) | Declaration Of: Joseph G. Went, Esq. *in support of Application for Hearing on Order Shortening Time Regarding Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)[125](#) Motion for Order Shortening Time filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/17/2014) |
| 07/17/2014 | [127](#)<br>(2 pgs) | Attorney Information Sheet *in support of Proposed Order in support of Application for Hearing on Order Shortening Time Regarding Motion to Compel Production of Required Key or Authorize Drill Out of Lock* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)[125](#) Motion for Order Shortening Time filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/17/2014) |
| 07/18/2014 | [128](#)<br>(4 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)[123](#) Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, [124](#) Miscellaneous Application filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, [125](#) Motion for Order Shortening Time filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, [126](#) Declaration filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, [127](#) Attorney Information Sheet filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/18/2014) |
| 07/18/2014 | [129](#)<br>(3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)[121](#) Stipulation filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 07/18/2014) |
| 07/18/2014 | [130](#)<br>(3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)[120](#) Stipulation filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 07/18/2014) |
| 07/18/2014 | [131](#)<br>(3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)[122](#) Stipulation filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 07/18/2014) |
| 07/21/2014 | [132](#)<br>(2 pgs) | Order Approving Stipulation (Related document(s)[121](#) Stipulation filed by Jnt Admin Debtor AT EMERALD, LLC.) (cly) (Entered: 07/21/2014) |
| 07/21/2014 | [133](#)<br>(2 pgs) | Order Approving Stipulation (Related document(s)[120](#) Stipulation filed by Jnt Admin Debtor AT EMERALD, LLC.) (cly) (Entered: 07/21/2014) |
| 07/21/2014 | [134](#)<br>(2 pgs) | Order Approving Stipulation (Related document(s)[122](#) Stipulation filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (cly) (Entered: 07/21/2014) |

| 07/21/2014 | 135 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/10/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)53 Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11, 55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11) (cly) (Entered: 07/21/2014) |
| --- | --- | --- |
| 07/21/2014 | 136 | **Minute Entry** Re: hearing on 7/21/2014 2:00 PM. Continued. (related document(s): 83 Motion for Sale/Use/Lease of Property under Section 363(b) filed by AT EMERALD, LLC) Appearance : WAYNE A. SILVER, HOLLY ESTES, TIMOTHY LUKAS (Status Hearing scheduled 08/11/2014 at 11:00 AM at BTB RN-Courtroom 2, Young Bldg.. (lkb ) (Entered: 07/21/2014) |
| 07/22/2014 | 137 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)133 Order Approving Stipulation) (SMITH, ALAN) (Entered: 07/22/2014) |
| 07/22/2014 | 138 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)132 Order Approving Stipulation) (SMITH, ALAN) (Entered: 07/22/2014) |
| 07/22/2014 | 139 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)134 Order Approving Stipulation) (SMITH, ALAN) (Entered: 07/22/2014) |
| 07/22/2014 | 140 (2 pgs) | DENIED (Order Denying Motion To Seal) (Related Doc # 117) (cly) (Entered: 07/22/2014) |
| 07/22/2014 | 141 (2 pgs) | Order Granting Motion for Order Shortening Time (Related document(s) 125). Hearing scheduled 7/30/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)124 Miscellaneous Application filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (cly) (Entered: 07/22/2014) |
| 07/23/2014 | 142 (2 pgs) | Order Granting Motion For Sale/Use/Lease of Property under Section 363(b) (Related Doc # 83) (cly) (Entered: 07/23/2014) |
| 07/23/2014 | 143 (3 pgs) | Notice of Entry of Order *Shortening Time Regarding Motion to Compel Production of Required Key or Authorization Drill Out of Vault Lock* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)141 Order on Motion for Order Shortening Time) (WENT, JOSEPH) (Entered: 07/23/2014) |
| 07/23/2014 | 144 (4 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)143 Notice of Entry of Order filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 07/23/2014) |
| 07/24/2014 | 145 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)142 Order on Motion for Sale/Use/Lease of Property under Section 363(b)) (SMITH, ALAN) (Entered: 07/24/2014) |
| 07/25/2014 | 146 (7 pgs) | Monthly Operating Report for Filing Period Ending May 31, 2014 Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (SMITH, ALAN) (Entered: 07/25/2014) |

| 07/25/2014 | 147<br>(8 pgs) | Monthly Operating Report for Filing Period Ending June 30, 2014 Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (SMITH, ALAN) (Entered: 07/25/2014) |
| 07/25/2014 | 148<br>(18 pgs) | Monthly Operating Report for Filing Period Ending May 31, 2014 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 07/25/2014) |
| 07/25/2014 | 149<br>(8 pgs) | Monthly Operating Report for Filing Period Ending June 30, 2014 Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 07/25/2014) |
| 07/25/2014 | 150<br>(7 pgs) | Opposition *to Motion to Compel and Motion To Reconsider Order Granting 2004 Examination of PMK Sarasota Vault* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)82 Order on Motion for Examination, 124 Miscellaneous Application filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (SMITH, ALAN) (Entered: 07/25/2014) |
| 07/28/2014 | 151<br>(4 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)150 Opposition filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 07/28/2014) |
| 07/29/2014 | 152<br>(3 pgs) | Reply *in Support of Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)124 Miscellaneous Application filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (LUKAS, TIMOTHY) (Entered: 07/29/2014) |
| 07/29/2014 | 153<br>(12 pgs) | Declaration Of: Timothy A. Lukas *, Esq. in Support of Reply to Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s) 152 Reply filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) Modified on 7/30/2014 to relate to #152 in place of #124 (Gallagher, DA). (Entered: 07/29/2014) |
| 07/29/2014 | 154<br>(3 pgs) | Certificate of Service *Regarding Dkt #152 and #153* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (LUKAS, TIMOTHY) (Entered: 07/29/2014) |
| 07/30/2014 | 155<br>(3 pgs) | Declaration Of: Anthony Thomas Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS and WENDI THOMAS (Related document(s)150 Opposition filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) Modified on 7/31/2014 to add party Anthony Thomas (Hess, MA). Modified on 8/5/2014 to add WENDI THOMAS (Gallagher, DA). (Entered: 07/30/2014) |
| 07/30/2014 | 156<br>(5 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)155 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 07/30/2014) |
| 08/05/2014 | 157<br>(3 pgs) | Order Granting Application (Related document(s) 124) (cly) (Entered: 08/05/2014) |
| 08/05/2014 | 158 | Order Granting Motion To Extend/Limit Exclusivity Period (Related |

| | | |
|---|---|---|
| | (2 pgs) | document(s) 72) (cly) (Entered: 08/05/2014) |
| 08/05/2014 | 159<br>(5 pgs) | Notice of Entry of Order *on Motion to Compel Production of Required Key or Authorize Drill Out of Vault Lock* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)157 Order on Miscellaneous Application) (LUKAS, TIMOTHY) (Entered: 08/05/2014) |
| 08/06/2014 | 160<br>(3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)158 Order on Motion to Extend/Limit Exclusivity Period) (SMITH, ALAN) (Entered: 08/06/2014) |
| 08/06/2014 | 161<br>(1 pg) | Notice *of Continued 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)123 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/06/2014) |
| 08/07/2014 | 162<br>(3 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)161 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/07/2014) |
| 08/12/2014 | 163<br>(1 pg) | Notice *of Continued 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)161 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/12/2014) |
| 08/13/2014 | 164<br>(12 pgs; 2 docs) | Motion to Appoint Trustee *Motion to Appoint Chapter 11 Trustee* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Attachments: # 1 Exhibit Exhibits 1-2)(WENT, JOSEPH) (Entered: 08/13/2014) |
| 08/13/2014 | 165<br>(3 pgs) | Declaration Of: John Beach *Declaration of John Beach in Support of Motion to Appoint Chapter 11 Trustee* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/13/2014) |
| 08/14/2014 | 166<br>(3 pgs) | Order Shortening Time Hearing scheduled 8/22/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (cly) (Entered: 08/14/2014) |
| 08/14/2014 | 167<br>(6 pgs) | Notice *of Entry of Order Re: Safeguard Estate Assets and Granting Shortened Time to Hear Motion to Appoint a Trustee* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)166 Order Shortening Time) (LUKAS, TIMOTHY) (Entered: 08/14/2014) |
| 08/14/2014 | 168<br>(3 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)163 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, 164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE, 165 Declaration filed by |

| | | Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/14/2014) |
|---|---|---|
| 08/18/2014 | [169](#) (4 pgs) | Motion to Withdraw as Attorney of Record with Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | [170](#) (8 pgs) | Ex Parte Motion for Order Shortening Time with Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[169](#) Motion to Withdraw as Attorney of Record filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS)(SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | [171](#) (3 pgs) | Declaration Of: Alan R. Smith with Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[170](#) Motion for Order Shortening Time filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | [172](#) (3 pgs) | Attorney Information Sheet with Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[170](#) Motion for Order Shortening Time filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/19/2014 | [173](#) (2 pgs) | Order Granting Motion for Order Shortening Time (Related document(s) [170](#)). Hearing scheduled 8/22/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)[169](#) Motion to Withdraw as Attorney of Record filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (cly) (Entered: 08/19/2014) |
| 08/19/2014 | [174](#) (4 pgs) | Motion to Appoint Trustee *(Joinder)* Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 08/19/2014) |
| 08/19/2014 | [175](#) (2 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)[174](#) Motion to Appoint Trustee filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 08/19/2014) |
| 08/19/2014 | [176](#) (4 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[173](#) Order on Motion for Order Shortening Time) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | [177](#) (4 pgs) | Amended Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[173](#) Order on Motion for Order Shortening Time) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | [178](#) (11 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)[176](#) Notice of Entry of Order filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI |

| | | |
|---|---|---|
| | | THOMAS, 177 Notice of Entry of Order filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | 179 (7 pgs) | Opposition Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE., 174 Motion to Appoint Trustee filed by Creditor KENMARK VENTURES, LLC)) (SMITH, ALAN) Modified on 8/20/2014 to Also Relate to #174 (Lakas, WM). (Entered: 08/19/2014) |
| 08/19/2014 | 180 (16 pgs) | Declaration Of: Anthony Thomas Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)179 Opposition filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | 181 (3 pgs) | Ex Parte Motion to Seal *Exhibit A To Declaration Of Anthony Thomas In Support Of Opposition To Motion To Appoint Chapter 11 Trustee* Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)180 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC)(SMITH, ALAN) (Entered: 08/19/2014) |
| 08/20/2014 | 182 (2 pgs) | Order Granting Motion To Seal (Related Doc # 181) (cly) (Entered: 08/20/2014) |
| 08/21/2014 | 183 (8 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)179 Opposition filed by Jnt Admin Debtor AT EMERALD, LLC, 180 Declaration filed by Jnt Admin Debtor AT EMERALD, LLC, 181 Motion to Seal filed by Jnt Admin Debtor AT EMERALD, LLC) (SMITH, ALAN) (Entered: 08/21/2014) |
| 08/21/2014 | 184 (3 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC (Related document(s)182 Order on Motion to Seal) (SMITH, ALAN) (Entered: 08/21/2014) |
| 08/21/2014 | 185 (6 pgs) | Reply *in Support of Motion to Appoint Chapter 11 Trustee* Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (WENT, JOSEPH) (Entered: 08/21/2014) |
| 08/21/2014 | 186 (3 pgs) | Certificate of Service Filed by JOSEPH G WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)185 Reply filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 08/21/2014) |
| 08/26/2014 | 187 (2 pgs) | Order Granting Motion To Withdraw As Attorney of Record (Related document(s) 169) ALAN R SMITH terminated from the case. (cly) (Entered: 08/26/2014) |
| 08/26/2014 | 188 (4 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)187 Order on Motion to Withdraw as Attorney of Record) (SMITH, ALAN) (Entered: 08/26/2014) |
| 08/26/2014 | 189 (4 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of AT EMERALD, LLC, ANTHONY THOMAS, WENDI THOMAS (Related document(s)188 Notice of Entry of Order filed by Jnt Admin Debtor AT |

| | | |
|---|---|---|
| | | EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (SMITH, ALAN) (Entered: 08/26/2014) |
| 08/29/2014 | 190<br>(3 pgs) | Order Converting Case to Chapter 7. (Related document(s)164 Motion to Appoint Trustee filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE.) (lms) (Entered: 08/29/2014) |
| 08/29/2014 | 191<br>(1 pg) | Order: 1. Directing the Filing of a Final Report and Schedules of Post-Petition Unpaid Debts; 2. Setting Times to File Proofs of Claim for Post-Petition Unpaid Debts and for Claims Arising from the Rejection of Executory Contracts or Unexpired Leases and 3. Directing Notice (lms) (Entered: 08/29/2014) |
| 08/29/2014 | 192<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 9/25/2014 at 01:30 PM at Young Bldg,Rm 3087. Deadline to Object to Debtors Discharge or to Challenge Dischargeability of Certain Debts is 11/24/2014 Proof of Claim due by 12/24/2014 (lms) (Entered: 08/29/2014) |
| 08/29/2014 | | Terminated Trustee CHRISTINA W. LOVATO, JERI COPPA-KNUDSON added to case (lms) (Entered: 08/29/2014) |
| 08/29/2014 | 193<br>(2 pgs) | Amended Meeting of Creditors. 341(a) meeting to be held on 10/9/2014 at 02:00 PM at Young Bldg,Rm 3087. Deadline to Object to Debtors Discharge or to Challenge Dischargeability of Certain Debts is 12/8/2014 Proof of Claim due by 1/7/2015 (lms) (Entered: 08/29/2014) |
| 08/31/2014 | 194<br>(2 pgs) | BNC Certificate of Mailing (Related document(s)191 Order Directing the Filing of a Final Report) No. of Notices: 1. Notice Date 08/31/2014. (Admin.) (Entered: 08/31/2014) |
| 08/31/2014 | 195<br>(4 pgs) | BNC Certificate of Mailing (Related document(s)192 Meeting of Creditors Chapter 7 Asset Individual (BNC)) No. of Notices: 33. Notice Date 08/31/2014. (Admin.) (Entered: 08/31/2014) |
| 09/02/2014 | 196<br>(1 pg) | Notice of Continued 2004 Examination of the Person Most Knowledgeable of the Sarasota Vault Filed by JOSEPH G. WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)163 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 09/02/2014) |
| 09/02/2014 | 197<br>(3 pgs) | Certificate of Service Filed by JOSEPH G. WENT on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (Related document(s)196 Notice filed by Creditor BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE) (WENT, JOSEPH) (Entered: 09/02/2014) |
| 09/03/2014 | 198<br>(4 pgs) | UST Notice of Entry of Order Converting Case To Chapter 7 (Related document(s)190 Order Converting Case to Chapter 7.)(STROZZA (rl), NICHOLAS) (Entered: 09/03/2014) |
| 09/04/2014 | 199 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/10/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)53 Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11, 55 Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11) (dag) (Entered: 09/04/2014) |
| 09/05/2014 | 200<br>(6 pgs) | BNC Certificate of Mailing - pdf (Related document(s)198 UST Notice of Entry of Order (BNC)) No. of Notices: 31. Notice Date 09/05/2014. |

| | | |
|---|---|---|
| 09/10/2014 | [201](#)<br>(4 pgs) | Order Granting Motion For Relief From the Automatic Stay (Related document(s) [108](#)) (cly) (Entered: 09/10/2014) |
| 09/10/2014 | [202](#)<br>(8 pgs) | Notice *of Entry of Order Granting Motion for Relief from Stay to Proceed with Litigation Filed by Debtor Anthony Thomas Pre-Petition [California State Court Litigation] And With Arbitration Ordered in State Court Litigation* with Certificate of Service Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE (Related document(s)[201](#) Order on Motion For Relief From Stay) (SHARP, STEFANIE) (Entered: 09/10/2014) |
| 09/11/2014 | [203](#)<br>(1 pg) | Appointment of Trustee *JERI COPPA-KNUDSON.* (STROZZA (kf), NICHOLAS) (Entered: 09/11/2014) |
| 09/11/2014 | [204](#)<br>(3 pgs) | Order Granting US Trustee's Motion To Designate Case As Small Business Case (Related document(s)[55](#) Miscellaneous Application filed by U.S. Trustee U.S. TRUSTEE - RN - 11.) (cly) (Entered: 09/11/2014) |
| 09/11/2014 | [205](#)<br>(3 pgs) | Order Sustaining Objections to Claims of Exemptions (Related document(s)[53](#) Objection to Debtor's Claim of Exemptions filed by U.S. Trustee U.S. TRUSTEE - RN - 11.) (cly) (Entered: 09/11/2014) |
| 09/11/2014 | [206](#)<br>(3 pgs) | Debtor's Election of Small Business Designation (dag) (Entered: 09/11/2014) |
| 09/15/2014 | [207](#)<br>(4 pgs) | UST Notice of Entry of Order (Related document(s)[204](#) Order.)(STROZZA (rl), NICHOLAS) (Entered: 09/15/2014) |
| 09/15/2014 | [208](#)<br>(4 pgs) | UST Notice of Entry of Order (Related document(s)[205](#) Order Re: Objection to Claim.)(STROZZA (rl), NICHOLAS) (Entered: 09/15/2014) |
| 09/18/2014 | [209](#)<br>(6 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[207](#) UST Notice of Entry of Order (BNC)) No. of Notices: 31. Notice Date 09/18/2014. (Admin.) (Entered: 09/18/2014) |
| 09/18/2014 | [210](#)<br>(6 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[208](#) UST Notice of Entry of Order (BNC)) No. of Notices: 31. Notice Date 09/18/2014. (Admin.) (Entered: 09/18/2014) |
| 09/25/2014 | [211](#)<br>(5 pgs) | Notice of Entry of Order *Shortening Time Regarding Motion to Approve Stipulation for Administrative Expense* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE (LUKAS, TIMOTHY) (Entered: 09/25/2014) |
| 10/07/2014 | [212](#)<br>(40 pgs) | Final Application for Compensation for ALAN R SMITH, Fees: $30,238.50, Expenses: $2,298.20. Filed by ALAN R SMITH (SMITH, ALAN) (Entered: 10/07/2014) |
| 10/07/2014 | [213](#)<br>(2 pgs) | Notice of Hearing Hearing Date: 12/17/2014 Hearing Time: 10:00 a.m. Filed by ALAN R SMITH on behalf of Alan R. Smith, Esq. (Related document(s)[212](#) Application for Compensation) (SMITH, ALAN) (Entered: 10/07/2014) |
| 10/08/2014 | [214](#)<br>(8 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of Alan R. Smith, Esq. (Related document(s)[212](#) Application for Compensation filed |

| | | |
|---|---|---|
| | | by Debtor Alan R. Smith, Esq., 213 Notice of Hearing filed by Debtor Alan R. Smith, Esq.) (SMITH, ALAN) (Entered: 10/08/2014) |
| 10/08/2014 | 215 | Hearing Scheduled/Rescheduled. Hearing scheduled 12/17/2014 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)212 Application for Compensation filed by Attorney Alan R. Smith, Esq.) (cly) (Entered: 10/08/2014) |
| 10/14/2014 | 216 | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Section 341(a) Meeting Continued on 12/04/14 at 01:30 PM. (COPPA-KNUDSON, JERI) (Entered: 10/14/2014) |
| 10/30/2014 | 217 (3 pgs) | Ex Parte Application to Employ Jeffrey L. Hartman as Counsel Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 10/30/2014) |
| 10/30/2014 | 218 (2 pgs) | Declaration Of: Jeffrey L. Hartman Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)217 Application to Employ filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 10/30/2014) |
| 10/31/2014 | 219 (2 pgs) | Order Granting Application to Employ (Related document(s) 217) (lms) (Entered: 10/31/2014) |
| 11/24/2014 | 220 (6 pgs) | Adversary case 14-05067. Complaint *for Determination of Non-Dischargeability of Debt and Denial of Discharge* Filed by BEACH LIVING TRUST JOHN BEACH, AS TRUSTEE vs. ANTHONY THOMAS, WENDI THOMAS Fee Amount $350. (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))(65 (Dischargeability - other)(WENT, JOSEPH) (Entered: 11/24/2014) |
| 11/24/2014 | 221 (76 pgs) | Objection *To Application for Compensation of Attorney for Debtors (Alan R. Smith)* Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)212 Application for Compensation filed by Attorney ALAN R. SMITH.) (SILVER, WAYNE) (Entered: 11/24/2014) |
| 11/25/2014 | 222 (5 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)221 Objection filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 11/25/2014) |
| 12/02/2014 | 223 (6 pgs) | Adversary case 14-05068. Complaint *to Determine Nondischargeability of Debt (11 U.S.C. § 523(a))* Filed by WILLIAM MCGRANE vs. ANTHONY THOMAS Fee Amount $350. (68 (Dischargeability - 523(a)(6), willful and malicious injury)(SHARP, STEFANIE) (Entered: 12/02/2014) |
| 12/03/2014 | 224 (3 pgs) | Joinder *With Kenmark Ventures, LLCs Objection To Application For Compensation Of Attorney For Debtors* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of JOHN BEACH (Related document(s)221 Objection filed by Creditor KENMARK VENTURES, LLC.) (LUKAS, TIMOTHY) (Entered: 12/03/2014) |
| 12/08/2014 | 225 | Initial Asset Report (COPPA-KNUDSON, JERI) (Entered: 12/08/2014) |

| | | |
|---|---|---|
| 12/10/2014 | **226**<br>(5 pgs) | Supplemental Application for Compensation for ALAN R SMITH, Fees: $3306.38, Expenses: $. Filed by ALAN R SMITH (SMITH, ALAN) (Entered: 12/10/2014) |
| 12/10/2014 | **227**<br>(3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)226 Application for Compensation filed by Attorney ALAN R. SMITH) (SMITH, ALAN) (Entered: 12/10/2014) |
| 12/10/2014 | **228**<br>(4 pgs) | Reply Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)221 Objection filed by Creditor KENMARK VENTURES, LLC, 224 Joinder filed by Creditor JOHN BEACH.) (SMITH, ALAN) (Entered: 12/10/2014) |
| 12/10/2014 | **229**<br>(2 pgs) | Declaration Of: Alan R. Smith Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)228 Reply filed by Attorney ALAN R. SMITH) (SMITH, ALAN) (Entered: 12/10/2014) |
| 12/10/2014 | **230**<br>(8 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)228 Reply filed by Attorney ALAN R. SMITH, 229 Declaration filed by Attorney ALAN R. SMITH) (SMITH, ALAN) (Entered: 12/10/2014) |
| 12/15/2014 | **231**<br>(3 pgs) | Objection with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)212 Application for Compensation filed by Attorney ALAN R. SMITH, 226 Application for Compensation filed by Attorney ALAN R. SMITH.) (cly) (Entered: 12/15/2014) |
| 12/16/2014 | **232**<br>(2 pgs) | Reply Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)231 Objection filed by Debtor ANTHONY THOMAS.) (SMITH, ALAN) (Entered: 12/16/2014) |
| 12/30/2014 | **233**<br>(7 pgs) | Motion to Vacate *Sealing Orders* Filed by JOSEPH G. WENT on behalf of JOHN BEACH (Related document(s)89 Order on Motion to Seal, 107 Order on Motion to Seal)(WENT, JOSEPH) (Entered: 12/30/2014) |
| 01/05/2015 | **234**<br>(2 pgs) | Notice of Hearing *Regarding Motion to Vacate Sealing Orders* Hearing Date: 02/10/2015 Hearing Time: 10:00 a.m. Filed by JOSEPH G. WENT on behalf of JOHN BEACH (Related document(s)233 Motion to Vacate filed by Creditor JOHN BEACH) (WENT, JOSEPH) (Entered: 01/05/2015) |
| 01/05/2015 | **235**<br>(2 pgs) | Certificate of Service Filed by JOSEPH G. WENT on behalf of JOHN BEACH (Related document(s)233 Motion to Vacate filed by Creditor JOHN BEACH, 234 Notice of Hearing filed by Creditor JOHN BEACH) (WENT, JOSEPH) (Entered: 01/05/2015) |
| 01/06/2015 | 236 | Hearing Scheduled/Rescheduled. Hearing scheduled 2/10/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)233 Motion to Vacate filed by Creditor JOHN BEACH) (cly) (Entered: 01/06/2015) |
| 01/07/2015 | **237**<br>(3 pgs) | Administrative Proof of Claim (SMITH, ALAN) (Entered: 01/07/2015) |
| 01/09/2015 | **238**<br>(4 pgs) | Order Granting Re: Application For Compensation and Reimbursement of Expenses(Related document(s) 212) for ALAN R SMITH, Fees awarded: $31794.88, Expenses awarded: $4798.20 (cly) (Entered: 01/09/2015) |

| | | |
|---|---|---|
| 01/09/2015 | 239<br>(5 pgs) | Notice of Entry of Order Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)238 Order on Application for Compensation) (SMITH, ALAN) (Entered: 01/09/2015) |
| 01/09/2015 | 240<br>(4 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ALAN R. SMITH (Related document(s)239 Notice of Entry of Order filed by Attorney ALAN R. SMITH) (SMITH, ALAN) (Entered: 01/09/2015) |
| 01/15/2015 | 241<br>(7 pgs) | Motion to Approve Settlement Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 01/15/2015) |
| 01/21/2015 | 242<br>(67 pgs; 5 docs) | Declaration Of: Maureen Harrington *in Support of Motion for Order Approving Compromise and Settlement Agreement* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)241 Motion to Approve Settlement filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (HARTMAN, JEFFREY) (Entered: 01/21/2015) |
| 01/22/2015 | 243<br>(3 pgs) | Errata *to Declaration of Maureen Harrington in Support of Motion for Order Approving Compromise and Settlement Agreement* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)242 Declaration filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 01/22/2015) |
| 01/22/2015 | 244<br>(2 pgs) | Notice of Hearing *on Motion for Order Approving Compromise and Settlement Agreement* Hearing Date: 02/25/2015 Hearing Time: 10:00 a.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)241 Motion to Approve Settlement filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 01/22/2015) |
| 01/22/2015 | 245<br>(5 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)241 Motion to Approve Settlement filed by Trustee JERI COPPA-KNUDSON, 242 Declaration filed by Trustee JERI COPPA-KNUDSON, 243 Errata filed by Trustee JERI COPPA-KNUDSON, 244 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 01/22/2015) |
| 01/23/2015 | 246 | Hearing Scheduled/Rescheduled. Hearing scheduled 2/25/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)241 Motion to Approve Settlement filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 01/23/2015) |
| 01/26/2015 | 247<br>(3 pgs) | Disclosure of Compensation of Attorney for Debtor with Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (LEHNERS, MICHAEL) (Entered: 01/26/2015) |
| 02/03/2015 | 248<br>(6 pgs) | Notice *OF NON-OPPOSITION TO MOTION TO VACATE SEALING ORDERS* with Certificate of Service Filed by TIMOTHY A LUKAS on behalf of JOHN BEACH (Related document(s)233 Motion to Vacate filed by Creditor JOHN BEACH) (LUKAS, TIMOTHY) (Entered: 02/03/2015) |
| 02/05/2015 | 249<br>(1 pg) | Change of Address Filed by STEVEN C. SMITH on behalf of SMITH LC (SMITH, STEVEN) (Entered: 02/05/2015) |
| 02/11/2015 | 250 | Order Granting Motion To Vacate (cly) (Entered: 02/11/2015) |

| Date | Doc | Description |
|---|---|---|
| | (2 pgs) | |
| 02/24/2015 | 251<br>(5 pgs) | Ex Parte Motion to Continue/Reschedule Hearing with Certificate of Service Filed by ANTHONY THOMAS , WENDI THOMAS (Related document(s)241 Motion to Approve Settlement filed by Trustee JERI COPPA-KNUDSON)(lms) (Entered: 02/24/2015) |
| 02/24/2015 | 252<br>(6 pgs) | Declaration Of: ANTHONY THOMAS Filed by ANTHONY THOMAS, WENDI THOMAS (Related document(s)251 Motion to Continue/Reschedule Hearing filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (lms) (Entered: 02/24/2015) |
| 02/24/2015 | 253<br>(9 pgs) | Points and Authorities *in Support* with Certificate of Service Filed by ANTHONY THOMAS, WENDI THOMAS (Related document(s)251 Motion to Continue/Reschedule Hearing filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (lms) (Entered: 02/24/2015) |
| 02/25/2015 | 254<br>(1 pg) | DENIED (Order Denying Motion To Continue/Reschedule Hearing) (Related document(s) 251) (cly) (Entered: 02/25/2015) |
| 03/24/2015 | 255<br>(13 pgs) | Amended Schedule[s] F, Declaration Concerning Debtor[s] Schedules, Fee Amount $30. with Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (LEHNERS, MICHAEL) Modified on 3/25/2015 to Add Declaration Concerning Debtor[s] Schedules (Lakas, WM). (Entered: 03/24/2015) |
| 03/24/2015 | 256<br>(5 pgs) | Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)193 Amended Meeting of Creditors Chapter 7 Asset - Individual (BNC)) (LEHNERS, MICHAEL) (Entered: 03/24/2015) |
| 03/24/2015 | 257 | Receipt of Filing Fee for Schedules(14-50333-btb) [misc,amdschsa] ( 30.00). Receipt number 15906710, fee amount $ 30.00.(re: Doc#255) (U.S. Treasury) (Entered: 03/24/2015) |
| 04/02/2015 | 258<br>(11 pgs) | Amended Schedule[s] F, Creditors Holding Unsecured Nonpriority Claims Amount: $ 1262568.00, with Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (LEHNERS, MICHAEL) (Entered: 04/02/2015) |
| 04/02/2015 | 259<br>(1 pg) | Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)193 Amended Meeting of Creditors Chapter 7 Asset - Individual (BNC)) (LEHNERS, MICHAEL) (Entered: 04/02/2015) |
| 04/17/2015 | 260<br>(5 pgs) | Order Granting Motion To Approve Settlement (Related document(s) 241) (cly) (Entered: 04/17/2015) |
| 04/20/2015 | 261<br>(8 pgs) | Notice of Entry of Order *Approving Compromise and Settlement Agreement* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)260 Order on Motion to Approve Settlement) (HARTMAN, JEFFREY) (Entered: 04/20/2015) |
| 04/24/2015 | 262<br>(2 pgs) | Withdrawal of Claim: 16 with Certificate of Service (cly) (Entered: 04/24/2015) |
| 05/21/2015 | 263 | First Amended Complaint *to Determine Nondischargeability of Debt (11* |

| | | |
|---|---|---|
| | (7 pgs) | U.S.C. § 523(a)) Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE against ANTHONY THOMAS (SHARP, STEFANIE) (Entered: 05/21/2015) |
| 05/21/2015 | 264 (7 pgs) | First Amended Complaint *to Determine Nondischargeability of Debt (11 U.S.C. § 523(a))* Filed by STEFANIE T. SHARP on behalf of WILLIAM MCGRANE against ANTHONY THOMAS (SHARP, STEFANIE) (Entered: 05/21/2015) |
| 06/04/2015 | 265 (3 pgs) | Motion to Withdraw as Attorney of Record Filed By MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (LEHNERS, MICHAEL) (Entered: 06/04/2015) |
| 06/08/2015 | 266 (1 pg) | Notice of Hearing Hearing Date: 7/29/15 Hearing Time: 10:00 a.m Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)265 Motion to Withdraw as Attorney of Record filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (LEHNERS, MICHAEL) (Entered: 06/08/2015) |
| 06/08/2015 | 267 (2 pgs) | Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)265 Motion to Withdraw as Attorney of Record filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS, 266 Notice of Hearing filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (LEHNERS, MICHAEL) (Entered: 06/08/2015) |
| 06/09/2015 | 268 | Hearing Scheduled/Rescheduled. Hearing scheduled 7/29/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)265 Motion to Withdraw as Attorney of Record filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (cly) (Entered: 06/09/2015) |
| 06/10/2015 | 269 (5 pgs) | Trustee's Motion for Turnover *of Personal Property and for Order Resolving Prepetition Litigation* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 06/10/2015) |
| 06/10/2015 | 270 (23 pgs; 4 docs) | Declaration Of: Jeffrey L. Hartman *in Support of Motion for Order Requiring Turnover; Resolving Prepetition Litigation* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)269 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (HARTMAN, JEFFREY) (Entered: 06/10/2015) |
| 06/10/2015 | 271 (2 pgs) | Notice of Hearing *on Motion for Order Requiring Turnover of Personal Property; Resolving Prepetition Litigation* Hearing Date: 07/29/2015 Hearing Time: 10:00 a.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)269 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 06/10/2015) |
| 06/11/2015 | 272 | Hearing Scheduled/Rescheduled. Hearing scheduled 7/29/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)269 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 06/11/2015) |
| 06/11/2015 | 273 (7 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)269 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 270 Declaration filed by Trustee |

| | | |
|---|---|---|
| | | JERI COPPA-KNUDSON, 271 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 06/11/2015) |
| 06/18/2015 | 274 (8 pgs) | First Amended Complaint *for Determination of Non-Dischareability of Debt and Denial of Discharge* Filed by JOSEPH G. WENT on behalf of JOHN BEACH against all defendants (WENT, JOSEPH) (Entered: 06/18/2015) |
| 07/01/2015 | 275 (24 pgs; 5 docs) | First Application for Compensation for JEFFREY L HARTMAN, Fees: $24,182.50, Expenses: $406.42. Filed by JEFFREY L HARTMAN (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (HARTMAN, JEFFREY) (Entered: 07/01/2015) |
| 07/01/2015 | 276 (2 pgs) | Notice of Hearing *on First Interim Application of Hartman & Hartman for Order Allowing Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* Hearing Date: 07/29/2015 Hearing Time: 10:00 a.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)275 Application for Compensation filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 07/01/2015) |
| 07/01/2015 | 277 (7 pgs) | Certificate of Service with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)275 Application for Compensation filed by Trustee JERI COPPA-KNUDSON, 276 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 07/01/2015) |
| 07/02/2015 | 278 | Hearing Scheduled/Rescheduled. Hearing scheduled 7/29/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)275 Application for Compensation filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 07/02/2015) |
| 07/31/2015 | 279 (3 pgs) | Order Granting Re: Application For Compensation and Reimbursement of Expenses(Related document(s) 275) for JEFFREY L HARTMAN, Fees awarded: $24182.50, Expenses awarded: $406.42 (lms) (Entered: 07/31/2015) |
| 07/31/2015 | 280 (5 pgs) | Order Granting Motion for Turnover (Related document(s) 269) (lms) (Entered: 07/31/2015) |
| 08/03/2015 | 281 (71 pgs; 3 docs) | Motion for Relief from Stay Property: None - Other relief. *Entry of Judgment in State Court Action* Fee Amount $176. Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Attachments: # 1 Affidavit Declaration of Wayne A. Silver in Support # 2 Request for Judicial Notice)(SILVER, WAYNE) (Entered: 08/03/2015) |
| 08/03/2015 | 282 | Receipt of Filing Fee for Motion for Relief from Stay(14-50333-btb) [motion,mrlfsty] ( 176.00). Receipt number 16218915, fee amount $176.00.(re: Doc#281) (U.S. Treasury) (Entered: 08/03/2015) |
| 08/03/2015 | 283 (2 pgs) | Notice of Hearing Hearing Date: 9/8/2015 Hearing Time: 10:00 a.m. Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)281 Motion for Relief from Stay filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 08/03/2015) |
| 08/03/2015 | 284 (5 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)281 Motion for |

| | | Relief from Stay filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 08/03/2015) |
|---|---|---|
| 08/03/2015 | 285 (11 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)283 Notice of Hearing filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 08/03/2015) |
| 08/04/2015 | 286 (8 pgs) | Notice of Entry of Order *Granting Motion for Turnover of Personal Property; Resolving Prepetition Litigation* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)280 Order on Motion for Turnover) (HARTMAN, JEFFREY) (Entered: 08/04/2015) |
| 08/04/2015 | 287 | Hearing Scheduled/Rescheduled. Hearing scheduled 9/8/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)281 Motion for Relief from Stay filed by Creditor KENMARK VENTURES, LLC) (cly) (Entered: 08/04/2015) |
| 08/04/2015 | 288 (6 pgs) | Notice of Entry of Order *Approving First Interim Application of Hartman & Hartman, Allowing Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)279 Order on Application for Compensation) (HARTMAN, JEFFREY) (Entered: 08/04/2015) |
| 08/04/2015 | 289 (3 pgs) | Order Granting Motion To Withdraw As Attorney of Record (Related document(s) 265) MICHAEL LEHNERS terminated from the case. (cly) (Entered: 08/04/2015) |
| 08/06/2015 | 290 (5 pgs) | Notice of Entry of Order/Judgment with Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)289 Order on Motion to Withdraw as Attorney of Record.)(LEHNERS, MICHAEL) (Entered: 08/06/2015) |
| 08/06/2015 | 291 (5 pgs) | Notice of Entry of Order with Certificate of Service Filed by MICHAEL LEHNERS on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)289 Order on Motion to Withdraw as Attorney of Record) (LEHNERS, MICHAEL) (Entered: 08/06/2015) |
| 08/25/2015 | 292 (9 pgs) | Opposition Filed by ANTHONY THOMAS, WENDI THOMAS (Related document(s)281 Motion for Relief from Stay filed by Creditor KENMARK VENTURES, LLC.) (cly) (Entered: 08/26/2015) |
| 08/28/2015 | 293 (15 pgs; 2 docs) | Reply Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s) 292 Opposition filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS) (Attachments: # 1 Supplemental Declaration of Wayne A. Silver) (SILVER, WAYNE) Modified on 8/31/2015 to Relate to #292 in Place of #281 (Lakas, WM). (Entered: 08/28/2015) |
| 08/28/2015 | 294 (5 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)293 Reply filed by Creditor KENMARK VENTURES, LLC) (SILVER, WAYNE) (Entered: 08/28/2015) |
| 09/20/2015 | 295 (7 pgs) | Transcript regarding Hearing Held on 09/08/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, |

| | | |
|---|---|---|
| | | you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. *Motion for Relief from Stay* Redaction Request Due By 10/13/2015. Redacted Transcript Submission Due By 10/21/2015. Transcript access will be restricted through 12/21/2015. (ACCESS TRANSCRIPTS, LLC) (Entered: 09/20/2015) |
| 09/20/2015 | 296 (12 pgs) | Transcript regarding Hearing Held on 09/08/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. *Adversary Scheduling Conference* Redaction Request Due By 10/13/2015. Redacted Transcript Submission Due By 10/21/2015. Transcript access will be restricted through 12/21/2015. (ACCESS TRANSCRIPTS, LLC) (Entered: 09/20/2015) |
| 09/20/2015 | 297 (1 pg) | Notice of Filing Official Transcript. Related document(s) 295 . (Entered: 09/20/2015) |
| 09/20/2015 | 298 (1 pg) | Notice of Filing Official Transcript. Related document(s) 296 . (Entered: 09/20/2015) |
| 09/23/2015 | 299 (3 pgs) | Order Granting Motion For Relief From the Automatic Stay (Related document(s) 281) (cly) (Entered: 09/23/2015) |
| 09/23/2015 | 300 (4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)297 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 70. Notice Date 09/23/2015. (Admin.) (Entered: 09/23/2015) |
| 09/23/2015 | 301 (4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)298 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 70. Notice Date 09/23/2015. (Admin.) (Entered: 09/23/2015) |
| 09/24/2015 | | Transcript Copy Ordered by: Mitch Chyette. (Related document(s)295 Transcript, 296 Transcript.) (ACCESS TRANSCRIPTS, LLC) (Entered: 09/24/2015) |
| 12/29/2015 | 302 (29 pgs; 3 docs) | Trustee's Motion to Sell *(Liquidate Interest in Litigation)* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Attachments: # 1 Exhibit A # 2 Exhibit B)(HARTMAN, JEFFREY) (Entered: 12/29/2015) |
| 12/29/2015 | 303 (4 pgs) | Declaration Of: Jeri Coppa-Knudson Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 12/29/2015) |
| 12/29/2015 | 304 (2 pgs) | Notice of Hearing Hearing Date: 01/27/2016 Hearing Time: 2:00 p.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 12/29/2015) |
| 12/30/2015 | 305 | Hearing Scheduled/Rescheduled. Hearing scheduled 1/27/2016 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 12/30/2015) |
| | | |

| | | |
|---|---|---|
| 12/30/2015 | [306](#)<br>(8 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON, 303 Declaration filed by Trustee JERI COPPA-KNUDSON, 304 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 12/30/2015) |
| 01/19/2016 | [307](#)<br>(22 pgs) | Points and Authorities *in Opposition to Proposed Sales Price of Interest in Litigation and Creditor Smith LC's Lien on Proceeds of Liquidation* with Certificate of Service Filed by STEVEN C. SMITH on behalf of SMITH LC (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (SMITH, STEVEN) (Entered: 01/19/2016) |
| 01/21/2016 | [308](#)<br>(41 pgs; 3 docs) | Trustee's Reply *to Creditor Smith LC's Lien on Proceeds of Liquidation of Interest in Litigation and Opposition to Proposed Sale Price of Interest in Litigation* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)307 Points and Authorities filed by Creditor SMITH LC.) (Attachments: # 1 Exhibit A, Part 1 # 2 Exhibit A, Part 2) (HARTMAN, JEFFREY) (Entered: 01/21/2016) |
| 01/25/2016 | [309](#)<br>(4 pgs) | Objection with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)302 Motion to Sell filed by Trustee JERI COPPA-KNUDSON.) (cly) (Entered: 01/25/2016) |
| 01/26/2016 | 310 | Disposition and Closing of Adversary Case (cly) (Entered: 01/26/2016) |
| 01/26/2016 | [311](#)<br>(136 pgs; 5 docs) | Request for Judicial Notice with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)309 Objection filed by Debtor ANTHONY THOMAS) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (cly) Additional attachment(s) added on 3/27/2018 (Gallagher, DA). (Entered: 01/26/2016) |
| 02/04/2016 | [312](#)<br>(4 pgs) | Order Granting Motion To Sell (Related document(s) 302) (cly) (Entered: 02/04/2016) |
| 02/10/2016 | [313](#)<br>(8 pgs) | Notice of Entry of Order *Authorizing Trustee to Liquidate Interest in Litigation* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)312 Order on Motion To Sell) (HARTMAN, JEFFREY) (Entered: 02/10/2016) |
| 02/18/2016 | [314](#)<br>(13 pgs) | Notice of Appeal. Filed by AT EMERALD, LLC , ANTHONY THOMAS , WENDI THOMAS . Appeal Reference # 16-06 Receipt Number 95169, Fee Amount $298 (Related document(s)312 Order on Motion To Sell.) (cly) (Entered: 02/18/2016) |
| 02/18/2016 | 315 | Appeal Reference Number 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/18/2016) |
| 02/18/2016 | [316](#)<br>(1 pg) | Notice of Referral of Appeal to BAP. Appeal Reference # 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/18/2016) |
| 02/18/2016 | [317](#)<br>(1 pg) | Transmittal Form (BAP). Appeal Reference # 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT |

| | | EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/18/2016) |
|---|---|---|
| 02/18/2016 | 318<br>(2 pgs) | Appeal Memorandum. Appeal Reference # 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/18/2016) |
| 02/18/2016 | 319<br>(13 pgs) | Clerk Forwarded Appeal Documents to BNC for Noticing to: BAP (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/18/2016) |
| 02/20/2016 | 320<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)317 Transmittal Form (BAP)) No. of Notices: 2. Notice Date 02/20/2016. (Admin.) (Entered: 02/20/2016) |
| 02/20/2016 | 321<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)316 Notice of Referral of Appeal to BAP) No. of Notices: 2. Notice Date 02/20/2016. (Admin.) (Entered: 02/20/2016) |
| 02/20/2016 | 322<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s)318 Appeal Memorandum) No. of Notices: 2. Notice Date 02/20/2016. (Admin.) (Entered: 02/20/2016) |
| 02/20/2016 | 323<br>(15 pgs) | BNC Certificate of Mailing - pdf (Related document(s)319 Appeal Documents Forwarded to BNC for Noticing) No. of Notices: 2. Notice Date 02/20/2016. (Admin.) (Entered: 02/20/2016) |
| 02/24/2016 | 324 | BAP Appeal Court Case# 16-1043 Appeal Reference # 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(mag) (Entered: 02/24/2016) |
| 02/25/2016 | 325<br>(1 pg) | Amended Notice of Referral of Appeal to BAP. Appeal Reference # 16-06 BAP # NV-16-1043 (Related document(s)314 Notice of Appeal filed by Joint Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/25/2016) |
| 02/25/2016 | 326<br>(1 pg) | Amended Transmittal Form (BAP). Appeal Reference # 16-06 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/25/2016) |
| 02/25/2016 | 327<br>(2 pgs) | Amended Appeal Memorandum. Appeal Reference # 16-06 BAP # NV-16-1043 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 02/25/2016) |
| 02/27/2016 | 328<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)326 Transmittal Form (BAP)) No. of Notices: 2. Notice Date 02/27/2016. (Admin.) (Entered: 02/27/2016) |
| 02/27/2016 | 329<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)325 Notice of Referral of Appeal to BAP) No. of Notices: 2. Notice Date 02/27/2016. (Admin.) (Entered: 02/27/2016) |

| | | |
|---|---|---|
| 02/27/2016 | **330**<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s)327 Appeal Memorandum) No. of Notices: 2. Notice Date 02/27/2016. (Admin.) (Entered: 02/27/2016) |
| 03/08/2016 | **331**<br>(1 pg) | Status Report Forwarded to: BAP. Appeal Reference # 16-06 BAP # NV-16-1043 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 03/08/2016) |
| 03/10/2016 | **332**<br>(17 pgs) | Transcript regarding Hearing Held on 01/27/16. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 1-855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 03/31/2016. Redacted Transcript Submission Due By 04/11/2016. Transcript access will be restricted through 06/8/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 03/10/2016) |
| 03/10/2016 | **333**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 332 . (Entered: 03/10/2016) |
| 03/13/2016 | **334**<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)333 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 67. Notice Date 03/13/2016. (Admin.) (Entered: 03/13/2016) |
| 04/11/2016 | **335**<br>(3 pgs) | Change of Address of Law Office of Wayne A. Silver with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 04/11/2016) |
| 04/21/2016 | **336**<br>(8 pgs) | (COPY) Final Order Re: Appeal; ORDER OF DISMISSAL. Appeal Reference # 16-06 BAP # NV-16-1043 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.)(cly) (Entered: 04/22/2016) |
| 05/27/2016 | 337 | Appeal Closed. Appeal reference #16-06. BAP #NV-16-1043 (Related document(s)314 Notice of Appeal filed by Jnt Admin Debtor AT EMERALD, LLC, Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (cly) (Entered: 05/27/2016) |
| 02/14/2017 | **338**<br>(17 pgs; 2 docs) | Adversary case 17-05005. Complaint Filed by JERI COPPA-KNUDSON vs. Kenneth Conetto, Estate of Eric Kitchen, Kimberly Klotz, Wayne Catlett, Sheriff Santa Clara County Fee Amount $350. (Attachments: # 1 Exhibit A) (91 (Declaratory judgment)(14 (Recovery of money/property - other)(HARTMAN, JEFFREY) (Entered: 02/14/2017) |
| 02/15/2017 | 339 | Scheduling Conference scheduled for 5/30/2017 at 09:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor ANTHONY THOMAS, Joint Debtor WENDI THOMAS.) (lms) (Entered: 02/15/2017) |
| 04/18/2017 | **340**<br>(36 pgs) | Transcript regarding Hearing Held on 02/25/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/9/2017. Redacted Transcript Submission Due By 05/19/2017. Transcript access will be restricted through 07/17/2017. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/18/2017) |

| 04/18/2017 | 341<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 340 . (Entered: 04/18/2017) |
|---|---|---|
| 04/21/2017 | 342<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)341 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 65. Notice Date 04/21/2017. (Admin.) (Entered: 04/21/2017) |
| 09/12/2017 | 343<br>(2 pgs; 2 docs) | Trustee's Application for Administrative Expenses *and to Ratify payment* Filed by JERI COPPA-KNUDSON on behalf of JERI COPPA-KNUDSON (Attachments: # 1 Exhibit A)(COPPA-KNUDSON, JERI) (Entered: 09/12/2017) |
| 09/12/2017 | 344<br>(4 pgs) | Notice of Hearing Hearing Date: 10/16/2017 Hearing Time: 10:00 A.M. Filed by JERI COPPA-KNUDSON on behalf of JERI COPPA-KNUDSON (Related document(s)343 Application for Administrative Claim/Expenses filed by Trustee JERI COPPA-KNUDSON) (COPPA-KNUDSON, JERI) (Entered: 09/12/2017) |
| 09/12/2017 | 345<br>(4 pgs; 2 docs) | Certificate of Service Filed by JERI COPPA-KNUDSON on behalf of JERI COPPA-KNUDSON (Related document(s)343 Application for Administrative Claim/Expenses filed by Trustee JERI COPPA-KNUDSON, 344 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit A) (COPPA-KNUDSON, JERI) (Entered: 09/12/2017) |
| 09/13/2017 | 346 | Hearing Scheduled/Rescheduled. Hearing scheduled 10/16/2017 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)343 Application for Administrative Claim/Expenses filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 09/13/2017) |
| 10/16/2017 | 347<br>(4 pgs; 2 docs) | Ex Parte Application to Employ STREMMEL AUCTIONS as AUCTIONEER Filed by JERI COPPA-KNUDSON on behalf of STREMMEL AUCTIONS, INC. (Attachments: # 1 Affidavit)(COPPA-KNUDSON, JERI) (Entered: 10/16/2017) |
| 10/18/2017 | 348<br>(2 pgs) | Order Granting Application to Employ (Related document(s) 347) (cly) (Entered: 10/18/2017) |
| 10/19/2017 | 349<br>(2 pgs) | Order Granting Application For Administrative Claim/Expenses (Related document(s) 343) (cly) (Entered: 10/19/2017) |
| 03/13/2018 | 350 | Disposition and Closing of Adversary Case (cly) (Entered: 03/13/2018) |
| 05/24/2018 | 351 | Disposition and Closing of Adversary Case (cly) (Entered: 05/24/2018) |
| 07/10/2018 | 352<br>(3 pgs) | Notice with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 07/10/2018) |
| 07/10/2018 | 353<br>(4 pgs) | Motion for Turnover Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 07/10/2018) |
| 07/10/2018 | 354<br>(13 pgs; 3 docs) | Declaration Of: Jeri Coppa-Knudson Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit A # 2 Exhibit B) (HARTMAN, JEFFREY) (Entered: 07/10/2018) |

| Date | Doc | Description |
|---|---|---|
| 07/10/2018 | 355 (2 pgs) | Notice of Hearing Hearing Date: 08/21/2018 Hearing Time: 2:00 p.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 07/10/2018) |
| 07/11/2018 | 356 | Hearing Scheduled/Rescheduled. Hearing scheduled 8/21/2018 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 07/11/2018) |
| 07/11/2018 | 357 (7 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 354 Declaration filed by Trustee JERI COPPA-KNUDSON, 355 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 07/11/2018) |
| 08/06/2018 | 358 (7 pgs) | Motion to Withdraw as Attorney of Record AND FOR CLARIFICATION OF STATUS AS COUNSEL, ETC. Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (MACAULEY, LAURY) (Entered: 08/06/2018) |
| 08/06/2018 | 359 (3 pgs) | Declaration Of: LAURY M. MACAULEY Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)358 Motion to Withdraw as Attorney of Record filed by Debtor MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/06/2018) |
| 08/06/2018 | 360 (3 pgs) | Motion for Order Shortening Time Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (MACAULEY, LAURY) (Entered: 08/06/2018) |
| 08/06/2018 | 361 (3 pgs) | Declaration Of: Laury M. Macauley Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)360 Motion for Order Shortening Time filed by Debtor MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/06/2018) |
| 08/07/2018 | 362 (5 pgs) | Amended Motion for Order Shortening Time Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)358 Motion to Withdraw as Attorney of Record AND FOR CLARIFICATION OF STATUS AS COUNSEL, ETC. filed by Attorney MACAULEY LAW GROUP, P.C..)(MACAULEY, LAURY). Modified on 8/7/2018 to remove relationship to doc# 360 and adding relationship to doc# 358 (Hannan, KS). Modified on 8/8/2018 to correct docket text (Hannan, KS). (Entered: 08/07/2018) |
| 08/07/2018 | 363 (3 pgs) | Amended Declaration Of: Laury M. Macauley Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)362 Motion for Order Shortening Time filed by Debtor MACAULEY LAW GROUP, P.C..) (MACAULEY, LAURY). Modified on 8/7/2018 to remove relationship to doc# 361 and adding relationship to doc# 362 (Hannan, KS). (Entered: 08/07/2018) |
| 08/07/2018 | 364 (5 pgs) | Trustee's Response with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)358 Motion to Withdraw as Attorney of Record filed by Debtor MACAULEY LAW GROUP, P.C..) (HARTMAN, JEFFREY) (Entered: 08/07/2018) |

| 08/07/2018 | 365<br>(13 pgs) | Certificate of Service Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)360 Motion for Order Shortening Time filed by Debtor MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/07/2018) |
| --- | --- | --- |
| 08/07/2018 | 366<br>(2 pgs) | Order Granting Motion for Order Shortening Time (Related document(s) 362). Hearing scheduled 8/10/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s) 358 Motion to Withdraw as Attorney of Record *AND FOR CLARIFICATION OF STATUS AS COUNSEL, ETC.* filed by Debtor MACAULEY LAW GROUP, P.C..) (cly). Modified on 8/7/2018 to relate to #358 in place of #360 (Gallagher, DA). (Entered: 08/07/2018) |
| 08/07/2018 | 367 | Hearing Scheduled/Rescheduled. Hearing scheduled 8/10/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)358 Motion to Withdraw as Attorney of Record filed by Debtor MACAULEY LAW GROUP, P.C..) (dag) (Entered: 08/07/2018) |
| 08/07/2018 | 368<br>(2 pgs) | Response Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON.) (MACAULEY, LAURY) (Entered: 08/07/2018) |
| 08/08/2018 | 369<br>(8 pgs) | Certificate of Service Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)368 Response filed by Attorney MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/08/2018) |
| 08/08/2018 | 370<br>(1 pg) | Notice of Docketing Error (Related document(s)368 Response filed by Attorney MACAULEY LAW GROUP, P.C.) (cly) (Entered: 08/08/2018) |
| 08/08/2018 | 371<br>(13 pgs) | Certificate of Service Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)358 Motion to Withdraw as Attorney of Record filed by Attorney MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/08/2018) |
| 08/09/2018 | 372<br>(13 pgs; 2 docs) | Ex Parte Application to Employ MELINDA BENNETT as REALTOR Filed by JERI COPPA-KNUDSON on behalf of MELINDA BENNETT (Attachments: # 1 Exhibit A)(COPPA-KNUDSON, JERI) (Entered: 08/09/2018) |
| 08/09/2018 | 373<br>(3 pgs) | Affidavit Of: MELINDA BENNETT Filed by JERI COPPA-KNUDSON on behalf of MELINDA BENNETT (Related document(s)372 Application to Employ filed by Realtor MELINDA BENNETT) (COPPA-KNUDSON, JERI) (Entered: 08/09/2018) |
| 08/09/2018 | 374<br>(3 pgs) | Certificate of Service Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)360 Motion for Order Shortening Time filed by Attorney MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/09/2018) |
| 08/10/2018 | 375<br>(34 pgs) | Transcript regarding Hearing Held on 08/22/14. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Wendi Thomas. Redaction Request Due By 08/31/2018. Redacted Transcript Submission Due By |

| | | |
|---|---|---|
| | | 09/10/2018. Transcript access will be restricted through 11/8/2018. (ACCESS TRANSCRIPTS, LLC) (Entered: 08/10/2018) |
| 08/10/2018 | [376](#) (1 pg) | Notice of Docketing Error (Related document(s)372 Application to Employ filed by Realtor MELINDA BENNETT, 373 Affidavit filed by Realtor MELINDA BENNETT) (dag) (Entered: 08/10/2018) |
| 08/10/2018 | [377](#) (1 pg) | Order Granting Application to Employ (Related document(s) 372) (dag) (Entered: 08/10/2018) |
| 08/10/2018 | [378](#) (1 pg) | Notice of Filing Official Transcript. Related document(s) 375 . (admin) (Entered: 08/10/2018) |
| 08/10/2018 | 390 | **Minute Entry** Re: hearing on 8/10/2018. Continued. (related document(s): 358 Motion to Withdraw as Attorney of Record filed by MACAULEY LAW GROUP, P.C.) Appearances: JEFFREY L HARTMAN, LAURY MILES MACAULEY, ANTHONY THOMAS Status Hearing to be held on 09/13/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (ias) (Entered: 08/21/2018) |
| 08/13/2018 | [379](#) (22 pgs) | Transcript regarding Hearing Held on 08/10/18. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Wendi Thomas. Redaction Request Due By 09/4/2018. Redacted Transcript Submission Due By 09/13/2018. Transcript access will be restricted through 11/13/2018. (ACCESS TRANSCRIPTS, LLC) (Entered: 08/13/2018) |
| 08/13/2018 | [380](#) (1 pg) | Notice of Filing Official Transcript. Related document(s) 379 . (admin) (Entered: 08/13/2018) |
| 08/14/2018 | [381](#) (13 pgs; 2 docs) | Amended Ex Parte Application to Employ MELINDA BENNETT as REALTOR Filed by JERI COPPA-KNUDSON on behalf of MELINDA BENNETT (Related document(s)372 Application to Employ filed by Realtor MELINDA BENNETT) (Attachments: # 1 Exhibit A)(COPPA-KNUDSON, JERI) (Entered: 08/14/2018) |
| 08/14/2018 | [382](#) (3 pgs) | Amended Affidavit Of: MELINDA BENNETT Filed by JERI COPPA-KNUDSON on behalf of MELINDA BENNETT (Related document(s)381 Application to Employ filed by Realtor MELINDA BENNETT) (COPPA-KNUDSON, JERI) (Entered: 08/14/2018) |
| 08/14/2018 | [383](#) (3 pgs) | Notice of Entry of Order with Certificate of Service Filed by JERI COPPA-KNUDSON on behalf of JERI COPPA-KNUDSON (Related document(s)377 Order on Application to Employ) (COPPA-KNUDSON, JERI) (Entered: 08/14/2018) |
| 08/14/2018 | [384](#) (12 pgs) | Supplemental Declaration Of: Laury M. Macauley Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)358 Motion to Withdraw as Attorney of Record filed by Attorney MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/14/2018) |
| 08/14/2018 | [385](#) (7 pgs) | Certificate of Service Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)384 Declaration filed by Attorney MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 08/14/2018) |

| 08/15/2018 | 386<br>(1 pg) | Notice of Hearing. PER COURT INSTRUCTION - - HEARING RESCHEDULED 9/13/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (ias) (Entered: 08/15/2018) |
|---|---|---|
| 08/15/2018 | 387<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)378 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 08/15/2018. (Admin.) (Entered: 08/15/2018) |
| 08/16/2018 | 388<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)380 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 08/16/2018. (Admin.) (Entered: 08/16/2018) |
| 08/17/2018 | 389<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)386 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 7. Notice Date 08/17/2018. (Admin.) (Entered: 08/17/2018) |
| 08/31/2018 | 391<br>(2 pgs) | Order Granting Motion To Withdraw As Attorney of Record (Related document(s) 358) LAURY MILES MACAULEY terminated from the case. (cly) (Entered: 08/31/2018) |
| 09/05/2018 | 394<br>(2 pgs) | Notice *(Motion For Judicial Notice Of Law & Facts FRE Rule 201)* Filed by ANTHONY THOMAS (lms) (Entered: 09/06/2018) |
| 09/05/2018 | 395<br>(289 pgs; 2 docs) | *Declaration Of Anthony Thomas In Support Of Motion For Judicial Notice Of Law & Facts (FRE Rule 201))* Filed by ANTHONY THOMAS (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 394 Notice filed by Debtor ANTHONY THOMAS) (Attachments: # 1 Appendix Continued) (lms) (Entered: 09/06/2018) |
| 09/06/2018 | 392<br>(21 pgs) | Transcript regarding Hearing Held on 02/25/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Wendi Thomas. *Morning Session Only* Redaction Request Due By 09/27/2018. Redacted Transcript Submission Due By 10/9/2018. Transcript access will be restricted through 12/5/2018. (ACCESS TRANSCRIPTS, LLC) Modified on 9/7/2018 to reflect corrected hearing date of 02/25/15 (Gallagher, DA). (Entered: 09/06/2018) |
| 09/06/2018 | 393<br>(4 pgs) | Notice of Entry of Order Filed by LAURY MILES MACAULEY on behalf of MACAULEY LAW GROUP, P.C. (Related document(s)391 Order on Motion to Withdraw as Attorney of Record) (MACAULEY, LAURY) (Entered: 09/06/2018) |
| 09/06/2018 | 396<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 392 . (admin) (Entered: 09/06/2018) |
| 09/07/2018 | 398<br>(15 pgs) | Opposition Filed by ANTHONY THOMAS (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON.) (lms) (Entered: 09/10/2018) |
| 09/09/2018 | 397<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)396 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 09/09/2018. (Admin.) (Entered: 09/09/2018) |
| 09/10/2018 | 399 | Certificate of Service Filed by LAURY MILES MACAULEY on behalf |

| | | |
|---|---|---|
| | (7 pgs) | of MACAULEY LAW GROUP, P.C. (Related document(s)393 Notice of Entry of Order filed by Interested Party MACAULEY LAW GROUP, P.C.) (MACAULEY, LAURY) (Entered: 09/10/2018) |
| 09/11/2018 | 400 | **Minute Entry** Re: hearing Continued. **CHANGE AS TO START TIME ONLY** (related document(s): 358 Motion to Withdraw as Attorney of Record filed by MACAULEY LAW GROUP, P.C.) Status Hearing to be held on 09/13/2018 at 01:30 PM at BTB RN-Courtroom 2, Young Bldg.. (ias) (Entered: 09/11/2018) |
| 09/11/2018 | 401 | **Minute Entry** Re: hearing Continued. **CHANGE AS TO START TIME ONLY** (related document(s): 353 Motion for Turnover filed by JERI COPPA-KNUDSON) (Hearing scheduled 09/13/2018 at 01:30 PM at BTB RN-Courtroom 2, Young Bldg.. (ias) (Entered: 09/11/2018) |
| 09/11/2018 | 402 (1 pg) | Notice of Docketing Error (Related document(s)394 Notice filed by Debtor ANTHONY THOMAS, 395 Document filed by Debtor ANTHONY THOMAS, 398 Opposition filed by Debtor ANTHONY THOMAS) (lms) (Entered: 09/11/2018) |
| 09/11/2018 | 403 (6 pgs) | Reply with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s) 398 Opposition filed by Debtor ANTHONY THOMAS. ) (HARTMAN, JEFFREY). Modified on 9/12/2018 to relate to #398 in place of #353 (Gallagher, DA). (Entered: 09/11/2018) |
| 09/11/2018 | 404 (5 pgs) | Declaration Of: Jeffrey Hartman with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)403 Reply filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 09/11/2018) |
| 09/12/2018 | 405 (5 pgs) | Notice *of Received Correpondence* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 09/12/2018) |
| 09/13/2018 | 406 (171 pgs) | Opposition *to Reply Brief* Filed by ANTHONY THOMAS (Related document(s)404 Declaration filed by Trustee JERI COPPA-KNUDSON.) (lms) (Entered: 09/13/2018) |
| 09/13/2018 | 407 (3 pgs) | BNC Certificate of Mailing. (Related document(s)402 Notice of Docketing Error) No. of Notices: 1. Notice Date 09/13/2018. (Admin.) (Entered: 09/13/2018) |
| 09/17/2018 | 408 (2 pgs) | Order to Continue Hearing Hearing scheduled 10/19/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON.) (dag) (Entered: 09/17/2018) |
| 09/28/2018 | 409 | Hearing Scheduled/Rescheduled. Hearing scheduled 10/16/2018 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)395 Motion for Judicial Notice filed by Debtor ANTHONY THOMAS) (ias) (Entered: 09/28/2018) |
| 09/28/2018 | 410 (1 pg) | Notice of Hearing. PER COURT INSTRUCTION Hearing RESCHEDULED 10/19/2018 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)395 Motion for Judicial Notice filed by Debtor ANTHONY THOMAS) (ias) (Entered: 09/28/2018) |

| 09/28/2018 | 411 (28 pgs) | *[Proposed] Order Taking Judicial Notice Of Law & Facts* Filed by ANTHONY THOMAS (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 09/28/2018) |
| 09/28/2018 | 412 (4 pgs) | Declaration Of: Anthony Thomas with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 411 Document filed by Debtor ANTHONY THOMAS) (cly) (Entered: 09/28/2018) |
| 09/30/2018 | 413 (3 pgs) | BNC Certificate of Mailing. (Related document(s)410 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 7. Notice Date 09/30/2018. (Admin.) (Entered: 09/30/2018) |
| 10/02/2018 | 414 (74 pgs) | Transcript regarding Hearing Held on 09/13/18. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Judge Beesley. Redaction Request Due By 10/23/2018. Redacted Transcript Submission Due By 11/2/2018. Transcript access will be restricted through 12/31/2018. (ACCESS TRANSCRIPTS, LLC) (Entered: 10/02/2018) |
| 10/02/2018 | 415 (74 pgs) | Amended Transcript regarding Hearing Held on 09/13/18. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Judge Beesley. Redaction Request Due By 10/23/2018. Redacted Transcript Submission Due By 11/2/2018. Transcript access will be restricted through 12/31/2018. (ACCESS TRANSCRIPTS, LLC) (Entered: 10/02/2018) |
| 10/02/2018 | 416 (1 pg) | Notice of Filing Official Transcript. Related document(s) 414 . (admin) (Entered: 10/02/2018) |
| 10/02/2018 | 417 (1 pg) | Notice of Filing Official Transcript. Related document(s) 415 . (admin) (Entered: 10/02/2018) |
| 10/03/2018 | | Transcript Copy Ordered by: Anthony Thomas. (Related document(s)415 Transcript.) (ACCESS TRANSCRIPTS, LLC) (Entered: 10/03/2018) |
| 10/04/2018 | 418 (5 pgs) | Trustee's Response with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)394 Notice filed by Debtor ANTHONY THOMAS.) (HARTMAN, JEFFREY) (Entered: 10/04/2018) |
| 10/04/2018 | 422 (4 pgs) | Points and Authorities Filed by ANTHONY THOMAS (Related document(s)394 Notice filed by Debtor ANTHONY THOMAS) (cly) (Entered: 10/10/2018) |
| 10/04/2018 | 423 (99 pgs) | Declaration Of: Anthony Thomas with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)422 Points and Authorities filed by Debtor ANTHONY THOMAS) (cly) (Entered: 10/10/2018) |
| 10/05/2018 | 419 (4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)416 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 10/05/2018. (Admin.) (Entered: 10/05/2018) |
| 10/05/2018 | 420 | BNC Certificate of Mailing - pdf (Related document(s)417 Notice of |

| | | |
|---|---|---|
| | (4 pgs) | Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 10/05/2018. (Admin.) (Entered: 10/05/2018) |
| 10/09/2018 | 421<br>(1 pg) | Notice of Hearing. Hearing RESCHEDULED 11/2/2018 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 395 Document filed by Debtor ANTHONY THOMAS) (ias) (Entered: 10/09/2018) |
| 10/11/2018 | 424<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)421 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 7. Notice Date 10/11/2018. (Admin.) (Entered: 10/11/2018) |
| 10/15/2018 | 425<br>(14 pgs) | Declaration Of: Anthony G. Thomas with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)394 Notice filed by Debtor ANTHONY THOMAS) (cly) (Entered: 10/16/2018) |
| 10/15/2018 | 426<br>(61 pgs) | Exhibit *List of Documents* Filed by ANTHONY THOMAS (Related document(s)394 Notice filed by Debtor ANTHONY THOMAS) (cly) (Entered: 10/16/2018) |
| 11/02/2018 | 427<br>(49 pgs) | Declaration Of: Anthony Thomas with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)353 Motion for Turnover filed by Trustee JERI COPPA-KNUDSON, 395 Document filed by Debtor ANTHONY THOMAS) (cly) (Entered: 11/02/2018) |
| 11/08/2018 | 428<br>(4 pgs) | Ex Parte Motion for 2004 Examination *of Dorothy Thomas* with Proposed Order Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 11/08/2018) |
| 11/13/2018 | 429<br>(1 pg) | Order Granting Motion for 2004 Examination (Related document(s) 428) (cly) (Entered: 11/13/2018) |
| 11/29/2018 | 430<br>(4 pgs) | Motion to Sell Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 11/29/2018) |
| 11/29/2018 | 431<br>(6 pgs) | Declaration Of: Hudson Stremmel Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 11/29/2018) |
| 11/29/2018 | 432<br>(2 pgs) | Notice of Hearing Hearing Date: 01/08/2019 Hearing Time: 2:00 p.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 11/29/2018) |
| 11/29/2018 | 433<br>(4 pgs) | Application for Compensation for JERI COPPA-KNUDSON , Fees: $3225.00, Expenses: $1231.00. (Related document(s)430) Filed by JERI COPPA-KNUDSON (cly) Docketed for missed relief (Entered: 11/30/2018) |
| 11/30/2018 | 434 | Hearing Scheduled/Rescheduled. Hearing scheduled 1/8/2019 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON, 433 Application for Compensation filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 11/30/2018) |

| | | |
|---|---|---|
| 12/03/2018 | [435](#)<br>(7 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)[430](#) Motion to Sell filed by Trustee JERI COPPA-KNUDSON, [431](#) Declaration filed by Trustee JERI COPPA-KNUDSON, [432](#) Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 12/03/2018) |
| 12/11/2018 | [436](#)<br>(35 pgs) | Transcript regarding Hearing Held on 11/02/18. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 01/2/2019. Redacted Transcript Submission Due By 01/11/2019. Transcript access will be restricted through 03/11/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 12/11/2018) |
| 12/11/2018 | [437](#)<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) [436](#) . (admin) (Entered: 12/11/2018) |
| 12/14/2018 | [438](#)<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[437](#) Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 12/14/2018. (Admin.) (Entered: 12/14/2018) |
| 12/17/2018 | [439](#)<br>(214 pgs; 2 docs) | Motion to Continue/Reschedule Hearing , Motion for Order Shortening Time, With Certificate of Service Filed by ANTHONY THOMAS (Related document(s)[430](#) Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (Attachments: # [1](#) Appendix continued)(lms) Modified on 12/18/2018 to add With Certificate of Service (Gallagher, DA). (Entered: 12/17/2018) |
| 12/21/2018 | [440](#)<br>(25 pgs) | Transcript regarding Hearing Held on 12/17/18. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 01/11/2019. Redacted Transcript Submission Due By 01/22/2019. Transcript access will be restricted through 03/21/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 12/21/2018) |
| 12/21/2018 | [441](#)<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) [440](#) . (admin) (Entered: 12/21/2018) |
| 12/26/2018 | [442](#)<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[441](#) Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 66. Notice Date 12/26/2018. (Admin.) (Entered: 12/26/2018) |
| 12/27/2018 | [443](#)<br>(1 pg) | Notice of Hearing. Hearing rescheduled 2/22/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)[430](#) Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (ias) (Entered: 12/27/2018) |
| 12/29/2018 | [444](#)<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s)[443](#) Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 66. Notice Date 12/29/2018. (Admin.) (Entered: 12/29/2018) |
| 01/03/2019 | 445 | Hearing Scheduled/Rescheduled. DISCOVERY DISPUTE Hearing scheduled 1/4/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)[430](#) Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (ias) (Entered: 01/03/2019) |
| 01/03/2019 | [446](#)<br>(1 pg) | Notice of Hearing. PER COURT INSTRUCTION Hearing rescheduled 2/22/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related |

| | | |
|---|---|---|
| | | document(s)433 Application for Compensation filed by Trustee JERI COPPA-KNUDSON) (ias) (Entered: 01/03/2019) |
| 01/05/2019 | 447 (3 pgs) | BNC Certificate of Mailing. (Related document(s)446 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 7. Notice Date 01/05/2019. (Admin.) (Entered: 01/05/2019) |
| 01/10/2019 | 448 | Transcript regarding Hearing Held on 01/04/19. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 01/31/2019. Redacted Transcript Submission Due By 02/11/2019. Transcript access will be restricted through 04/10/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 01/10/2019) |
| 01/10/2019 | 449 (1 pg) | Notice of Filing Official Transcript. Related document(s) 448 . (admin) (Entered: 01/10/2019) |
| 01/13/2019 | 450 (4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)449 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 64. Notice Date 01/13/2019. (Admin.) (Entered: 01/13/2019) |
| 01/17/2019 | 451 (3 pgs) | Order to Set Hearing Evidentiary Hearing scheduled for 3/22/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON.) (cly) (Entered: 01/17/2019) |
| 01/17/2019 | 452 (6 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON, 451 Order to Set Hearing) (HARTMAN, JEFFREY) (Entered: 01/17/2019) |
| 01/18/2019 | 453 | Hearing Scheduled/Rescheduled. Status Hearing to be held on 2/22/2019 at 03:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 01/18/2019) |
| 02/04/2019 | 454 (3 pgs) | Notice Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (HARTMAN, JEFFREY) (Entered: 02/04/2019) |
| 02/04/2019 | 455 (4 pgs; 2 docs) | Declaration Of: Trustee Jeri Coppa-Knudson Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)454 Notice filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit A) (HARTMAN, JEFFREY) (Entered: 02/04/2019) |
| 02/04/2019 | 456 (2 pgs) | Notice of Hearing Hearing Date: 03/06/19 Hearing Time: 10:00 a.m. Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)454 Notice filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY). Modified on 2/5/2019 to remove relationship to #455 (Ivey, SD). (Entered: 02/04/2019) |
| 02/05/2019 | 457 (7 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)454 Notice filed by Trustee JERI COPPA-KNUDSON, 455 Declaration filed by Trustee JERI COPPA-KNUDSON, 456 Notice of Hearing filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 02/05/2019) |

| 02/05/2019 | 458 | Hearing Scheduled/Rescheduled. Hearing scheduled 3/6/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)454 Notice filed by Trustee JERI COPPA-KNUDSON) (cly) (Entered: 02/05/2019) |
| 02/07/2019 | 459 (1 pg) | Notice of Hearing. PER COURT INSTRUCTION Hearing scheduled 3/22/2019 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)433 Application for Compensation filed by Trustee JERI COPPA-KNUDSON) (ias) (Entered: 02/07/2019) |
| 02/09/2019 | 460 (4 pgs) | BNC Certificate of Mailing. (Related document(s)459 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 64. Notice Date 02/09/2019. (Admin.) (Entered: 02/09/2019) |
| 02/20/2019 | 464 (19 pgs) | Certificate of Service Filed by MICK JOSEPH (Related document(s)398 Opposition filed by Debtor ANTHONY THOMAS, 461 Declaration filed by Debtor ANTHONY THOMAS, 462 Declaration filed by Interested Party DOROTHY THOMAS, 463 Declaration filed by Creditor CHRIS PERNA) (cly) (Entered: 02/22/2019) |
| 02/21/2019 | 461 (10 pgs) | Declaration Of: Anthony G. Thomas Filed by ANTHONY THOMAS (Related document(s)398 Opposition filed by Debtor ANTHONY THOMAS) (cly) (Entered: 02/22/2019) |
| 02/21/2019 | 462 (3 pgs) | Declaration Of: Dorothy Thomas with Certificate of Service Filed by DOROTHY THOMAS (Related document(s)398 Opposition filed by Debtor ANTHONY THOMAS) (cly) (Entered: 02/22/2019) |
| 02/21/2019 | 463 (6 pgs) | Declaration Of: Chris Perna Filed by CHRIS PERNA (Related document(s)398 Opposition filed by Debtor ANTHONY THOMAS) (cly) (Entered: 02/22/2019) |
| 02/27/2019 | 465 (5 pgs; 2 docs) | Reply Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)461 Declaration filed by Debtor ANTHONY THOMAS, 462 Declaration filed by Interested Party DOROTHY THOMAS, 463 Declaration filed by Creditor CHRIS PERNA.) (Attachments: # 1 Exhibit A) (HARTMAN, JEFFREY). Modified on 2/28/2019 to remove relationship to #454 and #455 (Ivey, SD). (Entered: 02/27/2019) |
| 02/27/2019 | 466 (2 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)465 Reply filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 02/27/2019) |
| 03/01/2019 | 467 | Transcript Ordered. Acknowledgement of Request for Transcript of Testimony Received on 3/1/2019. Hearing held on 2/22/2019. Ordering Party: Tony Thomas. The Reporter Expects to Have the Transcript Completed by 3/4/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 03/01/2019) |
| 03/04/2019 | 468 | Transcript regarding Hearing Held on 02/22/19. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 03/25/2019. Redacted Transcript Submission Due By 04/4/2019. Transcript access will be restricted through 06/3/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 03/04/2019) |

| | | |
|---|---|---|
| 03/04/2019 | 469<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 468 . (admin) (Entered: 03/04/2019) |
| 03/07/2019 | 470<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)469 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 65. Notice Date 03/07/2019. (Admin.) (Entered: 03/07/2019) |
| 03/08/2019 | 471<br>(4 pgs) | Order Of Abandonment Re: 397 Second Street In Portola, California (Related document(s)454 Notice filed by Trustee JERI COPPA-KNUDSON.) (lms) (Entered: 03/08/2019) |
| 03/11/2019 | 472<br>(7 pgs) | Notice of Entry of Order *of Abandonment Re: 397 Second Street in Portola, California* with Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)471 Order) (HARTMAN, JEFFREY) (Entered: 03/11/2019) |
| 03/14/2019 | 473 | Transcript regarding Hearing Held on 03/06/19. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 04/4/2019. Redacted Transcript Submission Due By 04/15/2019. Transcript access will be restricted through 06/12/2019. (ACCESS TRANSCRIPTS, LLC) (Entered: 03/14/2019) |
| 03/14/2019 | 474<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) 473 . (admin) (Entered: 03/14/2019) |
| 03/14/2019 | 475<br>(6 pgs) | Request for Judicial Notice Filed by ANTHONY THOMAS (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON, 439 Motion to Continue/Reschedule Hearing filed by Debtor ANTHONY THOMAS, Motion for Order Shortening Time) (cly) Modified on 3/15/2019 to correct file date (Ivey, SD). (Entered: 03/15/2019) |
| 03/14/2019 | 476<br>(129 pgs) | Opposition Filed by ANTHONY THOMAS (Related document(s)430 Motion to Sell filed by Trustee JERI COPPA-KNUDSON.) (cly) (Entered: 03/15/2019) |
| 03/15/2019 | 477<br>(11 pgs) | Trustee's Reply *to Debtors' Opposition* Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s) 476 Opposition filed by Debtor ANTHONY THOMAS. Modified on 3/18/2019 to relate to #476 in place of #430 (Penn, VA). (Entered: 03/15/2019) |
| 03/15/2019 | 478<br>(72 pgs; 8 docs) | Declaration Of: Jeffrey L. Hartman Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)477 Reply filed by Trustee JERI COPPA-KNUDSON) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (HARTMAN, JEFFREY) (Entered: 03/15/2019) |
| 03/15/2019 | 479<br>(141 pgs; 11 docs) | Trustee's Request for Judicial Notice Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (HARTMAN, JEFFREY) (Entered: 03/15/2019) |

| 03/15/2019 | 482<br>(16 pgs) | Request for Judicial Notice with Certificate of Service Filed by ANTHONY THOMAS (Related document(s)439 Motion to Continue/Reschedule Hearing filed by Debtor ANTHONY THOMAS, Motion for Order Shortening Time) (cly) (Entered: 03/18/2019) |
|---|---|---|
| 03/17/2019 | 480<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)474 Notice of Filing Official Transcript (BNC-BK)) No. of Notices: 65. Notice Date 03/17/2019. (Admin.) (Entered: 03/17/2019) |
| 03/18/2019 | 481<br>(3 pgs) | Certificate of Service Filed by JEFFREY L HARTMAN on behalf of JERI COPPA-KNUDSON (Related document(s)477 Reply filed by Trustee JERI COPPA-KNUDSON, 478 Declaration filed by Trustee JERI COPPA-KNUDSON, 479 Request for Judicial Notice filed by Trustee JERI COPPA-KNUDSON) (HARTMAN, JEFFREY) (Entered: 03/18/2019) |
| 03/22/2019 | 483<br>(233 pgs; 3 docs) | Motion to Recuse Judge terminating Judge adding Judge Filed by ANTHONY THOMAS (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)(cly) (Entered: 03/25/2019) |
| 03/25/2019 | 484<br>(1 pg) | Order on Motion to Recuse Judge BRUCE T. BEESLEY and add Judge (Related document(s)483 Motion to Recuse Judge filed by Debtor ANTHONY THOMAS.) (cly) (Entered: 03/25/2019) |
| 03/25/2019 | 485 | Order Reassigning Case to Bankruptcy Judge GARY SPRAKER. (vap) (Entered: 03/25/2019) |
| 03/25/2019 | 486 | Please take notice that a Verified Petition has been filed by PHILLIP WANG on 3/22/19 in Adversary Case Number 17-5005 (cly) (Entered: 03/25/2019) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/08/2019 08:54:12 | | | |
| **PACER Login:** | SilverWs:2664200:0 | **Client Code:** | TVB |
| **Description:** | Docket Report | **Search Criteria:** | 14-50333-gs Fil or Ent: filed Doc From: 0 Doc To: 9999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 2

[Order Converting Case to Chapter 7]



Honorable Bruce T. Beesley
United States Bankruptcy Judge

**Entered on Docket**
**August 29, 2014**

NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
Office of the United States trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case no: BK-N-14-50333-BTB |
| | ) | Chapter 11 |
| ANTHONY THOMAS and, | ) | |
| WENDI THOMAS | ) | ORDER CONVERTING CASE TO |
| | ) | CHAPTER 7 |
| | ) | |
| | ) | Hearing Date: August 22, 2014 |
| Debtor. | ) | Hearing Time: 2:00 p.m. |

John Beach, Trustee of the Beach Living Trust dated January 22, 1999 (herein "Beach

Trust") moved on proper notice for an order appointing a trustee in the jointly administered case

AT EMERALD, LLC, BK-N-14-50331-btb ("Motion" Docket #164) and the Motion came on

for hearing at the above stated date and time after time was shortened by this Court's Order of

August 14, 2014, Docket #166.  Anthony Thomas and Wendi Thomas appeared on their own

behalf in opposition to the Motion.  Docket #'s 179 and 180.  Timothy A. Lukas, Esq., appeared

1

on behalf of the Beach Trust. William B. Cossitt, Esq. appeared for the US Trustee, and orally moved for conversion of the case to chapter 7 instead of appointment of a chapter 11 trustee.

The Court having read the pleadings, listened to testimony and the arguments of the parties, having reviewed its previous notes and findings from previous hearings and having put its findings of fact and conclusions of law on the record in open court, including the incorporation of earlier findings and conclusions from earlier hearings, pursuant to Federal Rule of Civil Procedure 52 made applicable by Federal Rule of Bankruptcy Procedure 7052, and good cause appearing;

IT IS HEREBY ORDERED that this case is CONVERTED TO CHAPTER 7.

Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt
State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ WILLIAM B. COSSITT
_____
Attorneys for United States Trustee
Tracy Hope Davis

APPROVED this 25TH day of August, 2014.

/s/ Timothy A. Lukas
_____
Timothy A. Lukas, Esq., Attorney for Beach Trust

APPROVED/DISAPPROVED this ___ day of August, 2014.

**NO RESPONSE**
_____
Anthony Thomas and Wendi Thomas. Pro per

###

2

CERTIFICATE OF SERVICE

In accordance with LR 9021(c), counsel submitting this document certifies as follows:

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Timothy A. Lukas, Esq., VIA E-MAIL 08/22/14  APPROVED 08/25/14

Anthony Thomas and Wendi Thomas, VIA US MAIL 08/22/14  **NO RESPONSE**
                                        VIA E-MAIL 08/25/14  **NO RESPONSE**

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

DATED this 27th day of August, 2014.

                          WILLIAM B. COSSITT

                          /S/ WILLIAM B. COSSITT
                          TRIAL ATTORNEY for the
                          United States Trustee
                          TRACY HOPE DAVIS

3

EXHIBIT 3

[Appointment of Interim Trustee and Trustee
and Designation of Required Bond]

E-Filed: 09-11-14

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
RENO, NEVADA

In re:                         )     Case No. 14-50333-btb
                             )     Chapter 7
ANTHONY THOMAS and          )
WENDI THOMAS,             )
                             )
                             )
        Debtors.                   )

APPOINTMENT OF INTERIM TRUSTEE AND TRUSTEE
AND DESIGNATION OF REQUIRED BOND

JERI COPPA-KNUDSON of RENO, NEVADA

is hereby appointed Interim Trustee for the estate(s) of the above named debtor(s). Unless a Trustee is

elected at the meeting of creditors to be called pursuant to §341 of Title 11, United States Code, in the

above referenced case, the Interim Trustee shall serve as Trustee.

        In order to perform the duties of trustee pursuant to 11 U.S.C. § 704(a), Trustee Jeri Coppa-

Knudson is authorized to collect and reduce to money all property of the estate, both real and personal,

and to have full and unconditional access to and control of any and all commercial or personal accounts

and documents established by, maintained by or funded by the Debtor, including without limitation,

freezing accounts, wiring funds to estate's federal depository, maintaining and transacting business with

the existing accounts, changing the mailing addresses, and obtaining past account and document histories.

        This case is covered by the blanket bond for Chapter 7 case Trustees, the original of which is on

file with the Court.

                                            Tracy Hope Davis
                                          United States Trustee
                                          for Region 17

Dated: September 11, 2014            by: /s/ Nicholas Strozza
                                          NICHOLAS STROZZA
                                          Assistant United States Trustee

EXHIBIT 4

[Ex-Parte Application to Employ Auctioneer]

1  JERI COPPA-KNUDSON, Trustee
2  3495 LAKESIDE DRIVE, PMB #62
   RENO, NV. 89509-4841
   (775) 329-1528
3  renobktrustee@gmail.com

4

5                    **UNITED STATES BANKRUPTCY COURT**

6                          **DISTRICT OF NEVADA**

7  **IN RE:**

8  ANTHONY THOMAS and                    CASE NO. BK-N-14-50333-BTB
   WENDI THOMAS,
9                                         CASE NO. BK-N-14-50331-BTB
                                          (Jointly Administered)
10 AT EMERALD, LLC                        CHAPTER 7

11                                        **EX-PARTE**
                                          **APPLICATION TO EMPLOY**
12                                        **AUCTIONEER**
                   Debtors.
13 _____/

14         Jeri Coppa-Knudson, the duly appointed and acting Trustee in the above-captioned

15 Chapter 7 case, hereby applied to this Court pursuant to 11 U.S.C. 327 and Bankruptcy Rule 2014

16 for an Order approving the employment of Stremmel Auctions, Inc.

17         In support of this Application, applicant respectfully represents as follows:

18         1.    Applicant is the Trustee in the case of the above-named Debtor and desires to employ

19 Stremmel Auctions, Inc. to sell certain assets of the estate.  Said assets consist of, but are not

20 limited to Emerald specimens.

21         2.    The Trustee submits that it is in the best interest of the estate and of the creditors that

22 said sale occurs and that the employment of an auctioneer is therefore necessary.

23         3.    Pursuant to said application, applicant requests that Stremmel Auctions, Inc., a licensed

24 Auctioneer in the State of Nevada; be employed to conduct an auction of the assets of this estate.

25 Further, said auctioneer's blanket insurance policy will provide coverage for the assets.

26

27 / / /

28

4.   Movant believes that Stremmel Auctions, Inc. does not hold any interest adverse to that of the Debtor or the Debtor's estate and that he is a disinterested person with the meaning of U.S.C. Section 101(13), and has represented such by executing a statement attached hereto as Verified Declaration of Auctioneer.

5.   The Trustee requests that the auctioneer's commission shall be based on a graduated percentage of the total sale of the assets.  This percentage will be approved after notice and hearing of said sale.

**WHEREFORE,** the Trustee requests the entry of an order authorizing the foregoing sale of estate assets; authorizing the employment of Stremmel Auctions, Inc., as auctioneer for the estate and authorizing the Trustee to execute any and all documentation necessary on behalf of the estate to complete the sales/transfers, and granting such other and further relief as the Court deems appropriate.

Dated: October 16, 2017

_____/s/ Jeri Coppa-Knudson_____

**JERI COPPA-KNUDSON, Trustee**

Approved by:

**/s/ Nicholas Strozza**

UNITED STATES TRUSTEE

EXHIBIT 5

[Verified Statement of Auctioneer]

1  JERI COPPA-KNUDSON, Trustee
    3495 LAKESIDE DRIVE, PMB #62
2  RENO, NV. 89509
    (775) 329-1528
3  renobktrustee@gmail.com

4

5                **UNITED STATES BANKRUPTCY COURT**

6                       **DISTRICT OF NEVADA**

7
    **IN RE:**
8
                               CASE NO. BK-N-14-50333-BTB
9  ANTHONY THOMAS and
    WENDI THOMAS,                  CASE NO. BK-N-14-50331-BTB
10                              (Jointly Administered)

11  AT EMERALD, LLC            CHAPTER 7

12

13               Debtors.        **VERIFIED STATEMENT OF**
                                  /      **AUCTIONEER**
14

15      I, Steve Stremmel, of Stremmel Auctions, Inc., 550 West Plumb Lane, #405, Reno, Nv.

16  89509, hereby declare under penalty of perjury the following:

17      1.     That I am a disinterested person;

18      2.     That I am an auctioneer/appraiser, experienced in rendering auctioneer/appraisal

19  services to bankruptcy trustees;

20      3.     That I am willing to accept employment by the Trustee, Jeri Coppa-Knudson, on

21  the basis set forth in the annexed application. I do not have an interest adverse to the Trustee

22  or the estate in regards to the matters for which I am to be employed and I am a

23  disinterested person within the meaning of 11 U.S.C. 101 (13);

24      4.     Neither I, nor any associate of mine, insofar as I have been able to ascertain, has any

25  connection with the Debtor or the Trustee herein, their creditors, or any other party in interest, or

26  their respective attorneys and accountants, the United States Trustee, or any person employed by the

27  office of the United States Trustee.

28

5. That I, as a representative of Stremmel Auctions, Inc., am currently bonded through International Sureties, Bond, #016032153 in the amount of $50,000.00 liability.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of October 2017.

/s/ Steve Stremmel

STREMMEL AUCTIONS, INC.

EXHIBIT 6

[Order to Employ Auctioneer]

1

2   Bruce T Beesley

3   Honorable Bruce T. Beesley
    United States Bankruptcy Judge

4   Entered on Docket
    October 18, 2017
5

6   JERI COPPA-KNUDSON, Trustee
    3495 LAKESIDE DRIVE, PMB #62
7   RENO, NV. 89509-4841
    (775) 329-1528
8   renobktrustee@gmail.com

9                   **UNITED STATES BANKRUPTCY COURT**

10                       **DISTRICT OF NEVADA**
    IN RE:
11
                                        CASE NO. BK-N-14-50333-BTB
12  ANTHONY THOMAS and
    WENDI THOMAS,                        CASE NO. BK-N-14-50331-BTB
13                                       (Jointly Administered)

14  AT EMERALD, LLC
                                         CHAPTER 7
15
                                         **ORDER TO EMPLOY**
16                                       **AUCTIONEER**

17                  Debtors.
    _____/
18
          The court having considered the Trustee's Ex Parte Application to Employ
19
    Auctioneer (the "Application") and the Verified Statement of Steve Stremmel, of Stremmel
20
    Auctions, Inc., in support of Trustee's Ex Parte Application to Employ Auctioneer, (the
21
    "Verified Statement"), the court finds that Stremmel Auctions, Inc. does not hold or represent
22
    any interest adverse to the estate is a disinterested person within the meaning of 11 U.S.C.
23
    Section 101, and that the Office of the United States Trustee has reviewed and approved the
24
    application.
25
          Good cause appearing.
26
          **IT IS HEREBY ORDERED** that employment of Stremmel Auctions, Inc., as auctioneer
27
    for the estate is **APPROVED**,
28

1
2
      **IT IS FURTHER ORDERED** that the auctioneer's commission shall be based on a
3
graduated percentage of the total sale of assets, plus approved expenses, subject, however, to
4
approval by this court after notice and hearing, of all compensation and reimbursement requested.
5
6
Submitted by:
7
/s/ Jeri Coppa-Knudson
8
Jeri Coppa-Knudson, Trustee
9
                                                    ###
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 7

[Docket in Adversary Proceeding No. 14-5022]

CLOSED

# U.S. Bankruptcy Court
## District of Nevada (Reno)
### Adversary Proceeding #: 14-05022-btb

| | |
|---|---|
| *Assigned to:* BRUCE T. BEESLEY | *Date Filed:* 05/31/14 |
| *Lead BK Case:* 14-50333 | *Date Terminated:* 05/24/18 |
| *Lead BK Title:* ANTHONY THOMAS and WENDI THOMAS | |
| *Lead BK Chapter:* 7 | |
| *Demand:* $4500000 | |

*Nature[s] of Suit:*   62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud

**Plaintiff**
----------------------

| | |
|---|---|
| **KENMARK VENTURES, LLC** | represented by **WAYNE A. SILVER** |
| 21710 STEVENS CREEK BLVD, STE 200 | 333 WEST EL CAMINO REAL, SUITE 310 |
| CUPERTINO, CA 95014 | SUNNYVALE, CA 94807 |
| | (408) 720 7007 |
| | Email: w_silver@sbcglobal.net |
| | |
| | **AMY N. TIRRE** |
| | LAW OFFICES OF AMY N. TIRRE |
| | 3715 LAKESIDE DR., STE. A |
| | RENO, NV 89509 |
| | (775) 828-0909 |
| | Fax : (775) 828-0914 |
| | Email: amy@amytirrelaw.com |
| | *LEAD ATTORNEY* |

V.

**Defendant**
----------------------

| | |
|---|---|
| **ANTHONY THOMAS** | represented by **JEFFREY A. COGAN** |
| 7725 PEAVINE PEAK COURT | JEFFREY A. COGAN, ESQ |
| RENO, NV 89523 | 4760 SOUTH PECOS RD, STE 200-5 |
| SSN / ITIN: xxx-xx-3971 | LAS VEGAS, NV 89121 |
| | (702) 474-4220 |
| | Fax : (702) 474-4228 |
| | Email: jeffrey@jeffreycogan.com |
| | |
| | **LAURY MILES MACAULEY** |
| | MACAULEY LAW GROUP, A PROF CORP |
| | 5470 KIETZKE LANE, STE 300 |
| | RENO, NV 89511 |
| | (775) 323-1210 |
| | Email: laury@macauleylawgroup.com |
| | |
| | **ALAN R SMITH** |
| | 505 RIDGE ST |
| | RENO, NV 89501 |
| | (775) 786-4579 |
| | Fax : (775) |
| | Email: mail@asmithlaw.com |

*TERMINATED: 08/26/2014*

*Defendant*
-----------------------
**WENDI THOMAS**
7725 PEAVINE PEAK COURT
RENO, NV 89523
SSN / ITIN: xxx-xx-8142

represented by **JEFFREY A. COGAN**
(See above for address)

**LAURY MILES MACAULEY**
(See above for address)

**ALAN R SMITH**
(See above for address)
*TERMINATED: 08/26/2014*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/31/2014 | 1<br>(46 pgs) | Adversary case 14-05022. Complaint *for Damages and To Determine Dischargeability of Debt* Filed by KENMARK VENTURES, LLC vs. ANTHONY THOMAS, WENDI THOMAS Fee Amount $293. (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)(SILVER, WAYNE) (Entered: 05/31/2014) |
| 05/31/2014 | 2 | Receipt of Filing Fee for Complaint(14-05022-btb) [cmp,cmp] ( 293.00). Receipt number 15186870, fee amount $ 293.00.(re: Doc#1) (U.S. Treasury) (Entered: 05/31/2014) |
| 05/31/2014 | 3 | Request to Issue Summons On: ANTHONY THOMAS. Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 05/31/2014) |
| 05/31/2014 | 4 | Request to Issue Summons On: WENDI THOMAS. Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 05/31/2014) |
| 06/02/2014 | 5 | Scheduling Conference scheduled for 8/26/2014 at 09:00 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)1 Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (cly) (Entered: 06/02/2014) |
| 06/02/2014 | 6<br>(3 pgs) | Summons Issued on ANTHONY THOMAS (cly) (Entered: 06/02/2014) |
| 06/02/2014 | 7<br>(3 pgs) | Summons Issued on WENDI THOMAS (cly) (Entered: 06/02/2014) |
| 06/06/2014 | 8<br>(1 pg) | Summons Service Executed on ANTHONY THOMAS 6/6/2014 Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)6 Summons Issued.) (SILVER, WAYNE) (Entered: 06/06/2014) |
| 06/06/2014 | 9<br>(1 pg) | Summons Service Executed on WENDI THOMAS 6/6/2014 Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)7 Summons Issued.) (SILVER, WAYNE) (Entered: 06/06/2014) |
| 06/06/2014 | 10<br>(2 pgs; 2 docs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)1 Complaint filed |

| | | |
|---|---|---|
| | | by Plaintiff KENMARK VENTURES, LLC.) (Attachments: # 1 Certificate of Service on Counsel for Debtor) (SILVER, WAYNE) (Entered: 06/06/2014) |
| 07/10/2014 | 11 (4 pgs) | Answer to Complaint (Related Doc # 1) Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 07/10/2014) |
| 07/11/2014 | 12 (3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)11 Answer to Complaint filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 07/11/2014) |
| 08/18/2014 | 13 (4 pgs) | Motion to Withdraw as Attorney of Record with Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | 14 (8 pgs) | Ex Parte Motion for Order Shortening Time with Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)13 Motion to Withdraw as Attorney of Record filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | 15 (3 pgs) | Declaration Of: Alan R. Smith, Esq. with Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)14 Motion for Order Shortening Time filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/18/2014 | 16 (3 pgs) | Attorney Information Sheet with Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)14 Motion for Order Shortening Time filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/18/2014) |
| 08/19/2014 | 17 (2 pgs) | Order Granting Motion for Order Shortening Time (Related document(s) 14). Hearing scheduled 8/22/2014 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)13 Motion to Withdraw as Attorney of Record filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (cly) (Entered: 08/19/2014) |
| 08/19/2014 | 18 (4 pgs) | Amended Motion to Withdraw as Attorney of Record with Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)13 Motion to Withdraw as Attorney of Record filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | 19 (4 pgs) | Notice of Entry of Order/Judgment Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)17 Order on Motion for Order Shortening Time.)(SMITH, ALAN) (Entered: 08/19/2014) |
| 08/19/2014 | 20 (4 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)19 Notice of Entry of Order filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/19/2014) |
| 08/22/2014 | 21 | Request for Waiver of Filing Discovery Plan Filed by WAYNE A. |

| | | |
|---|---|---|
| | (4 pgs) | SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 08/22/2014) |
| 08/22/2014 | 22<br>(4 pgs) | Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)21 Standard Discovery Plan/Request for Waiver of Filing Discovery Plan filed by Plaintiff KENMARK VENTURES, LLC.) (SILVER, WAYNE) (Entered: 08/22/2014) |
| 08/26/2014 | 23 | **Minute Entry** Re: hearing on 8/26/2014 9:00 AM. Continued. (related document(s): 1 Complaint filed by KENMARK VENTURES, LLC) Appearances: BILL COSSITT (Hearing scheduled 10/21/2014 at 09:00 AM at BTB RN-Courtroom 2, Young Bldg.. (lkb ) (Entered: 08/26/2014) |
| 08/26/2014 | 24<br>(2 pgs) | Order Granting Motion To Withdraw As Attorney of Record (Related document(s) 18) ALAN R SMITH terminated from the case. (cly) (Entered: 08/26/2014) |
| 08/26/2014 | 25<br>(4 pgs) | Notice of Entry of Order/Judgment Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)24 Order on Motion to Withdraw as Attorney of Record.)(SMITH, ALAN) (Entered: 08/26/2014) |
| 08/26/2014 | 26<br>(3 pgs) | Certificate of Service Filed by ALAN R SMITH on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)25 Notice of Entry of Order filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (SMITH, ALAN) (Entered: 08/26/2014) |
| 10/23/2014 | 27<br>(5 pgs) | Scheduling Order. Pre-Trial Conference set for 9/16/2015 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. Trial date set for 10/15/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg..(Related document(s)1 Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (cly) (Entered: 10/23/2014) |
| 10/23/2014 | 28 | Trial Scheduled/Rescheduled. Day: 2. Trial date set for 10/16/2015 at 10:00 AM at BTB RN-Courtroom 2, Young Bldg.. (cly) (Entered: 10/23/2014) |
| 10/25/2014 | 29<br>(6 pgs) | BNC Certificate of Mailing - pdf (Related document(s)27 Scheduling Order) No. of Notices: 5. Notice Date 10/25/2014. (Admin.) (Entered: 10/25/2014) |
| 04/15/2015 | 30<br>(1 pg) | Notice of Hearing. Hearing scheduled 10/7/2015 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)1 Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (ias) (Entered: 04/15/2015) |
| 04/17/2015 | 31<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)30 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 4. Notice Date 04/17/2015. (Admin.) (Entered: 04/17/2015) |
| 07/23/2015 | 32<br>(2 pgs) | Certificate of Service Filed by ANTHONY THOMAS (cly) (Entered: 07/27/2015) |
| 09/16/2015 | 33<br>(9 pgs) | Document *Plaintiff's Pre-Trial Disclosures* with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s) 1 Complaint filed by Plaintiff KENMARK |

| | | |
|---|---|---|
| | | VENTURES, LLC.) (SILVER, WAYNE) Modified on 9/17/2015 to Relate to #1 in Place of #28 (Lakas, WM). (Entered: 09/16/2015) |
| 09/22/2015 | [34](#) (3 pgs) | Document *First Supplement to Plaintiff's Pre-Trial Disclosures* with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s) [33](#) Document filed by Plaintiff KENMARK VENTURES, LLC) (SILVER, WAYNE) Modified on 9/23/2015 to Relate to #33 (Lakas, WM). (Entered: 09/22/2015) |
| 09/22/2015 | [35](#) (21 pgs) | Trial Statement with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 09/22/2015) |
| 09/23/2015 | [36](#) (3 pgs) | (COPY) Order Granting Kenmark Ventures, LLC's Motion For Relief From Stay (cly) (Entered: 09/23/2015) |
| 10/07/2015 | [37](#) (2 pgs) | Notice of Appearance and Request for Notice Filed by JEFFREY A. COGAN on behalf of ANTHONY THOMAS, WENDI THOMAS (COGAN, JEFFREY) (Entered: 10/07/2015) |
| 10/07/2015 | 38 | **Minute Entry** Re: Trial - CHANGE AS TO START TIME ONLY - (related document(s): [1](#) Complaint filed by KENMARK VENTURES, LLC) (Hearing scheduled 10/15/2015 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (ias ) (Entered: 10/07/2015) |
| 10/13/2015 | [39](#) (1 pg) | Notice of Hearing. TRIAL RESCHEDULED 11/9/2015 and 11/10/2015 at 09:30 AM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)[1](#) Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (ias) (Entered: 10/13/2015) |
| 10/13/2015 | [40](#) (13 pgs) | Trial Statement Filed by JEFFREY A. COGAN on behalf of ANTHONY THOMAS, WENDI THOMAS (COGAN, JEFFREY) (Entered: 10/13/2015) |
| 10/14/2015 | 41 | Second Day of Trial Scheduled/Rescheduled Day: Tuesday 11/10/2015 at 09:30 AM at BTB RN-Courtroom 2, Young Bldg.. (scb) (Entered: 10/14/2015) |
| 10/15/2015 | [42](#) (2 pgs) | BNC Certificate of Mailing. (Related document(s)[39](#) Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 5. Notice Date 10/15/2015. (Admin.) (Entered: 10/15/2015) |
| 10/16/2015 | [43](#) (237 pgs; 2 docs) | Request for Judicial Notice with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)[35](#) Trial Statement filed by Plaintiff KENMARK VENTURES, LLC.) (Attachments: # [1](#) Exhibits 5 - 10) (SILVER, WAYNE) (Entered: 10/16/2015) |
| 10/30/2015 | [44](#) (57 pgs) | Supplemental Request for Judicial Notice *Exhibit 11* with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)[43](#) Request for Judicial Notice filed by Plaintiff KENMARK VENTURES, LLC.) (SILVER, WAYNE) (Entered: 10/30/2015) |
| 11/25/2015 | 45 | Trial Scheduled/Rescheduled. Day: 3. Trial date set for 12/10/2015 at 09:30 AM at BTB RN-Courtroom 2, Young Bldg.. (ias) (Entered: |

| | | 11/25/2015) |
|---|---|---|
| 11/25/2015 | 46 | Trial Scheduled/Rescheduled. Day: 4. Trial date set for 12/11/2015 at 09:30 AM at BTB RN-Courtroom 2, Young Bldg.. (ias) (Entered: 11/25/2015) |
| 12/29/2015 | 47<br>(1 pg) | Notice of Hearing. Hearing scheduled 2/8/2016 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. COURT'S RULING (Related document(s)1 Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (ias) (Entered: 12/29/2015) |
| 12/31/2015 | 48<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)47 Notice of Hearing (BNC-BK and/or ADV only)) No. of Notices: 5. Notice Date 12/31/2015. (Admin.) (Entered: 12/31/2015) |
| 02/19/2016 | 49<br>(7 pgs) | Judgment (Related document(s)1 Complaint filed by Plaintiff KENMARK VENTURES, LLC.) (cly) (Entered: 02/19/2016) |
| 03/03/2016 | 50<br>(84 pgs; 5 docs) | Motion for Determination *of Amount of Attorneys' Fees, Costs and Disbursements* with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Attachments: # 1 Declaration of Wayne A. Silver # 2 Declaration of Kevin J. LeBlanc # 3 Declaration of Amy N. Tirre # 4 Bill of Costs) (SILVER, WAYNE) (Entered: 03/03/2016) |
| 03/03/2016 | 51<br>(3 pgs) | Proposed Bill of Costs Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 03/03/2016) |
| 03/04/2016 | 52<br>(1 pg) | Notice of Deficiency (Bill of Costs-BNC) (Related document(s)51 Proposed Bill of Costs filed by Plaintiff KENMARK VENTURES, LLC.) (ksh) (Entered: 03/04/2016) |
| 03/04/2016 | 53<br>(3 pgs) | Notice of Hearing *on Kenmark Ventures, LLC Motion to Fix the Amount of Attorneys' Fees, Costs and Disbursements Against Defendant Anthony Thomas* Hearing Date: 05/04/2016 Hearing Time: 2:00 p.m. with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (Related document(s)50 Motion for Determination filed by Plaintiff KENMARK VENTURES, LLC.) (SILVER, WAYNE) (Entered: 03/04/2016) |
| 03/04/2016 | 56<br>(12 pgs) | Notice of Appeal. Filed by ANTHONY THOMAS , WENDI THOMAS . Appeal Reference # 16-09 Receipt Number 95223, Fee Amount $298 (Related document(s)49 Judgment.)(cly) (Entered: 03/07/2016) |
| 03/06/2016 | 54<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)52 Notice of Deficiency (Bill of Costs-BNC) No. of Notices: 5. Notice Date 03/06/2016. (Admin.) (Entered: 03/06/2016) |
| 03/07/2016 | 55 | Hearing Scheduled/Rescheduled. Hearing scheduled 5/4/2016 at 02:00 PM at BTB RN-Courtroom 2, Young Bldg.. (Related document(s)50 Motion for Determination filed by Plaintiff KENMARK VENTURES, LLC.) (cly) (Entered: 03/07/2016) |
| 03/07/2016 | 57 | Appeal Reference Number 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |

| | | |
|---|---|---|
| 03/07/2016 | 58<br>(8 pgs) | Appellant Designation of Record. Appeal Reference # 16-09 Filed by ANTHONY THOMAS , WENDI THOMAS , Appellant Statement of Issues. Appeal Reference # 16-09 Filed by ANTHONY THOMAS , WENDI THOMAS (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |
| 03/07/2016 | 59<br>(2 pgs) | Notice of Referral of Appeal to BAP. Appeal Reference # 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |
| 03/07/2016 | 60<br>(2 pgs) | Transmittal Form (BAP). Appeal Reference # 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |
| 03/07/2016 | 61<br>(2 pgs) | Appeal Memorandum. Appeal Reference # 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |
| 03/07/2016 | 62<br>(12 pgs) | Clerk Forwarded Appeal Documents to BNC for Noticing to: BAP (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/07/2016) |
| 03/09/2016 | 63<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)60 Transmittal Form (BAP)) No. of Notices: 2. Notice Date 03/09/2016. (Admin.) (Entered: 03/09/2016) |
| 03/09/2016 | 64<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)61 Appeal Memorandum) No. of Notices: 2. Notice Date 03/09/2016. (Admin.) (Entered: 03/09/2016) |
| 03/09/2016 | 65<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)59 Notice of Referral of Appeal to BAP) No. of Notices: 2. Notice Date 03/09/2016. (Admin.) (Entered: 03/09/2016) |
| 03/09/2016 | 66<br>(13 pgs) | BNC Certificate of Mailing - pdf (Related document(s)62 Appeal Documents Forwarded to BNC for Noticing) No. of Notices: 3. Notice Date 03/09/2016. (Admin.) (Entered: 03/09/2016) |
| 03/14/2016 | 67 | BAP Appeal Court Case# NV-16-1058 Appeal Reference # 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/14/2016) |
| 03/22/2016 | 68<br>(1 pg) | (NONCONFORMING ENTRY) Certificate of Readiness Forwarded to: BAP. Appeal Reference # 16-09 BAP # NV-16-1058 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) Modified on 4/6/2016 to Reflect Docketed in Error (Lakas, WM). (Entered: 03/22/2016) |
| 03/24/2016 | 69<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)68 Certificate of Readiness) No. of Notices: 1. Notice Date 03/24/2016. (Admin.) (Entered: 03/24/2016) |
| 04/11/2016 | 70<br>(3 pgs) | Change of Address Of Law Office of Wayne A. Silver with Certificate of Service Filed by WAYNE A. SILVER on behalf of KENMARK VENTURES, LLC (SILVER, WAYNE) (Entered: 04/11/2016) |

| | | |
|---|---|---|
| 04/15/2016 | **71**<br>(189 pgs) | Transcript regarding Hearing Held on 11/09/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/6/2016. Redacted Transcript Submission Due By 05/16/2016. Transcript access will be restricted through 07/14/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/15/2016) |
| 04/15/2016 | **72**<br>(209 pgs) | Transcript regarding Hearing Held on 11/10/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/6/2016. Redacted Transcript Submission Due By 05/16/2016. Transcript access will be restricted through 07/14/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/15/2016) |
| 04/15/2016 | **73**<br>(192 pgs) | Transcript regarding Hearing Held on 12/10/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/6/2016. Redacted Transcript Submission Due By 05/16/2016. Transcript access will be restricted through 07/14/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/15/2016) |
| 04/15/2016 | **74**<br>(147 pgs) | Transcript regarding Hearing Held on 12/11/15. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/6/2016. Redacted Transcript Submission Due By 05/16/2016. Transcript access will be restricted through 07/14/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/15/2016) |
| 04/15/2016 | **75**<br>(14 pgs) | Transcript regarding Hearing Held on 02/08/16. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Anthony Thomas. Redaction Request Due By 05/6/2016. Redacted Transcript Submission Due By 05/16/2016. Transcript access will be restricted through 07/14/2016. (ACCESS TRANSCRIPTS, LLC) (Entered: 04/15/2016) |
| 04/15/2016 | **76**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) **71** . (Entered: 04/15/2016) |
| 04/15/2016 | **77**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) **72** . (Entered: 04/15/2016) |
| 04/15/2016 | **78**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) **73** . (Entered: 04/15/2016) |
| 04/15/2016 | **79**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) **74** . (Entered: 04/15/2016) |
| 04/15/2016 | **80**<br>(1 pg) | Notice of Filing Official Transcript. Related document(s) **75** . (Entered: 04/15/2016) |
| 04/20/2016 | **81**<br>(2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)**76** Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 04/20/2016. (Admin.) (Entered: 04/20/2016) |

| | | |
|---|---|---|
| 04/20/2016 | [82](#)<br>(2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[77](#) Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 04/20/2016. (Admin.) (Entered: 04/20/2016) |
| 04/20/2016 | [83](#)<br>(2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[78](#) Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 04/20/2016. (Admin.) (Entered: 04/20/2016) |
| 04/20/2016 | [84](#)<br>(2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[79](#) Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 04/20/2016. (Admin.) (Entered: 04/20/2016) |
| 04/20/2016 | [85](#)<br>(2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)[80](#) Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 04/20/2016. (Admin.) (Entered: 04/20/2016) |
| 05/04/2016 | [86](#)<br>(2 pgs) | Status Report Forwarded to: BAP. Appeal Reference # 16-09 BAP # NV-16-1058 (Related document(s)[56](#) Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 05/04/2016) |
| 05/06/2016 | [87](#)<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)[86](#) Status Report) No. of Notices: 1. Notice Date 05/06/2016. (Admin.) (Entered: 05/06/2016) |
| 05/13/2016 | [88](#)<br>(2 pgs) | Order Granting Motion for Determination (Related document(s) [50](#)) (cly) (Entered: 05/13/2016) |
| 06/24/2016 | [89](#)<br>(4 pgs) | Amended Appellant Designation of Record. BAP # 16-1058 Filed by LAURY MILES MACAULEY on behalf of ANTHONY THOMAS, WENDI THOMAS (Related document(s)[56](#) Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (MACAULEY, LAURY). Modified on 6/24/2016 to relate to #56 (Youngblood, CL). (Entered: 06/24/2016) |
| 06/24/2016 | [90](#)<br>(1 pg) | Certificate of Readiness Forwarded to: BAP. Appeal Reference # 16-09 U.S. District Court # NV-16-1058 (Related document(s)[56](#) Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) Modified on 7/13/2016 to correct reference number(Hess, MA). (Entered: 06/24/2016) |
| 06/26/2016 | [91](#)<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)[90](#) Certificate of Readiness) No. of Notices: 0. Notice Date 06/26/2016. (Admin.) (Entered: 06/26/2016) |
| 03/28/2017 | [92](#)<br>(20 pgs) | (COPY) Final Order Re: Appeal. Appeal Reference # 16-09 BAP # NV-16-1058 (Related document(s)[56](#) Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 03/28/2017) |
| 04/18/2017 | [93](#)<br>(1 pg) | (COPY) Judgment, Final Mandate Re: Appeal. Appeal Reference # 16-09 BAP # NV-16-1058 (Related document(s)[56](#) Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(cly) (Entered: 04/18/2017) |
| 04/20/2018 | [94](#)<br>(11 pgs) | (COPY) Final Order; & Mandate Re: Appeal. Appeal Reference # 16-09 BAP # NV-16-1058 Ninth Circuit # 17-60042 (Related document(s)[56](#) |

| | | |
|---|---|---|
| | | Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.)(dcl) (Entered: 04/20/2018) |
| 05/24/2018 | 95 | Appeal Closed. APL 16-09 (Related document(s)56 Notice of Appeal filed by Defendant ANTHONY THOMAS, Defendant WENDI THOMAS.) (dcl) (Entered: 05/24/2018) |
| 05/24/2018 | 96 | Disposition and Closing of Adversary Case (cly) (Entered: 05/24/2018) |
| 08/10/2018 | 97 (34 pgs) | Transcript regarding Hearing Held on 08/22/14. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For additional information, you may contact the Transcriber Access Transcripts, LLC, Telephone number 855-873-2223. Purchasing Party: Wendi Thomas. Redaction Request Due By 08/31/2018. Redacted Transcript Submission Due By 09/10/2018. Transcript access will be restricted through 11/8/2018. (ACCESS TRANSCRIPTS, LLC) (Entered: 08/10/2018) |
| 08/10/2018 | 98 (1 pg) | Notice of Filing Official Transcript. Related document(s) 97 . (admin) (Entered: 08/10/2018) |
| 08/15/2018 | 99 (2 pgs) | BNC Certificate of Mailing - pdf (Related document(s)98 Notice of Filing Official Transcript (BNC-Adv)) No. of Notices: 3. Notice Date 08/15/2018. (Admin.) (Entered: 08/15/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/07/2019 14:31:21 | | |
| **PACER Login:** | SilverWs:2664200:0 | **Client Code:** | TVB |
| **Description:** | Docket Report | **Search Criteria:** | 14-05022-btb Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

EXHIBIT 8

[Judgment in Santa Clara Superior Court, Case No. 108CV130667]

1  DAVID I. KORNBLUH, ESQ., SBN 162310
   J. CARLOS ORELLANA, ESQ., SBN 233403
2  MILLER, MORTON, CAILLAT & NEVIS, LLP
   25 Metro Drive, 7th Floor
3  San Jose, California  95110
   Telephone: (408) 292-1765
4  Facsimile: (408) 436-8272

5  Attorneys for Plaintiff KENMARK VENTURES, LLC,
   a California Limited Liability Company
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SANTA CLARA

10

11  KENMARK VENTURES, LLC, a California    )  Case No.:  108CV130677
    limited liability company,             )
12                                         )
13              Plaintiff,                 )  STIPULATION FOR JUDGMENT AND
                                           )  [PROPOSED] JUDGMENT
14       vs.                               )
                                           )
15  TONY THOMAS, an individual;            )
    ELECTRONIC PLASTICS, LLC, a Delaware   )
16  limited liability company; MICHAEL     )
    GARDINER, an individual; and DOES 1    )
17  through 100, inclusive,                )
                                           )
18              Defendants.                )
                                           )
19  _____   )
                                           )
20  AND RELATED CROSS-COMPLAINT            )
                                           )
21                                         )
22

23                           **RECITALS**

24     **WHEREAS**, on or about December 19, 2008 Plaintiff Kenmark Ventures, LLC

25  ("Kenmark") filed suit against Defendants Anthony Thomas, Electronic Plastics, LLC, and

26  Michael Gardner;

27     **WHEREAS**, on or about March 20, 2009, Defendant filed its First Amended Complaint

28  against Defendants Anthony Thomas, Electronic Plastics, LLC, and Michael Gardner alleging,

                                    1

STIPULATION FOR JUDGMENT

RJN005

1    *inter alia*, causes of action for fraud on the alleged basis that Defendant Anthony Thomas as the

2    sole member of AT Emerald, LLC, and Defendant Michael Gardiner defrauded Kenmark into

3    loaning $6,110,000.00 to Anthony Thomas and Electronic Plastics, LLC based on written

4    misrepresentations and concealments;

5        **WHEREAS**, on or about October 5, 2011, the parties reached a settlement of this action

6    which they stated on the record before the Court (the "Settlement");

7        **WHEREAS**, a true and correct copy of the transcript of the hearing at which the

8    Settlement was entered into the record is attached hereto as Exhibit "A";

9        **WHEREAS**, the Settlement, among other things, required Defendants Thomas and

10   Gardner, jointly and severally to pay Kenmark a total of $5,000,000 in installments of $500,000

11   on January 1, 2013, $500,000 on January 1, 2014, $1,000,000 on January 1, 2015, $1,000,000 on

12   January 1, 2016, and $1,000,000 on January 1, 2017, with a five-day grace period for each

13   payment;

14       **WHEREAS**, Defendants Thomas and Gardner made their first payment under the

15   Settlement but have not made any further payments within the time specified in the Settlement;

16       **WHEREAS**, the Settlement provides that upon the failure of Defendants Thomas and

17   Gardner to pay any settlement payment, Kenmark may obtain entry of judgment against

18   Defendants Thomas and Gardner, jointly and severally, on Kenmark's Fourth Cause of Action

19   for Fraud and Fifth Cause of Action for Fraud;

20       **WHEREAS**, Defendant Thomas has promised to pay $575,000 toward the stipulated

21   settlement amount on or before January 30, 2014; and

22       **WHEREAS**, Defendant Thomas's legal name is Anthony as reflected in the transcript of

23   the October 5, 2011 hearing before this Court that is attached hereto as Exhibit "A".

24       **IT IS HEREBY STIPULATED** by the parties hereto as follows:

25       1.    If payment of $550,000 is not received by Kenmark on or before January 30,

26   2014, judgment shall hereby be entered in favor of Plaintiff Kenmark Ventures, LLC against

27   Defendants Anthony Thomas jointly and severally with Defendant Michael Gardner, on

28   Kenmark's Fourth Cause of Action for Fraud and Fifth Cause of Action for Fraud in the

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

STIPULATION FOR JUDGMENT

2

RJN006

1   principal sum of $4,500,000 (four million, five hundred thousand dollars) together with interest
2   on the judgment thereafter at the rate of 10% per annum, as provided by law.

3         2.    The Clerk of the Court is authorized to enter judgment against Defendant
4   Thomas in his correct legal name of Anthony Thomas rather than Tony Thomas.

5         3.    Defendant Thomas authorizes Kenmark to file this Stipulation and to obtain entry
6   of judgment on an *ex parte* basis.

7         4.    This Stipulation is entered into freely and voluntarily. The parties to this
8   stipulation acknowledge that they have been represented by counsel of their choice, or had the
9   option to be represented by counsel of their choice, in the negotiations that preceded the
10  execution of this Stipulation and in connection with the preparation and execution of this
11  Stipulation. Each party hereto has executed this Stipulation with full knowledge of its
12  significance and with the express intention of affecting its legal consequence. None of the
13  parties hereto have relied upon any representation of any other party in signing this Stipulation.

14        5.    This Stipulation may be executed in counterparts and executed facsimiles or PDF
15  files thereof may be used in lieu of the original for all purposes.

16  Dated: January 27, 2014

18  KENMARK VENTURES, LLC, Plaintiff
19  By: Kenneth Tersini
    Its: Managing Member

20  Dated: January 9, 2014

22  ANTHONY THOMAS, Defendant

23  397666_1

24  //
25  //
26  //
27  //
28  //

MILLER, MORTON, CAILLAT & NEMS, LLP
25 Metro Drive, 7" Floor
San Jose, CA 95110
Telephone: (408) 292-1765

STIPULATION FOR JUDGMENT

3

RJN007

1

## JUDGMENT BY STIPULATION

2   The Court, having considered the Stipulation of Plaintiff Kenmark Ventures, LLC and

3   Defendant Anthony Thomas, and good cause appearing therefor,

4   **HEREBY ENTERS JUDGMENT** in favor of Plaintiff Kenmark Ventures, LLC

5   against Defendant Anthony Thomas, jointly and severally, on Kenmark Ventures, LLC's Fourth

6   Cause of Action for Fraud and Fifth Cause of Action for Fraud in the principal sum of

7   $4,500,000 (four million, five hundred thousand dollars). This judgment shall accrue interest at

8   the rate of ten percent (10%) per year from the date of entry of this judgment.

9   The Clerk of the Court is authorized to enter judgment against Defendant Thomas in his

10   correct legal name of Anthony Thomas rather than Tony Thomas.

11

12   Dated: _____ OCT 08 2015

13

14

15   **WILLIAM J. ELFVING**

16   _____

    JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4

STIPULATION FOR JUDGMENT

EXHIBIT 9

[Adversary Complaint, Kenmark v. Thomas, Adversary
Proceeding No. 14-5022]

1   WAYNE A. SILVER, Esq. (CA 108135)
    333 West El Camino Real, Suite 310
2   Sunnyvale, California 94087
3   Email: w_silver@sbcglobal.net
    Tel. (408) 720-7007
4   Fax. (408) 720-7001
    (*Admitted Pro Hac Vice*)
5
6   LAW OFFICES OF AMY N. TIRRE
    Amy N. Tirre, Esq. (NV 6523)
7   3715 Lakeside Dr., Suite "A"
    Reno, NV 89509
8   Email: amy@amytirrelaw.com
    Tel. (775) 828-0909
9   Fax. (775) 828-0914
10
    Attorneys for Plaintiff,
11  KENMARK VENTURES, LLC

12              UNITED STATES BANKRUPTCY COURT

13                     DISTRICT OF NEVADA

14
15  In re:                              Case No. BK-N-14-50333-BTB
                                        Case No. BK-N-14-50332-BTB
16  ANTHONY THOMAS and WENDI
    THOMAS,                             Chapter 11
17
    AT EMERALD, LLC,                    [Jointly Administered]
18
               Debtors.
19                                      Adv. Pro. No. 14- 05022
    KENMARK VENTURES, LLC
20
               Plaintiff,
21                                      COMPLAINT FOR DAMAGES AND TO
         v.                             DETERMINE DISCHARGEABILITY OF
22                                      DEBT
    ANTHONY THOMAS and WENDI
23  THOMAS,                             [11 U.S.C. §523(A)(2)]

24             Defendants.

25      Plaintiff KENMARK VENTURES, LLC ("Plaintiff"), through its counsel Wayne A. Silver

26  and Amy N. Tirre, hereby complains and alleges against ANTHONY THOMAS and WENDI

27  THOMAS ("Defendants") the following:

28              I.      JURISDICTIONAL ALLEGATIONS

                                                                        Page 1

    Complaint for Damages and To Determine Dischargeability of Debt

                                                                RJN 009

1.     This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

2.     This adversary proceeding arises out of and is related to Defendants' above-captioned Chapter 11 bankruptcy case No. BK-N-14-50333-BTB ("Bankruptcy Case"), pending before the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). The Bankruptcy Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and Rule 1001(b)(2) of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada.

3.     The claims for relief set forth herein are proceedings to determine the dischargeability of particular debts and, as such, are core proceedings pursuant to 28 U.S.C. §157(b)(2)(I). If these claims are determined to be "noncore" however, Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

4.     Venue is proper pursuant to 28 U.S.C. §1409.

5.     Defendants filed their chapter 11 voluntary bankruptcy petition on March 4, 2014 in the Bankruptcy Court, thereby initiating the Bankruptcy Case.

## II.     PARTIES

6.     Plaintiff is a California Limited Liability Company doing business in Santa Clara County, California.

7.     Plaintiff is informed and believes Defendants are married adult individuals and the Debtors in the above-referenced Bankruptcy Case. Defendant WENDI THOMAS is sued solely to the extent of her community property interests and to the extent Plaintiff is determined to be the holder of a "community claim" as defined by 11 U.S.C. §101(7), et seq.

8.     The last address for the Defendants, as listed in the mailing matrix on their original bankruptcy petition is: 7725 Peavine Peak Court, Reno, Nevada 89523.

9.     ELECTRONIC PLASTICS, LLC ("EPL"), a Delaware limited liability company with its principal place of business in Solano Beach, California. EPC, although not a named defendant, is a material actor in the events and transactions described below. Plaintiff is informed and believes that there is a unity of interest and ownership between ANTHONY THOMAS and EPL, such that

Page 2

Complaint for Damages and To Determine Dischargeability of Debt

RJN 010

1   the separate personalities of ANTHONY THOMAS and EPL no longer exist, and that if the acts are

2   treated as those of EPL alone, it would sanction a fraud or promote injustice to uphold the EPL

3   corporate entity and allow ANTHONY THOMAS to escape personal liability for the debt.

4         10.    On information and belief, ANTHONY THOMAS is personally liable for directly

5   authorizing and/or actively participating in and/or controlling the wrongful or tortious conduct

6   described below, notwithstanding the fact that ANTHONY THOMAS was purporting to act on

7   behalf of EPL.

8         11.    ANTHONY THOMAS is therefore fully responsible for any obligation owed to

9   Plaintiff by EPL. Plaintiff expressly reserves the right to name EPL as a defendant in this Adversary

10   Proceeding to the extent necessary to enforce Plaintiff's rights and remedies against Defendants.

11         **III.**    **GENERAL ALLEGATIONS**

12         12.    In early 2007, in San Jose, California, Defendant ANTHONY THOMAS purportedly

13   acting on behalf of and in concert with EPL, approached Plaintiff seeking to borrow funds, allegedly

14   to pay for the development and marketing of a proprietary biometric smartcard technology for

15   authenticating identification for electronic transactions and other applications (hereinafter

16   "Smartcard Technology"). ANTHONY THOMAS represented to Plaintiff that EPL was at the stage

17   of marketing the Smartcard Technology for commercial use and manufacturing, that there was

18   significant interest in various industry sectors in purchasing security products containing the

19   Smartcard Technology and EPL was forecasting that they would be selling 30 million smartcards in

20   the next 24 to 30 months.

21         13.    Plaintiff was not interested in making an equity investment in EPL for the

22   development and marketing of Smartcard Technology or otherwise; however, on the basis of

23   ANTHONY THOMAS ' representations and the written business plan provided by ANTHONY

24   THOMAS and EPL, Plaintiff was willing to lend money to ANTHONY THOMAS and EPL, to be

25   used for the sole and specific purpose of developing and marketing the Smartcard Technology,

26   provided that ANTHONY THOMAS and EPL were able to provide adequate security for any sums

27   loaned.

28         14.    In response to Plaintiff's requirement for adequate security for the loan sought by

Complaint for Damages and To Determine Dischargeability of Debt

RJN 011

1   ANTHONY THOMAS and EPL, ANTHONY THOMAS represented to Kenneth Tersini, as an

2   agent of Plaintiff and to other members of Plaintiff and their agents and representatives, that he

3   owned a raw emerald weighing over 21,000 carats and appraised as having a value of over Five

4   Hundred Million Dollars ($500,000,000.00) (hereinafter the "Emerald") and that ANTHONY

5   THOMAS was willing to provide the Emerald as security for Plaintiff's loan.

6       15.    Based on these representations and written materials material provided by

7   ANTHONY THOMAS and EPL, Plaintiff agreed to loan ANTHONY THOMAS and EPL up to Six

8   Million One Hundred Ten Thousand Dollars ($6,110,000.00) through a series of fundings, for the

9   specific purpose of developing and marketing the Smartcard Technology.

10      16.    Pursuant to the terms of the initial oral agreement, commencing in June of 2007 and

11  ending in May 2008, through a series of fundings, Plaintiff loaned a total of Six Million One

12  Hundred Ten Thousand Dollars ($6,110,000.00) to ANTHONY THOMAS and EPL

13      17.    In or about June 2007, ANTHONY THOMAS delivered possession of the Emerald to

14  Plaintiff by depositing the Emerald in a security deposit box at Wells Fargo Bank in Reno, Nevada

15  and delivering to Plaintiff's agent the key to said security deposit box, all for the purpose of allowing

16  Plaintiff to perfect its security interest in the Emerald by possession. Out of an abundance of caution,

17  Plaintiff also perfected its security interest in the Emerald by filing a UCC-1 with the State of

18  Nevada, where the Emerald was then located.

19      18.    On or about October 25, 2007, ANTHONY THOMAS and EPL executed and

20  delivered a secured Promissory Note in the then current principal amount of Three Million Dollars

21  ($3,000,000.00), and to include and be increased by any and all additional future advances (the

22  "Note"). The Note was secured by a Security Agreement designating the Emerald as collateral for

23  performance of the Note ("Security Agreement"). True and correct copies of the Note and Security

24  Agreement are attached hereto as Exhibit "A" and "B," respectively. Subsequent to the execution of

25  Exhibit "A," Plaintiff loaned an additional Three Million One Hundred Ten Thousand Dollars

26  ($3,110,000.00) to ANTHONY THOMAS and EPL, increasing the total amount owed under the

27  Note to Six Million One Hundred Ten Thousand Dollars ($6,110,000.00).

28      19.    In or about May 2008, ANTHONY THOMAS requested that Plaintiff allow the

Page 4

Complaint for Damages and To Determine Dischargeability of Debt

1   Emerald to be removed from the security bank box in Reno, Nevada and transported to a vault in

2   Sarasota, Florida, to be shown to a potential buyer or buyers, allegedly interested in purchasing the

3   Emerald. ANTHONY THOMAS also represented that upon any sale of the Emerald, and directly

4   from the proceeds of the sale of the Emerald, they would immediately repay Plaintiff the outstanding

5   balance of the Note. Based on such representations, Plaintiff authorized ANTHONY THOMAS to

6   transport the Emerald to Florida to be deposited in a vault in Sarasota, Florida for the sole purpose of

7   allowing the potential buyer(s) to examine the Emerald and effectuate the sale of the Emerald to

8   such potential buyer(s). However, once the Emerald was in Sarasota, Florida, ANTHONY

9   THOMAS refused Plaintiff access to the Emerald and made various excuses about alleged delays in

10  selling the Emerald. Plaintiff was later informed by ANTHONY THOMAS that the potential buyer

11  had a funding problem and could not proceed with the purchase.

12          20.     On or about October 31, 2008, Plaintiff made a written demand to ANTHONY

13  THOMAS and EPL to pay the Six Million One Hundred Ten Thousand Dollars ($6,110,000.00)

14  owed under the Note and return the possession of Emerald to Plaintiff to be held as security or

15  otherwise disposed of pursuant to the terms of the Security Agreement. A copy of Plaintiff's demand

16  letter is attached as Exhibit "C". In response to Plaintiff's demand, on or about November 6, 2008,

17  Plaintiff received a letter from Defendants, through their attorney, advising that ANTHONY

18  THOMAS and EPL refused to pay any amount owed under the Note or deliver possession of the

19  Emerald.

20          21.     Plaintiff therefore brought a Replevin action in the Circuit Court for the Twelfth

21  Judicial Circuit in Sarasota County, Florida, Case No. 2008-CA-20557-NC to recover possession of

22  the Emerald pursuant to the terms of the Security Agreement (the "Florida Replevin Action"). As the

23  result of such action, the Emerald was held in Florida by Sarasota Vault, under the order of the

24  Florida Circuit Court, which prohibited the Defendants in the Florida Replevin Action from gaining

25  access to the Emerald, pending further order of the Florida Circuit Court.

26          22.     Plaintiff also brought a civil action against ANTHONY THOMAS, EPL and others in

27  the Santa Clara Superior Court, Case No. 108CV130677 (the "Santa Clara Lawsuit"). The Santa

28  Clara Lawsuit was settled during trial, and called for ANTHONY THOMAS, EPL and the other

Complaint for Damages and To Determine Dischargeability of Debt

RJN 013

1  named defendants in the Santa Clara Lawsuit to pay Five Million Dollars ($5,000,000.00) to the

2  Plaintiff in a series of annual installment payments commencing on January 1, 2013 and ending on

3  January 1, 2017. The Florida Replevin Action was dismissed as a condition of the settlement in the

4  Santa Clara Lawsuit, as was a cross-complaint filed by ANTHONY THOMAS and jointly

5  administered debtor A.T. EMERALD, LLC against Plaintiff. Although the settlement was not

6  reduced to written agreement, it was placed on the record in the Santa Clara Lawsuit. A copy of the

7  Transcript from that October 5, 2011 hearing in the Santa Clara Action is attached as Exhibit "D".

8                          **FIRST CLAIM FOR RELIEF**

9                **Money Damages for Breach of Settlement Agreement**

10        23.        Plaintiff realleges and incorporates herein by this reference each of the allegations

11  contained in paragraphs 1 – 22 above as though fully set forth hereagain in full.

12        24.        ANTHONY THOMAS made a $500,000.00 payment under the terms of the

13  settlement agreement in the Santa Clara Lawsuit, however failed to make the payment due on

14  January 1, 2014, or any subsequent payments.

15        25.        On or about January 9, 2014, ANTHONY THOMAS and Plaintiff agreed to a

16  Stipulation for Judgment in the Santa Clara Lawsuit ("Stipulation"), a copy of which is attached as

17  Exhibit "E". ANTHONY THOMAS further agreed to pay Plaintiff $575,000.00 toward the

18  settlement agreement in the Santa Clara Lawsuit in exchange for an extension of the payment date to

19  January 31, 2014, and Plaintiff's agreement not to file the Stipulation before that date.

20        26.        ANTHONY THOMAS failed to pay the agreed $575,000.00 toward the settlement

21  agreement in the Santa Clara Lawsuit on or before January 31, 2014, and Plaintiff therefore gave the

22  required notice to ANTHONY THOMAS of its intent to seek entry of judgment on the Stipulation.

23  Plaintiff was prevented from obtaining a judgment against ANTHONY THOMAS by the filing of

24  the Bankruptcy Case on March 4, 2014.

25        27.        As a result, there is due and owing and unpaid from ANTHONY THOMAS to

26  Plaintiff the sum of Four Million Five Hundred Thousand Dollars ($4,500,000.00), together with

27  interest thereon at the rate often percent (10%) per annum, plus attorneys' fees as allowed under the

28  Note in an amount to be proven at trial ("Plaintiff's Claim").

Complaint for Damages and To Determine Dischargeability of Debt

RJN 014

1    **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as set

2    forth below.

3                                    **SECOND CLAIM FOR RELIEF**

4                    **Nondischargeability – Fraud (Intentional Misrepresentation)**

5                                      **[11 U.S.C. §523(a)(2)]**

6    28.    Plaintiff realleges and incorporates herein by this reference each of the allegations

7    contained in paragraphs 1 – 27 above as though fully set forth hereagain in full.

8    29.    On or about May 1, 2007, in San Jose, California, ANTHONY THOMAS orally

9    represented to Plaintiff, through its agent and members, Kenneth Tersini and Mark Tersini, that EPL

10   owned or had an exclusive worldwide license for the use of the Smartcard Technology for all

11   commercial purposes including manufacturing and marketing. Plaintiff, through its agents Kenneth

12   Tersini and Mark Tersini, heard and believed these representations and relied on these

13   representations in making the decision to lend and actually lending money to Defendants, as is

14   evidenced by the Note.

15   30.    ANTHONY THOMAS made the representation in ¶29 to induce Plaintiff to make

16   loans to him and to EPL in the ultimate amount of Six Million One Hundred Ten Thousand Dollars

17   ($6,110,000.00) to support the development and marketing of Smartcard Technology. This

18   representation was false, and ANTHONY THOMAS knew said representation to be false at the time

19   it was made. The true facts were, on information and belief, that EPL did not own or have credible or

20   legal claim to the Smartcard Technology.

21   31.    On or about June 1, 2007, in San Jose, California, ANTHONY THOMAS orally

22   represented to Plaintiff, through its agents and members, Kenneth Tersini and Mark Tersini, that

23   ANTHONY THOMAS and ELP were seeking funding to develop and market the Smartcard

24   Technology and that all loans received from Plaintiff would be used solely and exclusively for such

25   purpose. This representation was made to induce Plaintiff to make loans to him and to EPL in the

26   ultimate amount of Six Million One Hundred Ten Thousand Dollars ($6,110,000.00) to support the

27   development and marketing of Smartcard Technology. Plaintiff, through its agents Kenneth Tersini

28   and Mark Tersini, heard and believed these representations and relied on these representations in

Complaint for Damages and To Determine Dischargeability of Debt

RJN 015

1  making the decision to lend and actually lending money to Defendants, as is evidenced by the Note.

2       32.    ANTHONY THOMAS's representations in ¶31 regarding the use of funds were false.

3  The falsity of these statements was known to ANTHONY THOMAS at the time they were made.

4  The true facts were that ANTHONY THOMAS intended to and did use, or cause ELP to use, the

5  sums evidenced by the Note and secured by the Security Agreement for purposes unrelated to

6  production and marketing of Smartcard Technology. Plaintiff is informed and believes, and thereon

7  alleges that ANTHONY THOMAS used the loan proceeds made pursuant to the Note for purposes

8  other than the development and marketing of the Smartcard Technology, and used some or all of the

9  proceeds for his personal expenses.

10       33.    On or about May 1, 2007, in San Jose, California, ANTHONY THOMAS orally

11  represented to Plaintiff, through its agent and members, Kenneth Tersini and Mark Tersini, that the

12  Emerald described in ¶14 was extremely valuable and worth in excess of Five Hundred Million

13  Dollars ($500,000,000.00). This representation was made to induce Plaintiff to make loans to him

14  and to EPL in the ultimate amount of Six Million One Hundred Ten Thousand Dollars

15  ($6,110,000.00) to support the development and marketing of Smartcard Technology. Plaintiff,

16  through its agents Kenneth Tersini and Mark Tersini, heard and believed these representations and

17  relied on these representations in making the decision to lend and actually lending money to

18  Defendants, as is evidenced by the Note.

19       34.    ANTHONY THOMAS's representations in ¶33 were false, and ANTHONY

20  THOMAS knew said representation to be false at the time it was made. The true facts were the

21  Emerald was worth far less than Five Hundred Million Dollars ($500,000,000.00), its value was not

22  sufficient to secure Plaintiff's loan, and ANTHONY THOMAS knew his appraisal was false.

23       35.    Plaintiff did not know of the fraud perpetrated by ANTHONY THOMAS when

24  Plaintiff made the demand for payment under the Note on October 31, 2008.

25       36.    When ANTHONY THOMAS made the aforesaid representations in ¶¶29, 31 and 33

26  and 34, he knew them to be false and made them with the intention to induce Plaintiff to act in

27  reliance on these representations and to make the loans, as alleged above.

28       37.    Plaintiff, at the time the representations in ¶¶29, 31 and 33 were made by ANTHONY

Page 8

---

Complaint for Damages and To Determine Dischargeability of Debt

RJN 016

1   THOMAS and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of

2   ANTHONY THOMAS's representations and believed them to be true. In reliance on these

3   representations, Plaintiff was induced to and did make a series of funding totaling Six Million One

4   Hundred Ten Thousand Dollars ($6,110,000.00) to ANTHONY THOMAS and ELP pursuant to

5   Exhibits "A" and "B". Had Plaintiff known the true facts, it would not have taken such action.

6   Plaintiff's reliance on ANTHONY THOMAS's representations in ¶¶29, 31 and 33 was justified

7   because Plaintiff had no cause to disbelieve him.

8        38.    As a proximate result of the fraudulent statements of ANTHONY THOMAS in

9   ¶¶29, 31 and 33, Plaintiff was induced to lend Six Million One Hundred Ten Thousand Dollars

10  ($6,110,000.00) to ANTHONY THOMAS and ELP. Plaintiff's Claim pursuant to the settlement in

11  the Santa Clara Lawsuit, is therefore non-dischargeable under 11 U.S.C. §523(a)(2).

12       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set

13  forth below.

14                          **THIRD CLAIM FOR RELIEF**

15                 **Nondischargeability – Fraud (Concealment)**

16                        **[11 U.S.C. §523(a)(2)]**

17       39.    Plaintiff realleges and incorporates herein by this reference each of the allegations

18  contained in paragraphs 1 – 38 above as though fully set forth hereagain in full.

19       40.    On or about May 1, 2007, in San Jose, California, ANTHONY THOMAS orally

20  represented to Plaintiff, through its agent and members, Kenneth Tersini and Mark Tersini, that EPL

21  owned or had an exclusive worldwide license for the use of the Smartcard Technology for all

22  commercial purposes including manufacturing and marketing in order to induce Plaintiff to make

23  loans in the ultimate amount of Six Million One Hundred Ten Thousand Dollars ($6,110,000.00) to

24  support the development and marketing of Smartcard Technology.

25       41.    ANTHONY THOMAS, at the time he made the representation to Plaintiff alleged in

26  ¶40, concealed the fact that EPL was, in fact not the owner of the Smartcard Technology and that

27  EPL and its members, as of May 1, 2007, were defendants in an on-going litigation then pending in

28  Federal Court in San Francisco, California, where it was alleged that EPL and/or its members stole

                                                                              Page 9

Complaint for Damages and To Determine Dischargeability of Debt

RJN 017

1   the Smartcard Technology and challenged the right of EPL to use or distribute the Smartcard

2   Technology.

3       42.     The true facts were, on information and belief, that EPL did not own or have credible

4   or legal claim to the Smartcard Technology.

5       43.     ANTHONY THOMAS failed to disclose and suppressed the fact alleged in ¶¶40 - 42.

6       44.     ANTHONY THOMAS's concealment of the existence of the pending legal action

7   and suppressions of information herein alleged was undertaken with the intent to induce Plaintiff to

8   loan $6,100,000 to ANTHONY THOMAS and EPL.

9       45.     Plaintiff, at the time these failures to disclose and suppression of material facts

10  alleged in ¶¶40 – 42 occurred and at the time Plaintiff took the actions herein alleged, was ignorant

11  of the true facts and the existence of the facts that ANTHONY THOMAS suppressed and failed to

12  disclose. If Plaintiff had been aware of the true facts and existence of the facts suppressed and

13  concealed, Plaintiff would not have made a loan in the amount of Six Million One Hundred Ten

14  Thousand Dollars ($6,110,000.00) or any lesser amount to ANTHONY THOMAS and EPL. As a

15  result of the Plaintiffs reliance on ANTHONY THOMAS's concealments, Plaintiff was damaged in

16  the sum of Six Million One Hundred Ten Thousand Dollars ($6,110,000.00).

17      46.     The aforementioned conduct of ANTHONY THOMAS constitutes a concealment of

18  material facts known to him that he had a duty to disclose to Plaintiff in connection with the

19  transactions alleged herein. ANTHONY THOMAS's concealment of these material facts was done

20  with the express intention of depriving Plaintiff of property or legal rights or otherwise causing

21  injury.

22      **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

23  follows:

24      1.      For judgment against Defendants in the amount of Four Million Five Hundred

25  Thousand Dollars ($4,500,000.00), together with interest thereon at the rate of ten percent (10%) per

26  annum, plus attorneys' fees as allowed under the Note in an amount to be proven at trial

27  ("Judgment");

28      2.      A declaration that such Judgment is non-dischargeable pursuant to 11 U.S.C.

Page 10

Complaint for Damages and To Determine Dischargeability of Debt

RJN 018

1    §523(a)(2);

2         3.      Costs and attorneys' fees as allowed by law; and,

3         4.      Such further relief as the Court feels is fair and equitable under the circumstances

4    alleged herein.

5         Dated: May 31, 2014

6                                          /s/ Wayne A. Silver
                                           Wayne A. Silver, attorney for Plaintiff
7                                          KENMARK VENTURES, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages and To Determine Dischargeability of Debt

RJN 019

EXHIBIT "A"

[Demand Note]

RJN 020

## SECURED DEMAND NOTE

$1,000,000.00

October 26
~~November 1, 2007~~

Cupertino, CA.

For value received, the undersigned, Electronic Plastics, LLC. and Tony Thomas (collectively, "Maker"), promise to pay to the order of Konmark Ventures, LLC., a California limited liability company ("Holder"), on demand, the sum of Five Million Dollars ($5,000,000.00), together with such additional advances which may be made by Holder to Maker, payable at 21710 Stevens Creek Blvd., #200, Cupertino, CA 95014 or at any other place that may be designated in writing by the Holder. All sums due are payable in lawful money of the United States of America. This Demand Note ("Note") is secured by certain collateral under a Security Agreement executed by the Maker concurrently with the Note.

If the Maker fails to pay this Note when demanded by the Holder, the amount due under the Note shall accrue interest at the rate of ten percent (10%) from the date when the demand was made until paid.

All payments on this Note will be applied first to the payment of any costs, attorney's fees or other charges incurred in connection with the indebtedness evidenced by this Note; next, to the payment of accrued interest; then to the reduction of the principal balance; or in any other order that the Holder requires.

Maker will pay to the Holder all sums owing under this Note without deduction, offset, or counterclaim of any kind. The relationship of Maker and Holder under this Note is solely that of Maker and Holder, and the loan evidenced by this Note and secured by the Security Agreement will in no manner make Holder the partner or joint venturer of Maker.

If any attorney is engaged by Holder to enforce or construe any provision of this Note or the Security Agreement, with or without the filing of any legal action or proceeding, Maker shall immediately pay to Holder on demand all attorney fees and other costs incurred by Holder, together with interest from the date of the demand until paid.

No previous waiver or failure or delay by Holder in acting with respect to the terms of this Note or the Security Agreement will constitute a waiver of any breach, default, or failure of condition under this Note or the Security Agreement.

All notice required or permitted in connection with this Note will be in writing and will be given at the place and in the manner provided in the Security Agreement for the giving of notices.

Maker waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. Time is of the essence with respect to every provision of this Note. This Note will be construed and enforced in accordance with California law.

Page 1 of 2

RJN 021

**Jury Trial Waiver:** IN ORDER TO AVOID DELAYS IN TIME AND ANY PREJUDICE THAT MAY ARISE FROM TRIAL BY JURY AND IN LIGHT OF THE COMPLEXITIES OF THIS TRANSACTION, IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATING TO THIS NOTE, THE OTHER LOAN DOCUMENTS AND/OR IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS NOTE, THE OTHER LOAN DOCUMENTS AND/OR ANY OTHER INSTRUMENT, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE, THE MAKER, WITH THE PRIOR ADVICE OF COUNSEL, KNOWINGLY, INTELLIGENTLY, AND AS A BARGAINED FOR MATTER, WAIVES ITS RIGHT TO TRIAL BY JURY AND AGREES AND CONSENTS THAT ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION IN RESPECT TO SUCH LITIGATION SHALL BE DECIDED BY TRIAL TO THE COURT WITHOUT A JURY.

IN WITNESS WHEREOF, MAKER has executed this Note as of the date and year first above written at Cupertino, California.

Date: 10/25/07

Electronic Plastics, LLC.
By: _____
Tony Thomas, Manager

_____
Tony Thomas

:ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.CorporateLibrary:23613.1

Page 2  of 2

RJN 022

# EXHIBIT "B"

## [Security Agreement]

RJN 023

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the "Security Agreement") is entered into effective as of the 25 ᵗʰ day of August October, 2007, by and between TONY THOMAS ("Maker") and KENMARK VENTURES, LLC, a California limited liability company ("Secured Party").

### RECITALS

A.     Maker and Electronic Plastics, LLC borrowed the sum of $X,000,000.00 from Secured Party and executed that certain Demand Note (the "Note") of even date herewith.

B.     As security for the payment and performance of the obligations under the Note, Maker desires to grant to Secured Party a security interest in certain property as hereinafter provided.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.     Grant of Security Interest.  Maker hereby grants to Secured Party a security interest in the property described in Section 2 below ("Collateral") to secure Maker's obligations under the Note, and all additional advances thereunder.

2.     Collateral. The Obligations shall be secured by a security interest in the following personal property;  that certain uncut emerald weighing over 21,000 karats currently in the possession of Shawn Milligan, who is an agent of the Secured Party and kept in a security deposit box, Box Number 7758, at Wells Fargo Bank, MAC S4619-001, 200 So. Virginia St., Reno, Nevada 89501.

3.     Term.  The security interest established by this Security Agreement shall remain in effect until all obligations of Maker under the Note and this Security Agreement shall have been satisfied in full (the "Term").

4.     Perfection of Security Interest. Maker has already delivered possession of the Collateral to the Secured Party for the obligations under the Note, by delivering both keys issued by Wells Fargo Bank to said security deposit box  to Shawn Milligan, who is an agent of the Secured Party. Furthermore, at Secured Party's discretion, Secured Party may file a financing statement against the Collateral in compliance with NRS sections 104.9310 and 104.9501 et seq. and the applicable provisions of the law of any other state in which the Collateral may be held or as otherwise deemed appropriate by Secured Party..

5.     Secured Obligations.  The security interest granted hereunder is created and granted to secure each of the obligations under the Note.

6.     Rights of Commercial Code.  The parties hereto acknowledge that this Security Agreement is being made under the California Uniform Commercial Code as enacted and

1

122

interpreted under the laws of the State of California, and all parties shall have the rights and obligations set forth therein as supplemented and modified by the terms of this Agreement.

7.     Election of Remedies.   Once an event of default has occurred under this Agreement or when the Note or Agreement or any other written Agreement between the Maker and the Secured Party, the Secured Party shall give written notice to Maker concerning the occurrence of an event of default.  Maker shall have 60 days to cure.  In the event that the default is not cured within the 60-day period, after 30 days after the expiration of the 60-day cure period, Secured Party may then, or at any time thereafter, elect any of the following remedies:

(a)     Sell the Collateral to satisfy the Obligations, or any part thereof, including the expense of such sale.  The sale, at the option of Secured Party, may be at a private or public sale, upon the giving of such notice or notification to Maker as may be required by the California Uniform Commercial Code, by mailing notice, postage prepaid, to Maker's address provided for below.

(b)     In lieu of the right to sell the Collateral as provided for above, Secured Party may elect to retain the Collateral in satisfaction of all the Obligations of Maker hereunder after having given notice of such election to Maker; provided, however, that Maker does not object, in writing, to such retention which shall be delivered to Secured Party on or before fifteen (15) days after Secured Party's receipt of notice of the intent to retain the Collateral.

(c)     Secured Party may enforce its security interest granted hereunder in any manner permitted by the California Commercial Code.

8.     Application of Proceeds.   The proceeds of any sale described above shall be applied, in order, to the following:

(a)     Reasonable expenses of retaking, holding, preparing for sale, selling and the like, and to the extent provided for in this Agreement and no prohibited by law, reasonable attorneys' fees and legal expenses incurred by Secured Party; and

(b)     Satisfaction of the Obligations secured by the security interest under which the disposition is made.

9.     Purchase by Secured Party.   Secured Party may purchase the Collateral at any public or private sale under conditions specified in the California Commercial Code.  Any sale hereunder may be conducted by an auctioneer or agent of Secured Party.

10.     Authorized Action by Secured Party.   Maker hereby appoints Secured Party as its attorney in fact to do upon the event of default under this Security Agreement or the Note, and exercise such rights and powers as Maker may exercise with respect to the Collateral.

11.     Events of Default.   Maker shall be deemed in default hereunder upon the occurrence of any of the following events ("Events of Default"):

(a)     Failure by Maker to pay the Note when demanded by Secured Party;

122

2

(b)   Failure by Maker to reimburse the Secured Party for any payment made by the Secured Party under the Guaranty when demanded by the Secured Party; or

(c)   Failure of Maker to keep or perform any of the terms or provisions of this Security Agreement and such failure continues for a period of ten (10) days after Maker's receipt of written notice from Secured Party; or

12.     Notices.   Any notice provided for or permitted to be given pursuant to this Security Agreement must be in writing and shall be deemed to have been properly given only if personally delivered in the official United States mail, postage paid and registered or certified with return receipt requested, or via a reputable overnight mail carrier addressed as follows:

If to Maker:              Tony Thomas
                          16255 Denali Drive
                          Morgan Hill, CA  95037

If to Secured Party:      c/o Kenneth S. Tersini
                          21710 Stevens Creek Blvd., #200
                          Cupertino, CA  95014

Such notices shall be deemed to have been effective upon the date of personal delivery or upon the date shown on the return receipt as the date being delivered.

13.     Different Address.   Either party may designate a different address upon thirty (30) days written notice to the other party.

14.     Advances/Costs Part of Obligation.   All advances, charges, costs and expenses, including reasonable attorneys' fees, incurred or paid by Secured Party in exercising any right, power or remedy conferred by this Security Agreement or in the enforcement thereof, shall become a part of the Obligations secured hereunder, and shall be paid to Secured Party by Maker, immediately and upon demand.

15.     Additional Documents.   Maker shall execute any additional agreements, assignments or documents that may be deemed desirable or necessary by Secured Party to effectuate the purposes of this Security Agreement.

16.     Unenforceable Provisions.   If any provision of this Security Agreement shall be held by a court of competent jurisdiction to be unenforceable, such provision shall be severed from the remaining provisions, and such remaining provisions shall remain enforceable.

17.     Cumulative Rights.   The rights, powers and remedies given to Secured Party by virtue of this Security Agreement shall be in addition to all rights, powers, and remedies given to Secured Party by virtue of any statute or rule of law and shall not preclude direct enforcement of this Security Agreement without pursuing the security interest granted herein.   Any forbearance, failure or delay by Secured Party in exercising any right, power or remedy hereunder or under this Security Agreement shall not be deemed to be a waiver of any right, power or remedy; and any single or partial exercise of any right, power or remedy hereunder or under the Agreement shall not preclude the further exercise or enforcement thereof hereunder.   Every right, power and

3

122

RJN 026

remedy of Secured Party shall continue in full force and effect until such right, power or remedy is specifically waived by an instrument in writing executed by Secured Party or upon payment in full of the Obligation.

18.     Binding.  This Security Agreement shall be binding upon Maker and each of its successors and assigns.

19.     Retransfer of Collateral.   Upon payment and discharge in full of all obligations described above, Secured Party, or any successor trustee, shall transfer back to Maker its interest in all of the Collateral and shall execute such UCC forms as are necessary or proper to reflect such transfer as may be requested by Maker.

20.     Amendment.   This Security Agreement may not be amended, modified or changed except in writing signed by the parties hereto.  This Security Agreement may not be modified by oral agreement even if supported by new consideration.

21.     Time of Essence.  Time is of the essence of each and every provision hereof.

IN WITNESS WHEREOF, the undersigned have executed this Security Agreement as of the date first set forth above.

MAKER:

TONY THOMAS

SECURED PARTY                          KIENMARK VENTURES, LLC, a California
                                       limited liability company

                                       By:

                                       KENNETH S. TERSINI, Manager

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.CorporateLibrary:23612.1

4

RJN 027

EXHIBIT "C"

[Demand Letter]

RJN 028

# MILLER MORTON CAILLAT & NEVIS, LLP

### ATTORNEYS AT LAW

David L. Nevis
Frank J. Hughes
Peter A. Kline
Steven C. Adelman
Joseph A. Scanlan, Jr
William K. Hurley
Peter V. Dessau
David I. Kornbluh
Katherine S. Pak
Christopher J. Hersey
Anthony F. Ventura
Amber S. Grothall
Daniel J. Nevis
Roger F. Liu
Angela F. Storey
Autumn E. Casadonte
Eric C. McAllister

Harvey C. Miller
1906—1993
Richard W. Morton
1916—1975

Charles V. Caillat
1920—1990

October 31, 2008

**VIA FIRST-CLASS MAIL & FACSIMILE**

Tony Thomas
Electronic Plastics, LLC
16255 Denali Drive
Morgan Hill, CA 95037

Re:    KT Properties/Smartcard
     Our File No.: 27980-0710

Dear Tony:

As you know, the business development of Electronic Plastics, LLC ("Company") has not gone the way you had envisioned when you solicited financing from Kenmark Ventures, LLC ("Kenmark") approximately sixteen (16) months ago. Despite your efforts, given the recent defection of all key engineers and other employees, the Company is no longer viable. He does not have a lot of options at this point. Accordingly, Ken has asked me to handle unraveling the financial dealings between the Company and Kenmark. While Ken's practice is to personally handle the business negotiations, he steps back when the matter is referred to counsel. All further communication should, accordingly, be through this office.

Given the current loss of personnel, we see no option other than to request on behalf of Kenmark that Electronic Plastics, LLC and you immediately, but no later than within five (5) days of the date of this letter, make full payment of the principal (i.e., $6,000,000.00) owed under the note.

We further request that you immediately return the possession of the emerald, which is the collateral for the note, to Kenmark. In accordance with the term of the Security Agreement was executed in October 2007, you delivered the possession of the collateral to Kenmark by virtue of delivering the keys to the safety deposit box at Wells Fargo Bank in Reno, Nevada where the emerald was kept, to Shawn Milligan, an agent for Kenmark. Subsequently, based on your representation that there was a buyer for the uncut emerald, and in order to facilitate such transaction, Kenmark allowed the emerald to be transported to a vault at Sarasota, FL. The sale, unfortunately, did not materialize, and the emerald should now be immediately returned to Kenmark.

Tony, from the legal point of view, the demands in this letter have to be made, and you will need to comply with such demands not to be in default of the Note and Security

25 Metro Drive · 7th Floor · San Jose, California · 95110 · TEL 408 292.1765 · FAX 408 436.8272 · www.millermorton.com
A LIMITED LIABILITY PARTNERSHIP

RJN 029

MILLER, MORTON, CAILLAT & NEVIS, L

Tony Thomas
October 31, 2008
Page 2

Agreement; however, this does not mean that Ken is abandoning the project. Ken believes in the smartcard technology and is willing, as he has been in the past, to work with you in the future, however, your financial obligations to Kenmark must be brought current.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

MILLER, MORTON, CAILLAT & NEVIS, LLP

By:

PETER A. KLINE

PAK/jns

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.CorporateLibrary:26605.1

RJN 030

EXHIBIT "D"

[Transcript]

RJN 031

1    IN THE SUPERIOR COURT, STATE OF CALIFORNIA

2    IN AND FOR THE COUNTY OF SANTA CLARA

3    ---o0o---

4    BEFORE THE HONORABLE LESLIE C. NICHOLS, JUDGE

5

6    KENMARK VENTURES, LLC                    No.   1-08-CV-130677

7         Plaintiff,

8      vs.

9    ANTHONY THOMAS,

10        Defendant.

11    - - - - - - - - - - - - - /

12

13            REPORTER'S TRANSCRIPT OF PROCEEDINGS
                     October 5, 2011
14                   ---o0o---

15    A P P E A R A N C E S:

16    For the Plaintiff:   MILLER, MORTON, CAILLAT & NEVIS
                           BY:   JOSEPH A. SCANLAN
17                               J. CARLOS ORELLANA
                           25 Metro, 7th Floor
18                         San Jose, CA 95110

19

20    For the Defendant:   LAW OFFICES OF PATRICIA DOUGLASS
      Michael Gardner      BY:   PATRICIA DOUGLASS
21                         98 Interpromontory Road
                           Great Falls, VA 22066

22

23

24            (Appearances continued on next page)

25    REPORTED BY:   CHRISTINE BEDARD, C.S.R. #10709

CHRISTINE BEDARD, C.S.R.                    1

1                    (Appearances continued)

2

3

4   For the Defendant/        LAW OFFICES OF MICHAEL MORRISSEY
    Cross-Complainant        BY:  MICHAEL MORRISSEY
5   Anthony Thomas           P.O. Box 2549
    A.T. Emerald, LLC        Cupertino, CA 95015
6

7

8

9                         ---o0o---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

              CHRISTINE BEDARD, C.S.R.                    2

RJN 033

1    October 5, 2011

2

3            THE COURT:  Good morning, everyone, on the Kenmark

4    Ventures LLC vs. Anthony Thomas and Michael Gardner and related

5    Cross-complainants.  Appearances stated, please.

6            MR. SCANLAN:  Joe Scanlan and Carlos Orellana appearing

7    for Kenmark Ventures Limited as Plaintiffs and Cross-defendant.

8            THE COURT:  And Mr. Tersini.

9            MR. SCANLAN:  Mr. Tersini a principal of Kenmark is

10   likewise present.

11           THE COURT:  Hello, sir.

12           MS. DOUGLASS:  Patricia Douglass appearing for Defendant

13   Michael Gardner.  This is Mr. Gardner.

14           THE COURT:  Hello, sir.

15           MR. MORRISSEY:  Good morning, your Honor.

16   Michael Morrissey on behalf of Anthony Thomas, who is here to my

17   right.

18           THE COURT:  And does that also include --

19           MR. MORRISSEY:  A.T. Emerald, LLC.

20           THE COURT:  A.T. Emerald, LLC.

21           MR. MORRISSEY:  Yes, your Honor.

22           THE COURT:  We have good news here.  We'll take a short

23   time, but as long as is necessary, to formalize this.  This

24   matter, as stated on the record earlier, was assigned to me,

25   Leslie Nichols retired judge sitting on assignment for jury

                    CHRISTINE BEDARD, C.S.R.                    3

RJN 034

1     trial, and we commenced two days ago on Monday.

2          At that time, there was a stipulation inviting the

3     Court to participate in settlement discussions while retaining

4     full authority as trial judge.  I accepted that and entered into

5     extended discussions with all counsel, and they have conferred

6     extensively with their clients.  I have now been presented a

7     written form of settlement agreement.

8          All counsel have agreed that although the form of it

9     had provided for signatures, it is the intention that there be

10    no signatures, but that this be recited as the agreement; is

11    that correct?

12         MR. SCANLAN:  That is correct, your Honor, and that it be

13    deemed to be judicially enforceable under 664.6.

14         THE COURT:  A judicially-enforced settlement agreement

15    can be approved when a document is reviewed in writing or orally

16    stated upon the record.  And in this case, I have been presented

17    a writing, and although it's not signed, it is a writing.

18         Do you agree that my review of this writing is that

19    it's sufficient to give me the opportunity to approve it and to

20    retain jurisdiction to enforce it?

21         MR. MORRISSEY:  We were actually, your Honor, hoping we

22    could recite the writing through the court reporter and do it

23    that way.

24         THE COURT:  That's fine.  We will do that.  And then it

25    would be an agreement orally recited on the record before the

CHRISTINE BEDARD, C.S.R.                    4

RJN 035

1    Court and subject to enforcement under 664.6 of the Code of

2    Civil Procedure. Agreed?

3           MR. SCANLAN: Agreed.

4           MR. MORRISSEY: That's correct; exactly right.

5           THE COURT: Something that's not in the writing, but

6    you're asking the Court to retain jurisdiction to enforce its

7    terms?

8           MR. SCANLAN: That is absolutely correct and an essential

9    part of our agreement.

10          MR. MORRISSEY: Yes, your Honor.

11          MS. DOUGLASS: Yes, your Honor.

12          THE COURT: The agreement is in 17 numbered paragraphs,

13   and for the benefit of our court reporter, if someone will read

14   it slowly, that will be great.

15          Let me indicate that we're at a quarter to 12:00, and I

16   don't want to commence this process unless the parties

17   personally orally affirm now that I'll ask a few questions now

18   of Mr. Tersini and then quickly of the defendants. Mr. Tersini,

19   are you the authorized representative of Kenmark Ventures, LLC?

20          MR. TERSINI: Yes, I am.

21          THE COURT: And you're authorized to settle this case on

22   behalf of the entity?

23          MR. TERSINI: Yes, I am.

24          THE COURT: This document, as you know from my

25   interaction with all of you folks, has been an interactive

CHRISTINE BEDARD, C.S.R.                              5

1    process.  You were working with your attorney in chambers on the

2    laptop computer, Mr. Gardner would bring in a computer stick to

3    stick in my computer, it would be printed out in drafts, and

4    you've participated in each and every aspect of that; isn't that

5    true, sir?

6         MR. TERSINI:  Yes.

7         THE COURT:  Are you satisfied that now, on this third day

8    of the scheduled trial, you have had ample opportunity, you've

9    taken an opportunity, the opportunity to confer with your

10   counsel, so you're ready to approve this agreement?

11        MR. TERSINI:  Yes.

12        THE COURT:  And at this moment, do you have any questions

13   of your counsel that you need to be clarified before this is

14   read into the record?

15        MR. TERSINI:  No, I do not.

16        THE COURT:  And the Court is being asked to retain

17   jurisdiction to enforce the terms of this agreement to the

18   extent possible; is that what you want?

19        MR. TERSINI:  Yes.

20        THE COURT:  This is out of great respect for you, but you

21   all seem to be in reasonable health and full capacity.  You're

22   not under the influence of any alcohol or drugs or mind—altering

23   materials; is that correct?

24        MR. TERSINI:  No, I'm not.

25        THE COURT:  I've got to ask these questions.  You'd be

CHRISTINE BEDARD, C.S.R.                           6

RJN 037

1  surprised what people say after the fact when they try to get

2  out of deals.  So I take --

3          MR. MORRISSEY:  It's not noon, yet, your Honor.

4          THE COURT:  I'll take great care.  Mr. Thomas, did you

5  hear the questions that I put to Mr. Tersini?

6          MR. THOMAS:  I did.

7          THE COURT:  And you speak personally on behalf of an

8  entity A.T. Emerald, LLC; is that right?

9          MR. THOMAS:  Yes.

10          THE COURT:  And you're authorized to bind that entity?

11          MR. THOMAS:  Yes.

12          THE COURT:  You have the authority to do so?

13          MR. THOMAS:  Yes.

14          THE COURT:  Your answers to each of the questions I put

15  to Mr. Tersini is the same?

16          MR. THOMAS:  Yes.

17          THE COURT:  Mr. Gardner, did you hear the questions of

18  Mr. Tersini?

19          MR. GARDNER:  Yes.

20          THE COURT:  Are those questions and answers fresh in your

21  mind?

22          MR. GARDNER:  Yes, they are.

23          THE COURT:  Do you affirm that your answers are same?

24          MR. GARDNER:  Yes, I do.

25          THE COURT:  All right.  Counsel, you concur?

CHRISTINE BEDARD, C.S.R.                          7

RJN 038

1        MS. DOUGLASS:  We do.

2        MR. MORRISSEY:  Yes, your Honor.

3        MR. SCANLAN:  Yes, your Honor.

4        THE COURT:  Okay.  Mr. Scanlan, will you read the

5    agreement.

6        MR. SCANLAN:  Yes, your Honor, I will.

7        THE COURT:  Please read each numbered paragraph.  Read it

8    in its entirety and slowly for the benefit of our court reporter

9    and my brain.

10        MR. SCANLAN:  We'll leave a copy with the court reporter

11   to help her if she has any questions.

12        THE COURT:  I'm grateful for that.

13        MR. SCANLAN:  One:  Parties:  This agreement is entered

14   between Kenmark Ventures, LLC (Kenmark), on the one hand, and

15   Anthony Thomas, A.T. Emerald, LLC and Michael Gardner, (the

16   three collectively "defendants" and collectively with Kenmark,

17   the "parties") on the other.

18        Two:  The parties agree that this settlement agreement

19   is designed to resolve disputed claims by the parties and does

20   not constitute an admission of any wrongdoing by any party.

21        Three:  Payment:  Defendants shall pay to Kenmark the

22   following sums in U.S. dollars.  A:  $500,000 on or before

23   January 1, 2013.  B:  $500,000 on or before January 1, 2014.

24        C:  $1,333,333 on or before January 1, 2015.  D:

25   $1,333,333 on or about January 1, 2016.  E:  $1,333,334 on or

CHRISTINE BEDARD, C.S.R.                         8

1    before January 1st, 2017.  The defendants' liability on these

2    amounts is joint and several.

3         Four:  Time is of the essence in the performance of all

4    obligations hereunder.  In the event payments are not made on or

5    before the date sets forth in paragraph three, then the

6    defendants shall be in default under this agreement.

7    Notwithstanding the foregoing, Defendants shall have a

8    five-calendar-day grace period to make any payment missed, in

9    full.

10        Five:  All payments shall be made to Kenmark Ventures,

11   LLC at 21710 Stevens Creek Boulevard, Suite 200, Cupertino,

12   California 95014.

13        Six:  In the event Defendants fail to make timely

14   payments set forth as in paragraph three or within the grace

15   period provided, Kenmark Ventures, LLC may apply, ex parte, for

16   an entry of judgment in the amount of all sums remaining unpaid

17   under this agreement.

18        Judgment shall be entered under the forth and fifth

19   causes of action of Kenmark's First Amended Complaint.  The

20   defendants' liability on any such judgment will be joint and

21   several.

22        24 hours fax notice shall be given to Defendant of such

23   ex parte hearing via the office of Michael Morrissey, Esquire,

24   Counsel for Anthony Thomas and A.T. Emerald, LLC and the office

25   of Patricia D. Douglass, Esquire.

CHRISTINE BEDARD, C.S.R.                    9

1      THE COURT:  Excuse me.  Douglas has two Ss?  Thank you.

2      MR. SCANLAN:  Seven:  Kenmark Ventures, LLC shall

3  forthwith cause its Florida replevin action to be dismissed and

4  the 21,000 carat emerald known as the Thomas Emerald made

5  accessible to Anthony Thomas.

6      Kenmark agrees to execute any and all documents

7  necessary to release any and all liens, encumbrances and UCC

8  filings that it has at any time placed as encumbrances on the

9  Thomas Emerald and provide evidence of the same promptly to

10  Mr. Morrissey and Ms. Douglass.

11      Eight:  Anthony Thomas shall keep Kenmark apprised, at

12  all times, of all successful sales or monetization of the

13  Thomas Emerald.

14      Nine:  By this settlement agreement, all parties

15  release all claims, known and unknown, that they have or may

16  have against each other whether arising from events mentioned in

17  the pleadings or discovery in this case or otherwise.

18      In connection with that mutual general release, parties

19  hereby also waive the protection of Civil Code Section 1542:  A

20  general release does not extend to claims which the creditor

21  does not know or suspect to exist in his or her favor at the

22  time of executing the release, which if known by him or her must

23  have materially affected his or her settlement with the debtor.

24      10:  In the event a judgement is entered hereunder,

25  Defendants waive and relinquish any right of appeal,

1   modification or collateral attack on the judgment.

2        11:  This settlement was entered in open court by all

3   the parties hereto and the parties agree and intend that any or

4   all of its terms and provisions may be enforced by ex parte

5   motion under C.C.P. Section 664.6.

6        12:  A.T. Emerald, LLC and Anthony Thomas must dismiss

7   their cross-complaint against Kenmark Ventures, LLC with

8   prejudice within ten court days of the date of this agreement.

9        13:  Each party to this agreement shall bear its

10  respective attorneys' fees and court costs in connection with

11  this action.

12       14:  The defendants will be jointly and severally

13  liable on any judgement entered under this agreement.

14       15:  The parties agree to keep the terms of this

15  settlement agreement in strictest confidence, except to the

16  extent necessary to meet obligations imposed upon them by law.

17       The parties agree that if asked about the terms on

18  which this case was settled, that they will state only that the

19  matter was settled to the mutual satisfaction of the parties.

20       The parties agree to notify each other of any

21  apparently lawful request for the information contained in this

22  agreement before releasing it to a third party.

23       16:  The parties agree that they will not disparage or

24  publicly speak ill of any other party to this agreement.

25       17:  This agreement may only be altered in writing,

CHRISTINE BEDARD, C.S.R.                              11

RJN 042

1    signed by all of the parties.  The parties expressly waive any

2    right to orally modify this paragraph 17 or to enter into any

3    oral agreement to modify the terms of this agreement.

4         THE COURT:  I just have a question.  In the event that

5    unfortunately an ex parte application had to be made to the

6    Court to enforce the terms of this, we have the possibility of a

7    court transcript.  Now, it may be -- does anyone wish to obtain

8    a copy of the transcript?

9         MR. SCANLAN:  Yes, your Honor.

10        MR. MORRISSEY:  Yes, I think that would be a good idea.

11        THE COURT:  Because if this were years from now,

12   sometimes it may be difficult to find the report of the notes.

13        MR. MORRISSEY:  Yes, your Honor.

14        THE COURT:  So get an authentic copy of that document,

15   which could then only be used for the purpose of enforcement.

16        MR. MORRISSEY:  Yes, your Honor.

17        MR. SCANLAN:  Yes, your Honor.

18        THE COURT:  Otherwise, I was going to say please initial

19   the writing or do something, because I would never suggest if

20   there were successor parties or other things, someone might

21   submit the authenticity, but with the transcript, you're in good

22   shape.

23        MR. SCANLAN:  Your Honor, I do want to affirm at the end,

24   because we didn't include the term, that the Court does indeed

25   have continuing jurisdiction over this matter.

CHRISTINE BEDARD, C.S.R.                    12

RJN 043

1          THE COURT:  Yes, that's not in the writing, but I added

2    that, and I'll expressly provide that again.  The paragraph 11

3    pretty much covers it --

4          MR. MORRISSEY:  Yes, your Honor.

5          THE COURT:  -- by saying the settlement was entered in

6    open court by all the parties hereto, and the parties agree and

7    intend that any and all terms and provisions may be enforced by

8    ex parte motion under C.C.P. 664.6.

9          Just one second.  But further, and to be express about

10   it, this means that the Court is asked to retain jurisdiction to

11   enforce the terms of it, and if it were necessary to enter

12   judgment, to interpret the document if appropriate and to do all

13   other things to give full force and effect of the agreement; is

14   that your understanding?

15         MR. SCANLAN:  That is correct.

16         THE COURT:  Mr. Tersini.

17         MR. TERSINI:  Yes.

18         THE COURT:  Ms. Douglass?

19         MS. DOUGLASS:  Yes.

20         THE COURT:  And you agree?

21         MR. MORRISSEY:  I do.

22         THE COURT:  And you agree, Mr. Thomas?

23         MR. THOMAS:  Yeah.

24         THE COURT:  All right.  Then the final question, I asked

25   you these questions earlier, but Mr. Tersini, you have now heard

CHRISTINE BEDARD, C.S.R.                              13

1   the reading of the very document that you earlier said you

2   approve, and do you stand on your earlier approval that the

3   Court has been asked to approve this agreement, direct the

4   parties to comply with it and to retain jurisdiction to enforce

5   its terms?

6           MR. TERSINI:  Yes, I do.

7           THE COURT:  Is your answer the same, Mr. Gardner?

8           MR. GARDNER:  Yes, it is.

9           THE COURT:  And you as well, Mr. Thomas?

10          MR. THOMAS:  Yes.

11          THE COURT:  And each counsel agrees?

12          MR. MORRISSEY:  We do.

13          MS. DOUGLASS:  We do.

14          MR. SCANLAN:  Yes, your Honor.

15          THE COURT:  Can't do better than that.  I do approve this

16   agreement as recited as requested by the parties and counsel,

17   and you'll obtain a transcript of that.  That's the way you want

18   to memorialize it; isn't it?

19          MR. SCANLAN:  That correct.

20          THE COURT:  Our minutes will reflect that the Court has

21   voir dired the parties and Counsel thoroughly; that they

22   approved the agreement and asked the Court to retain

23   jurisdiction, and that the memorialization of this will be in a

24   transcript obtained, at the very least, by Plaintiff's counsel,

25   probably all counsel would want to get it.

CHRISTINE BEDARD, C.S.R.                    14

1          But you'll have that and that will serve as the

2     evidence necessary should there be further proceedings, because

3     in accordance with your request, the detailed terms of this will

4     not be reside in the minutes.

5          I cannot speak to the situation in the unlikely event

6     that some third party asks for a transcript, that's under the

7     public records proceedings and that would be dealt with

8     appropriately by the clerk and court reporter.  I will return

9     this.  But you'll be holding those transcripts just for proper

10    purposes.

11         MR. SCANLAN:  That's correct.

12         THE COURT:  The Court does each of the things you

13    requested.  I approved the agreement, direct the parties to

14    comply with the terms of the agreement.  I find that this

15    agreement was entered knowingly, intelligently, without duress,

16    coercion, each party being in full capacity and knowledgeable.

17         And I affirm their statements that they have all

18    interacted with counsel, and the bottom line is that this is a

19    settlement that you have agreed to.  I'm glad to approve it.  I

20    appreciate the courtesies of all of you.

21         I respect counsel and the parties.  There's been no

22    adjudication of any wrongdoing.  You worked this out on your

23    terms, and I find that it's appropriate.  So I approve it for

24    that agreement.  Thank you so much.  Anything else to do before

25    we conclude?

CHRISTINE BEDARD, C.S.R.                              15

RJN 046

1          MR. MORRISSEY:  Your Honor, sometimes they set a C.M.C.

2     date out at the end, so January 15th at 2017 for the court

3     tracking system.

4          THE CLERK:  It would be on a Thursday, 10:00 a.m.

5          THE COURT:  Okay.

6          THE CLERK:  Did you want it to come before you?

7          THE COURT:  Just on the general calendar.

8          THE CLERK:  January.

9          THE COURT:  2017.

10          MS. DOUGLASS:  I think you're busy that day.

11          MR. SCANLAN:  Your Honor, as the clerk looks for that, I

12     would like to steal this minute to thank the Court for its

13     patience and extraordinary efforts over the last two days, and

14     in sending this to an end.  It's genuinely appreciated.

15          THE COURT:  I appreciate everyone's good wishes, and I

16     reciprocate those feelings.

17          MS. DOUGLASS:  Thank you.

18          THE COURT:  I always felt it's a little too easy for a

19     judge to puff up him or herself.  I never say I settled the

20     case.  It requires the parties and counsel, but to the extent

21     I've helped to be a catalyst, I'm grateful for that opportunity.

22          THE CLERK:  Your Honor, do you want to set a case status

23     re dismissal in January?

24          THE COURT:  2017.  If the clerk notices anything else,

25     she'll send it to everybody.

CHRISTINE BEDARD, C.S.R.                    16

RJN 047

1          THE CLERK:  For 2017, we have Thursday, January 4th,

2     12th, 19th and 26th.

3          MR. MORRISSEY:  How about the 19th.

4          THE COURT:  19th.

5          MR. SCANLAN:  That's fine.

6          THE COURT:  10:00.  January 19th.  In the mean time,

7     you'll have several years to contact the legislature and plead

8     for appropriate funding for the judicial branch of government,

9     so there will be a courthouse here.  Thank you very much.  We'll

10    be in recess.

11         MS. DOUGLASS:  Thank you, your Honor.

12

13

14                         ---oOo---

15

16

17

18

19

20

21

22

23

24

25

CHRISTINE BEDARD, C.S.R.                    17

RJN 048

1  STATE OF CALIFORNIA    )
                          ) ss.
2  COUNTY OF SANTA CLARA  )

3

4

5

6        I, CHRISTINE BEDARD, Certified Shorthand Reporter, do

7  hereby certify that I am a pro tempore reporter of the

8  Superior Court of the State of California, and that has

9  such, I reported the proceedings had in the above-entitled

10 matter at the time and place set for herein.

11       That my stenograph notes were thereafter transcribed

12 into typewriting under my direction; and that the

13 foregoing pages constitute a full, true and correct

14 transcription of my said notes to the best of my ability.

15

16

17                              /s:/ Christine Bedard
                               - - - - - - - - - - - - - -
18                             CHRISTINE BEDARD, C.S.R. #10709

19

20 Dated:  November 9, 2012

21

22

23

24

25

                   CHRISTINE BEDARD, C.S.R.            18

RJN 049

EXHIBIT "E"

[Stipulation]

DAVID I. KORNBLUH, ESQ., SBN 162310
J. CARLOS ORELLANA, ESQ., SBN 233403
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California  95110
Telephone:  (408) 292-1765
Facsimile:  (408) 436-8272

Attorneys for Plaintiff KENMARK VENTURES, LLC,
a California Limited Liability Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| KENMARK VENTURES, LLC, a California limited liability company, | Case No.: 108CV130677 |
| Plaintiff, | STIPULATION FOR JUDGMENT AND [PROPOSED] JUDGMENT |
| vs. | |
| TONY THOMAS, an individual; ELECTRONIC PLASTICS, LLC, a Delaware limited liability company; MICHAEL GARDINER, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-COMPLAINT | |

**BY PDF**

**RECITALS**

**WHEREAS,** on or about December 19, 2008 Plaintiff Kenmark Ventures, LLC ("Kenmark") filed suit against Defendants Anthony Thomas, Electronic Plastics, LLC, and Michael Gardner;

**WHEREAS,** on or about March 20, 2009, Defendant filed its First Amended Complaint against Defendants Anthony Thomas, Electronic Plastics, LLC, and Michael Gardner alleging,

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1

RJN 051

1    *inter alia*, causes of action for fraud on the alleged basis that Defendant Anthony Thomas as the

2    sole member of AT Emerald, LLC, and Defendant Michael Gardiner defrauded Kenmark into

3    loaning $6,110,000.00 to Anthony Thomas and Electronic Plastics, LLC based on written

4    misrepresentations and concealments;

5        **WHEREAS,** on or about October 5, 2011, the parties reached a settlement of this action

6    which they stated on the record before the Court (the "Settlement");

7        **WHEREAS,** a true and correct copy of the transcript of the hearing at which the

8    Settlement was entered into the record is attached hereto as Exhibit "A";

9        **WHEREAS,** the Settlement, among other things, required Defendants Thomas and

10   Gardner, jointly and severally to pay Kenmark a total of $5,000,000 in installments of $500,000

11   on January 1, 2013, $500,000 on January 1, 2014, $1,000,000 on January 1, 2015, $1,000,000 on

12   January 1, 2016, and $1,000,000 on January 1, 2017, with a five-day grace period for each

13   payment;

14        **WHEREAS,** Defendants Thomas and Gardner made their first payment under the

15   Settlement but have not made any further payments within the time specified in the Settlement;

16        **WHEREAS,** the Settlement provides that upon the failure of Defendants Thomas and

17   Gardner to pay any settlement payment, Kenmark may obtain entry of judgment against

18   Defendants Thomas and Gardner, jointly and severally, on Kenmark's Fourth Cause of Action

19   for Fraud and Fifth Cause of Action for Fraud;

20        **WHEREAS,** Defendant Thomas has promised to pay $575,000 toward the stipulated

21   settlement amount on or before January 30, 2014; and

22        **WHEREAS,** Defendant Thomas's legal name is Anthony as reflected in the transcript of

23   the October 5, 2011 hearing before this Court that is attached hereto as Exhibit "A".

     **IT IS HEREBY STIPULATED** by the parties hereto as follows:

24        1.     If payment of $550,000 is not received by Kenmark on or before January 30,

25   2014, judgment shall hereby be entered in favor of Plaintiff Kenmark Ventures, LLC against

26   Defendants Anthony Thomas jointly and severally with Defendant Michael Gardner, on

27   Kenmark's Fourth Cause of Action for Fraud and Fifth Cause of Action for Fraud in the

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

2

RJN 052

1  principal sum of $4,500,000 (four million, five hundred thousand dollars) together with interest

2  on the judgment thereafter at the rate of 10% per annum, as provided by law.

3        2.      The Clerk of the Court is authorized to enter judgment against Defendant

4  Thomas in his correct legal name of Anthony Thomas rather than Tony Thomas.

5        3.      Defendant Thomas authorizes Kenmark to file this Stipulation and to obtain entry

6  of judgment on an *ex parte* basis.

7        4.      This Stipulation is entered into freely and voluntarily. The parties to this

8  stipulation acknowledge that they have been represented by counsel of their choice, or had the

9  option to be represented by counsel of their choice, in the negotiations that preceded the

10 execution of this Stipulation and in connection with the preparation and execution of this

11 Stipulation. Each party hereto has executed this Stipulation with full knowledge of its

12 significance and with the express intention of affecting its legal consequence. None of the

13 parties hereto have relied upon any representation of any other party in signing this Stipulation.

14       5.      This Stipulation may be executed in counterparts and executed facsimiles or PDF

15 files thereof may be used in lieu of the original for all purposes.

16 Dated: January 27, 2014

17

18                                         KENMARK VENTURES, LLC, Plaintiff
19                                         By: Kenneth Tersini
                                           Its: Managing Member
20 Dated: January 9, 2014

21

22                                         ANTHONY THOMAS, Defendant
23       397666_1

24 //

25 //

26 //

27 //

28 //

3

STIPULATION FOR JUDGMENT

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

## JUDGMENT BY STIPULATION

The Court, having considered the Stipulation of Plaintiff Kenmark Ventures, LLC and Defendant Anthony Thomas, and good cause appearing therefor,

**HEREBY ENTERS JUDGMENT** in favor of Plaintiff Kenmark Ventures, LLC against Defendant Anthony Thomas, jointly and severally, on Kenmark Ventures, LLC's Fourth Cause of Action for Fraud and Fifth Cause of Action for Fraud in the principal sum of $4,500,000 (four million, five hundred thousand dollars). This judgment shall accrue interest at the rate of ten percent (10%) per year from the date of entry of this judgment.

The Clerk of the Court is authorized to enter judgment against Defendant Thomas in his correct legal name of Anthony Thomas rather than Tony Thomas.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4

STIPULATION FOR JUDGMENT

RJN 054

EXHIBIT 10

[Judgment in Favor of Kenmark in
Adversary Proceeding No. 14-5022]

_Bruce T Beesly_

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
February 19, 2016

WAYNE A. SILVER, Esq. (CA 108135)
75 E. Santa Clara St., Suite 290
San Jose, CA 95113
Email: w_silver@sbcglobal.net
Tel. (408) 720-7007
Fax. (408) 720-7001
(*Admitted Pro Hac Vice*)

LAW OFFICES OF AMY N. TIRRE
Amy N. Tirre, Esq. (NV 6523)
3715 Lakeside Dr., Suite "A"
Reno, NV 89509
Email: amy@amytirrelaw.com
Tel. (775) 828-0909
Fax. (775) 828-0914

Attorneys for Plaintiff,
KENMARK VENTURES, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>AT EMERALD, LLC,<br><br>      Debtors. | Case No. BK-N-14-50333-BTB<br>Case No. BK-N-14-50331-BTB<br><br>Chapter 7<br><br>[Jointly Administered] |
| KENMARK VENTURES, LLC<br><br>      Plaintiff,<br><br>    v.<br><br>ANTHONY THOMAS and WENDI THOMAS,<br><br>      Defendants. | Adv. Pro. No. 14-5022<br><br>**NONDISCHARGEABLE JUDGMENT AFTER TRIAL** |

Nondischargeable Judgment After Trial

This Adversary Proceeding came on regularly for bench trial in the above-entitled Court, the Hon. Bruce T. Beesley, U.S. Bankruptcy Judge, presiding. Plaintiff KENMARK VENTURES, LLC and Defendants ANTHONY THOMAS and WENDI THOMAS appeared and were represented by their respective attorneys of record. The Court having heard and considered the evidence, the matter having been argued and submitted for decision, the Court having issued its proposed findings of fact and conclusions of law on the record, good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    The Judgment in Santa Clara Superior Court Case No. 108CV130677 (a copy of which is attached hereto without Exhibits and of which the Court has taken judicial notice) in favor KENMARK VENTURES, LLC against Defendant ANTHONY THOMAS in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) plus interest at the rate of ten percent (10%) per annum from October 8, 2015, IS HEREBY DECLARED NONDISCHARGEABLE under 11 U.S.C. §523(a)(2).

    2.    KENMARK VENTURES, LLC is hereby awarded costs and attorneys' fees in an amount to be established by post-trial motion.

Submitted by:

/s/ *Wayne A. Silver*
Attorney for Plaintiff,
KENMARK VENTURES, LLC

**APPROVED**/DISAPPROVED

/s/ *Jeffrey Cogan*
Jeffrey Cogan, Esq., attorney for
Defendants ANTHONY THOMAS
And WENDI THOMAS

### **RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_ No party appeared at the hearing or filed an objection to the motion.

Nondischargeable Judgment After Trial

1      _X_ I have delivered a copy of this proposed order to all attorneys who appeared at the

2 hearing, and each has approved or disapproved the order, or failed to respond, as indicated below

3 [list each party and whether the party has approved, disapproved, or failed to respond to the

4 document]:

5          •  Jeffrey Cogan, attorney for Defendant ANTHONY THOMAS and WENDI

6            THOMAS – Approved.

7      ___ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order

8 with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the

9 order.

10                           ***

Nondischargeable Judgment After Trial

1   DAVID I. KORNBLUH, ESQ., SBN 162310
2   J. CARLOS ORELLANA, ESQ., SBN 233403
    MILLER, MORTON, CAILLAT & NEVIS, LLP
3   25 Metro Drive, 7ᵗʰ Floor
    San Jose, California  95110
    Telephone: (408) 292-1765
4   Facsimile: (408) 436-8272

5   Attorneys for Plaintiff KENMARK VENTURES, LLC,
    a California Limited Liability Company
6

ENDORSED
FILED

2015 OCT -8  A 9: 15

David H. Yamasaki, Chief Executive Officer/Clerk
County of Santa Clara Superior Court
By _____
            Deputy Clerk

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SANTA CLARA

10

11  KENMARK VENTURES, LLC, a California      )   Case No.: 108CV130677
    limited liability company,               )
12                                           )
13              Plaintiff,                    )   STIPULATION FOR JUDGMENT AND
                                             )   [PROPOSED] JUDGMENT
14        vs.                                 )
                                             )
15  TONY THOMAS, an individual;              )
    ELECTRONIC PLASTICS, LLC, a Delaware     )
16  limited liability company; MICHAEL       )
    GARDINER, an individual; and DOES 1      )
17  through 100, inclusive,                  )
                                             )
18              Defendants.                   )
                                             )
19  _____          )
                                             )
20  AND RELATED CROSS-COMPLAINT              )
                                             )
21                                           )

22

23                           **RECITALS**

24        **WHEREAS**, on or about December 19, 2008 Plaintiff Kenmark Ventures, LLC

25  ("Kenmark") filed suit against Defendants Anthony Thomas, Electronic Plastics, LLC, and

26  Michael Gardner;

27        **WHEREAS**, on or about March 20, 2009, Defendant filed its First Amended Complaint

28  against Defendants Anthony Thomas, Electronic Plastics, LLC, and Michael Gardner alleging,

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7ᵗʰ Floor
San Jose, CA 95110
Telephone: (408) 292-1765

                                    1
    STIPULATION FOR JUDGMENT

1   *inter alia*, causes of action for fraud on the alleged basis that Defendant Anthony Thomas as the

2   sole member of AT Emerald, LLC, and Defendant Michael Gardiner defrauded Kenmark into

3   loaning $6,110,000.00 to Anthony Thomas and Electronic Plastics, LLC based on written

4   misrepresentations and concealments;

5       WHEREAS, on or about October 5, 2011, the parties reached a settlement of this action

6   which they stated on the record before the Court (the "Settlement");

7       WHEREAS, a true and correct copy of the transcript of the hearing at which the

8   Settlement was entered into the record is attached hereto as Exhibit "A";

9       WHEREAS, the Settlement, among other things, required Defendants Thomas and

10  Gardner, jointly and severally to pay Kenmark a total of $5,000,000 in installments of $500,000

11  on January 1, 2013, $500,000 on January 1, 2014, $1,000,000 on January 1, 2015, $1,000,000 on

12  January 1, 2016, and $1,000,000 on January 1, 2017, with a five-day grace period for each

13  payment;

14      WHEREAS, Defendants Thomas and Gardner made their first payment under the

15  Settlement but have not made any further payments within the time specified in the Settlement;

16      WHEREAS, the Settlement provides that upon the failure of Defendants Thomas and

17  Gardner to pay any settlement payment, Kenmark may obtain entry of judgment against

18  Defendants Thomas and Gardner, jointly and severally, on Kenmark's Fourth Cause of Action

19  for Fraud and Fifth Cause of Action for Fraud;

20      WHEREAS, Defendant Thomas has promised to pay $575,000 toward the stipulated

21  settlement amount on or before January 30, 2014; and

22      WHEREAS, Defendant Thomas's legal name is Anthony as reflected in the transcript of

23  the October 5, 2011 hearing before this Court that is attached hereto as Exhibit "A".

24      IT IS HEREBY STIPULATED by the parties hereto as follows:

25      1.    If payment of $550,000 is not received by Kenmark on or before January 30,

26  2014, judgment shall hereby be entered in favor of Plaintiff Kenmark Ventures, LLC against

27  Defendants Anthony Thomas jointly and severally with Defendant Michael Gardner, on

28  Kenmark's Fourth Cause of Action for Fraud and Fifth Cause of Action for Fraud in the

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1785

STIPULATION FOR JUDGMENT

2

principal sum of $4,500,000 (four million, five hundred thousand dollars) together with interest on the judgment thereafter at the rate of 10% per annum, as provided by law.

    2.    The Clerk of the Court is authorized to enter judgment against Defendant Thomas in his correct legal name of Anthony Thomas rather than Tony Thomas.

    3.    Defendant Thomas authorizes Kenmark to file this Stipulation and to obtain entry of judgment on an *ex parte* basis.

    4.    This Stipulation is entered into freely and voluntarily. The parties to this stipulation acknowledge that they have been represented by counsel of their choice, or had the option to be represented by counsel of their choice, in the negotiations that preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation. Each party hereto has executed this Stipulation with full knowledge of its significance and with the express intention of affecting its legal consequence. None of the parties hereto have relied upon any representation of any other party in signing this Stipulation.

    5.    This Stipulation may be executed in counterparts and executed facsimiles or PDF files thereof may be used in lieu of the original for all purposes.

Dated: January 27, 2014

KENMARK VENTURES, LLC, Plaintiff
By: Kenneth Tersini
Its: Managing Member

Dated: January 9, 2014

ANTHONY THOMAS, Defendant

397666_1

//
//
//
//
//

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

STIPULATION FOR JUDGMENT

3

1  ### JUDGMENT BY STIPULATION

2  The Court, having considered the Stipulation of Plaintiff Kenmark Ventures, LLC and

3  Defendant Anthony Thomas, and good cause appearing therefor,

4  **HEREBY ENTERS JUDGMENT** in favor of Plaintiff Kenmark Ventures, LLC

5  against Defendant Anthony Thomas, jointly and severally, on Kenmark Ventures, LLC's Fourth

6  Cause of Action for Fraud and Fifth Cause of Action for Fraud in the principal sum of

7  $4,500,000 (four million, five hundred thousand dollars). This judgment shall accrue interest at

8  the rate of ten percent (10%) per year from the date of entry of this judgment.

9  The Clerk of the Court is authorized to enter judgment against Defendant Thomas in his

10  correct legal name of Anthony Thomas rather than Tony Thomas.

11

12  Dated:  CCT 08 2015

13

14  **WILLIAM J. ELFVING**

15  _____

16  JUDGE OF THE SUPERIOR COURT

17

18

19

20

21

22

23

24

25

26

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4.

STIPULATION FOR JUDGMENT

RJN008

EXHIBIT 11

[Ninth Circuit BAP Memorandum Decision
Affirming Bankruptcy Court]

FILED

**NOT FOR PUBLICATION**

MAR 28 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NV-16-1058-KuLJu |
| ANTHONY THOMAS and WENDI THOMAS; AT EMERALD, LLC, | Bk. Nos.  3:14-bk-50333<br>          3:14-bk-50331<br>(Jointly Administered) |
| Debtors. | Adv. No.  3:14-ap-05022 |
| ANTHONY THOMAS; WENDI THOMAS, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| KENMARK VENTURES, LLC, | |
| Appellee. | |

Argued and Submitted on February 24, 2017
at Las Vegas, Nevada

Filed – March 28, 2017

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Chief Bankruptcy Judge, Presiding

———————————

Appearances:   Laury Miles Macauley argued for appellants; Wayne
A. Silver argued for appellee.

———————————

Before: KURTZ, LAFFERTY and JURY, Bankruptcy Judges.

———————————

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 7[1] debtors Anthony and Wendi Thomas appeal from a judgment determining that Mr. Thomas' $4.5 million judgment debt owed to Kenmark Ventures, LLC, is nondischargeable under § 523(a)(2)(A).  The Thomases argue on appeal that the bankruptcy court made insufficient findings to support its judgment and that the findings it did make were not adequately supported by facts in the record.

The bankruptcy court found, among other things, that Mr. Thomas fraudulently concealed certain facts regarding what is known as the "Thomas emerald."  The emerald-related fraud findings had adequate support in the record and were sufficient by themselves to support the court's nondischargeability judgment.  On that basis, we AFFIRM.

**FACTS**

Mr. Thomas[2] was a major investor in Electronic Plastics, and he has conceded that he acted on behalf of Electronic Plastics from time to time.  For instance, there is no genuine dispute that Electronic Plastics needed funding and that Thomas met with Kenmark's principal Kenneth Tersini in May and June of 2007 in

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2]Wendi Thomas did not directly participate in the underlying litigation or in the transactions from which the litigation arose.  Furthermore, with the exception of the penultimate paragraph of this decision, this decision does not purport to address any concerns directly relating to her interests. Consequently, throughout the remainder of this decision, we refer to Mr. Thomas as if he were the sole appellant in this appeal.

2

furtherance of Electronic Plastics' desire to obtain funding from Kenmark.  The funding was supposed to tide over Electronic Plastics until it started generating revenue from the sale of its technology product: a biometric "smartcard" with security features and applications that could be modified to suit the needs of individual commercial customers.

Kenmark eventually funded $6.1 million to Electronic Plastics over the course of roughly a year, beginning in June of 2007 and ending in May of 2008.  Kenmark funded no less than $4.1 million of the $6.1 million between October 2007 and May 2008, after all of the fraudulent conduct complained of allegedly occurred.

Electronic Plastics ultimately was unable to generate any sales of its smartcard, and Kenmark demanded repayment of the $6.1 million.  When neither Electronic Plastics nor Thomas repaid the funds, Kenmark sued Electronic Plastics, Thomas and others in state court.

Pursuant to a state court settlement, Mr. Thomas stipulated to entry of a $4.5 million judgment against himself and in favor of Kenmark if he did not timely make a $575,000 payment owed under the settlement.  Thomas never made the $575,000 payment. After Thomas commenced his bankruptcy case, Kenmark obtained relief from the automatic stay to permit it to have the stipulated state court judgment entered.  The stipulated judgment resolved the issues of Thomas' liability to Kenmark and the amount of that liability but left open the issue of whether

Thomas' debt to Kenmark was nondischargeable.[3]

According to Tersini, Thomas fraudulently concealed and affirmatively misrepresented a number of different matters. For purposes of our decision, the most important nondisclosures concerned a 21,000 carat uncut emerald, known as the "Thomas emerald." Tersini testified that Thomas offered the Thomas emerald as collateral to secure all of the money Kenmark lent and that Thomas executed two promissory notes, a security agreement and a security agreement addendum to document the secured loan transaction. On the other hand, Thomas ultimately claimed that the $6.1 million Kenmark funded to Electronic Plastics was meant to be an equity investment rather than a loan and that his signatures on the loan documents were forged.

The parties agree that they discussed the Thomas emerald and its value before funding occurred. They also agree that Thomas presented to Tersini an appraisal stating that the Thomas emerald was worth $800 million. According to Tersini, Thomas told him the Thomas emerald was given to him by the owners of a Brazilian mine in gratitude for his efforts in saving the mine by utilizing specialized boring techniques. Tersini further asserted Thomas never disclosed that the same appraiser who gave him the

---

[3]The original oral settlement agreement terms, stated in open court, provided for entry of judgment against Thomas on Kenmark's two fraud causes of action in the event of nonpayment of the settlement amount. The stipulation for entry of judgment provided for the same thing. Nonetheless, before holding trial on Kenmark's nondischargeability complaint, the bankruptcy court ruled that the stipulated state court judgment did not have any preclusive effect on any of the fraud or nondischargeability questions at issue in the nondischargeability litigation. This ruling has not been appealed.

$800 million appraisal a few months earlier had given him a
$400,000 appraisal for the same stone.  Additionally, Thomas
later admitted that he paid $20,000 for the emerald.  On yet
another occasion, he stated he paid $60,000 for it.

Tersini testified that he did not learn of the $400,000
appraisal or the various claimed purchase prices until well after
he loaned the $6.1 million to Electronic Plastics.  He further
testified that, had he known about these facts before funding, he
would not have loaned any money against the Thomas emerald.

Other nondisclosures Kenmark complained of included: (1) the
fact that Electronic Plastics founder, Chief Executive Officer
and managing member Michael Gardiner was a convicted felon; and
(2) the fact that Electronic Plastics was in the midst of
litigation with a company called e-smart over ownership of the
technology used in the smartcard.  The e-smart litigation had
caused Electronic Plastics to incur hundreds of thousands of
dollars in attorney's fees, and – as a result of the litigation –
Electronic Plastics decided to redesign its smartcard.

Thomas testified that Tersini was advised (orally and in
writing) of both the Gardiner conviction and the e-smart
litigation before the Kenmark funding occurred.  On the other
hand, Tersini testified that he did not know about either of
these facts until after Kenmark had funded the full $6.1 million.

Kenmark also complained of affirmative misrepresentations,
particularly concerning the development status of the smartcard.
Tersini testified that Thomas advised him the smartcard was fully
functional and ready for manufacture.  Tersini further maintained
that Thomas led him to believe that a Korean bank was ready to

sign an order for ten million smartcards and that Thomas' oral misrepresentations were bolstered by Electronic Plastics' business plan, which made similar claims.  Thomas testified, in essence, that he was a mere conduit for information from Electronic Plastics to Tersini, that he was not knowledgeable about the technical aspects of the smartcard and that he relied on Electronic Plastics' technical experts to provide him with information regarding the development status of the smartcard. He further denied advising Tersini that a Korean bank was ready to place an order for 10 million smartcards.

After a four-day trial, the bankruptcy court orally rendered its findings of fact and conclusions of law in open court.  The court stated the basic elements for establishing nondischargeable fraud, as set forth in Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000).  The court then made a number of findings regarding the above-referenced nondisclosures.

The court suggested that the nondisclosures concerning the Thomas emerald and its value were the most important for purposes of its nondischargeability determination.  In fact, of the roughly seven pages of hearing transcript comprising the court's findings, nearly four of those pages concern the issue of the loan and the pledging of the Thomas emerald as security.

The court specifically found that Thomas signed the notes, the security agreement, and the addendum to the security agreement – both personally and on behalf of Electronic Plastics – thereby securing their obligation to repay the monies Kenmark lent using the Thomas emerald as collateral.  The bankruptcy

court opined that Thomas' forgery claim was inconsistent with his response to Kenmark's requests for admissions and with a letter his counsel Joseph Kafka sent Kenmark in response to Kenmark's demand for repayment of the $6.1 million loan. The forgery claim also was inconsistent with admissions in Thomas' answer to Kenmark's complaint.

The bankruptcy court also found that Thomas gave Tersini the $800 million appraisal for the emerald, but did not share with him the same appraiser's $400,000 appraisal, which was dated a few months before the $800 million appraisal. Additionally, the bankruptcy court noted that Thomas made a number of inconsistent statements regarding the purchase price he paid for the emerald (variously, $20,000 and $60,000), which in turn were inconsistent with statements he made to Tersini indicating that the emerald was a gift from the mine owners.

The bankruptcy court further found that Thomas failed to disclose Electronic Plastics principal Michael Gardiner's felony fraud conviction and its then-pending intellectual property litigation with e-smart.

In addition to the nondisclosures, the bankruptcy court found that Thomas presented to Tersini Electronic Plastics' business plan, which contained affirmative misrepresentations regarding the "commercial availability" of the smartcard and regarding Electronic Plastics' "current projects" (1) in Europe for a publicly-traded company; and (2) in Asia for South Korea's largest bank. The only other statement in the bankruptcy court's findings alluding to other affirmative misrepresentations was its rather nebulous comment that "[t]he biometric card was

unfortunately not developed or produced as quickly as Kenmark had anticipated, based on the representations made by Mr. Thomas." Hr'g Tr. (Feb. 8, 2016) at 5:18-20.

The bankruptcy court went on to discuss justifiable reliance and the facts in the record supporting its determination that Kenmark justifiably relied on Thomas' fraudulent conduct. However, there is no discussion of the fraud elements concerning Thomas' state of mind – whether he knew of the falsity of the misrepresentations when he made them and whether he made them with the intent to deceive.

The bankruptcy court entered its judgment determining that Thomas' $4.5 million judgment debt to Kenmark is nondischargeable under § 523(a)(2) on February 19, 2016, and Thomas timely appealed.

### JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), and we have jurisdiction under 28 U.S.C. § 158.

### ISSUE

Did the bankruptcy court commit reversible error when it determined that Thomas' $4.5 million judgment debt to Kenmark is nondischargeable under § 523(a)(2)(A)?

### STANDARDS OF REVIEW

Generally speaking, the dischargeability of a particular debt is a mixed question of law and fact, which we review de novo. Peklar v. Ikerd (In re Peklar), 260 F.3d 1035, 1037 (9th Cir. 2001). Even so, the bankruptcy court's findings made as part of its dischargeability ruling are reviewed for clear

error. <u>Candland v. Ins. Co. of N. Am. (In re Candland)</u>, 90 F.3d 1466, 1469 (9th Cir. 1996); <u>Oney v. Weinberg (In re Weinberg)</u>, 410 B.R. 19, 28 (9th Cir. BAP 2009), <u>aff'd</u>, 407 Fed.Appx. 176 (9th Cir. Dec. 27, 2010).   Thus, whether a creditor has proven an essential element of a cause of action under § 523(a)(2)(A) is a factual determination reviewed for clear error.   <u>Anastas v. Am. Sav. Bank (In re Anastas)</u>, 94 F.3d 1280, 1283 (9th Cir. 1996); <u>Am. Express Travel Related Servs. Co., Inc. v. Vinhnee (In re Vinhnee)</u>, 336 B.R. 437, 443 (9th Cir. BAP 2005).

"A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." <u>Retz v. Samson (In re Retz)</u>, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc)).   "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."   <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 574 (1985).   When factual findings are based on credibility determinations, we must give even greater deference to the bankruptcy court's findings.   See <u>Anderson</u>, 470 U.S. at 575.

**DISCUSSION**

The bankruptcy court correctly recited the general standard for finding nondischargeable fraud under § 523(a)(2)(A).   This standard requires the following elements:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

In re Weinberg, 410 B.R. at 35 (citing In re Slyman, 234 F.3d at 1085).

On appeal, Thomas mainly complains that the bankruptcy court made insufficient findings to support its nondischargeability ruling and that the trial record was insufficient to support the findings it did make.  We will focus on the nondisclosures pertaining to the Thomas emerald and its value because the bankruptcy court's decision hinged on them.  Thomas contends that there was no evidence presented at trial from which the bankruptcy court could have determined what the "true value" of the emerald was at the time Kenmark funded Electronic Plastics, so Kenmark failed to establish: (1) that Thomas made a false statement regarding the emerald's value; and (2) that Thomas knew this value statement was untrue at the time he made it.

Thomas misconstrues the nature of his "false statement" in connection with the emerald's value.  For purposes of finding nondischargeable fraud, when the charged fraud concerns an undisclosed fact, the undisclosed fact is treated as if the debtor-defendant made an affirmative misrepresentation that the undisclosed fact did not actually exist.  Tallant v. Kaufman (In re Tallant), 218 B.R. 58, 65 (9th Cir. BAP 1998) (citing Restatement (Second) of Torts, § 551 (1976)).  The Restatement (Second) of Torts can be used to help define the metes and bounds of fraud under § 523(a)(2)(A).  Field v. Mans, 516 U.S. 59, 68–70 (1995); Apte v. Romesh Japra, M.D., F.A.C.C., Inc. (In re Apte), 96 F.3d 1319, 1324 (9th Cir. 1996).  In relevant part, Restatement (Second) of Torts, § 551 provides:

(1) One who fails to disclose to another a fact that he

knows may justifiably induce the other to act or
refrain from acting in a business transaction is
subject to the same liability to the other **as though he
had represented the nonexistence of the matter that he
has failed to disclose**, if, but only if, he is under a
duty to the other to exercise reasonable care to
disclose the matter in question.

Restatement (Second) of Torts § 551(1) (1977) (emphasis added).

Under <u>Tallant</u>, <u>Apte</u> and the Restatement (Second) of Torts,
§ 551, the nondisclosures of the $400,000 appraisal and the
$20,000 purchase price were the equivalent of Thomas
affirmatively representing that he did not have a $400,000
appraisal at the time he sent the $800 million appraisal to
Kenmark and that he did not pay $20,000 for the emerald.  Thomas
indisputably knew both of these misrepresentations were untrue at
the time he "made" them (i.e., at the time he failed to disclose
the true facts).  He admitted knowledge of both facts at the time
the transaction was entered into.

While the bankruptcy court did not specifically find that
Thomas failed to disclose facts regarding the emerald with the
intent to deceive, the intent finding was implicit in the court's
ruling.  The court correctly stated the intent element and also
held that Kenmark had established all of the elements for a
nondischargeable debt under § 523(a)(2)(A) by a preponderance of
the evidence.  <u>See</u> <u>In re Tallant</u>, 218 B.R. at 66 (inferring an
implicit finding from a similar bankruptcy court ruling); <u>see
also</u> <u>Wells Benz, Inc. v. United States ex rel. Mercury Elec. Co.</u>,
333 F.2d 89, 92 (9th Cir. 1964) ("whenever, from facts found,
other facts may be inferred which will support the judgment, such
inferences will be deemed to have been drawn.").

Meanwhile, the creditor typically is not required to prove

11

justifiable reliance when the fraud charged is premised upon an actionable nondisclosure.  See In re Apte, 96 F.3d at 1323; In re Tallant, 218 B.R. at 67-69.  Instead, justifiable reliance is presumed, so long as the undisclosed facts were material.  Id.

As for causation, for the same reasons we construed the bankruptcy court's ruling to include an implicit finding of an intent to deceive, we similarly construe the ruling to include an implicit finding that Thomas' emerald-related nondisclosures induced Kenmark to loan $6.1 million to Electronic Plastics.[4] There was sufficient evidence in the record to support this implicit finding, inasmuch as Tersini testified that, had he known about the $400,000 appraisal and the $20,000 purchase price, he would not have loaned the funds to Electronic Plastics. Nor is there anything in the record to persuade us that the bankruptcy court's implicit causation finding was illogical, implausible or without support in the record.

This leaves us with two issues peculiar to fraudulent concealment cases: materiality and duty to disclose.  With respect to materiality, a nondisclosure is not actionable under § 523(a)(2)(A) unless it was material.  In re Apte, 96 F.3d at 1323.  A fact is considered material if a hypothetical reasonable person would have considered it important to know before entering into the transaction.  Id.; see also Shannon v. Russell (In re Russell), 203 B.R. 303, 312 (Bankr. S.D. Cal. 1996)

---

[4]While Apte and Tallant arguably could be read as entirely displacing the reliance and causation elements in the context of material nondisclosures, we elsewhere have held that this is not the case.  See Hillsman v. Escoto (In re Escoto), 2015 WL 2343461, at *4 n.2 (Mem. Dec.) (9th Cir. BAP May 15, 2015).

1   (elaborating on materiality element and citing additional cases).

2       Here, the bankruptcy court found that the nondisclosures

3   were "important", which was tantamount to a finding that they

4   were material.  Furthermore, we agree with this finding.  A

5   reasonable person securing a $6.1 million loan with the emerald

6   would want to know that the same appraiser who appraised the

7   emerald at $800 million had shortly before appraised it at

8   $400,000.  And a reasonable person also would want to know that

9   the borrower only paid $20,000 for it.

10      Thomas further contends that he had no duty to disclose.

11  We may look to the Restatement (Second) of Torts, § 551, for help

12  in ascertaining whether a party to a transaction had a duty to

13  disclose.  In re Apte, 96 F.3d at 1324.  Restatement § 551

14  provides in relevant part:

15          (2) One party to a business transaction is under a duty
            to exercise reasonable care to disclose to the other
16          before the transaction is consummated,

17                  (a) matters known to him that the other is
                    entitled to know because of a fiduciary or other
18                  similar relation of trust and confidence between
                    them; and
19
                    (b) matters known to him that he knows to be
20                  necessary to prevent his partial or ambiguous
                    statement of the facts from being misleading; and
21
                    (c) subsequently acquired information that he
22                  knows will make untrue or misleading a previous
                    representation that when made was true or believed
23                  to be so; and

24                  (d) the falsity of a representation not made with
                    the expectation that it would be acted upon, if he
25                  subsequently learns that the other is about to act
                    in reliance upon it in a transaction with him; and
26
                    (e) facts basic to the transaction, if he knows
27                  that the other is about to enter into it under a
                    mistake as to them, and that the other, because of
28                  the relationship between them, the customs of the

13

1          trade or other objective circumstances, would
           reasonably expect a disclosure of those facts.
2

3    Restatement (Second) of Torts § 551(2) (1977).

4         The bankruptcy court did not make any determination

5    regarding Thomas' duty to disclose, nor is there anything in the

6    bankruptcy court's decision suggesting that the court considered

7    the issue.   Nonetheless, on this record, the issue is

8    straightforward enough that we can resolve it without remanding.

9    See, e.g., In re Apte, 96 F.3d at 1324 (resolving duty to

10   disclose issue even though bankruptcy court did not address it).

11        We are convinced that Thomas' emerald-related nondisclosures

12   fall squarely within clause (b) of Restatement (Second) of Torts

13   § 551(2).   That clause imposes a duty on a party to disclose

14   additional facts about a matter when the party presents partial,

15   incomplete or ambiguous facts that may mislead the adverse party

16   into thinking that he or she has been told the whole truth about

17   the matter.   As explained in the Restatement, "[a] statement that

18   is partial or incomplete may be a misrepresentation because it is

19   misleading, when it [falsely] purports to tell the whole truth

20   . . . .   When such a statement has been made, there is a duty to

21   disclose the additional information necessary to prevent it from

22   misleading the recipient."   Id. at cmt. g; see also Smith v.

23   Duffey, 576 F.3d 336, 338 (7th Cir. 2009) (citing Restatement

24   (Second) of Torts § 551(2)(b) and stating "often [the duty to

25   disclose] arises in the absence of any special relationship –

26   arises just because the defendant's silence would mislead the

27   plaintiff because of something else that the defendant had

28   said").

                                   14

1    Without a doubt, when Thomas gave the $800 million appraisal

2  to Tersini, it created the impression that the emerald was worth

3  far more than Kenmark was considering lending to Electronic

4  Plastics.  This impression of value seemed complete on its face;

5  in order to prevent it from misleading Kenmark, it was incumbent

6  on Thomas to disclose the $400,000 appraisal and the $20,000

7  purchase price, so that Kenmark would have the whole truth

8  regarding the indicia of value readily available to Thomas.

9    There is only one other issue Thomas has raised on appeal

10 implicating the bankruptcy court's reliance on the emerald-

11 related nondisclosures.  Thomas argues that the bankruptcy court

12 erred in finding that Kenmark's funding was a loan rather than an

13 equity investment and erred in finding that Thomas agreed to

14 secure the alleged loan with the emerald.  The executed loan

15 documents the bankruptcy court found to be genuine and to be

16 signed by Thomas are wholly inconsistent with Thomas' claims.  We

17 acknowledge that some of the evidence presented at trial could

18 have been viewed as supporting Thomas' forgery claims – namely

19 Thomas' own unsubstantiated testimony.  But the bankruptcy court

20 obviously did not credit Thomas' testimony on this point, and the

21 bankruptcy court's credibility finding was supported by a number

22 of inconsistencies in the factual positions Thomas took over the

23 course of the nondischargeability litigation and in other

24 litigation.  At bottom, the conflicting evidence presented might

25 have enabled the court to reasonably view the transaction

26 consistent either with Tersini's testimony or with Thomas'

27 testimony.  The bankruptcy court's choice between those two

28 permissible views of the evidence was not clearly erroneous.

1   Anderson, 470 U.S. at 574.

2       In sum, the bankruptcy court did not err in determining the

3   $4.1 million judgment debt nondischargeable under § 523(a)(2)(A)

4   based on the emerald-related nondisclosures.   Analysis of the

5   bankruptcy court's findings regarding the other nondisclosures

6   and misrepresentations would not add significant additional

7   weight to our decision.   In our view, those other alleged

8   nondisclosures and misrepresentations were cumulative of and

9   incidental to the bankruptcy court's principal fraud finding,

10  which relied on the emerald-related nondisclosures.

11      Unrelated to his other arguments on appeal, Thomas complains

12  that the bankruptcy court's judgment incorrectly determined that

13  Thomas' judgment debt also is nondischargeable as against Thomas'

14  wife.   We see nothing on the face of the judgment to support this

15  interpretation.   That being said, we give significant deference

16  to the bankruptcy court's interpretation of its own orders.

17  Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906 (9th Cir.

18  BAP 2013).   If Thomas really believes that the judgment is

19  susceptible to his proffered interpretation, he should seek

20  relief from the bankruptcy court in the first instance, in the

21  form of a motion to correct or interpret the judgment.

22                          **CONCLUSION**

23      For the reasons set forth above, the bankruptcy court's

24  nondischargeability judgment is AFFIRMED.

25

26

27

28

16

EXHIBIT 12

[Ninth Circuit Decision Affirming Bankruptcy Court]

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANTHONY THOMAS; et al., <br><br> Debtors, <br> ─────────────────────── <br><br> ANTHONY THOMAS and WENDI THOMAS, <br><br> Appellants, <br><br> v. <br><br> KENMARK VENTURES, LLC, <br><br> Appellee. | No. 17-60042 <br><br> BAP No. 16-1058 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Lafferty III, Bankruptcy Judges, Presiding

Submitted February 13, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,[***] District Judge.

─────────────────

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Anthony Thomas appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(A).  The bankruptcy court and the BAP each concluded that Thomas's debt to Kenmark was nondischargeable because it was incurred by fraud.  We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

I

As an initial matter, we deny Thomas's Motion to Supplement the Record with evidence that purports to challenge the legitimacy of the state court judgment debt underlying this appeal.  At the time of the bankruptcy trial, Thomas was aware of all facts related to his personal liability for the judgment, but he failed to raise these arguments.  Because "exceptional circumstances are lacking, we refuse to consider them now."  *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2011).

II

Turning to the substance of Thomas's appeal, Thomas argues that (1) he had no duty to disclose to Kenmark certain information regarding the Thomas Emerald; (2) Kenmark's reliance on Thomas's representations was not justifiable; and (3) there is not sufficient evidence that Thomas had the requisite intent to deceive Kenmark.

We independently review the bankruptcy court's rulings on appeal from the

BAP. *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996). Whether a creditor has proven an essential element of a claim is a "factual determination reviewed for clear error." *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996). We hold that the bankruptcy court did not clearly err in concluding that Kenmark proved the elements of fraud to support the nondischargeability judgment.

Kenmark's claim of fraud was based on Thomas's failure to disclose that the Thomas Emerald, the collateral pledged for Kenmark's loan to Electronic Plastics ("EP"), had been previously valued at amounts far lower than the amount of the loan. Therefore, Kenmark was required to prove that (1) the omitted information was "material," and (2) the debtor had a duty to disclose the omitted information. *See Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996). The lower valuations of the Thomas Emerald were "material" because a reasonable lender would have considered them important in agreeing to the loan . *See id.* Further, Thomas had a duty to disclose those lower valuations because he selectively disclosed to Kenmark that the Thomas Emerald had, at one point, been valued at an amount substantially greater than the amount of the loan. *See* Restatement (Second) of Torts § 551(2)(b) (1976) ("[A] party to a business transaction is under a duty to exercise reasonable care to disclose . . . matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts

from being misleading."); *In re Apte*, 96 F.3d at 1324 (applying the Restatement (Second) of Torts to determine the existence of a duty to disclose).

The element of justifiable reliance may be presumed where, as here, the fraud claim is based on the debtor's concealment of material facts. *In re Apte*, 96 F.3d at 1323. Therefore, because Thomas's omissions relating to the value of the Thomas Emerald were material, Kenmark's justifiable reliance may be presumed.

Thomas's intent to deceive can be inferred from the fact that Thomas knew that lower valuations of the Thomas Emerald existed and selectively disclosed to Kenmark only the higher valuation. *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997), *as amended* (Mar. 21, 1997) ("Intent to deceive can be inferred from surrounding circumstances.").

## III

Separately, Thomas argues that the bankruptcy court erred in failing to clarify whether the nondischargeability judgment applies to Thomas's wife, Wendi. We construe a judgment so as to give effect to the stated intention of the issuing court. *United States v. 60.22 Acres of Land*, 638 F.2d 1176, 1178 (9th Cir. 1980). Wendi Thomas was not a subject of the bankruptcy court's judgment. No evidence was presented at trial that implicated Wendi Thomas in the fraud, and the bankruptcy court made no findings of fact as to her. Therefore, we do not find any

error in the bankruptcy court's judgment.

**AFFIRMED.**

EXHIBIT 13

[Ninth Circuit Order Denying Thomas's
Motion to Recall Mandate]



FILED

OCT 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ANTHONY THOMAS; et al., | No.   17-60042 |
| Debtors, | BAP No. 16-1058 |
| ANTHONY THOMAS and WENDI THOMAS, | ORDER |
| Appellants, | |
| v. | |
| KENMARK VENTURES, LLC, | |
| Appellee. | |

Before:  BEA and N.R. SMITH, Circuit Judges, and STATON,* District Judge.

Thomas's Motion to Recall the Mandate is denied.

Recall of the mandate is appropriate only when the Court is "animated by 'an overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to prevent an injustice.'" *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (*citing Verrilli v. City of Concord*,

---

\*   The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

557 F.2d 664, 665 (9th Cir. 1977)).  Here, even if the Supreme Court's holding in *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018) were retroactively applied to exclude Thomas's omissions regarding the Thomas emerald from 11 U.S.C. section 523(a)(2)(A), we would still enter judgment in favor of Kenmark.

First, the dischargeability of debt arising from a statement that is excluded from 11 U.S.C. section 523(a)(2)(A) is evaluated under 11 U.S.C. section 523(a)(2)(B).  Section 523(a)(2)(B) differs from section 523(a)(2)(A) only insofar as the statement at issue must be made in writing and the creditor's reliance on the statement must be "reasonable."  *See Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1471 (9th Cir. 1996), *as amended* (Oct. 2, 1996).  The record supports a finding in favor of Kenmark as to both of these elements.

Second, the bankruptcy court identified additional, alternative misrepresentations made by Thomas that independently support its judgment of nondischargeability, and Thomas has not shown that the bankruptcy court committed "clear error" as to these alternative grounds.  *Anastas v. Am. Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996) ("A finding of whether a requisite element of [a section] 523(a)(2)(A) claim is present is a factual determination reviewed for clear error.")  Thus, there is no "real infirmity in [this

2

Court's] previous decision, either when it was entered or when it is viewed in the light of later Supreme Court decisions." *Nevius*, 105 F.3d at 461.

No further filings will be entertained in this closed case.

# EXHIBIT 14

# [Thomas Petition for Certiorari]

No. _____

**Previous No. 18A701**

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

**ANTHONY THOMAS**
_____ — PETITIONER
(Your Name)

VS.

**KENMARK VENTURES, LLC**
_____ — RESPONDENT(S)

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

Please check the appropriate boxes:

☐ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

_____

_____

☒ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☐ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, or

☐ a copy of the order of appointment is appended.

*Tony Thomas*
_____
(Signature)

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, **Anthony G. Thomas**_____, am the petitioner in the above-entitled case.   In support of my motion to proceed *in forma pauperis,* I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.   Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.   Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 8,800 | $ 1,833 | $ 8,800 | $ 1,833 |
| Self-employment | $_____ | $_____ | $_____ | $_____ |
| Income from real property (such as rental income) | $_____ | $_____ | $_____ | $_____ |
| Interest and dividends | $_____ | $_____ | $_____ | $_____ |
| Gifts | $_____ | $_____ | $_____ | $_____ |
| Alimony | $_____ | $_____ | $_____ | $_____ |
| Child Support | $_____ | $_____ | $_____ | $_____ |
| Retirement (such as social security, pensions, annuities, insurance) | $_____ | $_____ | $_____ | $_____ |
| Disability (such as social security, insurance payments) | $_____ | $_____ | $_____ | $_____ |
| Unemployment payments | $_____ | $_____ | $_____ | $_____ |
| Public-assistance (such as welfare) | $_____ | $_____ | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ | $_____ | $_____ |
| **Total monthly income:** | $ 8,800 | $ 1,833 | $ 8,800 | $ 1,833 |

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Canus Corp. | 27611 LaPaz Rd. Suite A5 Laguna Niguel, CA  92677 | 02/2018-present | $ 8,800 |
| Underground Constr. | 5145 Industrial Way Benicia, CA  94510 | 2017-02/2018 | $ |
| | | | $ 6,700 |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Allstar Boat Storage | 2665 Dixon Rd. | 5/2017 - Present | $ 1,833 |
| | | | $ 981 |
| | | | $ |

4. How much cash do you and your spouse have? $ 200
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Wells Fargo Bank | Checking | $ 150 | $ |
| Bank of the West | Checking | $ | $ 1,589 as of 3-12-2019 |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

☐ Home
Value _____

☐ Other real estate
Value _____

☒ Motor Vehicle #1
Year, make & model  **2005 Chevy Avalanche**
Value  **$3,500 250K miles**

☒ Motor Vehicle #2
Year, make & model  **2007 Chevy Suburban**
Value  **$4,500 - 150K miles**

☐ Other assets
Description _____
Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| Eli Thomas | Son | 19 |
| Katherine Thomas | Daughter | 18 |
| Anthony Thomas II | Son | 17 |
| Julia Thomas | Daughter | 11 |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.   Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $_____ | $ 2,100 |
| Are real estate taxes included?   ☐ Yes   ☐ No | | |
| Is property insurance included?   ☐ Yes   ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $_____ | $ 670 |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $ 3,300 |
| Clothing | $_____ | $ 1,000 |
| Laundry and dry-cleaning | $_____ | $ 300 |
| Medical and dental expenses | $_____ | $ 1,058 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

    ☐ Yes    ☒ No    If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?   ☒ Yes   ☐ No

    If yes, how much?   Unknown

    If yes, state the attorney's name, address, and telephone number:

    **Jerry D.W. North**
    **125 S. Wacker Dr. #1000**
    **Chicago, IL  60606**

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

    ☐ Yes    ☒ No

    If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

**I am supporting 4 children plus myself and my wife and have had to borrow the thousands of dollars to pay the $50K in legal fees to Atty Jerry North alone in this matter in addition to the thousands of dollars I have had to pay to fight for my constitutional rights in an endless ongoing battle.  At this point my funds are depleted, I am still in Bankruptcy Court and I do not have the $2500-$4000 in printing costs to file this appeal out of my disposable monthly income as shown above.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   **March 12th** _____ , 20 **19**.

                                        *Jerry Thomas*
                                        (Signature)

No._____

Previous No.  18A701
Previous No. 7A1372

In the
Supreme Court of the United States
October Term 2018

Anthony Thomas - PETITIONER

vs.

Kenmark Ventures, LLC - RESPONDENT

PETITION FOR WRIT OF CERTIORARI

Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel:          (408) 640-2795
E-mail:     atemerald2@gmail.com

Debtor In Propria Persona

Dated: Monday March 18th  2019.

1

## PETITION FOR WRIT OF CERTIORARI

QUESTION(S) PRESENTED

1.    Did the 9th Circuit commit error by failing to recall the mandate based upon the
      intervening Supreme Court decision In re: Lamar case

2.    Did the 9th Circuit shirk its' responsibility to consider the new evidence in the form
      of the Machado declaration submitted on 2-12-2018 under the principle
      in In re: Hazel-Atlas requiring appellate Courts to take action when confronted with
      Fraud upon the Court

3.    Does new evidence in the form of judicial admissions by the Judge of Bias render
      the findings of the Bankrutpcy Court void on its' face due to judicial bias?

4.    When an inspection of the judicial roll shows that the Judgment is void on its'face,
      does an Appellate Court have the jurisdiciton to declare the Judgment void on
      its'face?

4.1   Is the Conversion order converting the Debtor's case from Chapter 11 to Chapter 7
      a void order based on a deprivation of due process under Powell v. Alabama?

2

## LIST OF PARTIES

[X ] All parties appear in the caption of the case on the cover page.

[ ] All parties **do not** appear in the caption of the case on the cover page.   A
list of all parties to the proceeding in the court whose judgment is the
subject of this petition is as follows:

3

# TABLE OF CONTENTS

OPINIONS BELOW ................................................................................... 1

JURISDICTION......................................................................................

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ...............................

STATEMENT OF THE CASE ..........................................................................

REASONS FOR GRANTING THE WRIT ...........................................................

CONCLUSION.........................................................................................

## INDEX TO APPENDICES

APPENDIX A -   Decision of the Court of Appeals for the Ninth Circuit
in  No. 17-60042 (9th  Cir., October 17th, 2018)

APPENDIX B -   Decision of the Court of Appeals for the Ninth Circuit
In No. 17-60042 (9th Cir. March 23rd 2018)

APPENDIX C

APPENDIX D

APPENDIX E

APPENDIX F

4

## TABLE OF AUTHORITIES CITED

CASES                                                          PAGE NUMBER

Lamar, Archer & Cofrin, LLP v. Appling
(2018) 138 S. Ct. 1752

Powell v. Alabama (1932) 287 U.S. 45
U.S. v. Throckmorton (1878) 98 U.S. 61

STATUTES AND RULES

5th Amendment & 14th Amendment

.

OTHER

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

**OPINIONS BELOW**

[X] For cases from **federal courts**:

The opinion of the United States court of appeals appears at Appendix _A___
_ to the petition and is

[ ] reported at _____
; or, [ ] has been  designated for publication but  is not yet
reported; or, [ ] is unpublished.

The opinion of the United States district court appears at Appendix _____
to the petition and is

[ ] reported at _____
; or, [ ] has been  designated for publication but  is not yet
reported; or, [ ] is unpublished.

[ ] For cases from **state courts**:

The opinion of the  highest state court to review the  merits appears
at
Appendix _____ to the petition and is

[ ] reported at _____
; or, [ ] has been  designated for publication but  is not yet
reported; or, [ ] is unpublished.

The opinion of the _____
court appears at Appendix _____ to the petition and is

[ ] reported at _____
; or, [ ] has been  designated for publication but  is not yet

6

reported; or, [ ] is unpublished.

1.

APPENDIX A

APPENDIX A

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANTHONY THOMAS; et al., | No.   17-60042 |
| Debtors, | BAP No. 16-1058 |
| ANTHONY THOMAS and WENDI THOMAS, | |
| Appellants, | ORDER |
| v. | |
| KENMARK VENTURES, LLC, | |
| Appellee. | |

Before:  BEA and N.R. SMITH, Circuit Judges, and STATON,[*] District Judge.

Thomas's Motion to Recall the Mandate is denied.

Recall of the mandate is appropriate only when the Court is "animated by 'an overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to prevent an injustice.'" *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (*citing Verrilli v. City of Concord*,

---

[*]        The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

557 F.2d 664, 665 (9th Cir. 1977)).  Here, even if the Supreme Court's holding in

*Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018) were

retroactively applied to exclude Thomas's omissions regarding the Thomas

emerald from 11 U.S.C. section 523(a)(2)(A), we would still enter judgment in

favor of Kenmark.

First, the dischargeability of debt arising from a statement that is excluded

from 11 U.S.C. section 523(a)(2)(A) is evaluated under 11 U.S.C. section

523(a)(2)(B).  Section 523(a)(2)(B) differs from section 523(a)(2)(A) only insofar

as the statement at issue must be made in writing and the creditor's reliance on the

statement must be "reasonable."  *See Candland v. Ins. Co. of N. Am. (In re*

*Candland)*, 90 F.3d 1466, 1471 (9th Cir. 1996), *as amended* (Oct. 2, 1996).  The

record supports a finding in favor of Kenmark as to both of these elements.

Second, the bankruptcy court identified additional, alternative

misrepresentations made by Thomas that independently support its judgment of

nondischargeability, and Thomas has not shown that the bankruptcy court

committed "clear error" as to these alternative grounds.  *Anastas v. Am. Savings*

*Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996) ("A finding of whether a

requisite element of [a section] 523(a)(2)(A) claim is present is a factual

determination reviewed for clear error.")  Thus, there is no "real infirmity in [this

2

Court's] previous decision, either when it was entered or when it is viewed in the

light of later Supreme Court decisions." *Nevius*, 105 F.3d at 461.

No further filings will be entertained in this closed case.

3

APPENDIX B

APPENDIX B

**FILED**

**NOT FOR PUBLICATION**

MAR 23 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ANTHONY THOMAS; et al., | No.    17-60042 |
| Debtors, | BAP No. 16-1058 |
| ANTHONY THOMAS and WENDI THOMAS, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| KENMARK VENTURES, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Lafferty III, Bankruptcy Judges, Presiding

Submitted February 13, 2018[**]
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and STATON,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Anthony Thomas appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court and the BAP each concluded that Thomas's debt to Kenmark was nondischargeable because it was incurred by fraud. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

## I

As an initial matter, we deny Thomas's Motion to Supplement the Record with evidence that purports to challenge the legitimacy of the state court judgment debt underlying this appeal. At the time of the bankruptcy trial, Thomas was aware of all facts related to his personal liability for the judgment, but he failed to raise these arguments. Because "exceptional circumstances are lacking, we refuse to consider them now." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2011).

## II

Turning to the substance of Thomas's appeal, Thomas argues that (1) he had no duty to disclose to Kenmark certain information regarding the Thomas Emerald; (2) Kenmark's reliance on Thomas's representations was not justifiable; and (3) there is not sufficient evidence that Thomas had the requisite intent to deceive Kenmark.

We independently review the bankruptcy court's rulings on appeal from the

17-60042

BAP. *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996). Whether a creditor has proven an essential element of a claim is a "factual determination reviewed for clear error." *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996). We hold that the bankruptcy court did not clearly err in concluding that Kenmark proved the elements of fraud to support the nondischargeability judgment.

Kenmark's claim of fraud was based on Thomas's failure to disclose that the Thomas Emerald, the collateral pledged for Kenmark's loan to Electronic Plastics ("EP"), had been previously valued at amounts far lower than the amount of the loan. Therefore, Kenmark was required to prove that (1) the omitted information was "material," and (2) the debtor had a duty to disclose the omitted information. *See Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996). The lower valuations of the Thomas Emerald were "material" because a reasonable lender would have considered them important in agreeing to the loan . *See id.* Further, Thomas had a duty to disclose those lower valuations because he selectively disclosed to Kenmark that the Thomas Emerald had, at one point, been valued at an amount substantially greater than the amount of the loan. *See* Restatement (Second) of Torts § 551(2)(b) (1976) ("[A] party to a business transaction is under a duty to exercise reasonable care to disclose . . . matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts

from being misleading."); *In re Apte*, 96 F.3d at 1324 (applying the Restatement (Second) of Torts to determine the existence of a duty to disclose).

The element of justifiable reliance may be presumed where, as here, the fraud claim is based on the debtor's concealment of material facts. *In re Apte*, 96 F.3d at 1323. Therefore, because Thomas's omissions relating to the value of the Thomas Emerald were material, Kenmark's justifiable reliance may be presumed.

Thomas's intent to deceive can be inferred from the fact that Thomas knew that lower valuations of the Thomas Emerald existed and selectively disclosed to Kenmark only the higher valuation. *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997), *as amended* (Mar. 21, 1997) ("Intent to deceive can be inferred from surrounding circumstances.").

## III

Separately, Thomas argues that the bankruptcy court erred in failing to clarify whether the nondischargeability judgment applies to Thomas's wife, Wendi. We construe a judgment so as to give effect to the stated intention of the issuing court. *United States v. 60.22 Acres of Land*, 638 F.2d 1176, 1178 (9th Cir. 1980). Wendi Thomas was not a subject of the bankruptcy court's judgment. No evidence was presented at trial that implicated Wendi Thomas in the fraud, and the bankruptcy court made no findings of fact as to her. Therefore, we do not find any

error in the bankruptcy court's judgment.

**AFFIRMED.**

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)   A.   Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.   Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ► The proceeding involves a question of exceptional importance; or
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**

- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)  Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ...........................................................................................................*(Rev. 12-1-09)*

## United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

<u>*Note*</u>: If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

| | v. | | 9th Cir. No. | |
|---|---|---|---|---|

The Clerk is requested to tax the following costs against:

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other\*\*** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page:* May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other:* Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

_____

*(To Be Completed by the Clerk)*

Date [                    ]   Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk

## JURISDICTION

[X ] For cases from **federal courts**:

> The date on which the United States Court of Appeals decided my case was  October 17th 2018; March 23rd 2018                     .

> [ ] No petition for rehearing was timely filed in my case.

> [ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____ , and a copy of the order denying rehearing appears at Appendix _____ .

> [X ] An extension of time to file the petition for a writ of certiorari was granted to and including Saturday March 16th 2019 - extended to Monday March 18th 2019 (date) on  January 8th 2019 by Justice Kagan in Application No. 18 A701 .

> The jurisdiction of this Court is invoked under 28 U. S. C. 1254(1).

[ ] For cases from **state courts**:

> The date on which the highest state court decided my case was _____ ____ . A copy of that decision appears at Appendix _____ .

> [ ] A timely petition for rehearing was thereafter denied on the following date:
> _____ , and a copy of the order denying rehearing appears at Appendix _____ .

> [ ] An extension of time to ?le the petition for a writ of certiorari was granted to and including _____ (date) on _____ _ (date) in Application No. ___ A _____ .

> The jurisdiction of this Court is invoked under 28 U. S. C. 1257(a).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

With respect to the issues of fraud upon the Court and void judgments

that are void on the face of the record due to deprivations of

constitutional due process, the Due Process Clauses of the 5th & 14th

Amendments as enunciated in Powell v. Alabama (1932) as well as U.S.

v. Throckmorton (1878) are raised in this Writ.

## REASONS FOR GRANTING THE WRIT PETITION

The 9th Circuit in its' decision of October 17th 2018 was wrongly decided.

## PROCEDURAL HISTORY AND BACKGROUND

The 9th Circuit Court of Appeals issued it's Memorandum Order decision was issued on March 23, 2018. The mandate issued on April 16th 2018 (not April 6), but was not received by the BAP until June 6. Two days earlier, on June 4, 2018, the Supreme Court handed down Lamar.

Unaware of Lamar, but with a June 21 2018 deadline for a petition for certiorari fast approaching, Thomas consulted with Mr. North, a member of the Supreme Court's (and this Court's) bar. He learned of the just-issued decision in Lamar and retained North to seek an extension of time. An application for a 60-day extension was filed with then-Circuit Justice Kennedy on June 11, 2018, one week after Lamar. On June 18, Justice Kennedy granted the application, extending the time for certiorari to August 20, 2018. Briefs were filed, and the 9th Circuit issued its' order on November 17th 2018 essentially adopting Kenmark's arguments that necessitate the filing of this Petition for a Writ of Certiorari. An Application for a sixty day extension of time was filed on 1-4-2019 and granted by Justice Kagan on 1-9-2019 extending the time for an appeal to Saturday March 16th 2019, extended to Monday March 18th 2019 due to the deadline falling on a Saturday.

Thomas is a Chapter 7 Bankrupt with limited resources. As the new deadline for certiorari approached, he was unable to undertake a petition for certiorari ,but managed the less expensive alternative of a motion to recall the mandate. The motion was filed

on August 17, 2018, within the time allowed for certiorari.

Petitioner seeks additional review of the 9th Circuit's failure to consider new evidence in the form of the Declaration of Robert Machado filed on 2-12-2018 that was ignored by the 9th Circuit and in violation of the principles enunciated in In re: Hazel-Atlas (1944) 322 U.S. 238 mandating appellate court intervention when faced with evidence of fraud upon the Court as is the case here.

Further appellate review is warranted as is the case here when the underlying judgments are void on the face of the record.  As such, Petitioner requests that the Court consider the evidence that shows that the underlying judgments are void on their face and either make a judicial finding of fact in this regard, or order the

9th Circuit or lower courts to do so.

## LEGAL ARGUMENTS FOR GRANTING WRIT PETITION

Kenmark conceded that Lamar, Archer & Cofrin, LLP v. Appling, (2018) 138 S.Ct. 1752 ("Lamar") changed the controlling law in this Circuit regarding nondischargeability under 11 U.S.C. Section 523(a)(2)(A). It further conceded that, under Lamar, the Emerald-related Thomas nondisclosures do not provide a basis for nondischargeability. It nevertheless opposed Thomas' motion to recall the mandate on two grounds:

(1)     it claimed that the circumstances were not sufficiently exceptional to justify a recall and

(2)     it suggested there were alternate grounds for affirmance.

The 9th Circuit accepted Kenmark's argument in error as a basis for its' October 18th 2019 decision.

## LAW REGARDING RECALL OF MANDATE

Zipfel v. Halliburton, 861 F.2d 565, 567-68 (9th Cir. 1988), holds that where a new Supreme Court decision "departs in some pivotal aspects" from a recent decision of this Court, "recall of a mandate may be warranted ... 'to protect the integrity' of the ... prior judgment .... [and to] promote [] uniformity in judicial decision making and in the treatment of litigants."

Thus, in Bryant v. Ford Motor Co., 886 F.2d 1526, 1530-31 (9th Cir.1989), cert. denied, 493 U.S. 1076 (1990), this Court, relying on Zipfel, observed that "an abrupt change in the law shortly after the panel's opinion justifies a recall of the mandate .... "

-12-

That is consistent with decisions in other Circuits. In a very recent Fifth Circuit decision, for example, the Court held that "[r]ecalling the mandate is appropriate when a subsequent decision of the Supreme Court ... renders a previous decision 'demonstrably wrong.'" United States v. Montalvo-Davila, 890 F.3d 583, 587 (5th Cir. 2018). The Fifth Circuit stated that

"[a] previous decision is 'demonstrably wrong' if it 'directly conflicts with'

the subsequent [Supreme Court] decision [,]"

and observed that the interest in correcting a recent decision (that has been rendered "demonstrably wrong"),

"weighs heavily in favor of recalling the mandate .... " Id.

Indeed, the primary reason for caution in exercising the power to recall the mandate is the desire to preserve finality. As noted by the Fifth Circuit,

"[w]hen faced with a motion to recall the mandate, [a] court must balance

two opposing interests: the interest in 'prevent[ing] injustice ... and the

interest in maintaining ... finality .... "

Montalvo-Davila, supra, 890 F.3d at 586.

But where a case is not yet final at the time the intervening decision is rendered, considerations of repose carry little, if any, weight. And here, as of June 4, 2018, when Lamar was handed down, the proceedings in this case were not yet final. The conclusion of the direct federal appellate process occurs when the Supreme Court denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. US., 537 U.S. 522, 527 (2003); see also Griffith v. Kentucky, 479

-13-

U.S. 314, 312 n.6 (1987) ("By 'final,' we mean a case in which ... the time for a petition for certiorari lapsed or a petition for certiorari finally denied."). Prior to that time, the case is still sub Judice and

"the dominant principle is that . . . . [i]ntervening and conflicting decisions will ... cause the reversal of judgments which were correct when entered .... "

Vandenbark v. Owens- Illinois Glass Co (1941) 311 U.S. 538, 543.

In the circumstances, recall of the mandate is plainly warranted. GVRs are routinely granted by the Supreme Court where

"intervening developments ... reveal a reasonable probability that the decision below rests on a [faulty] premise .... "

See Lawrence v. Chafer, (1996) 576 U.S. 163, 166, 167.

Recalling the mandate here will do nothing more than what the Supreme Court would have done had a petition for certiorari been filed instead of the instant motion.

Thomas hereby requests that this Court review the 9th Circuit's ruling and order the 9th Circuit to perform a panel review and also review the additional arguments made in the application for an extension to file a Writ of Certiorari filed on 1-4-2019 and granted by this Court on 1-9-2019.

Kenmark's first argument accepted by the 9th Circuit ignored the principle that where, as here, a supervening Supreme Court decision conflicts with a recent decision of this Court, recall of the mandate is justified. More importantly, the 9th Circuit ignored the fact that Lamar is an intervening decision, because it was handed down before this

-14-

Court's mandate was received by the BAP and before the time for seeking a writ of certiorari expired. The proceedings in this case were not yet final and Lamar is thus the law to be applied. Recall of the mandate is an appropriate mechanism to do so as well as any relief this Court deems appropriate. Kenmark's second argument also accepted by the 9th Circuit in the 10-17-2018 decision hinged on a plain misconstruction of Section 523(a)(2)(A) and an untruthful, and unsupportable, rewrite of the history of the proceedings.

According to Kenmark,

"statement[s] respecting the debtor's ... financial condition" are not a carve-out of "false pretenses, a false representation, or actual fraud" that cannot be used to obtain nondischargeability but are an entirely separate category of conduct (a category Kenmark purports to derive from Section 523(a)(2)(B)). With alacrity, it then claimed that the Emerald-related nondisclosures that consumed the Bankruptcy Court, the BAP, and this Court were just icing on the cake. The cake, it now says, an argument that was erroneously accepted by the 9th Circuit consisted of the Electronic Plastic ("EP")-related representations and nondisclosures - representations and non-disclosures that were never addressed by the 9th Circuit Court, barely mentioned (only to be ignored) by the BAP, and passed over as unimportant by the Bankruptcy Court. Then, by virtue of its misconstruction of 523(a)(2)(A), it asserted that the EP-related statements and omissions were "false pretenses" or

-15-

constituted "a false representation" unaffected by Lamar because they are not, according to Kenmark, "statement[s] respecting ... financial condition."

All this ignored the fact that Thomas was a major owner of EP (ER885), the entity that actually received the loan proceeds. There was no evidence whatsoever that Thomas ever received any of the so-called loan proceeds (the evidence clearly shows that the Kenmark wires were an investment, not a loan, and if they were a loan, Thomas is entitled to $18million in a usury claim under the California Constitution, an issue that went ignored in the lower courts.

The 9th Circuit erred when it decided that there was other evidence of fraud that justifies not recalling the mandate in accordance with the law established by Lamar, however, a separate and distinct meaning for the term "actual fraud" was not established until May 16, 2016 - months after the Bankruptcy Judge delivered his findings and conclusions on February 8, 2016 - when the Supreme Court handed down its decision in Husky International Electronics, Inc. v. Ritz, (2016) 136 S.Ct. 1581 (2016). Prior to Husky, a creditor could not prevail under Section 523(a)(2)(A) in this Circuit without a "misrepresentation, fraudulent omission or deceptive conduct." Turtle Rock Meadows Homeowners Ass 'n v. Slyman , 234 F.3d 1081, 1085 (9th Cir. 2000).

Conclusion

For the foregoing reasons, and those set forth in the Motion, this Court should grant the Petition for Writ of Certiorari.

-16-

Dated: March 18th 2019.

Respectfully submitted,

Anthony G. Thomas - Debtor
In Propria Persona

No. _____

Previous No. 18A701

IN THE

SUPREME COURT OF THE UNITED STATES

_____

ANTHONY THOMAS — PETITIONER
(Your Name)

VS.

KENMARK VENTURES LLC — RESPONDENT(S)

**PROOF OF SERVICE**

I, Paul S. Mula Jr _____, do swear or declare that on this date,
March 18th _____, 2019, as required by Supreme Court Rule 29 I have
served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding
or that party's counsel, and on every other person required to be served, by depositing
an envelope containing the above documents in the United States mail properly addressed
to each of them and with first-class postage prepaid, or by delivery to a third-party
commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

David Kornbluh, Esq.                    & VIA E-MAIL
VENTURA, HERSEY & MULLER, LLP    dkornbluh@venturahersey.com
1506 Hamilton Ave
San Jose, CA 95125-4539

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18th _____, 2019

_____
(Signature)

– 18 –

EXHIBIT 15

[Notice of Hearing on Motion for Order Confirming Sale by Auction; Request for Approval of Payment of Commission to Stremmel Auctions]

Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered) CHAPTER    7 |
| Debtors. | **NOTICE OF HEARING ON MOTION FOR ORDER CONFIRMING SALE BY AUCTION; REQUEST FOR APPROVAL OF PAYMENT OF COMMISSION TO STREMMEL AUCTIONS** |
| _____/ | **Hearing Date:    January 8, 2019** **Hearing Time:    2:00 p.m.** |

    **NOTICE IS HEREBY GIVEN** that a paper entitled Motion For Order Confirming Sale By Auction; Request For Approval Of Payment Of Commission To Stremmel Auctions ("Motion") has been filed by Jeri Coppa-Knudson, chapter 7 trustee ("Trustee"). In the Motion, the Trustee requests the Court enter an order confirming the sale of an emerald to Jennifer Jodoin for $21,500. The Trustee also requests approval of a commission to Stremmel Auctions, Inc. in the amount of $3,225 and reimbursement of costs incurred by Stremmel Auctions in the amount of $1,231.

    **NOTICE IS FURTHER GIVEN** that a hearing on the Motion has been scheduled before a United States Bankruptcy Judge, in the Clifton Young Federal Building, 300 Booth Street, Reno, Nevada on **January 8, 2019 at 2:00 p.m.**

    **NOTICE IS FURTHER GIVEN** that any opposition must be filed pursuant to the time limits set forth in Local Rule 9014 for oppositions to a motion. Local Rule 9014(d)

1    provides as follows:

2        [A]ny opposition to a motion must be filed with the Clerk of the court, and
         service of the opposition must be completed on the movant, no later than
3        fourteen (14) days preceding the hearing date for the motion. The opposition
         must set forth all relevant facts and any relevant legal authority. An
4        opposition must be supported by affidavits or declarations that conform to the
         provisions of subsection (c) of this rule.
5

6    If you do object to the relief requested, you must file a **WRITTEN** response with the court.

7    You *must* also serve your written response on the person who sent you this notice.  A paper

8    copy of any response should also be delivered to the Clerk's office identified as "Copy For

9    Chambers" or some similar designation.  If you do not file a written response with the court,

10   or if you do not serve your written response on the person who sent you this notice, then:

11        •    The court may *refuse to allow you to speak* at the scheduled hearing; and

12        •    The court may *rule against you* without formally calling the matter at the

13             hearing.

14        **NOTICE IS FINALLY GIVEN** that a copy of the Motion can be obtained upon

15   request from Hartman & Hartman, 510 West Plumb Lane, Suite B, Reno, Nevada 89509, or

16   by calling Hartman & Hartman at 1-775-324-2800.

17        DATED: November 29, 2018.

18                              **HARTMAN & HARTMAN**

19
                               /S/ Jeffrey L. Hartman
20                             Jeffrey L. Hartman, Esq., for
                               Trustee Jeri Coppa-Knudson
21

22

23

24

25

26

27

28

Hartman & Hartman
510 West Plumb Lane, Ste B
Reno, Nevada 89509
(775) 324-2800

2

EXHIBIT 16

[Motion for Order Confirming Sale by Auction; Request for Approval of Payment of Commission to Stremmel Auctions]

Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Fax: (775) 324-1818
notices@bankruptcyreno.com

Attorney for Jeri Coppa-Knudson, Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | CASE NO.    BK-N-14-50333-BTB |
| ANTHONY THOMAS and WENDI THOMAS, | CASE NO.    BK-N-14-50331-BTB |
| AT EMERALD, LLC, | (Jointly Administered)<br>CHAPTER    7 |
| Debtors. | **MOTION FOR ORDER CONFIRMING SALE BY AUCTION; REQUEST FOR APPROVAL OF PAYMENT OF COMMISSION TO STREMMEL AUCTIONS** |
| _____ / | **Hearing Date:    January 8, 2019**<br>**Hearing Time:    2:00 p.m.** |

Jeri Coppa-Knudson ("Trustee"), requests the Court enter an Order Confirming Sale Of Estate Asset by auction for $21,500 to purchaser Jennifer Jodoin.   The Trustee also requests approval of a commission to Stremmel Auctions, Inc. in the amount of $3,225 and reimbursement of costs of $1,231.  This Trustee's Sale Motion is made in accordance with § 363(b)(1) and F.R.Bankr.P. 6004 and 9014 and is supported by the separately filed Declaration of Hudson Stremmel.  The Trustee also requests the Court take judicial notice of the papers and pleadings on file in these jointly administered cases.

## FACTS

1.    These jointly administered cases were filed as chapter 11 cases on March 4, 2014.

2.    Schedule B of the Schedules of Assets and Liabilities ("Schedules"), filed by AT Emerald listed "one emerald" valued at $200,000,000, stated to be based upon an

Hartman & Hartman
510 West Plumb Lane, Ste  B
Reno, Nevada 89509
(775) 324-2800

1   appraisal. **DE 1, page 9 of 32**.

2       3.     On April 30, 2014, the United States Trustee ("UST"), filed a Motion

3   Convert To Chapter 7. **DE 27**.

4       4.     On June 23, 2014, the Debtors filed a Motion to Sell Assets Free And Clear

5   Of Liens And Motion To File Purchase And Sale Agreement Under Seal ("Debtors' Sale

6   Motion"). **DE 40**. In that Motion, the Debtors described the asset to be sold as "[A] certain

7   21,000 carat emerald matrix (the "Emerald"). The Emerald is currently located at Sarasota

8   Vault, 640 South Washington Blvd., Ste. 125, Sarasota, Florida, 34236."

9       5.     The Debtors' Sale Motion and related papers were withdrawn from the

10   docket by the Debtors and no hearing was ever conducted.

11       6.     The jointly administered cases were converted to chapter 7 by Order entered

12   August 29, 2014. **DE 57**. Trustee Coppa-Knudson was appointed to administer the cases.

13       7.     On October 2, 2014, the Court approved an administrative expense in the

14   amount of $1,500 advanced by the Beach Living Trust, to enable the Trustee to travel to

15   Florida to inspect the Emerald. **DE 76**. The Trustee traveled to Florida and subsequently

16   brought the Emerald to Reno, Nevada.

17       8.     The Trustee has performed substantial due diligence in her efforts to locate a

18   possible purchaser for the Emerald. Because of the uniqueness of the Emerald, the Trustee

19   considered unconventional methods for marketing the Emerald; for example, a conference

20   was held with Overstock.com because of its wide-ranging market presence. However, an

21   arrangement could not be reached because Overstock.com requested a very substantial

22   marketing expense guarantee, regardless of any success. As the estate is administratively

23   insolvent, no such guarantee was feasible. The Trustee also contacted numerous gemstone

24   exhibitors and similar outlets for possible interest.

25       9.     Ultimately, on October 16, 2017, the Trustee filed her Application To

26   Employ Stremmel Auctions, Inc. ("Stremmel"). **DE 347**. On October 17, the Court entered

27   its Order approving Stremmel's employment. **DE 348**.

28       10.    Stremmel conducted an auction process via the online platform HiBid.

1  Bidding was accessible beginning on October 30, 2018 until November 15, 2018. Bidding

2  concluded at 10:00 am PST and the soft close method was utilized. During that time there

3  were 1,408 views, 18 watches, 5 registered bidders and several absentee bids were fielded.

4      11.    On November 15, 2018, bidding for the online auction closed with the

5  highest bid at $21,500.

6      12.    By this Trustee's Sale Motion, she is requesting an order confirming the

7  auction price of $21,500 offered by purchaser Jennifer Jodoin.

## LEGAL DISCUSSION

9  Sales of estate assets, other than in the ordinary course of business, are governed by

10 § 363(b) and F.R.Bankr.P. 6004. Notice of hearing on a sale is required.

> Such use, sale or lease must be based upon a debtor's sound business judgment. The business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). In connection with decisions related to the use of leases to maximize value of the estate, courts show deference to a debtor's sound business decisions. In re Ernst Home Ctr., Inc., 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997).

16 In re Station Casinos, Inc., 2010 Bankr. LEXIS 5447, *7. The business judgment test

17 applies equally to chapter 7 trustees.

18 Here, the estate owns a unique, one-of-a-kind asset with no readily identifiable

19 market. In light of the fact that the jointly administered estates are administratively

20 insolvent and, with the limitation of trying to locate likely purchasers, the Trustee and

21 Stremmel have utilized the tools generally available to them to locate a purchaser.

22 The Trustee believes and represents that Jennifer Jodoin is a good faith purchaser for

23 value and further believes Jennifer Jodoin is entitled to the safe harbor protection of

24 § 363(m).

25 The Trustee also requests authority to pay Stremmel Auctions a commission in the

26 amount of $3,225 together with $1,231 as reimbursement for out-of-pocket expenditures.

## CONCLUSION

28 Based upon the forgoing, the Trustee requests an order confirming the auction sale

price of $21,500 to purchaser Jennifer Jodoin.  The Trustee also requests authority to pay Stremmel Auctions, Inc. $3,225 as a commission for the sale, together with $1,231 as reimbursement for out-of-pocket expenditures.

DATED: November 29, 2018.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., for
Trustee Jeri Coppa-Knudson

EXHIBIT 17

[Trustee's Reply to Debtors' Opposition to Motion for Order Confirming Sale by Auction; Request for Approval of Payment of Commission to Stremmel Auctions]

1  Jeffrey L. Hartman, Esq., #1607
   **HARTMAN & HARTMAN**
2  510 West Plumb Lane, Suite B
   Reno, Nevada 89509
3  Telephone: (775) 324-2800
   Fax: (775) 324-1818
4  notices@bankruptcyreno.com

5  Attorney for Jeri Coppa-Knudson, Trustee

6           **UNITED STATES BANKRUPTCY COURT**

7                **DISTRICT OF NEVADA**

8

9  IN RE:                          CASE NO.    BK-N-14-50333-BTB

10 ANTHONY THOMAS and              CASE NO.    BK-N-14-50331-BTB
   WENDI THOMAS,
11                                 (Jointly Administered)
   AT EMERALD, LLC,                CHAPTER    7
12
            Debtors.               **TRUSTEE'S REPLY TO DEBTORS'**
13                                 **OPPOSITION TO MOTION FOR ORDER**
                                   **CONFIRMING SALE BY AUCTION;**
14                                 **REQUEST FOR APPROVAL OF**
                                   **PAYMENT OF COMMISSION TO**
15                                 **STREMMEL AUCTIONS**

16                                 **REQUEST TO DISREGARD LATE FILED**
                                   **OPPOSITION**
17
                                   **Hearing Date:  March 22, 2019**
18 _____/        **Hearing Time:  10:00 a.m.**

19       Jeri Coppa-Knudson ("Trustee"), replies to the Debtors' 'Opposition' To Motion For

20 Order Confirming Sale By Auction; Request For Approval Of Commission To Stremmel

21 Auctions. Until Friday March 15, 2019 at 12:48 p.m., the Debtor had not filed on the docket

22 a paper actually identified as an Opposition to the Sale Motion **DE 476**. However, on

23 December 17, 2018, Debtor Thomas filed his Application For Order Shortening Time Re:

24 Motion To continue Hearing Of 1-8-2019 Due To Fraud Upon The Court; Declaration Of

25 Anthony Thomas ("Application"). **DE 439, 439-1.** See discussion below about Late

26 Opposition. This Reply is supported by the separately filed Declaration of Jeffrey L.

27 ///

28 ///

Hartman & Hartman
510 West Plumb Lane, Ste B
Reno, Nevada 89509
(775) 324-2800

Hartman and a Supplemental Declaration of Hudson Stremmel. The Trustee is also filing a separate Request For Judicial Notice.  The Trustee reserves all evidentiary objections for the hearing.

## PRELIMINARY MATTER

On Tuesday, March 12 at 4:20 p.m., Hartman received an e-mail from Paul Mula, an individual unknown to him, without any explanation.[1]  Attached to the e-mail was a paper titled "Notice Of Motion For Judicial Notice of Law And Facts [FRE201]."  Also attached to the e-mail from Mr. Mula was a paper titled Opposition To Sale Of Thomas Emerald. A Declaration of Paul S. Mula In Support Of Opposition To Pay Auctioneer Stremmel Auctioneers For Fraud Upon The Court with 29 pages of exhibits and a Declaration of Anthony Thomas In Support Of Opposition To Sale Of Emerald For Fraud Upon The Court Request For Judicial Notice Of Law And Facts with 93 pages of exhibits ("Late Opposition"). **DE 475, DE 476**.  These papers had not been filed on the docket, until the afternoon of March 15, 2019.  Nothing had been filed by the Debtors as of the deadline for Opposition on March 8, 2019.

Although Mr. Mula's Certificate of Service indicates the Late Opposition was e-mailed to Hartman on March 8, 2019, that is not the case.  See, Hartman Declaration, **Exhibits D, E, F and G**.

## FACTUAL ASSERTIONS

Though the Debtor has asserted an extensive list of complaints as to the motion procedure, these are the main issues which go to the heart of the Trustee's motion to approve the sale of the Emerald utilizing the auction process.

__Notice of Hearing__

As a preliminary matter, the Trustee repeats that __no sale of the Emerald has yet__

---

[1]  Mr. Mula is not a creditor or a party in interest in the case.

1    **been approved by the Court**.  The Trustee's Motion to confirm the sale by auction was

2    filed November 29, 2018 ("Sale Motion").  **DE 430**.  The notice period for a sale hearing is

3    28 days.  F.R.Bankr.P. 2002(b) and LR 9014(a)(1).[2]  Hearing was scheduled for January 8,

4    2019, a notice period of at least 36 days.   The Trustee's Certificate of Service was filed on

5    December 3, 2018.  **DE 435**.  The Certificate of Service demonstrates the Notice of Hearing

6    was provided to the entire creditor matrix including to Mr. Thomas at his Peavine Peak

7    Court address in Reno and to his e-mail address.  At the time the Sale Motion was filed and

8    notice of hearing was given to all parties in interest, the Trustee had no knowledge that Ms.

9    Jodoin had any connection with Mr. Tersini.  Mr. Thomas' contention that he did not get

10   notice of the hearing on the Sale Motion is simply false.  In fact, as noted earlier, the Trustee

11   is treating his Application For Order Shortening Time Re: Motion To Continue Hearing Of

12   1-8-2019 Due To Fraud Upon The Court, **DE 439, 439-1**, as an Opposition.

13        Moreover, on January 17, 2019 the Court entered its Order And Notice Re:

14   Continued Hearing; Discovery Deadlines.  **DE 451**.  That Order includes the following

15   language:

16        **IT IS FURTHER ORDERED** that objections to the Sale Motion are to be
         filed no later than **March 8, 2019**, and in compliance with applicable rules
17       including F.R.Bankr.P. 9014 and Local Rule of Bankruptcy Practice 9014;

18   This language clearly provided Mr. Thomas an additional opportunity to object to the Sale

19   Motion.  Put another way, Mr. Thomas has had, since January 17, 2019, the time in which to

20   file any objection he wished  – a total of 50 days. A check of the docket indicates that no

21   paper titled 'Objection to Sale Motion' or any similar paper had been filed by Mr. Thomas

22   as of March 8, 2018.  In addition, the Order also provides:

23        **IT IS FURTHER ORDERED** that, unless the Court orders otherwise for
         cause,  any discovery the Debtor wishes to propound in connection with the
24       Sale Motion must be properly served and completed not later than February
         19, 2019. Copies of all papers obtained in connection with such discovery
25       must be provided to Trustee's counsel.

26

27        [2]  F.R.Bankr.P. 6004(b) provides that an objection must be filed not less than seven days
     before the date of the sale, or within the time fixed by the court. Here, the court set the time for
28   filing objections as March 8, 2019.

Hartman & Hartman
510 West Plumb Lane, Ste  B
Reno, Nevada 89509
(775) 324-2800

3

1   **DE 451**.[3]  See, Certificate of Service at **DE 452**.  Until Trustee's counsel received the e-mail

2   from Mr. Mula on March 12, Debtors had provided no copies of any discovery papers

3   propounded by, or any responses produced to, the Thomases.

4

5   **Overstock.com**

6   The Trustee had discussions with Overstock.com ("Overstock"), representatives

7   regarding possible marketing of the Emerald claimed by the Debtor to be worth

8   $200,000,000.  On December 30, 2014, the Trustee received a proposed Marketing Services

9   Agreement ("MSA") from Stanton Huntington, Associate General Counsel for Overstock.

10  A copy of the e-mail from Mr. Huntington, together with the draft MSA, is attached to the

11  **Hartman Declaration as Exhibit A**.  The Trustee's primary problem with the MSA was

12  the Expenses and the Expense Budget, found at page 2 of the MSA.  The Trustee would be

13  responsible to reimburse Overstock for all expenses as defined in the MSA.  The initial

14  budget for expenses was set at $250,000.  These jointly administered estates are

15  administratively insolvent and the Trustee would not have been in a position to agree to be

16  responsible for expenses of this magnitude, particularly in light of the fact that the Trustee

17  had no way of knowing the actual value of the Emerald.  The MSA also provided that

18  Overstock would be entitled to superpriority status under § 364© with respect to its

19  commission and expenses.  The Trustee concluded that she could not enter into such an

20  agreement.

21  The initial MSA was followed by an amended version on March 18, 2015.

22  **Hartman Declaration**, **Exhibit B**.  This version of the MSA included a new provision that

23  "Upon sale of the Emerald, expiration or termination of this Agreement for any reason",

24  Overstock would be entitled to reimbursement for expenses.  This revision also made clear

25  that the Estate, and not the Trustee, would be liable for expenses.  A third version of the

26  ───────────────

27  [3] On or about January 17, 2019, Mr. Thomas issued/served a subpoena for documents
    on Stremmel Auctions.  Mr. Thomas did not comply with the Discovery Order and did not

28  comply with F.R.Bankr.P. 9016 and F.R.Civ.P. 45(a)(4).

MSA followed on March 24, 2015.  Hartman Declaration, **Exhibit C**.  This third version continued to include the provisions binding the estate for as much as $250,000 in expenses. Utilizing her business judgment, the Trustee determined the estate could not take on such an obligation.

**Purchaser**

As noted above, until the Trustee received Mr. Thomas' letter on Thursday December 6, 2018, neither she nor attorney Hartman were aware of any connection between Ken Tersini and Jennifer Jodoin.  Accordingly, the Trustee could not have been in a position to disclose any such connection.  Regardless, the Trustee defers to the judgment of the Court as to whether any connection should affect the auction outcome.

**False Claims Made In Moving Papers**

The Trustee has filed a separate Request for Judicial Notice ("Trustee's RJN"), which includes materials related to the Kenmark nondischargeable judgment against the Debtor.  On February 19, 2016, this Court entered its Nondischargeable Judgment After Trial in favor of Kenmark and against Anthony Thomas ("Kenmark Judgment").  **Adv. 14-5022, DE 49.**  Although the Trustee believes that the Kenmark Judgment is not relevant to the Sale Motion, Mr. Thomas continues to raise it as an issue in every hearing.  This Court determined that Mr. Thomas engaged in fraudulent conduct in connection with a transaction with Kenmark.

Mr. Thomas appealed the Kenmark Judgment to the Bankruptcy Appellate Panel ("BAP").  Case no. NV-16-1058. On March 28, 2017, the BAP affirmed the Kenmark Judgment.  Mr. Thomas appealed the BAP decision to the Ninth Circuit.  Case no. 17-60042.  In the Ninth Circuit Appeal, on February 12, 2018, Mr. Thomas filed a Motion To Supplement Record To Include Newly Available Evidence.  **Trustee's RJN, Exhibit 2**. This motion asked the Ninth Circuit to permit Mr. Thomas to supplement the appellate

///

1   record with evidence that allegedly established the Santa Clara judgment was obtained as a

2   result of fraud upon the Santa Clara court.

3        On March 23, 2018, the Ninth Circuit entered its Memorandum Decision. **Trustee's**

4   **RJN Exhibit 5**. In the Memorandum Decision, the Court denied Mr. Thomas' Motion To

5   Supplement Record To Include Newly Available Evidence. The Court affirmed the

6   Kenmark Judgment. **Trustee's RJN Exhibit 5**. On August 17, 2018, Mr. Thomas filed his

7   Motion To Recall Mandate. **Trustee's RJN Exhibit 7**. On October 17, 2018, the Court

8   denied the Motion To Recall The Mandate. **Trustee's RJN Exhibit 9.**

9        Nevertheless, Mr. Thomas continues with his assertion that the Kenmark litigation

10   and the judgment against him is based upon a fraud on the Santa Clara court. At ¶ 16 of the

11   Application, Mr. Thomas states:

12           I have already informed the Court of my plan to file papers before the Santa
              Clara Superior Court that move to invalidate the void judgment procured

13           against me inter alia by fraud upon the court and other legal principles that
              render the judgment void on its face.

14

15   Attached to the Trustee's RJN is a copy of the docket from the Santa Clara Superior Court

16   in the civil action styled as <u>Kenmark Ventures, LLC v. T. Thomas, et al</u>, case no 2008-1-

17   CV-130677. The docket is 47 pages in length. **Trustee's RJN Exhibit 10.** There is no

18   indication in the docket that Mr. Thomas has filed any papers requesting a judgment against

19   him be set aside.

20        The Trustee also notes Mr. Thomas' argument about the Santa Clara Judgment is

21   irrelevant, because Mr. Thomas admitted he is personally liable for the obligation. During

22   the trial in the Kenmark Adversary Proceeding, this Court granted Kenmark's Request for

23   Judicial Notice of the Adversary Complaint and Mr. Thomas' Answer, and stated:

24        THE COURT: Admits the allegations contained in paragraph 27 [of the Adversary

25        Complaint,] and that admission is [T]here is due, and owing unpaid from Anthony

26        Thomas to plaintiff the sum of, $4,500,000 together with interest charged at the rate

27        of 10 percent, per annum plus attorneys' fees as allowed under the note. So we've

28        established there's a debt. What we're trying to establish is whether that debt is

1    dischargeable or not. (Trial Transcript, pp.132:10 – 16)

2    - - -

3    THE COURT: Okay. Those are admitted and I'm taking judicial notice of both the

4    complaint and the answer, although I don't really have to do that, but anyway it's

5    admitted that there is a debt of $4.5 million plus accrued interests and attorneys' fees.

6

7    MR. SILVER: And that Mr. Thomas is personally liable for it.

8

9    THE COURT: Mr. Thomas is personally liable. (Trial Transcript, pp.133:14 – 21)

10   Thus, Mr. Thomas' debt to Kenmark was independently established in the Adversary

11   Proceeding in this Court.

12

13   ## LEGAL DISCUSSION

14   **Request To Disregard Late Filed Opposition**

15   The Trustee requests the Court disregard the Late Opposition filed by the Debtor

16   over the counter on March 14 but entered on the docket on March 15, 2019, **DE 476**.

17   Trustee's counsel received Debtor's second Late Opposition by e-mail on Tuesday, March

18   12 at approximately 4:40 p.m.  As noted above, the Court's Order, **DE 451**, clearly states

19   that any opposition to the Sale Motion was to be filed not later than March 8, 2019.  On

20   motion practice, LR 9014 (d) provides:

21   Opposition, response, and reply.

22   (1) Except as set out in subsection (3) below, any opposition to a motion
     must be filed, and service of the opposition must be completed on the
23   movant, no later than fourteen (14) days preceding the hearing date for the
     motion.

24

25   Mr. Thomas had 50 days' notice of the time for filing any Opposition and failed to comply

26   with the Court established deadline.  The Court should enforce its Order regarding the filing

27   of an opposition to the Sale Motion and disregard the Late Opposition.

28   ///

**Notice Was Proper**

To begin, the sale of the Emerald has not yet been approved by the Court. And, as noted, the Debtor has had more than ample opportunity to object to the Sale Motion. And, as noted, the entire creditor matrix received notice of the hearing on the Sale Motion, first on December 3, 2018, **DE 435**, and then again on January 17, 2019 as to the continued hearing, **DE 452**. No one, other than the Debtor has objected to the Sale Motion.

**Standing To Object**

A chapter 7 debtor in an insolvent estate lacks standing to object to the sale of a primary asset. *Willemain v. Kivitz*, 764 F.2d 1019, 1022-1023 (4th Cir. 1985), *In re Bowman*, 181 B.R. 836, 844 (Bankr. D. Md. 1995).

**Overstock.com.**

The Trustee is entitled to exercise her business judgment in administering a bankruptcy estate. Under each contract proposed by Overstock.com, it required an expense budget of $250,000. These jointly administered estates are administratively insolvent. There is no justifiable argument that the Trustee should commit the estates to what amounts to a superpriority administrative expense claim on the hope that the Emerald would sell for substantially more than $250,000. The Debtor's prior negotiations with Overstock.com are irrelevant.

**Purchaser Status and Alleged Fraud On The Court**

Just because the proposed purchaser is a creditor of the Debtor and the estate, does not lead to the summary conclusion that its offer is not made in good faith. The Ninth Circuit has addressed the § 363(m) good faith issue numerous times:

> The Suchys also contend that Rule 805 affords no protection to Community because it did not qualify as a "good faith purchaser." Neither Bankruptcy Rule 805 nor the accompanying committee notes define "good faith purchaser." See L. King, 2 Collier on Bankruptcy, para. 363.13 (15th Ed. 1985) ("No definition of good faith is attempted in the Code.") Lack of good

faith, however, is determined by fraudulent conduct during the sale proceedings.  In re Exennium, 715 F.2d at 1404-05. **The requirement that a purchaser act in good faith, of course, speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders**. Prichard v. Sherwood & Roberts, Inc. (In re Kings Inn, Ltd.), 37 Bankr. 239, 243 (Bankr. 9th Cir. 1984)  quoting In Re Rock Industries Machinery Corp., 572 F.2d 1195, 1198 (7th Cir. 1978).  The Suchys do not contend that Community acted fraudulently in the course of the judicial sale proceedings.

*In re Suchy*, 786 F.2d 900, 902, (9th Cir. 1985) (emphasis added).  Here, there is no evidence that Jodoin colluded with the Trustee or any other bidder in the auction process.

Although the Trustee is not involved in the dispute between Mr. Thomas and Kenmark, Mr. Thomas nevertheless continues to conflate the Kenmark issue with the Sale Motion.   Simply put, Mr. Thomas is asking this Court to accept, as fact, his assertion that Kenmark has no claim in the case because the underlying claim in the Santa Clara litigation was a result of fraud upon the Santa Clara court.  First, that issue is not germane to the Sale Motion. Second, the Rooker-Feldman doctrine precludes this Court from disregarding the outcome of the Santa Clara litigation and, instead, requires that it give full faith and credit to the California Superior Court determination:

> The "Rooker-Feldman" doctrine requires federal courts to give full faith and credit to the decisions of state courts. The doctrine applies in bankruptcy proceedings where the relevant dispute also is raised before a state court. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008). In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), Justice Ginsburg clarified that the Rooker-Feldman doctrine is "confined to cases of the kind in which the doctrine acquired its name: cases brought by state-courts losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284 (emphasis added). Where a federal and state court have concurrent jurisdiction over a factual or legal issue, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." Id. at 293.

*In re Leeds*, 589 B.R. 186, 195 fn.6 (Bankr. D. Nev. 2018)(Judge Nakagawa).  Mr. Thomas' dispute with Kenmark has no bearing on the Sale Motion.

In addition, this Court made an independent determination that Mr. Thomas engaged in fraudulent conduct in his dealings with Kenmark, resulting in the Kenmark Judgment.

**Debtors' Request for Judicial Notice**

The Trustee responds to the Request For Judicial Notice, included with the Late Opposition, as follows:

**R1.1**      The Court should not take judicial notice of this item. The Sale Motion, which is the only § 363 motion in question, was set for hearing on January 8 and Mr. Thomas received appropriate notice. **DE 435**, **DE 452.**

**R3.1-3**      The Court need not take judicial notice of the law.

**R.4**      The Court need not take judicial notice of the law.

**R.5**      The Court should take judicial notice of the Court docket which does clearly indicate that Mr. Thomas had Notice of the Sale Motion. **DE 435** and **DE 452**.

It appears that Mr. Thomas is really objecting to the fact that the Trustee engaged an auctioneer to liquidate the Emerald and that he wanted an opportunity to object to the auction process itself. First, Mr. Thomas has had a full opportunity to demonstrate to the Court why the auction process is faulty. He has not done so; he is merely unhappy that the auction process did not result in an offer more in line with what he believes to be a much higher valuation of the Emerald. Second, the Court will recall that while this case was still a chapter 11, AT Emerald filed a Motion To Sell the Emerald to an entity known as Koyo Shipping and Trading Company. **DE 40,** filed June 23, 2014. Curiously, the amount of the sale price was redacted from the papers filed with the Court. Sixteen days later, and without any stated reason, on July 9, 2014 the Debtors withdrew the papers filed in connection with the proposed sale, at the undisclosed price, and the cases were converted to chapter 7 shortly thereafter.

///

///

///

///

## CONCLUSION

The Trustee requests the Court overrule the Debtors' Late Objection and approve her Motion. There is no evidence from Mr. Thomas that the marketplace would generate a value for the Emerald higher than that resulting from the online auction. The Trustee also requests the Court determine that the successful purchaser of the Emerald is a good faith purchaser for value entitled to the safe harbor provisions of § 363(m). Finally, the Trustee requests approval to reimburse Stremmel Auctions its out-of pocket-expenses and its commission.

DATED: March 15, 2019.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq., for
Trustee Jeri Coppa-Knudson

EXHIBIT 18

[Order of Recusal and
Request for Reassignment]



Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
March 25, 2019

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ANTHONY THOMAS and

WENDI THOMAS,

AT EMERALD, LLC,

              Debtors,

Case No.  BK-14-50333-btb

Case No. BK-14-50331-btb

(Jointly Administered)

Chapter 7

**ORDER OF RECUSAL AND
REQUEST FOR REASSIGNMENT**

Hearing date:   March 22, 2019
Time:               10:00 a.m.

As stated on the record at the hearing held on March 22, 2019,

**IT IS ORDERED** that the undersigned U.S. bankruptcy judge is hereby recused from

hearing this matter and **IT IS REQUESTED** that the case(s) be reassigned to another judge.

###