**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:   (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se, and attorney for STREMMEL AUCTIONS, LLC STEVEN STREMMEL and HUDSON STREMMEL*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>　　　　Plaintiff,<br>v.<br>BRUCE T. BEESLEY, et al.,<br>　　　　Defendants. | Case No.: CV-19-1480 JSW<br><br>**DEFENDANTS' STREMMEL AUCTIONS, LLC, STEVEN STREMMEL AND HUDSON STREMMEL NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>　Date:　May 24, 2019<br>　Time:　9:00 a.m.<br>　Court:　Courtroom 5<br><br>Complaint Filed: March 21, 2019<br>Trial Date: None Set |

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on May 24, 2019, at 9:00 a.m., in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, Defendants STREMMEL AUCTIONS, LLC, STEVEN STREMMEL and HUDSON STREMMEL ("Stremmel Defendants") will, and hereby do, move the Court to dismiss the Complaint ("Complaint") against them filed by Anthony Thomas ("Plaintiff," or "Thomas") on March 21, 2019, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure ("FRCP").

This Motion is supported by the following Memorandum of Points and Authorities and the [Proposed] Order, Omnibus Request for Judicial Notice filed on April 12, 2019 (Docket No. __), pleadings and papers on file herein, and such other matters that may be presented to the Court at hearing.

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition or statement of non-opposition must be served and filed no later than 14 days after the filing of this motion.

**I.    RELIEF REQUESTED**

Pursuant to FRCP 12(b)(1) and 12(b)(6), the Stremmel Defendants request this Court dismiss the Complaint against them without leave to amend.

**II.   STATEMENT OF ISSUES TO BE DECIDED**

1. Does the Court have subject matter jurisdiction pursuant to FRCP 12(b)(1)?

2. Does the Complaint against the Stremmel Defendants state any claims upon which relief can be granted?

3. Are the claims alleged in the Complaint prudentially ripe for decision?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

A matter that is properly the subject of judicial notice under Federal Rule of Evidence 201 may be considered along with the Complaint when deciding a motion to dismiss for failure to state a claim. (*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016, fn. 9 (9th Cir. 2012)) The Stremmel Defendants have therefore requested the Court take judicial notice of several bankruptcy court documents (including related appeals) in a concurrently filed Omnibus Request for Judicial Notice ("RJN"). The RJN is designed to assist the Court in understanding the factual and procedural history of Thomas's long running dispute with Kenmark, and thereby evaluate the Complaint in the appropriate context.

Plaintiff is the Debtor in Bankruptcy Case No. 14-BK-50333-BTB (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Nevada ("Bankruptcy Case"). The Bankruptcy Case was originally filed under Chapter 11 on March 4, 2014 (RJN, Ex.1), and

Page - 2

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson     Case No.: CV-19-1480 JSW
Stremmel Notice of Motion and Motion To Dismiss Complaint

subsequently converted to a Chapter 7 Case. (RJN, Ex. 2). Co-defendant Jeri Coppa-Knudson was appointed as the Chapter 7 Trustee ("Bankruptcy Trustee") by Order entered on September 11, 2014. (RJN, Ex. 3)

The Bankruptcy Trustee moved the Bankruptcy Court for authority to employ STREMMEL AUCTIONS, LLC as auctioneers to sell certain assets of the bankruptcy estate known as the Thomas Emerald (RJN, Exs. 4 – 5), and this employment was approved by the Bankruptcy Court by Order entered on October 18, 2017. (RJN, Ex. 6)

The Bankruptcy Trustee moved the Bankruptcy Court to confirm the sale of the Thomas Emerald and provided notice of the hearing on November 29, 2018 (RJN, Exs. 15 – 16), which Thomas opposed. (See, Trustee's Reply to Opposition, RJN Ex. 17) The sale of the Thomas Emerald was not confirmed at the March 22, 2019 hearing, due to co-defendant Bankruptcy Judge Bruce T. Beesley's decision to recuse himself. (RJN, Exs. 1 and 18)

The Stremmel Defendants move for dismissal on three grounds:

1. The Complaint against the Stremmel Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, because Plaintiff did not comply with Supreme Court precedent set forth in *Barton v. Barbour*, 104 U.S. 126 (1881), and its progeny, (the "Barton doctrine"). The Barton doctrine provides that, before a lawsuit is brought against a receiver or bankruptcy trustee, or the trustee's attorneys or agents, leave of court by which the Trustee was appointed must be obtained. *In re VistaCare Group, LLC*, 678 F.3d 218, 224-25 (3d Cir. 2012); *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005)

2. The Complaint is a "shotgun" style complaint that jumbles multiple claims together and includes allegations immaterial to those claims. It is impossible to know which allegations are directed at which defendants. Such a "shotgun" complaint does not meet the federal pleading standard under Fed. R. Civ. P. Rule 8, and the Complaint therefore fails to state a claim and should be dismissed under FRCP Rule 12(b)(6).

3. The Plaintiff has not suffered any damages, and therefore the claims in the Complaint are not prudentially ripe for decision under FRCP Rule 12(b)(6).

## II. The Complaint Against the Stremmel Defendants Should Be Dismissed for Lack of Subject Matter Jurisdiction Under FRCP 12(B)(1) Due to Plaintiff's Failure to Comply with the *Barton Doctrine*

The Barton doctrine provides that a court appointed trustee cannot be sued for actions taken in the trustee's official capacity unless leave is first obtained from the court that appointed the trustee. *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005) A district court is considered to be "another forum," requiring leave of the bankruptcy court before a lawsuit can be brought. *In re Kashani*, 190 B.R. 875, 885 (9th Cir. BAP 1995)

The Barton doctrine takes its name from the 1881 Supreme Court Case of *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881) ("*Barton*"). In *Barton*, the Supreme Court held that a party must first obtain leave of the appointing court before suing a railroad receiver in his official capacity. The Court based its holding on the appointing court's exclusive in rem jurisdiction over the property administered by the receiver. Given the appointing court's exclusive jurisdiction, the "non-appointing" court lacked jurisdiction over the suit against the receiver.

Although the Barton doctrine was conceived in the context of railroad receivers, courts have broadly applied the Barton doctrine to bankruptcy trustees. The extension of the Barton doctrine to the bankruptcy arena reflects the fact that a "trustee in bankruptcy is a statutory successor to the equity receiver" and "like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the Court's control by virtue of the Bankruptcy Code." *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998) The common thread running through these policy explanations is the bankruptcy court's jurisdiction over the bankruptcy case and the powers that flow from that jurisdiction. *Crown Vantage*, 421 F.3d 963, 970 (9th Cir. 2005)

The Barton doctrine has been expanded to cover a number of other bankruptcy professionals as the "functional equivalent of a trustee," including auctioneers, real estate brokers, private investigators, creditors, a chair of an unsecured creditors' committee, insiders of debtors, chief restructuring officers, and fiduciaries of debtors when those officers functioned as the equivalent of

Page - 4

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson Stremmel Notice of Motion and Motion To Dismiss Complaint     Case No.: CV-19-1480 JSW

court-appointed officers and were acting within the scope of their authority.[1] It has been recognized that court appointed auctioneers fall within this "functional equivalent" definition. *Carter v. Rodgers*, 220 F.3d 1249, 1251-53 (11th Cir. 2000); *Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 U.S. Dist. LEXIS 141986, 2011 WL 6141443, *3 (E.D. La. Dec. 9, 2011); *Lunan v. Jones (In re Lunan)*, 489 B.R. 711, 724 (Bankr. E.D. Tenn. 2012)

As agents of the Bankruptcy Trustee that were appointed by the Bankruptcy Court, the underlying policies and rationale of the Barton doctrine therefore apply with equal force to the Stremmel Defendants. See, *Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 U.S. Dist. LEXIS 141986, at *9 (E.D. La. Dec. 9, 2011), *In re VistaCare Group, LLC*, 678 F.3d 218, 224-25 (3d Cir. 2012)

Because the Barton doctrine is jurisdictional in nature, dismissal under the Barton doctrine should be determined pursuant to FRCP 12(b)(1) rather than 12(b)(6)." *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012); *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009) Once subject matter jurisdiction is challenged, the burden of proof is on the party asserting jurisdiction. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) That is, this Court should presume a lack of subject matter jurisdiction until the Plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) Plaintiff cannot meet that burden here, because his failure to comply with the Barton doctrine is fatal to this Court's subject matter jurisdiction.[2]

The Stremmel Defendants recognize this Court must construe the Complaint liberally because it was drafted by a pro se plaintiff. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) However, even "a liberal interpretation of a . . . complaint may not supply essential elements of the

---

[1] See, In This Issue:, Dicta, "You Can't Sue Me": Preclusion of Claims Against Professionals, 36-8 ABIJ 28, 28. See also, *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir. 1993) "[C]ourt appointed officers who represent the estate are the functional equivalent of a trustee [where] they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." Id. (citing *In re Balboa Improvements, Ltd*., 99 B.R. 966, 970 (9th Cir. BAP 1989)).

[2] This Court will note the absence of a motion by the Plaintiff to seek leave to file the Complaint from the Bankruptcy Court in the Bankruptcy Court Docket (RJN, Ex. 1). And the Complaint has no such allegation.

Page - 5

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson   Case No.: CV-19-1480 JSW
Stremmel Notice of Motion and Motion To Dismiss Complaint

claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), cited in *Lindquist v. Chapman*, No. C 06-06822 WHA, 2007 U.S. Dist. LEXIS 33808, at *5 (N.D. Cal. Apr. 26, 2007) Nor must the Court accept as true legal conclusions, legal conclusions couched as factual allegations, or inferences unsupported by the facts set out in the complaint. *Lacano Investments, LLC v. Balash* (9th Cir. 2014) 765 F3d 1068, 1071-1072.

The lack of federal jurisdiction appears from the "face of the complaint." See, *Warren v. Fox Family Worldwide, Inc*. (9th Cir. 2003) 328 F3d 1136, 1139  This motion is therefore a "facial attack," where the Court accepts the Complaint's allegations as true and draws all reasonable inferences in the Plaintiff's favor. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) But even with the most liberal construction, and acceptance of allegations and inferences drawn in Plaintiff's favor, the Complaint (together with documents attached to the Complaint and the judicially noticed documents in the RJN) nevertheless fails to establish grounds for federal subject matter jurisdiction as required by FRCP 8(a)(1), and should be dismissed without leave to amend as to the Stremmel Defendants.

**III.     The Complaint Fails to State a Claim Because it Is "Shotgun" Style, Jumbles Multiple Claims Together, Includes Allegations Immaterial to Those Claims, and Does Not Meet the Federal Pleading Standard Under FRCP Rule 8**

In the alternative, should Court find it has jurisdiction, the Complaint against the Stremmel Defendants should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim. As noted, pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys. However, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F3d 193, 199 (9th Cir. 1995*); Harris v. Bank of Am., NA (In re Harris)*, 596 F. App'x 581 (9th Cir. 2015)

FRCP Rule 8(a)(2) and (3) require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." The Complaint does not meet that requirement, because it does not connect any of the allegations, to any of the claims, to any of the defendants. The Stremmel Defendants have no idea what they are being sued for, particularly since many of the acts the Plaintiff complains of took place before the Stremmel Defendants were employed by the Bankruptcy Trustee.

Page - 6

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson Stremmel Notice of Motion and Motion To Dismiss Complaint      Case No.: CV-19-1480 JSW

Although a federal claimant is not required to detail all factual allegations, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) And while the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party,[3] it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) This Complaint does not contain a plausible claim against the Stremmel Defendants, and is subject to dismissal for either (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984))

Additionally, a complaint must set forth a plausible claim for relief; a possible claim for relief is not enough. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678)

All of the allegations against the Stremmel Defendants in the Complaint appear in paragraphs 17 – 20:

> 17.     Defendant Stremmel Auctions, LLC is a Nevada limited liability company whose principal place of business is located in Washoe County, Nevada. Stremmel Auctions has actively participated in the collusive bidding and auction and illegal attempt to sell the Thomas Emerald without compliance with the pre-sale notice requirements of the Bankruptcy law, and has submitted perjured declarations regarding the attempted sale by auction of the Thomas Emerald.

---

[3] The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. (*Von Saher v. Norton Simon Museum of Art at Pasadena* 592 F3d 954, 960)  For example, the court may properly consider matters of public record (e.g., pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) … as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc*. 499 F3d 1048, 1052 (9th Cir. 2007))

Page - 7

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson Stremmel Notice of Motion and Motion To Dismiss Complaint      Case No.: CV-19-1480 JSW

18. Defendant Steve Stremmel is an individual and principal of Stremmel Auctions LLC and at all times relevant to this Complaint was and is a resident of Washoe County, NV.

19. Defendant Mrs. Stremmel is an individual and spouse of Defendant Steve Stremmel and is liable for the actions and conduct of her spouse Defendant Steve Stremmel.

20. Defendant Hudson Stremmel is an individual and resident of Washoe County NV, and is the son of Defendants Steve Stremmel and Mrs. Stremmel.

The Complaint has no allegations or factual claims against either STEVEN STREMMEL or HUDSON STREMMEL. There is a conclusory statement in paragraph 17 that STREMMEL AUCTIONS, LLC: (1) "actively participated in the collusive bidding and auction and illegal attempt to sell the Thomas Emerald without compliance with the pre-sale notice requirements of the Bankruptcy law," and (2) "has submitted perjured declarations regarding the attempted sale by auction of the Thomas Emerald." To the extent these conclusory statements concern the "pre-sale notice requirements," the Bankruptcy Trustee filed the motion under 11 U.S.C. §363 and provided appropriate notice. (See, RJN Exs. 15 – 17)  As such, any claims about the notice and sale motion cannot be raised against any of the Stremmel Defendants.

With respect to the alleged perjured declarations, there are no factual allegations in the Complaint to support this conclusory statement. More importantly, there is no recognized civil action for perjury. See for example, *Moye v. Jiraittewanna*, No. C 08-2056 PJH, 2008 U.S. Dist. LEXIS 53097 (N.D. Cal. May 2, 2008); *Ting v. United States,* 927 F.2d 1504, 1515 (9th Cir. 1991).

Although a pro se complaint must be liberally construed, it must still state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Nielsen v. Rabin*, 746 F3d 58, 63 (2nd Cir. 2014) The Plaintiff's Complaint does not, because it does not allege any facts to support a claim against the Stremmel Defendants. The Complaint should therefore be dismissed for failing to state a claim under FRCP Rule 12(b)(6).

**IV. The Plaintiff Has Not Suffered Any Damages Because the Thomas Emerald Was Not Sold. The Claims In the Complaint Are Therefore Not Prudentially Ripe for Decision and Fail to State a Claim Under FRCP Rule 12(B)(6).**

Prudential ripeness requires a plaintiff to have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

Page - 8

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson Stremmel Notice of Motion and Motion To Dismiss Complaint    Case No.: CV-19-1480 JSW

conjectural or hypothetical. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, (1992) Because the Thomas Emerald was not sold, and the Plaintiff is free to submit a bid at a later date, or locate a buyer willing to bid, there is no concrete or particularized injury. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545, 194 L. Ed. 2d 635 (2016). Consequently the case is not ripe for adjudication, and the Complaint against the Stremmel Defendants should be dismissed.

### V.     Conclusion

The Stremmel Defendants recognize that if a court dismisses a pro se complaint, it should normally grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) The Stremmel Defendants contend that leave to amend should not be granted here. A pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint, *Henderson v. Sheahan*, 196 F3d 839, 846 (7th Cir. 1999), and Plaintiff has done precisely that. The Complaint against the Stremmel Defendants should be dismissed without leave to amend.

Date: April 12, 2019

*/s/ Wayne A. Silver*
*Wayne A. Silver, defendant in pro se, and attorney for defendants STREMMEL AUCTIONS, LLC STEVEN STREMMEL and HUDSON STREMMEL*

Page - 9

Defendants' Stremmel Auctions, LLC, Steven Stremmel and Hudson    Case No.: CV-19-1480 JSW
Stremmel Notice of Motion and Motion To Dismiss Complaint