Byron S. Hollins, SB# 113423
HOLLINS & ASSOCIATES
23801 Calabasas Road, Suite 100
Calabasas CA 91302-1597
*Phone:      818.223.0300*
*Fax:   818.223.0310*
*byron@hollins.legal*

Attorneys for Defendant
Jeffrey L. Hartman

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| Anthiny G. Thomas, individually, and on behalf of the General Public acting as a Private Attorney General,<br><br>        Plaintiff,<br><br>v.<br><br>Bruce T. Beesley, Mrs. Beesley, Jeffrey L. Hartman, Mrs. Hartman, Jeri Coppa-Knudson, Ken Tersini, Mrs. K. Tersini, Jennifer Jodoin, Mr. Jodoin, Wayne Silver, Mrs. Silver, Kenmark Ventures, LLC, Stremmel Auction LLC, Steven Stremmel, Mrs. S. Stremmel, Hudson Stremmel, Amy Tierre and Does 1-1000, inclusive.<br><br>        Defendants | Case no. CV 19 1480 JSW<br>(Hon. Jeffrey S. White, Ctrm 5)<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JEFFREY L. HARTMAN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULES 12 (b) (1) AND 12(b)(6); OR ALTERNATIVELY TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2); OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE PURSUANT TO RULE 12(b)(3)**<br><br>Date: May 24, 2019<br>Time: 9:00 am<br>Courtroom: 5<br><br>Complaint Filed:   March 21, 2019<br>Trial Date:   None Assigned |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on May 24, 2019 at 9:00 am, or as soon thereafter as

1  the matter may be called in Courtroom 5 of the above-entitled court, which is located at

2  Ronald Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, Defendant Jeffrey

3  L. Hartman will move the Court for an order dismissing this action pursuant to 1) Fed. R. Civ.

4  P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted based on the

5  purported allegations of the complaint itself and based upon lack of subject matter

6  jurisdiction under Fed. R. Civ. P. Rule 12(b)(1); 2) pursuant to Fed. R. Civ. P. Rule 12(b)(2)

7  for lack of personal jurisdiction; 3) pursuant to Fed. R. Civ. P. Rule 12(b)(3) as the Northern

8  District of California is the improper venue and 4) that Plaintiff's claims are barred by the

9  relevant statute under California Civil Code sections 47(b) and 1714.10.

10     This motion is based upon this Notice, the attached Memorandum of Points and

11  Authorities, the Requests for Judicial Notice and Exhibits thereto, and such further evidence

12  and argument as may be elicited at the hearing on this motion.

13

14  Dated: April 15, 2019                    Respectfully submitted,

15                                           HOLLINS & ASSOCIATES

16

17                                           By:___/s/ Byron S. Hollins_____
                                                 Byron S. Hollins
18                                               Attorneys for Defendant Jeffrey L.
                                                 Hartman
19

20

21

22

23

24

25

26

27

28

-ii-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and 12(b)(3)**

CV 19 1480 JSW

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 1

1.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.   PERTINENT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.   THE INSTANT ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   The Action Should Be Dismissed, With Prejudice, Pursuant to Fed. R. Civ. Pro. 12(b)(6) Because Plaintiff Cannot Amend and Cure the Rule 12(b)(1) Defects in the Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        1.   Plaintiff Cannot Allege that He Complied With the Barton Doctrine, and Has Not Alleged that the Trustee's Conduct Was Not Subject to Quasi-Judicial Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   The Court Lacks Personal Jurisdiction Over Defendant Hartman and This Action Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2). . . . . . . 6

    C.   This Action Should Be Dismissed Because the Northern District of California Is Not a Proper Venue for this Action Pursuant to Fed. R. Civ. P. 12(b)(3). 8

5.   Plaintiff's Complaint is Barred by California Civil Code Section 47(b). . . . . . . . . 10

6.   The Entirety of Plaintiff's Complaint is Barred by California Civil Code Section 1714. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

HOLLINS & ASSOCIATES

-iii-

# TABLE OF AUTHORITIES

***Cases***                                                                              ***Page(s)***

*Balistreri v. Pacifica Police Dept.*

      901 F.2d 696 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Robertson v. Dean Witter Reynolds, Inc.*

      749 F.2d 530 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McNamara-Blad v. Association of Professional Flight Attendants*

      275 F.3d 1165 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Western Mining Council v. Watt*

      643 F.2d 618 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Conley v. Gibson*

      355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jacobson v. Hughes Aircraft Co.*

      105 F.3d 1288 (9th cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Albrecht v. Lund*

      845 F.2d 193 (9th cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Barton v. Barbour*

      104 U.S. 126 (1881). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Crown Vantage Inc.*

      421 F.3d 963 (9th cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*CIT Communications Finance v. Maxwell*

      378 B.R. 563 (N.D. Ill 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lankford v. Wagner*

      853 F. 3d 1119. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Bennett v. Williams*

      892 F.2d 822, 823 (9th Cir.1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lonneker Farms, Inc. v. Kloubucher*

      804 F.2d 1096, 1097 (9th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

HOLLINS & ASSOCIATES
-iv-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6);
12(b)(2); and  12(b)(3)**
CV 19 1480 JSW

*Doe v. Unocal*

    248 F.3d 915 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Swartz v. KPMG*

    476 F.3d 756 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Terracom v. Valley Nat'l Bank*

    49 F. 3d 555 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Pebble Beach Co. v. Caddy*

    453 F.3d 151 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*International Shoe Co. v. Washington*

    326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*LeRoy v. Great W. United Corp.*

    44 U.S. 173 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*

    308 U.S. 165 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*

    84 F.3d 1408 (Fed. Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cottman Transmission Systems, Inc. V. Martino*

    36 F.3d 983 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Woodke v. Dahm*

    70 F.3d 983 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jenkins Brick Co. v. Bremer*

    321 F.3d 1366 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rubin v. Green*

    4 Cal. 4th 1187, 1193-1194 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Flores v. Emerich & Fike*

    416 F.Supp.2d 885, 900 (E.D. Cal. 2006). . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Klotz v. Milbank, Tweed, Hadley, & McCloy*

    238 Cal. App. 4th 1339, 1350 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

-v-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6);
12(b)(2); and  12(b)(3)**

CV 19 1480 JSW

1   *Berg & Berg Enters., LLC v. Sherwood,*

2       131 Cal.App.4th 802, 823 n.10 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3   ***Statutes and Rules***

4   28 U.S.C. §1391(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

5   28 U.S.C. §1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

6   *Fed. R. Civ. Pro 4(k)(1)(a) and (c).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7   Fed. R. Civ. Pro 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,6

8   *Fed. R. Civ. Pro 12(b)(2).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

9   *Fed. R. Civ. Pro 12(b)(3)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

10  *Fed. R. Civ. Pro 12(b)(6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

11  California Civil Code section 47(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

12  California Civil Code section 1714.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

Plaintiff Anthony Thomas (hereinafter "Plaintiff" or "Thomas") is a debtor whose action is currently pending before the United States Bankruptcy Court in the District of Nevada, Reno (hereinafter, "bankruptcy action")[1].  Plaintiff brings the instant action *pro se* against numerous parties involved in his Nevada bankruptcy action.  The defendants in the instant action include, *inter alia*, the United States Bankruptcy Court Judge who presided over Plaintiff's case, the potential buyer of the subject "Thomas Emerald" at issue therein, the auctioneer, the Trustee, and the Trustee's attorney, defendant herein Jeffrey L. Hartman (hereinafter "Defendant" or "Hartman").  Plaintiff has also named the spouses of all of the aforementioned parties as defendants in the instant action.

Plaintiff alleges a variety of causes of action concerning a purported conspiracy amongst the defendants to deprive him of his due process and constitutional rights in the bankruptcy action.

Plaintiff's complaint should be dismissed without leave to amend because:

(1) Plaintiff cannot state a claim because the complaint is virtually unintelligible and Defendant has not been apprised of the specific causes of action lodged against him, nor of the specific allegations in support thereof;

(2) Plaintiff cannot state a claim because he has not complied with the <u>Barton</u> doctrine and / or Plaintiff's claims against Defendant are barred by the doctrine of quasi-judicial immunity, and thus this Court lacks subject matter jurisdiction;

(3) This Court lacks personal jurisdiction over Defendant Jeffrey L. Hartman; and

(4) The United States District Court for the Northern District of California is an improper venue.

Plaintiff cannot amend the complaint to cure these defects.  Therefore, Defendant respectfully requests that the complaint be dismissed without leave to amend, or in the

---

[1] Case No. 14-50333-BTB

-1-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)**

CV 19 1480 JSW

1    alternative, that the action be heard against Defendant in the United States District Court,

2    District of Nevada.

3    **2.      PERTINENT FACTUAL BACKGROUND**

4            The instant action arose as a result of Plaintiff's voluntary Chapter 11 bankruptcy

5    petition in the United States Bankruptcy Court in the District of Nevada, Case No. 14-50333-

6    BTB.  The case was converted to Chapter 7 and Jeri Coppa-Knudson was appointed to

7    serve as Trustee and continues to serve in that capacity.  In her capacity as Trustee, Ms.

8    Coppa-Knudson arranged for an auction to sell the "Thomas Emerald," an large uncut

9    emerald which was part of the bankruptcy estate to be liquidated as part of the Trustee's

10   duties.  (Dkt #3-2, Plaintiff's Exhibit 9, pp. 130; 24 – 131; 3.)

11           Throughout the Bankruptcy Court hearings concerning the Trustee's potential sale of

12   the emerald via auction, Plaintiff complained that he was not provided proper notice of the

13   potential sale (Dkt #3-2 and Dkt#3-3, Plaintiff's Exhibits 9, 10, and 11).  However, the Court

14   disagreed with Plaintiff's contentions, finding that not only did the Trustee comply with the

15   notice requirements via her attorney, Defendant Hartman, but that, because the sale had not

16   yet been completed, Plaintiff in fact was given more than the minimum notice required.  (Dkt

17   #3-2, Plaintiff's Exhibit 9, pp. 134; 19 – 137; 17. Dkt #3-3, Plaintiff's Exhibit 10, pp. 151; 17

18   – 152; 5.  Dkt #3-3, Plaintiff's Exhibit 11, pp. 180; 11 – 182; 13.  *Id.* at pp. 187; 5 – 189; 13.)

19   **3.      THE INSTANT ACTION**

20           Within one month of the February 22, 2019 status hearing on the Trustee's motion

21   to sell (Dkt #3-3, Plaintiff's Ex. 11), Plaintiff filed the instant action in the District Court in San

22   Jose against the various parties and players involved in the Thomas bankruptcy case,

23   including, *inter alia*, the Judge, the Trustee, and the Trustee's attorney, Defendant herein.

24           However, the complaint as a whole is unintelligible.  It fails to provide any sort of

25   foundational facts, let alone cogent facts describing the "who, what, where, when, and why"

26   in relation to the various purported causes of action claimed.

27           Furthermore, Defendant is named only in paragraph 7 of the complaint.  That

28   paragraph only states that Defendant is a resident of Nevada, is a licensed member of the

HOLLINS & ASSOCIATES

**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6);
12(b)(2); and  12(b)(3)**

CV 19 1480 JSW

1   Nevada State Bar, and is admitted to practice before the U.S. District Court for the District

2   of Nevada and the U.S. Bankruptcy Court for the District of Nevada.  While Defendant acted

3   as Trustee's attorney in the bankruptcy action, Plaintiff has failed to specifically name

4   Defendant anywhere else in the complaint, or to tie Defendant's purported wrongdoings to

5   any Plaintiff's purported causes of action.

6        Rather, Plaintiff's complaint consists of numerous haphazard allegations directed at

7   various parties, interspersed with various improper requests to the Court for judicial findings

8   and judgments.

9        Defendant is not required to guess as to the allegations against him.  However, from

10  what can be gleaned from the complaint and the attached exhibits, Plaintiff appears to

11  complain that the Trustee, through her attorney, Defendant Hartman, failed to comply with

12  notice requirements prior to engaging in the sale of the emerald at issue.  Yet, as shown

13  above and as noted in Plaintiff's own exhibits, the Bankruptcy Court disagreed with Plaintiff's

14  contentions, and Plaintiff has nowhere alleged a factual finding by a court of review reversing

15  any of the Bankruptcy Court's rulings in Plaintiff's bankruptcy action.

16  **4.      ARGUMENT**

17     **A.      The Action Should be Dismissed, With Prejudice, Pursuant to Fed. R. Civ.**

18          **P. 12(b)(6) Because Plaintiff Cannot Amend and Cure the Rule 12(b)(1)**

19          **Defects in the Complaint.**

20       Dismissal under Rule 12(b)(6) is proper where, as discussed above, there is a lack

21  of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable

22  legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (overruled

23  on other grounds); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir.

24  1984).

25       In resolving a Rule 12(b)(6) motion, the Court must: (1) construe the complaint in the

26  light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true.

27  McNamara-Blad v. Association of Professional Flight Attendants, 275 F.3d 1165, 1169 (9th

28  Cir. 2002).   However, the Court need not accept as true unreasonable inferences,

1 unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual
2 allegations.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

3    If it appears that the plaintiff can prove no set of facts in support of the claim which
4 would entitle plaintiff to relief, dismissal with prejudice is appropriate.  <u>Conley v. Gibson</u>, 355
5 U.S. 41 (1957); <u>Jacobson v. Hughes Aircraft Co.</u>, 105 F.3d 1288, 1292 (9th Cir. 1997).  In the
6 same vein, a dismissal with prejudice is appropriate if amendment of the complaint in an
7 effort to correct its deficiencies would be futile.  <u>Albrecht v. Lund</u>, 845 F.2d 193, 195 (9th Cir.
8 1988).  As set forth below, the instant action presents just such a case.

9     **1.**  **Plaintiff Cannot Allege that He Complied With the Barton Doctrine,**
10        **and Has Not Alleged that the Trustee's Conduct Was Not Subject**
11        **to Quasi-Judicial Immunity**

12    In order to avoid dismissal under Rule 12(b)(6), Plaintiff must overcome several fatal
13 deficiencies in his complaint, the first of which is his failure to obtain leave of the United
14 States Bankruptcy Court in the District of Nevada, Reno, before filing this action.  *See* <u>Barton</u>
15 <u>v. Barbour</u>, 104 U.S. 126 (1881).  The <u>Barton</u> doctrine, as articulated by the Supreme Court,
16 instructs that a lawsuit cannot be maintained against a trustee for an act in his or her official
17 capacity without first obtaining leave of the court that appointed the trustee.  *Id.*; <u>In Re Crown</u>
18 <u>Vantage, Inc.</u>, 421 F.3d 963, 970 (9th Cir. 2005).

19    The <u>Barton</u> doctrine is applicable where, as here, a legal action against a trustee has
20 been filed outside of the bankruptcy court with jurisdiction over the proceedings in which the
21 trustee has been appointed.  In fact, even if an action is brought against the bankruptcy
22 trustee in the bankruptcy court that appointed the trustee, the <u>Barton</u> doctrine must be
23 satisfied.  For example, in <u>CIT Communications Finance v. Maxwell</u>, 378 B.R. 563, 566-567
24 (N.D. Ill. 2007), the Court required compliance with <u>Barton</u> in an adversary proceeding
25 brought against a trustee in the bankruptcy court with jurisdiction over the proceedings in
26 which the trustee had been appointed.

27    By extension, an action against a trustee's attorney for acts undertaken by the
28 attorney on behalf of the trustee in a bankruptcy proceeding are subject to Barton, as the

HOLLINS & ASSOCIATES    -4-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)**
CV 19 1480 JSW

1   attorney is standing in the shoes of the trustee.  Lankford v. Wagner, 853 F. 3d 1119, 1122

2   (10th Cir. 2017) ["…we now join our sibling circuits in holding that the protections of the

3   Barton doctrine also extend to the trustee's counsel, where counsel acts under the direction

4   of, or as the functional equivalent of, the trustee."].

5        Here, Plaintiff has not complied with the Barton doctrine.  Plaintiff did not obtain leave

6   from the Bankruptcy Court that appointed Trustee Jeri Coppa-Knudson as the Trustee for

7   Plaintiff's estate before commencing this action nor leave of court before proceeding against

8   the trustee's attorney Hartman.

9        In addition, while it appears from the excerpts of the transcripts submitted by Plaintiff

10  that the Bankruptcy Court acknowledged that Plaintiff had the right to appeal any decisions

11  with which he did not agree, the instant action appears to be an improper appeal of that

12  Court's findings.   In this action, Plaintiff essentially asks this Court to 1) make judicial

13  determinations regarding the Bankruptcy Court's rulings in order to 2) find the defendants

14  liable for the purported causes of action asserted.   Yet Plaintiff has not provided any

15  evidence of a judicial determination or finding reversing the Bankruptcy Court's decisions of

16  which Plaintiff complains.

17       Moreover, Plaintiff has not alleged any facts to demonstrate that the Trustee's alleged

18  conduct is not subject to quasi-judicial immunity. Since the Court appointed Ms. Coppa-

19  Knudson as the bankruptcy Trustee, she is "entitled to broad immunity from suit when acting

20  within the scope of [her] authority and pursuant to court order."  Bennett v. Williams, 892

21  F.2d 822, 823 (9th Cir. 1989). The discretionary acts of a trustee, when performed with the

22  informed approval of the court and notice to the debtor, receive quasi-judicial immunity.  Id.

23  at 825; see also Lonneker Farms, Inc. v. Kloubucher, 804 F.2d 1096, 1097 (9th Cir.1986)

24  (bankruptcy trustees receive "derived judicial immunity" because they perform "integral part

25  of the judicial process").

26       It is not alleged that Ms. Coppa-Knudson took any actions outside her official capacity

27  as Plaintiff's designated bankruptcy trustee. The alleged conduct of which Plaintiff complains

28  was done in Ms. Coppa-Knudson's fulfillment of her official duties as Plaintiff's bankruptcy

1  trustee and therefore said conduct – and by extension, the conduct of her attorney, acting

2  under the direction of, or as the functional equivalent of –  is subject to quasi- judicial

3  immunity.

4      Accordingly, it is respectfully submitted that this action should be dismissed, with

5  prejudice, for lack of subject matter jurisdiction under Rule 12(b)(1).

6  **B.    The Court Lacks Personal Jurisdiction Over Defendant Hartman and This**

7  **Action Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2).**

8      It is the plaintiffs' burden to establish the court's personal jurisdiction over a

9  defendant. Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001). Mere "bare bones" allegations

10 of minimum contacts with the forum or legal conclusions unsupported by specific factual

11 allegations will not satisfy a plaintiff's pleading burden. Swartz v. KPMG, 476 F.3d 756, 766

12 (9th Cir. 2007).

13     Jurisdiction of a defendant is vested in a federal court only if: (1) the defendant has

14 been served; and (2) the defendant "is subject to the jurisdiction of a court of general

15 jurisdiction in the state where the district is located."  F.R.C.P. 4(k)(1)(A) and (C).  "Where

16 the federal statute or rule on which an action is premised does not authorize service to obtain

17 jurisdiction over a defendant, the starting point is the forum state's long-arm statute." Unocal,

18 248 F.3d at 923.

19     In a diversity case, in order to exercise personal jurisdiction over a non-resident

20 defendant, the district court must apply the long-arm statute of the state in which the district

21 court sits in diversity.  Terracom v. Valley Nat'l Bank, 49 F.3d 555, 559 (9th Cir. 1995).

22 California's long arm statute permits the exercise of personal jurisdiction to the extent

23 permitted by due process. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154-55 (9th Cir.

24 2006). Due process requires "a defendant, if not present in the forum to have 'minimum

25 contacts' with the forum state such that the assertion of jurisdiction 'does not offend the

26 traditional notions of fair play and substantial justice.'"  Id. at 1155 (quoting International

27 Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)).

28

1    For a court to exercise personal jurisdiction over a defendant, it must have either

2  general or specific jurisdiction.  General jurisdiction is available if a defendant's "activities in

3  the forum are substantial, continuous, and systematic . . . ."  <u>Unocal</u>, 248 F.3d at 923.

4  Specific jurisdiction is available only of a defendant's "contacts with the forum give rise to the

5  cause of action . . . ." <u>Id</u>.

6    Three requirements are required for the exercise of specific jurisdiction: (1) the non-

7  resident must do some act by which he purposely avails himself of the privilege of

8  conducting activities in the forum, thereby invoking the benefits and protections of its laws;

9  (2) **the claim must be one which arises out of or results from the defendant's forum-**

10 **related activities**; and (3) the exercise of jurisdiction must be reasonable. <u>Unocal</u>, 248.F3d

11 at 923 (emphasis added).

12    Here, Plaintiff has not and cannot meet his burden of proving that Defendant had

13 sufficient contacts with California to establish personal jurisdiction over him.  As set forth

14 above, the voluntary bankruptcy action filed by Plaintiff was filed and prosecuted entirely in

15 the District of Nevada, Reno.  The instant claims against Hartman do not arise from any

16 California related activities; rather, everything took place in Nevada.  Additionally, Plaintiff

17 asserts that Defendant is a resident of Nevada, is a licensed member of the Nevada State

18 Bar, and is admitted to practice before the U.S. District Court for the District of Nevada and

19 the U.S. Bankruptcy Court for the District of Nevada.  There are no other specific allegations,

20 factual or otherwise, that Defendant did anything to avail himself of California jurisdiction.

21    Further, the sum of Plaintiff's "specific" allegations regarding the jurisdiction over all

22 Defendants, including Hartman, are clearly the "bare bones" allegations referenced in

23 <u>Unocal</u>, <i>supra</i>. Plaintiff's allegations provide only that "Jurisdiction is proper before this Court

24 because it involves a federal right.  State Claims are valid under the exercise of the Federal

25 Court's Pendent Jurisdiction." (Dkt #3, Complaint, ¶22).  Accordingly, Plaintiff has failed to

26 meet his burden of showing that this Court may exercise personal jurisdiction over Defendant

27 and this action should be dismissed as to Defendant Hartman pursuant to Fed. R. Civ. P.

28 12(b)(2).

HOLLINS & ASSOCIATES

-7-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6);
12(b)(2); and  12(b)(3)**
CV 19 1480 JSW

1

2

3

C.     **This Action Should Be Dismissed Because the Northern District of California Is Not a Proper Venue for this Action Pursuant to Fed. R. Civ. P. 12(b)(3).**

4

5

6

7

8

9

10

11

12

"In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient trial." LeRoy v. Great W. United Corp., 44. U.S. 173, 183-84 (1979). "Proper venue is simply based on the most convenient or fair forum . . . as established by the various statutory criteria such as defendant's residence or where the cause of action arose." Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167 (1939). Venue must be proper as to each defendant joined in the action and, where separate claims are joined, venue must be proper as to each such claim. Hoover Group, Inc. V. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).

13

28 U.S.C. §1406(a) provides, in relevant part, that:

14

15

16

17

[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

18

Pursuant to 28 U.S.C. §1391(b), a civil action may be brought in:

19

20

21

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

22

23

24

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

25

26

27

28

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

HOLLINS & ASSOCIATES

1   As with the issue of jurisdiction over Hartman, Plaintiff has failed to set forth any
2   allegations supporting his contention that the Northern District of California is the proper
3   venue for this action.  In fact, a review of the purported allegations of the complaint show that
4   this action should have been filed where the bankruptcy action and purported wrongful
5   auction of the emerald took place, the District of Nevada.

6   Plaintiffs' complaint simply states: "Venue is appropriate in this Court because a
7   substantial part of the events that are being sued upon originated from and occurred in this
8   District" and that "[a] substantial number of the Defendants live in and conduct business in
9   this District."  (Dkt #3, Complaint, ¶¶ 23-24.)

10   However, while 7 of the named defendants are alleged to be residents of Santa Clara
11   County, California, at least 10 of the named defendants, including Hartman, are alleged to
12   be or in fact are residents of Nevada.  Further, Plaintiff himself is a Nevada resident.  Thus,
13   with respect to the first of the three alternatives for venue under  28 U.S.C. §1391(b),
14   Hartman is not alleged to be a resident of California (and neither are the majority of the
15   defendants).  Accordingly, the first option is not available.

16   With respect to the second venue option where a "substantial part of the events or
17   omissions giving rise to the claim occurred, or a substantial part of the property that is
18   subject to the action is situated," Plaintiff again fails to establish that the Northern District of
19   California is the proper venue for this action.

20   The requirement that a substantial part of the claim occur in the judicial district is to
21   promote the interests of fairness so that "a defendant is not hauled into a remote district not
22   having any relationship to the dispute. *See* Cottman Transmission Systems, Inc. v. Martino,
23   36 F.3d 983, 985 (3rd Cir. 1994). The court's focus should be on the defendant's activities
24   when making a determination as to where the majority of events or omissions occurred.
25   Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-1372 (11th Cir. 2003); Woodke v. Dahm,
26   70 F.3d 983, 985 (8th Cir. 1995).

27   Here, Plaintiff alleges that he selected this venue because it is where " a substantial
28   part of the events that are being sued upon originated from and occurred in this District."

-9-

**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6);
12(b)(2); and  12(b)(3)**

CV 19 1480 JSW

1  However, one of the few things that is clear from his complaint is that Plaintiff has sued all

2  the defendants based on their purported wrongful conduct in the bankruptcy action, and that

3  Plaintiff has sued Hartman based entirely upon actions taken as the attorney for the official

4  trustee in the bankruptcy action.  That proceeding is and has always been pending in the

5  District of Nevada, Reno.

6      There are no allegations that Hartman took any actions in California. There are also

7  no allegations that Hartman's actions were aimed or directed at California or its residents.

8  Any judgments entered for or against Plaintiff with respect to the bankruptcy proceeding

9  necessarily would have been entered in Nevada, not California.

10     Finally, the third option regarding venue is inapplicable because as discussed, the

11 District of Nevada is the appropriate venue for Plaintiff's action.  Accordingly, this action

12 should be dismissed pursuant to Rule 12(b)(3) as venue is not proper in the Northern District

13 of California because all of the allegations against Hartman arise from events occurring in

14 the District of Nevada, Reno.

15 **5.  Plaintiff's Complaint is Barred by California Civil Code Section 47(b)**

16     California Civil Code Section 47(b) provides an absolute privilege for "any publication

17 or broadcast" made in any judicial proceeding.  This privilege has been given an "expansive

18 reach," and includes any communications that bear "some relation to any ongoing or

19 anticipated lawsuit."  *Rubin v. Green*, 4 Cal. 4th 1187, 1193-1194.  Furthermore, it applies

20 to a wide range of causes of action, Id. at 1194.  This privilege applies to "any

21 communication that bears some relation to an ongoing or anticipated lawsuit." *Flores v.*

22 *Emerich & Fike*, 416 F.Supp.2d 885, 900 (E.D. Cal. 2006) (quoting *Robin v. Green*, 4 Cal.4th

23 1187, 1194 (1993)).  Such communication necessarily includes communicative acts as well

24 as oral statements.  Id.

25     Here, as best as can be gathered from the complaint, there are overtures or

26 allegations that somehow are made that are related to things that Defendant Hartman did

27 in relation to the USBC Nevada District court case. If so, then section 47(b) would apply and

28 this action should be dismissed.

-10-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)**

Those communications are subject to the protections of section 47(b), because they took place during the pendency and in connection with the prosecution/defense of the USBC District of Nevada Action, which was a judicial proceeding before the United States District Court in Nevada.

Because Defendants' communicative acts in Plaintiff's prior lawsuit were all "publications or broadcasts by an attorney made during judicial proceedings," they are subject to the absolute privilege in Section 47(b). The Complaint fails to state a claim upon which relief can be granted and must be dismissed with prejudice. Accordingly, the entirety of this action is barred by section 47(b).

**6. The Entirety of Plaintiff's Complaint is Barred by California Civil Code Section 1714.10**

The entirety of Plaintiff's Complaint is barred by the prefiling requirement of California Civil Code §1714.10, which requires a plaintiff to obtain a prior court order prior to filing any claim premised upon an attorney's conspiracy with a client:

"No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." Cal Civ. Code §1714.10(a).

The purpose of California Civil Code Section 1714.10 is to discourage frivolous claims accusing attorneys of conspiring with their clients to harm others. *Klotz v. Milbank, Tweed, Hadley, & McCloy* (2015) 238 Cal. App. 4th 1339, 1350. Failure to seek such an order is a complete defense to the filing of any action for civil conspiracy, and may form the basis of a motion to strike. Cal. Civ. Code 1714.10(b). Section 1714.10 is: "applicable to the entirety of the plaintiff's complaint, 'without regard to the labels attached to the causes of action or whether the word "conspiracy" – having no talismanic significance – appears in them. The

HOLLINS & ASSOCIATES

**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and 12(b)(3)**

CV 19 1480 JSW

1  particular allegations throughout [the plaintiff's] entire complaint of the union of conduct

2  between attorney and client arising out of the legal representation, the absence of other

3  allegations of independent conduct by [the defendant's attorney], and the incorporation of

4  conspiracy allegations into every cause of action, more than suffice to subject all the claims

5  against [the attorney] to the initial coverage of section 1714.10, as provided in subdivision

6  (a).'"  Klotz, supra 238 Cal.App.4th at 1350-1351 [citations].

7         Here, Plaintiff's Complaint for "conspiracy " wherein he alleges at Dkt #3, Complaint,

8  page 9 line 4 of his complaint that "trustee and her attorney engaged in an illegal attempt .

9  . ." and at Dkt #3, Complaint, page 9 line 18 that ". . . engaged in collusion . . "

10        Thus, all of Plaintiff's causes of action fall squarely within the coverage of this

11 provision, as they are arise from and are incorporated into this purported conspiracy between

12 Defendants and everyone else.   Accordingly, because all of the causes of action and

13 allegations are incorporated by the conspiracy cause of action, they are subject to the

14 provisions of section 1714.10, and are barred, because Plaintiff failed to obtain a court order

15 prior to filing them.

16        The exceptions to the prefiling requirement are contained in section 1714.10(c), which

17 states that: "This section shall not apply to a cause of action against an attorney for a civil

18 conspiracy with his or her client, where (1) the attorney has an independent legal duty to the

19 plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve

20 the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's

21 financial gain."

22        The "independent duty" exception has been interpreted to "obviously" apply to

23 relationships "beyond that of attorney-client."   Klotz, supra 238 Cal.App.4th at 1351

24 [citations].  In order for that exception to apply, the attorney must have engaged in "conduct

25 beyond the provision of legal services."  Id. at 1352.  The second exception means that

26 through the alleged conspiracy, the attorney received financial advantage beyond the normal

27 legal fees received in exchange for representation.  Id. at 1351.

28

-12-

**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)**

CV 19 1480 JSW

1    Thus in *Klotz*, supra, a civil conspiracy claim against a law firm and an attorney was

2    subject to the prefiling requirements of section 1714.10(a) and the two exceptions were

3    inapplicable. Id. at 1351 - 1352. There, the FAC did not allege any duty of the attorney / law

4    firm "beyond the duty inherent in the rendition of services of an attorney to a client, nor [did]

5    it allege any financial gain that goes beyond that to be realized through compensation paid

6    for professional legal services." Id. at 1352.

7    Indeed, the existence of an attorney-client relationship between the

8    attorney-defendant and the plaintiffs "is not determinative of whether a conspiracy claim

9    against those defendants survives a motion to strike." Ibid. In *Klotz*, supra, the allegations

10   were based on "an allegedly harmful conflict of interest and did not arise out of the breach

11   of any duty independent of the attorney client relationship, but instead arose in the course

12   of the provision of services in connection with the settlement of a claim or dispute..." and

13   thus could not be the basis of a conspiracy claim. Ibid. Nor did the plaintiffs plead financial

14   gain beyond normal legal fees. Ibid. Thus, the action for conspiracy was stricken. Id. at

15   1353.

16   Claims for aiding and abetting fall within Section 1714.10. *Berg & Berg Enters., LLC*

17   *v. Sherwood*, 131 Cal.App.4th 802, 823 n.10 (2005).

18   Section 1714.10(b) provides that a plaintiff's failure to obtain such an advance order

19   from the court is an absolute defense properly raised in a motion to dismiss. The defense

20   is similarly recognized to civil conspiracy claims brought in federal court. *Flores v. Emerich*

21   *& Fike*, 416 F.Supp.2d 885, 909 (E.D. Cal. 2006).

22   Here, the facts are similar and Plaintiff's claims are not exempt from the prefiling

23   requirement. Defendant Hartman did not have an independent duty to Plaintiff, he

24   represented the Trustee.

25   Thus, all of Plaintiff's causes of action against Defendant Hartman, having their basis

26   in conspiracy, are barred by the prefiling requirement of section 1714.10.

27   / / /

28   / / /

**7.     CONCLUSION**

For each or all of the foregoing grounds, it is respectfully submitted that this Court should dismiss Plaintiff's complaint with respect to Defendant Hartman without leave to amend.


Dated:  April 15, 2019

Respectfully submitted,
HOLLINS & ASSOCIATES

By:___/s/ *Byron S. Hollins*_____
Byron S. Hollins
Attorneys  for  Defendant  Jeffrey  L. Hartman

HOLLINS & ASSOCIATES

NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)

CV 19 1480 JSW

CERTIFICATE OF SERVICE

1

2    I, Byron S. Hollins, the undersigned, hereby declare:

3    I am an attorney duly licensed to practice in the State of California and before this

4    Court, with offices at 23801 Calabasas Road #100, Calabasas, CA. I am counsel for

5    Defendant JEFFREY L. HARTMAN.

6    On April 15, 2019 I electronically filed the foregoing NOTICE OF MOTION AND

7    MOTION TO DISMISS with the U.S. District Court for the Northern District of California by

8    using the CM/ECF system. All participants in this Action that are registered as CM/ECF users

9    will be served by the CM/ECF system.

10   In addition on said date, I served the foregoing document on Anthony Thomas,

11   Plaintiff in the Action, via electronic mail to atemerald2@gmail.com, and also by placing a

12   true and correct copy thereof enclosed in a sealed envelope, with postage thereon fully

13   prepaid, addressed as follows:

14   Anthony Thomas
     7725 Peavine Peak Court
15   Reno, NV 89523

16   and on the same day, depositing said envelope in the U.S. Mail at Calabasas, CA.

17   I declare under penalty of perjury under the laws of the United States of America that

18   the foregoing is true and correct. Executed on April 15, 2019 at Calabasas, CA.

19

20                    /s/ Byron S. Hollins
                      Byron S. Hollins
21

22

23

24

25

26

27

28

HOLLINS & ASSOCIATES

-15-
**NOT. OF MOT. AND MOT. TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1); 12(b)(6); 12(b)(2); and  12(b)(3)**

CV 19 1480 JSW