**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se, and attorney for
Defendants KENMARK VENTURES, LLC,
KEN TERSINI, MARK TERSINI,
and JENNIFER JODOIN*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE T. BEESLEY, et al.,<br><br>    Defendants. | Case No.: CV-19-1480 JSW<br><br>**DEFENDANTS' KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI AND JENNIFER JODOIN NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>  Date:   May 24, 2019<br>  Time:  9:00 a.m.<br>  Court:  Courtroom 5<br><br>Complaint Filed: March 21, 2019<br>Trial Date: None Set |

### NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**PLEASE TAKE NOTICE** that on May 24, 2019, at 9:00 a.m., in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612, Defendants KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI and JENNIFER JODOIN ("Kenmark Defendants") will, and hereby do, move the Court to dismiss the Complaint ("Complaint") against them filed by Anthony Thomas ("Plaintiff," or "Thomas") on March 21, 2019, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Page - 1

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and   Case No.: CV-19-1480 JSW
Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint

This Motion is supported by the following Memorandum of Points and Authorities and the [Proposed] Order, Omnibus Request for Judicial Notice filed on April 12, 2019 (Docket No. 22), pleadings and papers on file herein, and such other matters that may be presented to the Court at hearing.

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition or statement of non-opposition must be served and filed no later than 14 days after the filing of this motion.

## I. RELIEF REQUESTED

1. Pursuant to FRCP 12(b)(1), the Kenmark Defendants request the Court dismiss the Complaint against them for lack of subject matter jurisdiction.

2. Pursuant to FRCP 12(b)(6), the Kenmark Defendants request this Court dismiss the Complaint against them without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Does the Complaint against the Kenmark Defendants state any claims upon which relief can be granted?

2. Does this Court lack subject matter jurisdiction over the claims alleged against the Kenmark Defendants under the Rooker-Feldman doctrine?

3. Are the claims alleged in the Complaint prudentially ripe for decision?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction and Factual Background

A matter that is properly the subject of judicial notice under Federal Rule of Evidence 201 may be considered along with the Complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016, fn. 9 (9th Cir. 2012) The Kenmark Defendants have therefore requested the Court take judicial notice of several bankruptcy court documents (including related appeals) in the Omnibus Request for Judicial Notice ("RJN") filed on April 12, 2019 (Docket No. 22). The RJN is designed to assist the Court in understanding the factual and procedural history of Thomas's long running dispute with Kenmark, and thereby evaluate the Complaint in the appropriate context.

Plaintiff is the Debtor in Bankruptcy Case No. 14-BK-50333-BTB (the "Bankruptcy Case")

Page - 2

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and   Case No.: CV-19-1480 JSW
Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint

pending in the U.S. Bankruptcy Court for the District of Nevada ("Bankruptcy Case"). The Bankruptcy Case was originally filed under Chapter 11 on March 4, 2014 (RJN, Ex.1), and subsequently converted to a Chapter 7 Case. (RJN, Ex. 2). Co-defendant Jeri Coppa-Knudson was appointed as the Chapter 7 Trustee ("Bankruptcy Trustee") by Order entered on September 11, 2014. (RJN, Ex. 3)

KENMARK VENTURES, LLC ("KENMARK") filed an adversary proceeding against Thomas in the Bankruptcy Case, Adversary Proceeding No. 14-5022 ("Adversary Proceeding"). (RJN, Ex. 9, Adversary Proceeding Docket). The Adversary Proceeding was filed to determine whether a $4.5 million dollar judgment against Thomas in favor of Kenmark (the "Superior Court Judgment")(RJN, Exhibit 8) in Santa Clara Superior Court, Case No. 108CV130667 (the "Santa Clara Case") was non-dischargeable under the Federal bankruptcy laws. (RJN, Ex. 9, Adversary Complaint).

Kenmark prevailed after trial in the Adversary Proceeding, and was awarded a judgment against Thomas finding the Superior Court Judgment was non dischargeable (RJN, Ex. 10, the "Non-Dischargeable Judgment"). Thomas appealed the Non-Dischargeable Judgment to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed in an unpublished Memorandum Decision (RJN, Ex. 11). Thomas appealed to the Ninth Circuit Court of Appeals, which also affirmed. (RJN, Ex. 12). Thomas then filed a motion to recall the mandate, which was denied (RJN, Ex.13). Thomas has now filed a Petition for Certiorari with the U.S. Supreme Court, which is pending. (RJN, Ex. 14).

The Bankruptcy Trustee moved the Bankruptcy Court for authority to employ Stremmel Auctions, LLC as auctioneers to sell certain assets of the bankruptcy estate known as the Thomas Emerald (RJN, Exs. 4 – 5), and this employment was approved by the Bankruptcy Court by Order entered on October 18, 2017.  (RJN, Ex. 6)

The Bankruptcy Trustee moved the Bankruptcy Court to confirm the sale of the Thomas Emerald and provided notice of the hearing on November 29, 2018 (RJN, Exs. 15 – 16), which Thomas opposed. (See, Trustee's Reply to Opposition, RJN Ex. 17) The sale of the Thomas Emerald was not confirmed at the March 22, 2019 hearing, due to co-defendant Bankruptcy Judge Bruce T. Beesley's decision to recuse himself. (RJN, Exs. 1 and 18)

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and  Case No.: CV-19-1480 JSW
Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint

The Kenmark Defendants move for dismissal on three grounds:

1. The Complaint is a "shotgun" style complaint that jumbles multiple claims together and includes allegations immaterial to those claims. It is impossible to know which allegations are directed at which defendants. Such a "shotgun" complaint does not meet the federal pleading standard under FRCP 8, and the Complaint therefore fails to state a claim and should be dismissed under FRCP Rule 12(b)(6).

2. The Complaint seeks relief from, and/or claims that are inextricably intertwined with, the Superior Court Judgment, which is barred by the Rooker-Feldman doctrine.

3. The Plaintiff has not suffered any damages, and therefore the claims in the Complaint are not prudentially ripe for decision under FRCP 12(b)(6).

## II. The Complaint Fails to State a Claim Because it Is "Shotgun" Style, Jumbles Multiple Claims Together, Includes Allegations Immaterial to Those Claims, and Does Not Meet the Federal Pleading Standard Under FRCP Rule 8

The Kenmark Defendants recognize that pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys. However, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F3d 193, 199 (9th Cir. 1995); *Harris v. Bank of Am., NA (In re Harris)*, 596 F. App'x 581 (9th Cir. 2015)

FRCP Rule 8(a)(2) and (3) require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." The Complaint does not meet that requirement, because it does not connect any of the allegations, to any of the claims, to any of the defendants. The Kenmark Defendants have no idea what they are being sued for.

Although a federal claimant is not required to detail all factual allegations, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) And while the court must assume that all facts alleged in a complaint are true and view them in a light

Page - 4

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint      Case No.: CV-19-1480 JSW

most favorable to the nonmoving party,[1] it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) This Complaint does not contain a plausible claim against the Kenmark Defendants, and is subject to dismissal for either (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)

A possible claim for relief is not enough. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678)

Plaintiff alleges:

> 10. Defendant Ken Tersini is an individual and is a principal in the Tersini group of companies including Defendant Kenmark Ventures, LLC and KT Construction. Mr. Tersini at all times relevant to this complaint was and is a resident of Santa Clara County, California, doing business from his Cupertino, CA offices. Plaintiff believes and thereon alleges that Mr. Ken Tersini is the mastermind behind the scheme and conspiracy to deprive Mr. Thomas of his constitutional rights and is the one behind the corruption of the judicial machinery and the commission of multiple fraud upon the Court and procuring the underlying judgment inter alia by fraud on the Court.

This allegation contains nothing but conclusions. To the extent the Complaint seeks relief for allegedly "procuring the underlying judgment inter alia by fraud on the Court[,]" that relief is barred by the Rooker-Feldman doctrine, discussed in Part III, *infra*.

The Complaint also alleges:

> 16. Defendant Kenmark Ventures LLC was at all times relevant to this Complaint, a limited liability company organized under the laws of the State of California and the alter ego of Defendants Mark and Ken Tersini. Kenmark Ventures LLC's principal place of business is located in Santa Clara County, California.

---

[1] The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. *Von Saher v. Norton Simon Museum of Art at Pasadena* 592 F3d 954, 960 (9th Cir. 2010) For example, the court may properly consider matters of public record (e.g., pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) … as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc*. 499 F3d 1048, 1052 (9th Cir. 2007)

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint    Case No.: CV-19-1480 JSW

1  There are no facts to support this alter ego pleading. California Corporations Code
2  §17703.04(b) provides:

> A member of a limited liability company shall be subject to liability under the common law governing alter ego liability, and shall also be personally liable under a judgment of a court or for any debt, obligation, or liability of the limited liability company, whether that liability or obligation arises in contract, tort, or otherwise, under the same or similar circumstances and to the same extent as a shareholder of a corporation may be personally liable for any debt, obligation, or liability of the corporation; except that the failure to hold meetings of members or managers or the failure to observe formalities pertaining to the calling or conduct of meetings shall not be considered a factor tending to establish that a member or the members have alter ego or personal liability for any debt, obligation, or liability of the limited liability company where the articles of organization or operating agreement do not expressly require the holding of meetings of members or managers.

Under California Corporations Code §17703.04(b) therefore, an LLC member may become liable for an LLC's obligations under California's common law alter ego doctrine. Alter ego liability permits a plaintiff to "pierce the corporate veil" "where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for the actions of the corporation." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538, 99 Cal. Rptr. 2d 824 (2000)  Under California law, two requirements must be met to invoke the alter ego doctrine: (1) that there be such a unity of interest and ownership that the separate personalities of the corporation and individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow. See *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 216 Cal. Rptr. 443, 702 P.2d 601, 606 (Cal. 1985) (en banc).

In assessing unity of interest, some of the factors that courts consider include: (a) the sole ownership of all the stock in a corporation by one individual or members of a family; (b) the use of the same office location and employment of the same employees; (c) the undercapitalization of the corporation; (d) the domination or control of the corporation by the stockholders; and (e) the disregard of formalities and the failure to maintain arms-length transactions with the corporation. *Politte v. United States*, Civil No. 07cv1950 AJB (WVG), 2012 U.S. Dist. LEXIS 38467, 2012 WL 965996, at *10 (S.D. Cal. Mar. 21, 2012). To survive a motion to dismiss, a plaintiff need only plead two or three of these factors. *Pac. Mar. Freight, Inc. v. Foster*, No. 10-cv-0578-BTM-BLM, 2010

Page - 6

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint    Case No.: CV-19-1480 JSW

1  U.S. Dist. LEXIS 87205, 2010 WL 3339432, at *6 (S.D. Cal. Aug. 24, 2010) Plaintiff has not plead
2  any of these factors that would support an alter-ego claim.
3      As to JENNIFER JODOIN, the sole allegations against her are:

    12.    Defendant Jennifer Jodoin is an individual resident of Santa Clara County, California and is a principal and executive with the Tersini group of companies, including KT Properties, KT Urban and Kenmark Ventures, LLC. She has worked for the Tersini brothers since 2000, and is also the personal notary for Defendant Ken Tersini, operating her notary license from Mr. Tersini's Cupertino, CA business address.

    36.    Plaintiff is respectfully requesting that this Court take judicial notice of the underlying facts and law that establish conclusively that the purported sale by Auction to Jennifer Jodoin, personal notary to Kenmark Ventures LLC and KT Properties and related companies principal Ken Tersini, is void on its' face.

    38.    Plaintiff is seeking a Declaratory Judgment findings of fact and conclusions of law that the defendants engaged in collusion with regards of the attempted sale of the Emerald without Notice by auction between 10-30-2018 and 11-15-2018 that resulted in a void sale to Tersini alter ego and personal notary Jennifer Jodoin.

    None of these allegations against JENNIFER JODOIN are facts that support any of the claims in the Complaint. With respect to the allegations in paragraph 38 regarding the auction, JENNIFER JODOIN is specifically mentioned, but there are no facts alleged against her that support any of the claims in the Complaint.

    Although a federal claimant is not required to detail all factual allegations, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) And while the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party,[2] it need not accept as true any legal conclusion set forth in

---

[2] The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. (*Von Saher v. Norton Simon Museum of Art at Pasadena* 592 F3d 954, 960)  For example, the court may properly consider matters of public record (e.g., pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) … as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc*. 499 F3d 1048, 1052 (9th Cir. 2007)

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and    Case No.: CV-19-1480 JSW
Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint

the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) This Complaint does not contain a plausible claim against the Kenmark Defendants, and is subject to dismissal for either (1) the lack of a cognizable legal theory, or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)

Additionally, a complaint must set forth a plausible claim for relief; a possible claim for relief is not enough. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678)

The Complaint against the Kenmark Defendants should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim. It is simply not plausible.

### III. This Court Lacks Subject Matter Jurisdiction Under the Rooker-Feldman Doctrine To Hear Plaintiff's Claims Regarding the Superior Court Judgment

The Complaint alleges in paragraphs 26, 39 - 40:[3]

> 26. This is a lawsuit arising from facts that culminated in a lawsuit filed in December of 2008 in the Santa Clara County Superior Court entitled Kenmark Ventures v. Thomas Case No. 08-CV-l [SIC] arising from a $6 million investment that was made by Kenmark Ventures LLC, whose principals include the Defendants Mark Tersini, his brother Ken Tersini, and the Tersini group of companies private notary Jennifer Jodoin, who in their most recent fraud upon the [bankruptcy] Court have corrupted the judicial process in their illegal attempt to buy the Thomas Emerald in express violation of the Notice requirements mandated by Section 363(b) of the U.S. Bankruptcy Code as well as Rules 6004 and 2002 of the U.S. Bankruptcy Rules that require at least 21 days Notice to be mailed by the Clerk of the [bankruptcy] Court to all creditors."

> 39. Plaintiff also seeks a judicial determination that The Deposition Transcript (attached as Exhibit 4 to the Kenmark Adv Complaint of the 10-5-2011 hearing in the Santa Clara County Superior Court itself shows that the Judgment is void on its' face for:

> 1. Failure to comply with the Statute of Frauds (CA Civil Code Section 1624).

---

[3] These allegations are also conclusory and vague, lack foundational facts, and do not comply with FRCP 8, thereby also subject to dismissal under FRCP 12(b)(6).

Page - 8

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and    Case No.: CV-19-1480 JSW
Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint

  2. Void for failure to comply with the Provisions of CCP 664.6 requiring proper voir diring by the Judge that wasn't done here.

  3. Attorney Abandonment by Michael Morrissey as confirmed by the Declaration of Bob Machado in the 9th Circuit case filed on 2-12-2018, forming the basis of my current Petition before the U.S. Supreme Court.  as well as void under Olvera v. Grace and in violation of CCP 286 among others. (See Exhibit 15 - Fax from Atty Morrissey to CA State Bar dated 10-3-2011 and Exhibit 16- Minute Order from CA State Bar dated 10-4-2011 to Atty Morrissey)

  40. Under the circumstances the Plaintiff is respectfully requesting that this Court take judicial notice of the Exhibits attached hereto and incorporated herein by reference and render declaratory relief in the form of written findings of fact and conclusions of law as to what actions taken by the parties constitute a deprivation of constitutional rights and liability under the Bivens doctrine as well as liability for pendent State claims that shall be pleaded more fully in Plaintiffs' First Amended Pleading.

These allegations refer to the Superior Court Judgment entered on October 8, 2015 attached as Exhibit 8 to the RJN, and ask this Court to review the Superior Court Judgment, and matters inextricably intertwined with the Superior Court Judgment. It is well settled, however, that a federal district court may not adjudicate an action seeking to reverse or nullify a final state court judgment. Nor may it adjudicate issues "inextricably intertwined" with those adjudicated by the state court (e.g., claims that the judgment violates the losing party's constitutional rights). In short, Thomas, the loser in the Santa Clara Superior Court, cannot avoid his fate by trying to persuade this Court that the Superior Court Judgment violates his federal rights. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-293, 125 S.Ct. 1517, 1527 (2005). This is known as the "Rooker-Feldman doctrine," based on the cases giving rise to the rule. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S.Ct. 1303, 1316 (1983)

To the extent Plaintiff asks this Court to find the Superior Court Judgment is "void on its face," or that the Superior Court Judgment somehow violated Plaintiff's rights, those claims are barred by the Rooker-Feldman doctrine. When a plaintiff brings a de facto appeal from a state court judgment, the Rooker-Feldman doctrine requires that the district court dismiss the suit for lack of subject matter jurisdiction. *Kougasian v. TMSL, Inc*. 359 F.3d 1136, 1139 (9th Cir. 2004), cited in

Page - 9

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint Case No.: CV-19-1480 JSW

*Benson v. Energy Sols., Inc.*, 669 F. App'x 905, 906 (9th Cir. 2016) Plaintiff's Complaint should therefore be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1) with respect to all claims concerning, and/or inextricably intertwined with, the Superior Court Judgment.

**IV.   The Plaintiff Has Not Suffered Any Damages Because the Thomas Emerald Was Not Sold. The Claims In the Complaint Are Therefore Not Prudentially Ripe for Decision and Fail to State a Claim Under FRCP Rule 12(B)(6).**

Prudential ripeness requires a plaintiff to have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, (1992) Because the Thomas Emerald was not sold, and the Plaintiff is free to submit a bid at a later date, or locate a buyer willing to bid, there is no concrete or particularized injury. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545, 194 L. Ed. 2d 635 (2016) Consequently the case is not ripe for adjudication, and the Complaint against the Kenmark Defendants should be dismissed.

**V.   Conclusion**

The Kenmark Defendants recognize that if a court dismisses a pro se complaint, it should normally grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) The Kenmark Defendants contend that leave to amend should not be granted here. A pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint, *Henderson v. Sheahan*, 196 F3d 839, 846 (7th Cir. 1999), and Plaintiff has done precisely that. The Complaint against the Kenmark Defendants should be dismissed without leave to amend.

Date: April 15, 2019

/s/ Wayne A. Silver
*Wayne A. Silver, defendant in pro se, and attorney for defendants KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI and JENNIFER JODOIN*

Page - 10

Defendants' Kenmark Ventures, LLC, Ken Tersini, Mark Tersini and Jennifer Jodoin Notice of Motion and Motion to Dismiss Complaint    Case No.: CV-19-1480 JSW

**CERTIFICATE OF SERVICE**

I, Wayne A. Silver, the undersigned, hereby declare:

I am an attorney duly licensed to practice in the State of California and before this Court, with offices at 643 Bair Island Road, Suite 403 Redwood City, CA 94063. I am a defendant in the above-captioned civil action ("Action"), and the attorney for KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI and JENNIFER JODOIN.

On April 15, 2019 I electronically filed the foregoing DEFENDANTS' KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI AND JENNIFER JODOIN NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the Action that are registered as CM/ECF users will be served by the CM/ECF system.

In addition on said date, I served the foregoing described document on Anthony Thomas, Plaintiff in the Action, via electronic mail to atemerald2@gmail.com, and also by placing a true and correct copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, addressed as follows:

> Anthony Thomas
> 7725 Peavine Peak Court
> Reno, NV 89523

and on the same day, depositing said envelope in the U.S. Mail at Henderson, Nevada.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 15, 2019 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver