**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se and*
*Attorney for Defendant AMY*
*N. TIRRE*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>        Plaintiff,<br><br>v.<br><br>BRUCE T. BEESLEY, et al.,<br><br>        Defendants. | Case No.: CV-19-1480 JSW<br><br>**DEFENDANT AMY N. TIRRE'S  NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF SERVICE**<br><br> Date:   May 24, 2019<br> Time:   9:00 a.m.<br> Court:   Courtroom 5<br><br> Complaint Filed: March 21, 2019<br>Trial Date: None Set |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT</u>

**PLEASE TAKE NOTICE** that on May 24, 2019, at 9:00 a.m., in Courtroom 5 of the

United States District Court for the Northern District of California, Oakland Division, located at

1301 Clay Street, Oakland, California 94612, Defendant AMY N. TIRRE ("TIRRE") [incorrectly

sued as "AMY TIERRE"] will, and hereby does, move the Court to dismiss the Complaint

("Complaint") against her filed by ANTHONY THOMAS ("Plaintiff," or "Thomas") on March 21,

2019, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This Motion is supported by the following Memorandum of Points and Authorities and the

[Proposed] Order, Omnibus Request for Judicial Notice filed on April 12, 2019 (Docket No. 22),

pleadings and papers on file herein, and such other matters that may be presented to the Court at hearing.

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition or statement of non-opposition must be served and filed no later than 14 days after the filing of this motion.

## I.   RELIEF REQUESTED

Pursuant to FRCP 12(b)(6), TIRRE requests this Court dismiss the Complaint against her without leave to amend.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Does the Complaint against TIRRE state any claims upon which relief can be granted?

2.   Are the claims against TIRRE in the Complaint barred by the "agent immunity" rule?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

A matter that is properly the subject of judicial notice under Federal Rule of Evidence 201 may be considered along with the Complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016, fn. 9 (9th Cir. 2012) TIRRE therefore requests the Court take judicial notice of several bankruptcy court documents (including related appeals) in the Omnibus Request for Judicial Notice ("RJN") filed on April 12, 2019 (Docket No. 22). The RJN is designed to assist the Court in understanding the factual and procedural history of Thomas's long running dispute with Kenmark, and thereby evaluate the Complaint in the appropriate context.

Thomas is the Debtor in Bankruptcy Case No. 14-BK-50333-BTB (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). The Bankruptcy Case was originally filed under Chapter 11 on March 4, 2014, and subsequently converted to a Chapter 7 Case on August 29, 2014. The Chapter 7 Trustee is co-defendant Jerri Coppa-Knudson ("Bankruptcy Trustee"), represented in the Bankruptcy Case by co-defendant Jeffrey L. Hartman. (RJN, Exhibit 1 – Bankruptcy Case Docket; Exs. 2 - 3)

TIRRE represented co-defendant KENMARK VENTURES, LLC ("Kenmark") as local

Defendant Amy N. Tirre's Notice of Motion and Motion to Dismiss          Case No.: CV-19-1480 JSW
Complaint

counsel with co-defendant WAYNE A. SILVER in the Bankruptcy Case, and in a bankruptcy adversary proceeding against Thomas filed in the Bankruptcy Case, Adversary Proceeding No. 14-5022 ("Adversary Proceeding").[1] (RJN, Ex. 7, Adversary Proceeding Docket) The Adversary Proceeding was filed to determine whether a $4.5 million dollar judgment against Thomas in favor of Kenmark (the "Superior Court Judgment," RJN Ex. 8) in Santa Clara Superior Court, Case No. 108CV130667 (the "Santa Clara Case") was non-dischargeable under the Federal bankruptcy laws. (RJN, Ex. 9, Adversary Complaint).

Kenmark prevailed after trial in the Adversary Proceeding, and was awarded a judgment against Thomas finding the Superior Court Judgment was non dischargeable (RJN, Ex. 10, the "Non-Dischargeable Judgment"). Thomas appealed the Non-Dischargeable Judgment to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed in an unpublished Memorandum Decision (RJN, Ex. 11). Thomas appealed to the Ninth Circuit Court of Appeals, which also affirmed. (RJN, Ex. 12). Thomas then filed a motion to recall the mandate, which was denied (RJN, Ex. 13). Thomas has now filed a Petition for Cert with the U.S. Supreme Court, which is pending. (RJN, Ex. 14).

TIRRE moves for dismissal on two grounds under FRCP 12(b)(6):

First, the Complaint is a "shotgun" style complaint that jumbles multiple claims together and includes allegations immaterial to those claims. It is impossible to know which allegations are directed at TIRRE. Such a "shotgun" complaint does not meet the federal pleading standards under FRCP 8, and the Complaint therefore fails to state a claim and should be dismissed under FRCP Rule 12(b)(6).

Second, TIRRE is not alleged to have acted in any manner other than as counsel for Kenmark, and is therefore immunized under the "agent immunity rule" codified in California Civil Code Section 1714.10. The Complaint therefore fails to state a claim against TIRRE and should be dismissed under FRCP Rule 12(b)(6).

---

[1] See RJN, Ex. 1 (Bankruptcy Case Docket), Docket Entries 65, 66 and 68 dated May 21 – May 27, 2014: Motion of Wayne A. Silver to Appear Hac Vice and Designate Amy N. Tirre as Local Counsel, and Order approving same).

Defendant Amy N. Tirre's Notice of Motion and Motion to Dismiss          Case No.: CV-19-1480 JSW
Complaint

1
2

## II.  The Complaint Fails to State a Claim Because it Is "Shotgun" Style, Jumbles Multiple Claims Together, Includes Allegations Immaterial To Those Claims, and Does Not Meet the Federal Pleading Standard Under FRCP Rule 8

3
4
5
6
7

TIRRE acknowledges that pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys. However, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F3d 193, 199 (9th Cir. 1995*); Harris v. Bank of Am., NA (In re Harris)*, 596 F. App'x 581 (9th Cir. 2015)

8
9
10

The sole allegation against TIRRE in the Complaint is:

Defendant Amy Tierre is an individual and resident of Washoe County, NV and is an attorney engaged in the conspiracy to deprive Plaintiff Anthony Thomas of his civil and constitutional rights. (Complaint, ¶21)

11
12
13
14
15
16

FRCP Rule 8(a)(2) and (3) require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." The Complaint does not meet that requirement, because it does not connect any of the allegations, to any of the claims, to any of the defendants. The Complaint does not explain why TIRRE is being sued, the alleged conduct TIRRE engaged in that deprived Thomas of Constitutional Rights, what those Constitutional Rights were, and any alleged damages cause by TIRRE's alleged conduct.

17
18
19
20
21
22

Although a federal claimant is not required to detail all factual allegations, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party,[2] it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

23

24
25
26
27
28

---

[2] The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court. (*Von Saher v. Norton Simon Museum of Art at Pasadena* 592 F3d 954, 960)  For example, the court may properly consider matters of public record (e.g., pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) … as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc*. 499 F3d 1048, 1052 (9th Cir. 2007))

Additionally, a complaint must set forth a plausible claim for relief; a possible claim for relief is not enough. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) Even a pro se complaint must still state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Nielsen v. Rabin*, 746 F3d 58, 63 (2nd Cir. 2014)

This Complaint does not contain a plausible claim against TIRRE, and is subject to dismissal for (1) the lack of a cognizable legal theory, and/or (2) the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984)) The Complaint should therefore be dismissed against TIRRE for failing to state a claim under FRCP Rule 12(b)(6).

### III.   The Complaint Fails to State a Claim against TIRRE Because TIRRE is Not Alleged to Have Acted as Anything Other Than a Licensed Attorney on Behalf of Kenmark, and TIRRE is Therefore Immunized by the Agent's Immunity Rule

Under the agent's immunity rule, "an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal." *Pavicich v. Santucci*, 85 Cal.App.4th 382, 394, 102 Cal. Rptr. 2d 125 (2000), cited in *Bus. Integration Tech. v. Mulesoft Inc*., No. C 11-04782 EDL, 2011 U.S. Dist. LEXIS 136080, at *20 (N.D. Cal. Nov. 28, 2011)  For the agent immunity rule to apply, the agent must be acting on behalf of the principal in the scope of employment. *Crystal Cruises, Inc. v. Electra Cruises, Inc.*, No. SACV 08-1054 AG (RNBx), 2009 U.S. Dist. LEXIS 136370, at *4 (C.D. Cal. Mar. 9, 2009)

An attorney, acting in the ordinary course and scope of his retention on behalf of a client, cannot be sued by a third party unless (1) the attorney has an independent legal duty to the third party, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain. (See, *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc*., 131 Cal. App. 4th 802, 835, 32 Cal. Rptr. 3d 325 (2005) (applying the agent immunity rule in the context of an aiding and abetting theory))

California Civil Code Section 1714.10 codified the agent's immunity rule with respect to attorneys; Section 1714.10 states:

Defendant Amy N. Tirre's Notice of Motion and Motion to Dismiss          Case No.: CV-19-1480 JSW
Complaint

(a) No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination. The filing of the petition, proposed pleading, and accompanying affidavits shall toll the running of any applicable statute of limitations until the final determination of the matter, which ruling, if favorable to the petitioning party, shall permit the proposed pleading to be filed.

(b) Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate. Failure to timely raise the defense shall constitute a waiver thereof.

(c) This section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

(d) This section establishes a special proceeding of a civil nature. Any order made under subdivision (a), (b), or (c) which determines the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed, shall be appealable as a final judgment in a civil action.

(e) Subdivision (d) does not constitute a change in, but is declaratory of, the existing law.

California Civil Code Section 1714.10 was enacted to combat "the use of frivolous conspiracy claims that were brought as a tactical ploy against attorneys and their clients and that were designed to disrupt the attorney-client relationship." *Berg & Berg Enterprises, LLC v.*

*Sherwood Partners, Inc.* Id., at 816 The §1714.10(c) exceptions were added to the statute three years after its enactment to limit its scope and application. *Berg & Berg*, at p. 818; see also, *Cortese v. Sherwood*, 26 Cal. App. 5th 445, 453-54, 237 Cal. Rptr. 3d 108, 113-14 (2018)

Plaintiff's Complaint nowhere alleges TIRRE acted other than in the capacity of a licensed attorney representing Kenmark. There are no allegations that TIRRE either had an independent legal duty to the Plaintiff, or went beyond the performance of a professional duty to serve Kenmark that involves a conspiracy to violate a legal duty in furtherance of TIRRE's financial gain.[3] Indeed, Plaintiff would have to commit perjury to make any such allegations against TIRRE. Plaintiff's failure to seek an order under California Civil Code Section 1714.10 subjects the claims against TIRRE to a motion to strike. *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 909 (E.D. Cal. 2006) Moreover, regardless of Plaintiff's failure to seek an order under California Civil Code Section 1714.10, Plaintiff's Complaint fails to state a claim against TIRRE because TIRRE is immunized by the agent's immunity rule.

### IV.     The Complaint Should Be Dismissed With Prejudice

TIRRE recognizes that if a court dismisses a pro se complaint, it should normally grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) Such is the case here. A pro se complainant such as Thomas can plead himself out of court by pleading facts that undermine the allegations set forth in his Complaint, *Henderson v. Sheahan*, 196 F3d 839, 846 (7th Cir. 1999), and has done precisely that.

The Complaint against TIRRE should be dismissed without leave to amend.

Date: April 15, 2019

*/s/ Wayne A. Silver*
*Wayne A. Silver, Defendant in pro se and*
*Attorney for Defendant AMY N. TIRRE*

---

[3] In furtherance of the attorney's financial gain" means that through the conspiracy, the attorney derived economic advantage over and above monetary compensation received in exchange for professional services actually rendered on behalf of a client. *Berg & Berg*, Id. at 834-35, cited in *Lauter v. Anoufrieva*, No. CV 07-6811 JVS(JC), 2010 U.S. Dist. LEXIS 97069, at *85-87 (C.D. Cal. July 14, 2010)

Defendant Amy N. Tirre's Notice of Motion and Motion to Dismiss          Case No.: CV-19-1480 JSW
Complaint

**CERTIFICATE OF SERVICE**

I, Wayne A. Silver, the undersigned, hereby declare:

I am an attorney duly licensed to practice in the State of California and before this Court, with offices at 643 Bair Island Road, Suite 403 Redwood City, CA 94063. I am a defendant in the above-captioned civil action ("Action"), and the attorney for AMY N. TIRRE.

On April 15, 2019 I electronically filed the foregoing DEFENDANT AMY N. TIRRE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the Action that are registered as CM/ECF users will be served by the CM/ECF system.

In addition on said date, I served the foregoing described document on Anthony Thomas, Plaintiff in the Action, via electronic mail to atemerald2@gmail.com, and also by placing a true and correct copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, addressed as follows:

Anthony Thomas
7725 Peavine Peak Court
Reno, NV 89523

and on the same day, depositing said envelope in the U.S. Mail at Henderson, Nevada.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 15, 2019 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver

Defendant Amy N. Tirre's Notice of Motion and Motion to Dismiss Complaint                   Case No.: CV-19-1480 JSW