**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se and*
*Attorney for Defendant AMY*
*N. TIRRE*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>          Plaintiff,<br><br>v.<br><br>BRUCE T. BEESLEY, et al.,<br><br>          Defendants. | Case No.: CV-19-1480 JSW<br><br>**[PROPOSED] ORDER ON DEFENDANT AMY N. TIRRE'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); CERTIFICATE OF SERVICE**<br><br> Date:   May 24, 2019<br> Time:   9:00 a.m.<br> Court:   Courtroom 5<br><br> Complaint Filed: March 21, 2019<br> Trial Date: None Set |

The Court having read and considered Defendant AMY N. TIRRE's ("TIRRE") motion to dismiss the Complaint against her filed by ANTHONY THOMAS pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") ("Motion") and the Omnibus Request for Judicial Notice filed on April 12, 2019 (Docket No. 22), good cause appearing, hereby GRANTS the Request for Judicial Notice, and finds:

1.      Thomas is the Debtor in Bankruptcy Case No. 14-BK-50333-BTB (the "Bankruptcy Case") pending in the U.S. Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). The Bankruptcy Case was originally filed under Chapter 11 on March 4, 2014, and subsequently converted to a Chapter 7 Case on August 29, 2014. The Chapter 7 Trustee is co-defendant Jerri

[Proposed] Order On Defendant Any N. Tirre's Motion to Dismiss          Case No.: CV-19-1480 JSW
Complaint

Coppa-Knudson ("Bankruptcy Trustee), represented in the Bankruptcy Case by co-defendant Jeffrey L. Hartman.

2.     TIRRE represented co-defendant KENMARK VENTURES, LLC ("Kenmark") as local counsel with co-defendant WAYNE A. SILVER in the Bankruptcy Case, and in a bankruptcy adversary proceeding against Thomas filed in the Bankruptcy Case, Adversary Proceeding No. 14-5022 ("Adversary Proceeding"). The Adversary Proceeding was filed to determine whether a $4.5 million dollar judgment against Thomas in favor of Kenmark (the "Superior Court Judgment," RJN Ex. 8) in Santa Clara Superior Court, Case No. 108CV130667 (the "Santa Clara Case") was non-dischargeable under the Federal bankruptcy laws.

3.     Kenmark prevailed after trial in the Adversary Proceeding, and was awarded a judgment against Thomas finding the Superior Court Judgment was non dischargeable ("Non-Dischargeable Judgment"). Thomas appealed the Non-Dischargeable Judgment to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed in an unpublished Memorandum Decision Thomas appealed to the Ninth Circuit Court of Appeals, which also affirmed. Thomas then filed a motion to recall the mandate, which was denied, and has now filed a Petition for Cert with the U.S. Supreme Court, which is pending.

4.     The Complaint in this action jumbles multiple claims together and includes allegations immaterial to those claims. It is impossible to know which allegations are directed at TIRRE. Such a "shotgun" style complaint does not meet the federal pleading standards under FRCP 8, and the Complaint therefore fails to state a claim under FRCP Rule 12(b)(6).

5.     This Complaint does not contain a plausible claim against TIRRE, and is subject to dismissal for both (1) the lack of a cognizable legal theory, and (2) the absence of sufficient facts alleged under a cognizable legal theory. The Complaint therefore fails to state a claim under FRCP Rule 12(b)(6).

6.     TIRRE is not alleged to have acted in any manner other than as counsel for KENMARK, and is therefore immunized under the "agent immunity rule" codified in California Civil Code Section 1714.10. The Complaint therefore fails to state a claim against TIRRE and should be dismissed under FRCP Rule 12(b)(6).

Page - 2

7.    A pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint, and Plaintiff has done precisely that. The Complaint against TIRRE could not possibly be cured by the allegation of other facts.

**IT IS THEREFORE, HEREBY ORDERED THAT**:

The Motion is GRANTED, and Complaint against TIRRE is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Date: _____

_____

HON. JEFFREY S. WHITE
Judge of the United States District Court,
Northern District of California

[Proposed] Order On Defendant Any N. Tirre's Motion to Dismiss Complaint                    Case No.: CV-19-1480 JSW

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I, Wayne A. Silver, the undersigned, hereby declare:

3

I am an attorney duly licensed to practice in the State of California and before this Court,

4

with offices at 643 Bair Island Road, Suite 403 Redwood City, CA 94063. I am a defendant in the

5

above-captioned civil action ("Action"), and the attorney for AMY N. TIRRE.

6

On April 15, 2019 I electronically filed the foregoing [PROPOSED] ORDER ON

7

DEFENDANT AMY N. TIRRE'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R.

8

CIV. P. 12(b)(6) with the U.S. District Court for the Northern District of California by using the

9

CM/ECF system. All participants in the Action that are registered as CM/ECF users will be served

10

by the CM/ECF system.

11

In addition on said date, I served the foregoing described document on Anthony Thomas,

12

Plaintiff in the Action, via electronic mail to atemerald2@gmail.com, and also by placing a true and

13

correct copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, addressed as

14

follows:

15
16

Anthony Thomas
7725 Peavine Peak Court
Reno, NV 89523

17

and on the same day, depositing said envelope in the U.S. Mail at Henderson, Nevada.

18

I declare under penalty of perjury under the laws of the United States of America that the

19

foregoing is true and correct. Executed on April 15, 2019 at Henderson, Nevada.

20

/s/ *Wayne A. Silver*

21

Wayne A. Silver

22

23

24

25

26

27

28

[Proposed] Order On Defendant Any N. Tirre's Motion to Dismiss
Complaint

Case No.: CV-19-1480 JSW