Anthony G. Thomas
7725 Peavine Peak Court
Reno, NV 89523
Tel:   (408) 640-2795
E-mail: atemerald2@gmail.com

Plaintiff In Propria Persona

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| Anthony G. Thomas, individually, and on behalf of the General Public acting as a Private Attorney General, | ) Case No. CV-19-1480-JSW <br> ) <br> ) OPPOSITIONS TO MOTIONS TO DISMISS |
| Plaintiff, | |
| v. | |
| Bruce T. Beesley, Mrs. Beesley, Jeffrey L. Hartman, Mrs. Hartman, Jeri Coppa-Knudson, Ken Tersini, Mrs. K. Tersini, Mark Tersini, Mrs. M. Tersini, Jennifer Jodoin, Mr. Jodoin, Wayne Silver, Mrs. Silver, Kenmark Ventures, LLC, Stremmel Auctions LLC, Steven Stremmel, Mrs. S. Stremmel, Hudson Stremmel, Amy Tierre and DOES 1-1000, inclusive. | |
| Defendants. | |

Plaintiff Anthony G. Thomas individually and on behalf of the General Public, acting as a Private Attorney General hereby files this opposition brief to the various Motions to Dismiss under FRCP 12(b)(6) as follows:

1. Plaintiff is proceeding pro se. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. See: Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2. Moreover, , Plaintiff claims that, statements of counsel in briefs or in oral arguments are not facts before this Court. (see: Trinsey v Pagliaro, 229 F. Supp. 647).

3. Also, please see:

    (a) Picking v. Pennsylvania Railway, 151 F.2d. 240. In Picking , the

plaintiffs civil rights complaint was 150 pages and described by a federal Judge as "inept." Nevertheless, it was held:

> **Where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities.**

    (b)    In <u>Walter Process Equipment v. Food Machinery</u> 382 U.S. 172 (1965) it was held that in a

> "motion to dismiss, the material allegations of the complaint are taken as admitted."

4.    From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (See: <u>Conley vs. Gibson</u> (1957) 355 U.S. 41.

**Legal Standard Dismissal Is Inappropriate Under Rule 12(b)(6).**

5.    On a motion to dismiss, the Court should accept all the allegations as true, draw all reasonable inferences in favor of the plaintiff, and resolve all doubts in the pleader's favor. (<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u> 405 U.S. 319, 322 (1972); <u>Lazy Y. Ranch LTD v. Behrens</u>, 546 F.3d 580, 588 (9 th Cir. 2008).)

6.    To survive a motion to dismiss a plaintiff need to plead only facts to state a claim for relief that is plausible on its face. (<u>Bell Atlantic Corporation v. Twombly</u> (2007) 550 U.S. 544, 570.)

7.    A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (<u>Ashcroft v. Iqbal</u> (2009) 129 S. Ct. 1937, 1949.) A dismissal is only appropriate where the plaintiff fails to state a claim supportable by any cognizable legal theory. (<u>Balistreri v. Pacific Police Department</u> (9th Cir. 1990) 901 F.2d 696, 699.

8.    A complaint must only give the defendant fair notice of what plaintiffs claim and the grounds of which it rests. (<u>Conley v. Gibson</u> (1957) 355 U.S. 41, 47,

abrogated on other grounds by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. at 563.)

9. Any existing ambiguities must be resolved in favor of the pleading. (<u>Walling v. Beverly Enters.</u> (9th Cir. 1973) 476 F.2d 393, 396.

10. In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and must construe those allegations in a light most favorable to the non-moving party. (<u>Wyler Summit Partnership v. Turner Broadcasting Inc.</u> (9th Cir. 1988) 135 F. 3d 658, 661.

11. Generally, a court may not consider any material beyond the pleading in ruling on a 12(b)(6) motion. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u> (9th Cir. 1990) 896 F. 2d 1542, 1555 n. 19.

12. However, where it is inclined to grant a motion to dismiss, a district court should provide leave to amend unless it is clear that a complaint could not be saved by any amendment. (<u>Chang v. Chen</u> (9th Cir. 1996) 80 F.3d 1293, 1296.

13. Here, the initial complaint was filed on an emergency basis to prevent the illegal sale of the Thomas emerald in violation of the notice rules of the U.S. Bankruptcy Code and U.S. Bankruptcy rules. The pleading itself references the fact that it was a placeholder filing with the intention to be amended with all of the causes of action to be fully pleaded at a later date. As such, plaintiff respectfully requests leave to amend the Complaint in line with the liberal pleading standards of this Court.

14. In this case, Plaintiff has plead more than sufficient facts to allege the nature and extent of the wrongful conduct committed by each of the moving Defendants in the original complaint. These factual allegations are thereafter incorporated by reference into each applicable Cause of Action.

15. Plaintiff is not required to prove his case, but only to allege enough facts to place each of the moving Defendants on notice of the cause of action, general facts, elements and damages claimed. In accordance with the holding in <u>Bell Atlantic</u>, proof of the specific and detailed wrong doing is reserved for a later stage of the litigation due to the simple fact that such proof can only be obtained through discovery, however

Plaintiff shall do his best to fully plead all necessary causes of action and intends to supplement the existing Motion for Judicial Notice of Law and Facts submitted by the Defendants, set for hearing before this Court on 5-24-2019.

16. The federal notice pleading standard requires Plaintiff to allege enough facts to place the named Defendants, on notice of the cause of action, general facts, elements and damages claimed. Here, the individual Causes of Action have been appropriately plead sufficiently to place each of the Defendants on notice and to allow each of the Defendants to research and defend the allegation against them. Alternatively, granting leave to amend under the circumstances will give the Plaintiff the opportunity to cure the defects in the initial complaint that was filed on an emergency basis to prevent a manifest injustice from occurring.

17. Plaintiff has alleged that Defendants together, in a conspiratorial nature undertook the misdeeds herein. Defendants named herein are indeed liable to the extent that they acted as agents, servants and/or employees of the remaining defendants and for each other.

18. The Ninth Circuit has held that averments of agency are not required in a complaint. (See, Greenberg v. Sala (9th Cir. 1987) 822 F.2d 882, 886) (holding that

> "[a] person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact").)

19. As such, the civil conspiracy as alleged and incorporated into all subsequent Causes of Action sufficiently provides the threshold legal and factual basis for several causes of action that at first blush may seem inappropriate for a particular Defendant.

20. Plaintiff should also be held to a more liberal pleading standard due to plaintiffs' disability of dyslexia and shall also be filing a Motion for appointment of counsel due to in forma pauperis status (See In Forma Pauperis papers attached to Motion for Judicial Notice. The Motion for appointment of counsel will be based upon

the holding in Martin v. Superior Court (1917) 176 Cal. 289, and the dissent of Justice Johnson in Quail v. Municipal Court (1985) 171 Cal.App.3d 572.

**ROOKER-FELDMAN DOCTRINE**

21. Plaintiff does not request that this Court interfere with the Judgment of the Santa Clara County Superior Court. Plaintiff has always stated his intention to collaterally attack and seek to vacate as void on its' face the Santa Clara Superior Court judgment, and in this regard shall seek a stay of proceedings in this case while that remedy is pursued. There is nothing however that prevents this Court from taking judicial notice of the law and facts that show that the Santa Clara County Superior Court judgment Is void on its' face, for the purpose of establishing constitutional torts against the various defendants in this case.

22. Plaintiff alleges; unfair Business Practices against, Defendants. The Unfair Competition Law ("UCL") prohibits any unlawful, unfair or fraudulent business practice. (Cal. Bus. & Prof. Code § 17200.) A practice is unfair if the court determines that the impact of the practice or act on its alleged victim outweighs the reasons, justifications, and motives of the alleged wrongdoer. (Podolsky v. First Healthcare Corp. (1996) 50 Cal. App. 4th 632, 647.) A practice is fraudulent if the members of the public are likely to be deceived by the practice. (Schnall v. Hertz Corp. (2000) 78 Cal. App. 4th 1144, 1167.)

23. The statute has a broad scope that allows for violations of other laws to be treated as unfair competition that is independently actionable within its scope acts and practices that specifically prescribed by any other law. (Hauk v. JP Morgan Chase Bank USA (9th Cir. 2009) 552 F.3d 1114, 1122, quoting Kasky v. Nike, Inc. (2002) 27 Cal. 4th 939, 949.)

24. Section 17200 borrows violations of other laws and treats them as unlawful business practices independently actionable under section 17200 (Farmers Ins. Exch. V. Superior Court (1992) 2 Cal.4th 377, 383.

25. Violation of almost any federal, state, or local law may serve as the basis

for a[n] [unfair competition] claim. <u>Plascencia v. Lending 1st Mortg</u>. (2008), 583 F. Supp. D 1090, 1098.

**WHEREFORE:**

26. Plaintiff respectfully requests; that Defendants Motion to Dismiss be denied and this Court deny judicial notice to non certified/self authenticating documents filed by Defendants.

27. Plaintiff respectfully requests leave to amend the complaint.

Dated: Monday April 29th 2019.          Respectfully submitted,

*[signature]*
Anthony G. Thomas
Plaintiff In Propria Persona