**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se, and attorney for
Defendants STREMMEL AUCTIONS LLC,
STEVEN STREMMEL, HUDSON STREMMEL,
AMY N. TIRRE, KENMARK VENTURES, LLC,
KEN TERSINI, MARK TERSINI,
and JENNIFER JODOIN*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General,<br><br>　　　Plaintiff,<br>v.<br>BRUCE T. BEESLEY, et al.,<br>　　　Defendants. | Case No.: CV-19-1480 JSW<br><br>**REPLY TO PLAINTIFF'S OPPOSITIONS TO MOTIONS TO DISMISS**<br><br>Date:  May 24, 2019<br>Time: 9:00 a.m.<br>Court: Courtroom 5<br><br>Complaint Filed: March 21, 2019<br>Trial Date: None Set |

Defendants' KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, JENNIFER JODOIN ("Kenmark Defendants"), STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON STREMMEL ("Stremmel Defendants"), AMY N. TIRRE ("Tirre") and WAYNE A. SILVER ("Silver") reply to the Oppositions to Motions to Dismiss ("Opposition") filed by Plaintiff ANTHONY THOMAS ("Thomas") on April 29, 2019 (Docket No. 33). The Kenmark Defendants, Stremmel Defendants, Silver and Tirre are collectively referred to as the "Defendants."

### I.     Thomas Should Not Be Accorded the Benefits of Pro Se Status

Thomas is no stranger to the legal process, and has long played the game of having "ghost lawyers" draft his pleadings and plot his strategy, while loudly proclaiming he is entitled to have his


1  claim construed "liberally and [held] to a less stringent standard than the Court would apply to a
2  pleading drafted by a lawyer." (Opposition, p.1:21 – 24) Defendants contend this "ghost lawyering"
3  gives Thomas an unfair advantage, burdens the Defendants with more legal expenses, and unfairly
4  expends the Court's valuable time and resources. If, as Defendants believe, a lawyer drafted the
5  Complaint and Opposition to which Thomas merely signed his name, the Court should compel
6  Thomas to either have that lawyer appear in this case and thereby play by the same rules as the
7  Defendants, or forfeit his right to the benefits of a pro se plaintiff. This "ghost lawyer" otherwise
8  escapes the professional, ethical, and substantive obligations imposed on Defendants' counsel. He or
9  she has crossed the line, by gathering and anonymously presenting legal arguments, with the actual
10 and constructive knowledge that the work will be presented in some similar form in a motion before
11 the Court. See, *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998); *Fue Wong v. Vill. Green
12 Owners' Ass'n*, 2014 U.S. Dist. LEXIS 194688, at *5 n.3 (C.D. Cal. 2014)("The Court advises
13 Plaintiff and anyone who may be assisting her that the practice of "ghostwriting" violates the rules of
14 professional conduct and undermines Plaintiff's pro se status.") Thomas should not be accorded the
15 benefits of a self-represented party.

**II.   Thomas's "Placeholder" Argument Is No Excuse for the Complaint's "Shotgun Style" Failure to Allege Facts and Causes of Action**

18 Thomas addresses the deficiencies in the Complaint by stating: "Here, the initial complaint
19 was filed on an emergency basis to prevent the illegal sale of the Thomas emerald in violation of the
20 notice rules of the U.S. Bankruptcy Code and U.S. Bankruptcy rules." (Opposition, p.3:14-16) What
21 emergency? Thomas knew about the auction of the Thomas Emerald months in advance, yet waited
22 until the day before the hearing in the Bankruptcy Court to file this lawsuit. Any so called emergency
23 was caused by Thomas's delay and inaction.
24 Next, Thomas argues: "The pleading itself references the fact that it was a placeholder filing
25 with the intention to be amended with all of the causes of action to be fully pleaded at a later date."
26 (Opposition, p.3:16-18) Defendants, having been sued for $900 million dollars, don't see the
27 Complaint as a "placeholder." They see it as a groundless and vindictive lawsuit that should be
28 dismissed with prejudice.

In response to Defendants' position that the Complaint does not contain a plausible claim against any of them, Thomas's Opposition argues: "Plaintiff has plead more than sufficient facts to allege the nature and extent of the wrongful conduct committed by each of the moving Defendants in the original complaint. These factual allegations are thereafter incorporated by reference into each applicable Cause of Action." (Opposition, p.3:20-23)  The problem is there are no factual allegations against these Defendants, and there are no Causes of Action alleged in the Complaint.

Thomas's Opposition goes on to argue: "Plaintiff has alleged that Defendants together, in a conspiratorial nature undertook the misdeeds herein. Defendants named herein are indeed liable to the extent that they acted as agents, servants and/or employees of the remaining defendants and for each other. . . As such, the civil conspiracy as alleged and incorporated into all subsequent Causes of Action sufficiently provides the threshold legal and factual basis for several causes of action that at first blush may seem inappropriate for a particular Defendant." (Opposition, p.4:12 -15, 21 - 24)

Under California law, civil conspiracy is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its preparation. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994).  Civil conspiracy allegations must be separately pled as to each of the substantive causes of action. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp. 2d 941, 947-48 (N.D. Cal. 2003)

The Complaint does not come anywhere close to meeting these pleading requirements. This Court has already found "Many of the Defendants appear to have been named solely on the basis of their relationship to other Defendants, and the allegations of a conspiracy are conclusory."[1] There are no causes of action plead in the Complaint. Nor are any of the elements of a civil conspiracy plead.[2] And as discussed below, the "agent immunity rule" proscribes conspiracy claims between and against agents and their principals. Thomas's "shotgun style" Complaint should be dismissed under

---

[1] Order Denying Request for Temporary Restraining Order entered on March 25, 2019, Docket No.9, at p.2:23 – 25.

[2] Elements of a civil conspiracy are (1) formation and operation of a conspiracy, (2) wrongful conduct in furtherance of the conspiracy and (3) damages arising from the wrongful conduct. *Applied Equip.*, 7 Cal. 4th at 511; see also *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44, 260 (1989).

FRCP 12(b)(6) against the Defendants for (1) the lack of a cognizable legal theory, and/or (2) the absence of sufficient facts alleged under a cognizable legal theory.

### III. Thomas's Opposition Fails to Address Incurable Jurisdictional Defects as to the Stremmel Defendants

Thomas's Opposition does not address or oppose the Stremmel Defendants' motion to dismiss under FRCP 12(b)(1) for lack of subject matter jurisdiction. The Stremmel Defendants contend Thomas did not comply with Supreme Court precedent set forth in *Barton v. Barbour*, 104 U.S. 126 (1881), and its progeny, (the "Barton doctrine"). (Stremmel Defendants' Motion to Dismiss filed on April 12, 2019, Docket No. 20, pp.4 – 6) The Complaint, even with the most liberal construction, fails to establish grounds for federal subject matter jurisdiction, and should be dismissed as to the Stremmel Defendants.

### IV. Thomas's Opposition Fails to Address the Agent Immunity Rule

Attorneys Silver and Tirre moved for dismissal under FRCP 12(b)(6) under the "agent immunity rule" codified in California Civil Code Section 1714.10, on the ground attorneys, acting in the ordinary course and scope of their retention on behalf of a client, cannot be sued by a third party unless (1) the attorneys have an independent legal duty to the third party, or (2) the attorneys' acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

The Complaint contains no factual allegations against either Silver or Tirre alleging any exceptions to the agent immunity rule, not does Thomas's Opposition address or oppose this ground for dismissal except to argue (in conclusory terms) about a vague conspiracy. The agent immunity rule however, proscribes conspiracy claims between and against agents and their principals. See *Doctors' Co. v. Superior Ct.*, 49 Cal. 3d 39, 45, 260 (1989), *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003) The Complaint against Silver and Tirre should therefore be dismissed without leave to amend.

### V. Thomas's Opposition Fails to Address Defendants' Contention Their Alleged Acts Were Covered by California Civil Code Sec. 47(b) Litigation Privilege

Defendant Jeffery Hartman filed a motion to Dismiss on April 15, 2019 ("Hartman Motion")

1  (Docket No. 24). Defendants filed a Joinder to the Hartman Motion ("Joinder") on April 19, 2019
2  (Docket No. 32). Defendants joined the Hartman Motion with respect to the "litigation privilege"
3  defense in California Civil Code Sec. 47(b), and noted the recent case of *Pang Yen Chen v. Sharmad*
4  *Berenjian*, 33 Cal. App. 5th 811 (2019) (*Chen*). Citing the California Supreme Court decision in
5  *Rusheen v. Cohen* (2006) 37 Cal.4th 1048 (*Rusheen*), the California Appellate Court in *Chen*
6  explained:

> ". . . the litigation privilege protects only acts that are communicative, and, therefore, the threshold issue in determining whether the litigation privilege applies is whether the defendant's alleged conduct is communicative or noncommunicative. (*Rusheen*, supra, 37 Cal.4th at p. 1058.) **Pleadings and process, as well as filing false or perjurious testimony or declarations, are considered privileged**. (Ibid.) If the challenged conduct was a noncommunicative physical act, a court must look to whether the gravamen of the abuse of process cause of action was communicative or noncommunicative conduct. (Id. at p. 1061.) "The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action. [Citations.] That is, the key in determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature." (Id. at p. 1058.) *Chen v. Berenjian*, 33 Cal. App. 5th 811, 818 (2019)(bold face emphasis added)

16  *Chen* also cites *Rusheen* for the link between acts taken in obtaining and acts taken in
17  enforcing a judgment, and how those acts should be determined to either be communicative or non-
18  communicative:

> "[I]f the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct, which in this case included acts necessary to enforce the judgment and carry out the directive of the writ. Stated another way, unless it is demonstrated that an independent, noncommunicative, wrongful act was the gravamen of the action, the litigation privilege applies." (Rusheen, supra, 37 Cal.4th at p. 1065.)
> *Chen v. Berenjian*, 33 Cal. App. 5th 811, 820 (2019)

24  Defendants cannot ascertain why they have been sued from the allegations in the Complaint,
25  and the Opposition does nothing to clear up the confusion. The Omnibus Request for Judicial Notice
26  ("RJN") filed on April 12, 2019 (Docket No. 18), lays out the role of each Defendant in their
27  interactions with Thomas, and all acts taken by each of the Defendants fall within the California
28  Civil Code Sec. 47(b) litigation privilege. Consequently, the Complaint, and more importantly any

amended complaint, cannot allege any actions taken by any of the Defendants fall outside the scope of the litigation privilege. The Complaint against the Defendants should therefore be dismissed without leave to amend.

### VI. Thomas's Opposition Fails to Address Defendants' Venue Objections

The Stremmel Defendants and Tirre all joined in the Hartman Motion regarding improper venue (Joinder at p.1:27 – p.2:1). Thomas's Opposition does not address any of the venue issues. As discussed in the Hartman Motion and augmented by the RJN, all of the actions taken by the Stremmel Defendants and Tirre took place in Nevada, and they are all residents of Nevada. The same is true for Judge Beesley and his spouse, the bankruptcy Trustee (Jerri Coppa Knudson), and Jeff Hartman. But for the Kenmark Defendants and Silver,[3] all of the named defendants are amenable to suit in Nevada. Coupled with the pending Thomas Bankruptcy Case, one option would be a transfer of this Action to the District Court in Nevada under 28 U.S.C. 1406. Defendants however, object to such a transfer, as it would not be in the interests of justice, and Defendants request dismissal in lieu of transfer.

When venue is proper as to one defendant but not to other defendants, the district court is faced with three options: (1) dismiss the action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case, retain jurisdiction over the defendant for whom venue is proper, and transfer or dismiss the other claims. *Bar T Timber, Inc. v. Pac. Fibre Prods.*, 2013 U.S. Dist. LEXIS 131353, 2013 WL 5209962, at *6 (D. Mont. 2013).

Defendants contend this Action should be dismissed rather than transferred because Thomas's claims are weak and there is no apparent statute of limitations problem. See, *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir.1999) (holding that it is appropriate for district courts to take a "peek at the merits" when deciding whether a transfer is in the interests of justice); *Buchanan v. Manley*, 145 F.3d 386, 389 n. 6 (D.C.Cir.1998) (finding no abuse of discretion where district court concluded that transfer would not be in the interests of justice where there were "substantive

---

[3] Silver is actually a resident of Nevada.

problems" with the plaintiff's claims). *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010), aff'd, 442 F. App'x 570 (D.C. Cir. 2011)

**VII.    Thomas's Opposition Mischaracterizes His Own Complaint to Avoid the Kenmark Defendants' Rooker Feldman Defense**

The Complaint alleges:

> 39.    Plaintiff also seeks a judicial determination that The Deposition Transcript (attached as Exhibit 4 to the Kenmark Adv Complaint of the 10-5-2011 hearing in the Santa Clara County Superior Court  itself shows that the Judgment is void on its' face for:
>
> 1.    Failure to comply with the Statute of Frauds (CA Civil Code Section 1624).
>
> 2.    Void for failure to comply with the Provisions of CCP 664.6 requiring proper voir diring by the Judge that wasn't done here.
>
> 3.    Attorney Abandonment by Michael Morrissey as confirmed by the Declaration of Bob Machado in the 9th Circuit case filed on 2-12-2018, forming the basis of my current Petition before the U.S. Supreme Court.  as well as void under Olvera v. Grace and in violation of CCP 286 among others. (See Exhibit 15 - Fax from Atty Morrissey to CA State Bar dated 10-3-2011 and Exhibit 16- Minute Order from CA State Bar dated 10-4-2011 to Atty Morrissey)

Faced with the Kenmark Defendants' Rooker Feldman defense, Thomas's Opposition pivots, and mischaracterizes his own Complaint:

> "Plaintiff does not request that this Court interfere with the Judgment of the Santa Clara County Superior Court. Plaintiff has always stated his intention to collaterally attack and seek to vacate as void on its' face the Santa Clara Superior Court judgment, and in this regard shall seek a stay of proceedings in this case while that remedy is pursued. There is nothing however that prevents this Court from taking judicial notice of the law and facts that show that the Santa Clara County Superior Court judgment Is void on its' face, for the purpose of establishing constitutional torts against the various defendants in this case." (Opposition, p.5:8-11)

This conflict between the Opposition and the Complaint is just one of many examples of the incoherence and lack of substance in the Complaint. Thomas (or more likely, his "ghost attorney") cannot seem to explain what the Complaint actually says. If Thomas now concedes the Santa Clara

1  Superior Court Judgment is not being challenged in this Action despite the allegations in the
2  Complaint, the Kenmark Defendants should be dismissed with prejudice, because all of their
3  challenged actions relate to obtaining, defending and enforcing the Santa Clara Superior Court
4  Judgment, and are therefore absolutely immune under California Civil Code Sec. 47(b) as discussed
5  above.

**VIII.   Thomas's Opposition References Claims Under Cal. Bus. & Prof. Code. 17200 That Are Not Alleged in the Complaint**

Thomas's Opposition states: "Plaintiff alleges; unfair Business Practices against, Defendants. The Unfair Competition Law ("UCL") prohibits any unlawful, unfair or fraudulent business practice. (Cal. Bus. & Prof. Code § 17200.)" Thomas's Complaint however, contains no such claim for relief, and alleges no facts to support a Sec. 17200 Claim.

**IX.   Conclusion**

Thomas's Opposition, apparently written by the same "ghost lawyer" who drafted the Complaint, does not address any of the substantive defects in the Complaint, and instead hides behind Thomas's alleged pro se status, along with a "placeholder" excuse grounded on a self-inflicted emergency. Nor does Thomas's Opposition explain how any of the defenses raised in Defendants FRCP 12(b)(1), (3) and (6) Motions can be overcome in an amended pleading.

Defendants object to any last minute amended complaint filed by Thomas without leave of Court as untimely, and respectfully request the Court grant their Motions to Dismiss without leave to amend.

Date: May 4, 2019

*/s/ Wayne A. Silver*
*Wayne A. Silver, defendant in pro se, and attorney for defendants STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON STREMMEL, AMY N. TIRRE, KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, and JENNIFER JODOIN*

## CERTIFICATE OF SERVICE

I, Wayne A. Silver, the undersigned, hereby declare:

I am an attorney duly licensed to practice in the State of California and before this Court, with offices at 643 Bair Island Road, Suite 403 Redwood City, CA 94063. I am a defendant in the above-captioned civil action ("Action"), and the attorney for Defendants' STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON STREMMEL, AMY N. TIRRE, KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, and JENNIFER JODOIN.

On May 4, 2019 I electronically filed the foregoing REPLY TO PLAINTIFF'S OPPOSITIONS TO MOTIONS TO DISMISS with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the Action that are registered as CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 4, 2019 at Henderson, Nevada.

/s/ *Wayne A. Silver*
Wayne A. Silver