1  Byron S. Hollins, SB# 113423
   HOLLINS & ASSOCIATES
2  23801 Calabasas Road, Suite 100
   Calabasas CA 91302-1597
3  *Phone:818.223.0300*
   *Fax:   818.223.0310*
4  *byron@hollins.legal*

5  Attorneys for Defendant
   Jeffrey L. Hartman
6

7              **UNITED STATES DISTRICT COURT**

8             **NORTHERN DISTRICT OF CALIFORNIA**

9                   **OAKLAND DIVISION**

10 Anthiny G. Thomas, individually, and on        )  Case no. CV 19 1480 JSW
   behalf of the General Public acting as a       )  (Hon. Jeffrey S. White, Ctrm 5)
11 Private Attorney General,                       )
                                                   )
12              Plaintiff,                          )  **DEFENDANT JEFFREY L. HARTMAN'S**
                                                   )  **REPLY TO PLAINTIFF'S OPPOSITION**
13 v.                                               )  **TO MOTION TO DISMISS**
                                                   )
14 Bruce T. Beesley, Mrs. Beesley, Jeffrey L.       )
   Hartman,   Mrs.   Hartman,   Jeri   Coppa-      )  Date: May 24, 2019
15 Knudson, Ken Tersini, Mrs. K. Tersini,          )  Time: 9:00 am
   Jennifer Jodoin, Mr. Jodoin, Wayne Silver,      )  Courtroom: 5
16 Mrs.   Silver,   Kenmark   Ventures,   LLC,     )
   Stremmel Auction LLC, Steven Stremmel,          )  Complaint Filed:    March 21, 2019
17 Mrs. S. Stremmel, Hudson Stremmel, Amy          )  Trial Date:    None Assigned
   Tierre and Does 1-1000, inclusive.             )
18                                                  )
19              Defendants                          )
                                                   )
20 _____        )

21

22

23

24

25

26

27        Defendant Jeffrey L. Hartman ("Defendant" or "Hartman") hereby replies to Plaintiff

28 Anthony G. Thomas' ("Plaintiff" or "Thomas") Opposition to Hartman's Motion to Dismiss.

1   Defendant's Motion was based on: 1) Fed. R. Civ. P. Rule 12(b)(6) for failure to state

2   a claim upon which relief can be granted based on the purported allegations of the complaint

3   itself, and based upon lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1);

4   2) Fed. R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction;  3)  Fed. R. Civ. P. Rule

5   12(b)(3) because Northern District of California is the improper venue and 4) Plaintiff's claims

6   being barred by the relevant statute under California Civil Code sections 47(b) and 1714.10.

7   Plaintiff's Opposition is, like his Complaint, fatally deficient.  As discussed below, the

8   Opposition fails to provide relevant facts or law to overcome the issues raised in Defendant's

9   Motion to Dismiss.  Moreover, it is impossible for Plaintiff to amend his Complaint in a

10   manner that would subject Hartman to this Court's jurisdiction.  Thus, Defendant requests

11   this Court to dismiss the Complaint against him without leave to amend.

**1.    The Opposition Fails to Justify the Complaint's Dearth of Specific Allegations Against Hartman.**

14   Dismissal under Rule 12(b)(6) is proper where there is a lack of a cognizable legal

15   theory, or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri

16   v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (overruled on other grounds);

17   Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

18   Plaintiff claims that as a *pro se* litigant allegedly diagnosed with dyslexia, he should

19   be held to a liberal pleading standard.  Yet, while *pro se* pleadings are held to less stringent

20   standards than those drafted by licensed attorneys, they must still "meet some minimum

21   threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil

22   v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

23   Here, the Complaint is virtually unintelligible and Defendant has not been apprised

24   of the specific causes of action lodged against him, nor of any specific allegations in support

25   thereof.  That is, the Complaint consists of 1) numerous haphazard, jumbled allegations

26   directed at the various defendants, 2) interspersed with various improper requests to the

27   Court for judicial findings and judgments.

28   Defendant herein is named only in paragraph 7 of the Complaint.  Paragraph 7 states

Hollins & Associates

1    only that: Defendant is a resident of Nevada, is a licensed member of the Nevada State Bar,

2    and is admitted to practice before the U.S. District Court for the District of Nevada and the

3    U.S. Bankruptcy Court for the District of Nevada.

4         While Defendant acted as Trustee's attorney in Plaintiff's bankruptcy action, Plaintiff

5    has failed to specifically name Defendant anywhere else in the Complaint, or to tie

6    Defendant's purported wrongdoings to any of Plaintiff's purported causes of action.

7         Plaintiff acknowledges in his Opposition that sufficient facts must be pleaded to place

8    the Court and Defendant on notice of the causes of action against him.  (Opp., ¶¶7, 8, 10,

9    15, and 16).   Plaintiff seems to believe that his "shotgun style" complaint meets this

10   threshold.  It does not.  The Complaint is devoid of any sort of foundational facts, let alone

11   cogent facts describing the "who, what, where, when, and why" in relation to the various

12   purported causes of action claimed.  It is impossible to discern which allegations are directed

13   at Hartman, or even the exact wrongdoing in which Hartman is alleged to have engaged. The

14   Opposition does nothing to assist this court or Hartman to decipher any cognizable

15   allegations against him.

16        Hence the Complaint should therefore be dismissed against Hartman for failing to

17   state a claim under Fed. R. Civ. P. Rule 12(b)(6).

18   **2.    Plaintiff Fails to Oppose Hartman's Other Grounds for Dismissal and Thus Any**

19   **Opposition Thereto Should Be Deemed Waived.**

20        The Complaint not only fails to present a cognizable legal theory or sufficient facts

21   alleged under a cognizable legal theory, but should also be dismissed pursuant to numerous

22   other grounds, as discussed in Hartman's Motion and which shall be reviewed in brief, *infra*

23   – all of which Plaintiff failed to oppose.  Having failed to oppose any of these grounds for

24   dismissal, Plaintiff has waived any opposition to the same and thus, it is respectfully

25   submitted that this action should be dismissed, with prejudice.

26        **The *Barton* Doctrine and FRCP 12(b)(1)**

27        First, Plaintiff has not complied with the Barton doctrine and / or Plaintiff's claims

28   against Defendant are barred by the doctrine of quasi-judicial immunity, and thus this Court

Hollins & Associates

REPLY TO OPPOSITION TO MOTION TO DISMISS

CV 19 1480 JSW

1   lacks subject matter jurisdiction.  Prior to filing this action, Plaintiff did not obtain leave from

2   the Bankruptcy Court that appointed Trustee Jeri Coppa-Knudson as the Trustee for

3   Plaintiff's estate before commencing this action, nor leave of court before proceeding against

4   the trustee's attorney, Hartman.  Such was required under Barton v. Barbour, 104 U.S. 126

5   (1881), which  instructs that a lawsuit cannot be maintained against a trustee for an act in

6   his or her official capacity without first obtaining leave of the court that appointed the trustee.

7   *See also*  In Re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005).

8         By extension, an action against a trustee's attorney for acts undertaken by the

9   attorney on behalf of the trustee in a bankruptcy proceeding are subject to Barton, as the

10  attorney is standing in the shoes of the trustee.  Lankford v. Wagner, 853 F. 3d 1119, 1122

11  (10th Cir. 2017) ["…we now join our sibling circuits in holding that the protections of the

12  Barton doctrine also extend to the trustee's counsel, where counsel acts under the direction

13  of, or as the functional equivalent of, the trustee."].

14        Moreover, Plaintiff has not alleged any facts to demonstrate that the Trustee's alleged

15  conduct is not subject to quasi-judicial immunity. It is not alleged that the Trustee took any

16  actions outside her official capacity as Plaintiff's designated bankruptcy trustee. The alleged

17  conduct of which Plaintiff complains was done in the Trustee's fulfillment of her official duties

18  as Plaintiff's bankruptcy trustee and therefore said conduct – and by extension, the conduct

19  of her attorney, acting under the direction of, or as the functional equivalent of – is subject

20  to quasi- judicial immunity.

21        Plaintiff failed to oppose this basis for dismissal and as such he has waived any

22  opposition to dismissal of the Complaint on this basis.  Accordingly, it is respectfully

23  submitted that this action should be dismissed, with prejudice, for lack of subject matter

24  jurisdiction under Rule 12(b)(1).

25  **Personal Jurisdiction Under FRCP 12(b)(2)**

26        Plaintiff has not and cannot meet his burden of proving that Defendant had sufficient

27  contacts with California to establish personal jurisdiction over him.  The voluntary bankruptcy

28  action filed by Plaintiff was filed and prosecuted entirely in the District of Nevada, Reno.  The

Hollins & Associates

1   instant claims against Hartman do not arise from any California related activities; rather,

2   everything took place in Nevada.  Additionally, Plaintiff asserts that Defendant is a resident

3   of Nevada, is a licensed member of the Nevada State Bar, and is admitted to practice before

4   the U.S. District Court for the District of Nevada and the U.S. Bankruptcy Court for the

5   District of Nevada.   There are no other specific allegations, factual or otherwise, that

6   Defendant did anything to avail himself of California jurisdiction.

7       Plaintiff's failure to oppose this basis for dismissal should be deemed a waiver of the

8   same and thus, it is respectfully submitted that this action should be dismissed, with

9   prejudice, for lack of personal jurisdiction under Rule 12(b)(2).

10      **Venue is Not Proper Under FRCP 12(b)(3)**

11      As with the issue of jurisdiction over Hartman, Plaintiff has failed to set forth any

12  allegations supporting his contention that the Northern District of California is the proper

13  venue for this action.  A review of the purported allegations of the complaint show that this

14  action should have been filed, if at all, where the bankruptcy action and purported wrongful

15  auction of the subject emerald took place, the District of Nevada.

16      Plaintiffs' Complaint simply states: "Venue is appropriate in this Court because a

17  substantial part of the events that are being sued upon originated from and occurred in this

18  District" and that "[a] substantial number of the Defendants live in and conduct business in

19  this District."  (Dkt #3, Complaint, ¶¶ 23-24.)

20      However, while 7 of the named defendants are alleged to be residents of Santa Clara

21  County, California, at least 10 of the named defendants, including Hartman, are alleged to

22  be or in fact are residents of Nevada.  Further, Plaintiff himself is a Nevada resident.

23      Plaintiff has sued all the defendants based on their purported wrongful conduct in the

24  bankruptcy action, and Plaintiff has sued Hartman based entirely upon actions taken as the

25  attorney for the official trustee in the bankruptcy action.  That proceeding is and has always

26  been pending in the District of Nevada, Reno. There are no allegations that Hartman took

27  any actions in California. There are also no allegations that Hartman's actions were aimed

28  or directed at California or its residents. Any judgments entered for or against Plaintiff with

HOLLINS & ASSOCIATES

1   respect to the bankruptcy proceeding necessarily would have been entered in Nevada, not

2   California.

3       Accordingly, this action should be dismissed pursuant to Rule 12(b)(3) as venue is not

4   proper in the Northern District of California because all of the allegations against Hartman

5   arise from events occurring in the District of Nevada, Reno.

6       **California Civil Code Section 47(b)**

7       California Civil Code Section 47(b) provides an absolute privilege for "any publication

8   or broadcast" made in any judicial proceeding.  This privilege has been given an "expansive

9   reach," and includes any communications that bear "some relation to any ongoing or

10  anticipated lawsuit."  Rubin v. Green, 4 Cal. 4th 1187, 1193-1194.  Furthermore, it applies

11  to a wide range of causes of action, Id. at 1194.   This privilege applies to "any

12  communication that bears some relation to an ongoing or anticipated lawsuit."  *Flores v.*

13  Emerich & Fike, 416 F.Supp.2d 885, 900 (E.D. Cal. 2006) (quoting Rubin v. Green, 4 Cal.4th

14  1187, 1194 (1993)).  Such communication necessarily includes communicative acts as well

15  as oral statements.  Id.

16      Here, as best as can be gathered from the complaint, there are overtures or

17  allegations that somehow are made that are related to things that Defendant Hartman did

18  in relation to the USBC Nevada District court case. If so, then section 47(b) applies and this

19  action should be dismissed.  Those communications  are subject to the absolute protections

20  of section 47(b), because they took place during the pendency and in connection with the

21  prosecution/defense of the USBC District of Nevada Action, which was a judicial proceeding

22  before the United States District Court in Nevada.

23      Accordingly, the entirety of this action against Hartman is barred by section 47(b).

24      **California Civil Code Section 1714.10**

25      As discussed in Defendant's Motion, the entirety of Plaintiff's Complaint is barred by

26  the prefiling requirement of California Civil Code section1714.10, which requires a plaintiff

27  to obtain a prior court order prior to filing any claim premised upon an attorney's conspiracy

28  with a client.  Section 1714.10(b) provides that a plaintiff's failure to obtain such an advance

order from the court is an absolute defense properly raised in a motion to dismiss.  The defense is similarly recognized to civil conspiracy claims brought in federal court. *Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 909 (E.D. Cal. 2006).

The purpose of California Civil Code §1714.10 is to discourage frivolous claims accusing attorneys of conspiring with their clients to harm others. *Klotz v. Milbank, Tweed, Hadley, & McCloy* (2015) 238 Cal. App. 4th 1339, 1350.  The instant action constitutes precisely the type of  frivolous claim contemplated by §1714.10.

Here, Plaintiff complains of a purported "conspiracy " wherein he alleges at Dkt #3, Complaint,  page 9, line 4 that "trustee and her attorney engaged in an illegal attempt . . ." and at Dkt #3, Complaint, page 9, line 18 that ". . . engaged in collusion . . " Plaintiff realleges the purported conspiracy in his Opposition at paragraphs 17 and 19 ("Defendants together, in a conspiratorial nature undertook the misdeeds herein" and "...the civil conspiracy as alleged...sufficiently provides the threshold legal and factual basis for several causes of action...").

Thus, all of Plaintiff's causes of action fall squarely within the coverage of this provision, as they are arise from and are incorporated into this purported conspiracy between Defendant and everyone else.  Accordingly, because all of the causes of action and allegations are incorporated by the conspiracy cause of action, they are subject to the provisions of section 1714.10, and are barred, because Plaintiff failed to obtain a court order prior to filing them, and no exceptions apply in this case to excuse Plaintiff's failure to obtain such an order.

Thus, all of Plaintiff's causes of action against Defendant Hartman, having their basis in conspiracy, are barred by the prefiling requirement of section 1714.10.

Plaintiff's failure to oppose any of the above grounds for dismissal constitutes a waiver of the same, and this action against Hartman should be dismissed without leave to amend.

/ / /

/ / /

/ / /

Hollins & Associates

REPLY TO OPPOSITION TO MOTION TO DISMISS

- 7 -

CV 19 1480 JSW

**3.    Conclusion**

Plaintiff's Complaint is fatally deficient based on each of the foregoing grounds. Plaintiff cannot amend the Complaint to cure any of its fatal defects.  Therefore, Defendant respectfully requests that the Complaint be dismissed without leave to amend.

Dated:  May 6, 2019

Respectfully submitted,
HOLLINS & ASSOCIATES

By:___/s/ *Byron S. Hollins*_____
Byron S. Hollins
Attorneys for Defendant Jeffrey L. Hartman

CERTIFICATE OF SERVICE

I, Byron S. Hollins, the undersigned, hereby declare:

I am an attorney duly licensed to practice in the State of California and before this Court, with offices at 23801 Calabasas Road #100, Calabasas, CA. I am counsel for Defendant JEFFREY L. HARTMAN.

On May 6, 2019 I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISMISS with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in this Action that are registered as CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 6, 2019 at Calabasas, CA.

/s/ *Byron S. Hollins*
Byron S. Hollins

Hollins & Associates

REPLY TO OPPOSITION TO MOTION TO DISMISS

9

CV 19 1480 JSW