**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Defendant in pro se, and attorney for*
*Defendants STREMMEL AUCTIONS LLC,*
*STEVEN STREMMEL, HUDSON STREMMEL,*
*AMY N. TIRRE, KENMARK VENTURES, LLC,*
*KEN TERSINI, MARK TERSINI,*
*and JENNIFER JODOIN*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ANTHONY G. THOMAS, individually and on behalf of the General Public acting as a Private Attorney General, <br><br>     Plaintiff, <br><br> v. <br><br> BRUCE T. BEESLEY, et al., <br><br>     Defendants. | Case No.: CV-19-1480 JSW <br><br> **OPPOSITION TO MOTION TO DISQUALIFY ATTORNEY WAYNE A. SILVER** <br><br> Date:   May 24, 2019 <br> Time:   9:00 a.m. <br> Court:  Courtroom 5 <br><br> Complaint Filed: March 21, 2019 <br> Trial Date: None Set |

Attorney WAYNE A. SILVER ("Silver"), appearing in pro se and as counsel for Defendants'

KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, JENNIFER JODOIN

("Kenmark Defendants"), STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON

STREMMEL ("Stremmel Defendants"), and AMY N. TIRRE ("Tirre"), opposes Plaintiff

ANTHONY G. THOMAS's ("Thomas") motion to disqualify Silver ("Motion").

### I.      <u>Thomas Lacks Standing to Bring This Motion</u>

Like the Complaint in this action, despite the drafting by his "ghost lawyer," Thomas's

Motion is rambling, incoherent and legally flawed. For example, the Motion seeks to disqualify

Silver based on allegations to be made in an amended Complaint that has not been filed (Motion,

Page - 1

p.2:14 – p.3:9). And to the extent Thomas seeks to disqualify Silver for alleged conflicts between the Kenmark Defendants and Stremmel Defendants (Motion, p. 13:11-14), Silver never represented Thomas or his sham limited liability company, AT Emerald, and Thomas therefore lacks standing to raise those alleged conflicts. (See, Declaration of Wayne A. Silver In Support of Opposition to Motion to Disqualify Attorney ("Silver Decl."), ¶3) *Dino v. Pelayo* (2006) 145 Cal.App.4th 347, 352 ("Generally, before the disqualification of an attorney is proper, the complaining party must have or have had an attorney-client relationship with that attorney.")

In limited cases, a moving party who was not a client may have standing based on a close relationship between a client of the attorney sought to be disqualified and the non-client moving party such that the client and non-client movant should be treated as a single entity or as having shared confidences with one another. That was the exception to the general standing requirement in *Kennedy v. Eldridge*, 201 Cal.App.4th 1197 (2011) ("*Kennedy*"), which Thomas extensively cites in support of his Motion. To avoid wasting any more of this Court's time, Silver will simply point to the facts in *Kennedy*, where the attorney's former client was the father of the non-client daughter, and note the stark contrast to the facts in this Action, where Silver always represented Kenmark Ventures, LLC,[1] and never represented Thomas, AT Emerald, or anyone affiliated with either of them. Silver represented (and continues to represent) Kenmark Ventures, LLC as a creditor in the Thomas and AT Emerald Bankruptcy Cases, and continues to represent Kenmark Ventures, LLC throughout the appellate process regarding the Non-Dischargeable Judgment in the Adversary Proceeding. (Silver Decl., ¶¶5-6)

## II.   Advocate-Witness Rule

The California Rules of Professional Conduct ("CRPC") were amended, effective November 1, 2018, as approved by California Supreme Court Administrative Order 2018-05-09. Former CPRC Rule 5-210 is now Rule 3.7, and it provides:

> (a) A lawyer shall not act as an advocate in a trial in which the lawyer

---

[1] Silver was retained by Kenmark Ventures, LLC on or about April 1, 2014 to represent Kenmark's interests in Thomas's and AT Emerald's bankruptcy cases, and to file and prosecute a bankruptcy adversary proceeding against Thomas.(Silver Decl., ¶4)

Opposition to Motion to Disqualify Attorney                          Case No.: CV-19-1480 JSW
Wayne A. Silver

is likely to be a witness unless:

> (1) the lawyer's testimony relates to an uncontested issue or matter;
> (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
> (3) the lawyer has obtained informed written consent* from the client. If the lawyer represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the lawyer is employed.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm* is likely to be called as a witness unless precluded from doing so by rule 1.7 or rule 1.9.[2]

Reserving all attorney-client and attorney work-product privileges, Silver provided a copy of the Motion to each of his clients, and thereafter obtained their "informed written consent" to continue representing them, which was also obtained at the time of Silver's retention. Moreover, should this Action proceed to trial, each of Silver's clients has agreed to be represented by other counsel at trial, thereby avoiding any potential prejudice. (Silver Decl., ¶8)

Thomas bears the burden of proof to demonstrate the basis for disqualification. See *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999) (the moving party failed to demonstrate his need for the testimony of opposing counsel). "A motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends." Id.; *Smith, Smith & Kring. v. Sup. Ct.*, 60 Cal. App. 4th 573, 577-78, 70 Cal. Rptr. 2d 507 (1997) (evidence for recusal of an attorney witness must be more than conclusory allegations; absent evidentiary support, court on motion to disqualify should disregard factual contentions made in moving papers). There is no evidence offered in support of the Motion. Once the factual contentions are disregarded in the Motion papers, there is nothing left.

### III.   Alleged Breach of Duty of Loyalty

Thomas's Motion beginning on p. 10 cites a number of cases that discuss an attorney's duty to preserve client confidences, and then goes into an incoherent rant on p.13:4-18. As discussed above, Thomas does not have standing to seek Silver's disqualification on this basis. In addition,

---

[2] CPRC Rules 1.7 and 1.9 concern conflict situations with former clients, and are not applicable here.

Page - 3

Silver does not see any problem preserving client confidences in this Action. As set forth in the Silver Decl., reserving all attorney-client and attorney work-product privileges, Silver's clients all gave their informed written consent prior to Silver's retention, and appropriate steps were taken at the time of Silver's retention to make sure client confidences are preserved in light of his representation of these multiple Clients (Silver Decl., ¶8).

**IV.   <u>Silver Has Not Violated Any Professional Ethics</u>**

This Court unquestionably has discretionary authority under its inherent powers to disqualify Silver from representing his clients because of a violation of professional ethics. *Crenshaw v. MONY Life Ins. Co*., 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004). But disqualification is "a drastic measure that is disfavored[,]" (Id.), and Silver has not violated any rules of professional ethics. See *Hetos Investments, LTD v. Kurtin*, 110 Cal. App. 4th 36, 48, 1 Cal. Rptr. 3d 472 (2003) Since the purpose of a disqualification order must be prophylactic, not punitive, the significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court. *Eaton v. Siemens*, 2007 U.S. Dist. LEXIS 58621, at *16-17 (E.D. Cal. 2007) Nothing of the sort is present here.

Thomas's bad faith is evident from his efforts to manufacture a violation of professional ethics to disqualify Silver. On p. 2:14 – p3:9 of Thomas's Motion, Thomas advises he will be seeking leave to amend the Complaint to include certain allegations against Silver. Silver will address these allegations if and when they are made.

**V.   <u>Conclusion</u>**

Thomas (or more appropriately his "ghost attorney"), should be sanctioned for filing this Motion. It has no basis in fact or law, was filed to harass Silver and his Clients, and is a waste of this Court's time. Thomas's Motion should be denied.

Date: May 9, 2019

*/s/ Wayne A. Silver*_____
*Wayne A. Silver, defendant in pro se, and attorney for defendants STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON STREMMEL, AMY N. TIRRE, KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, and JENNIFER JODOIN*

Opposition to Motion to Disqualify Attorney
Wayne A. Silver

Case No.: CV-19-1480 JSW

**CERTIFICATE OF SERVICE**

I, Wayne A. Silver, the undersigned, hereby declare:

I am an attorney duly licensed to practice in the State of California and before this Court, with offices at 643 Bair Island Road, Suite 403 Redwood City, CA 94063. I am a defendant in the above-captioned civil action ("Action"), and the attorney for Defendants' STREMMEL AUCTIONS LLC, STEVEN STREMMEL, HUDSON STREMMEL, AMY N. TIRRE, KENMARK VENTURES, LLC, KEN TERSINI, MARK TERSINI, and JENNIFER JODOIN.

On May 9, 2019 I electronically filed the foregoing OPPOSITION TO MOTION TO DISQUALIFY ATTORNEY WAYNE A. SILVER with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the Action that are registered as CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 9, 2019 at Redwood City, California.

/s/ *Wayne A. Silver*
Wayne A. Silver

Opposition to Motion to Disqualify Attorney                    Case No.: CV-19-1480 JSW
Wayne A. Silver